663 So.2d 1049 (1995)
In re FAMILY LAW RULES OF PROCEDURE.
No. 84337.
Supreme Court of Florida.
November 22, 1995.
*1050 John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; and Michael L. Hastings, Chairperson, Family Law Rules Committee, Hastings & Estreicher, P.A., St. Petersburg, Florida, for Petitioner.
Steven H. Preston of Gurney & Handley, P.A., Orlando, Florida; Henry P. Trawick, Jr. of the Law Offices of Trawick, Valentine & Hagan, P.A., Sarasota, Florida; Honorable E. Earle Zehmer, Chief Judge, First District Court of Appeal, Tallahassee, Florida; Cynthia B. Glazier, Program Attorney, State of Florida Guardian Ad Litem Program, Fourth Judicial Circuit, Jacksonville, Florida; Beth E. Spiegel, North Miami Beach, Florida; S. William Goldstein of the Law Offices of Goldstein & Goldstein, Jacksonville, Florida; B. Niklas Brihammar, Key West, Florida; Paul R. Marcus of the Law Offices of Paul R. Marcus, Miami, Florida; Honorable Dale Ross, Chief Judge, Seventeenth Judicial Circuit, Fort Lauderdale, Florida; Maurice Jay Kutner of Kutner & West, P.A., Miami, Florida; Richard P. Aranson of Beiner & Nussbaum, P.A., Boca Raton, Florida; Honorable Richard Yale Feder, Administrative Judge, Family Division, Eleventh Judicial Circuit, Miami, Florida; Honorable Gerald T. Wetherington, Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Honorable Joseph P. Farina, Chief Judge, Eleventh Judicial Circuit, Miami, Florida; Honorable Donald Moran, Jr., Chief Judge and Honorable Hugh A. Carithers, Jr., Administrative Judge, Family Law Division, Fourth Judicial Circuit, Jacksonville, Florida; Andrew M. Leinoff of Leinoff & Silvers, P.A., Coral Gables, Florida; Honorable Hugh E. Starnes, Chief Judge, Twentieth Judicial Circuit, Fort Myers, Florida; Honorable Leonard Rivkind, Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Honorable F. Dennis Alvarez, Chief Judge, and judges presiding in the Family Law Division, Thirteenth Judicial Circuit, Tampa, Florida; Peter M. Hockman, Homestead, Florida; Honorable Thomas S. Wilson, Jr., Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Lawrence M. Watson, Jr., Chair, Supreme Court Committee on Mediation and Arbitration Rules, Orlando, Florida; Raquel A. Rodriquez, Coral Gables, Florida; Nancy M. Blount, Assistant State Attorney, Eleventh Judicial Circuit, Miami, Florida; Darlene Schweitzer-Ramras of Schweitzer & Schweitzer-Ramras, P.A., Miami, Florida; Robert J. Jones, Miami, Florida; Marsha B. Elser, Cynthia L. Greene, Judith Hodor and Laura M. Fabar of Elser, Greene, Hodor & Fabar, Miami, Florida; Peter A. Collins, Miami, Florida; William A. Daniel, Jr., Miami, Florida; Norman D. Levin of Levin & Rabinowitz, Longwood, Florida; Honorable Anthony Rondolino, Circuit Judge, Sixth Judicial Circuit, St. Petersburg, Florida; Sharon L. Langer, Director, Dade County Bar Association Legal Aid Society, Miami, Florida; Honorable Alan S. Gold, *1051 Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Fred M. Dellapa, Coral Gables, Florida; Joy B. Shearer, General Master, Administrative Office of the Court, Fifteenth Judicial Circuit, West Palm Beach, Florida; Rosemarie S. Roth, Miami, Florida; Martin J. Nolan, E.R. Whitehouse, Rusela V. Orr and Charlene Sharp Bogolub, certified and court appointed family mediators, Eleventh Judicial Circuit, Miami, Florida; Bette Ellen Quiat, Miami, Florida; Perry S. Itkin, Chairperson, Education & Training Committee, Florida Association of Professional Family Mediators, Dispute Resolution, Inc., Fort Lauderdale, Florida; Honorable Roger A. Silver, County Judge, County Court of Dade County, Miami, Florida; Marilyn Blumberg of the Law Offices of Bette Ellen Quiat, Miami, Florida; Honorable Herbert M. Klein, Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Melvyn B. Frumkes of the Law Offices of Melvyn B. Frumkes & Associates, P.A., Miami, Florida; William T. Bornhauser, Director, Family Mediation Program, Twelfth Judicial Circuit, Sarasota, Florida; Honorable Ronald M. Friedman, Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Honorable John L. Phillips, Administrative Judge, Family Division, Fifteenth Judicial Circuit, West Palm Beach, Florida; Honorable George S. Reynolds, III, Vice-Chair, Family Law Rules Committee, Second Judicial Circuit, Tallahassee, Florida; Honorable Stuart M. Simons, Circuit Judge, Eleventh Judicial Circuit, Miami, Florida; Catherine Marie Ivey of the Law Office of Henshaw & Ivey, Cape Coral, Florida; and Honorable Seymour Benson, Circuit Judge, Eighteenth Judicial Circuit, Sanford, Florida, submitting comments regarding Family Law Rules.
OVERTON, Justice.
On July 7, 1995, this Court adopted new family law rules in accordance with our prior determination to have separate rules for family law cases. See In re Family Law R.P., 663 So.2d 1047 (Fla. 1995). After we issued the new rules, we published them in The Florida Bar News for further comment. Additionally, we asked the Family Law Rules Committee to review the rules for comment in view of the substantial modifications this Court made to the rules as proposed. The comments of the committee and others are now before this Court for review. We have jurisdiction. Art. V, § 2(a), Fla. Const. After having reviewed the comments, we hereby modify the rules as set forth in the attached appendices. The changes include a number of technical modifications and some substantive modifications.

General and Special Masters
A majority of the comments received concern the rules governing general and special masters. These comments request that we address the restrictions the rules place on the authority of masters. Specifically, this Court has been asked to modify the rules to: (1) eliminate the provision that prohibits general and special masters from hearing civil contempt proceedings; and (2) eliminate the requirement of Florida Family Law Rule of Procedure 12.490 that a general master must take the evidence in writing and must file that writing with the master's report and instead allow general masters to take testimony and establish a record electronically.
After consideration, we grant the first request and have modified Florida Family Law Rules 12.490 and 12.492 as set forth in attached Appendix B to eliminate the provision prohibiting general and special masters from hearing contempt proceedings. In granting this request, we note that, under the rules governing masters, no matter shall be heard by a general master without the consent of all parties. See Fla.Fam.L.R. 12.490(b)(1).
We also grant the second request as limited herein because we find that its implementation, with certain modifications, will expedite the family law litigation process and reduce costs. In the second request we are urged to find that allowing the use of an electronic record in lieu of requiring a master to take the evidence in writing is permissible under our constitution. The reason Florida Rule of Civil Procedure 1.490 and now rule 12.490 require the written recording of documentary evidence by a master is to ensure that the party taking exceptions to the master's report has an adequate and fair opportunity *1052 for review and to ensure that a master's report is not contrary to the evidence or to the law. Knupp v. Knupp, 625 So.2d 865 (Fla. 3d DCA 1993); Petrakis v. Petrakis, 597 So.2d 856 (Fla. 3d DCA 1992). In other words, some type of record must be created to protect a litigant's right to ultimate review by a judge. We find that electronically recording the master's proceeding and preserving that recording for future access sufficiently protects a litigant's rights by providing the ability to have the electronic record transcribed to establish an appropriate record for review if exceptions are filed.
In reaching this decision, we emphasize that we are in no way implying that judges may merely "rubber-stamp" the recommendations of masters. An adequate method of judicial review of the recommendations is still required given the limited judicial authority that may be vested in masters. According to comments received by this Court, however, confusion apparently exists as to the appropriate requirements for review given our holding in Lyon v. Lyon, 54 So.2d 679, 680 (Fla. 1951), in which we stated:
We do not construe the ... rule to mean that, in the absence of exceptions, the entry of final decree by the court in accordance with the findings and recommendations of the Master becomes a mere formality. Whether exceptions are filed to the report of the Master or not, it is the duty of the court to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master.
We find that, provided a judge carefully considers (1) whether the evidence and facts, as fully set forth in a master's report, support the recommendations of the master and (2) whether the recommendations are justified under the law, then the review, absent exceptions, is adequate and satisfies the spirit of Lyon. Notwithstanding this finding, we emphasize that a judge must review the entire record if exceptions are filed. We have modified rule 12.490 accordingly.

Other Changes
In response to other remarks, we have made a number of technical and stylistic changes throughout the rules, forms, and appendices. We have also made the following substantive changes to the rules pursuant to the recommendations of the committee or others who submitted comments:
(1) In rule 12.010, moved definition of family law matters from commentary into body of rule.
(2) Deleted the requirement in rule 12.105 that simplified dissolutions must comply with requirements of rule 12.285.
(3) Added the following to the comment to rule 12.110: "Rule 1.110(h) is to be interpreted to require service of process on a supplemental petition as set forth in Florida Family Law Rule of Procedure 12.070."
(4) Added rule 12.190 (amended and supplemental pleadings shall be governed by Florida Rule of Civil Procedure 1.190).
(5) Deleted "allegations of domestic violence" from rule 12.200(9), (10), and (11) in master and mediation referrals and inserted instead "significant history that would compromise the process"; and added to rule 12.200(11) the words "consistent with Florida law" to reflect that arbitration would be coordinated consistent with Florida law.
(6) Altered rule 12.285(b)(1)(A) to add "unless the documents have been served under subdivision (b)(2) of this rule." A similar change was made to rule 12.285(b)(1)(B).
(7) Changed the term "deliver" as set forth throughout rule 12.285 to "serve" and changed the 20-day time period in rule 12.285(b)(1)(B) as follows to make the rule consistent with Florida Rule of Judicial Administration 2.085(d)(1)(C) and other rules regarding service:
The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by *1053 mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(8) Added adoptions to proceedings exempted from disclosure under rule 12.285(a)(1), and clarified that rule 12.285(c) applies to parties whose annual income and expenses are less than $50,000 and that rule 12.285(d) applies to parties whose annual income or expenses are equal to or more than $50,000.
(9) Added rule 12.407 (Testimony and Attendance of Minor Child. No minor child shall be deposed or brought to a deposition, brought to court to appear as a witness or to attend a hearing, or subpoenaed to appear at a hearing without prior order of the court based on good cause shown unless in an emergency situation.).
(10) Amended rule 12.470 to include exceptions to general masters' reports.
(11) Renumbered rules 12.491 and 12.492 as requested by the committee.
(12) Added the following comment to rule 12.491: "It is intended that any administrative order issued by the chief justice of the Florida Supreme Court under rule 1.491(a) shall remain in full force and effect as though such order was rendered under this rule until changed by order of that same court."
(13) Amended rule 12.491(e) to clarify that hearing officers are not to conduct contested paternity proceedings.
(14) Amended rule 12.610 to:
(a) require that service of papers on the respondent include a copy of the temporary injunction if one has been entered;
(b) state that assistance shall be given as required by law and to provide for the confidential filing of a petitioner's address when required for safety reasons;
(c) reflect in the commentary that the limitation on the taking of testimony raises due process concerns and, as such, that the limits on the taking of testimony have been made permissive rather than mandatory under the rule even though the statute requires that the testimony be limited.
(15) Amended rules 12.740 and 12.741 to reflect changes to those mediation rules as recommended by the mediation committee.
(16) Renumbered, reorganized, and updated the forms that accompany the rules.

Future Changes to the Rules
Regarding future modifications to the family law rules, we issue the following directives. The Family Law Rules Committee shall have continuing responsibility for review of the family law rules, including all forms and appendices. We also ask the Family Courts Steering Committee to review these rules, forms, and appendices and to make recommendations to this Court, with particular emphasis on revisions to further simplify the family law process for the many pro se litigants in family law cases. Finally, consistent with this Court's directives regarding mediation and arbitration rules in other areas, we direct that the Supreme Court Mediation and Arbitration Rules Committee shall have continuing responsibility for review of rules 12.740 and 12.741 governing family law mediation.
This Court acknowledges that, because these rules are new, additional changes to the rules may need to be implemented outside of the four-year rule revision cycle set forth in Florida Rule of Judicial Administration 2.130. Consequently, we hereby grant to these committees a one-year extension beyond the time requirements of rule 2.130 for filing proposed revisions to the rules, forms, and appendices.
Accordingly, we reaffirm our adoption, effective January 1, 1996, of the amendments to the Florida Rules of Civil Procedure (attached to this opinion as appendix A) and the new Florida Family Law Rules of Procedure (attached to this opinion as appendix B), as provided in In re Family Law Rules of Procedure, 663 So.2d 1047 (Fla. 1995), and as modified herein. The comments to the rules *1054 are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

*1055 APPENDIX A

 AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE
 The Florida Rules of Civil Procedure are hereby amended as follows
(additions are underlined; deletions are struck-through):
RULE 1.010. SCOPE AND TITLE OF RULES
 These rules apply to all actions of a civil nature and all special
statutory proceedings in the circuit courts and county courts except those
to which the Florida Probate Rules, the Florida Family Law Rules of
Procedure, or the Small Claims Rules apply. The form, content, procedure,
and time for pleading in all special statutory proceedings shall be as
prescribed by the statutes governing the proceeding unless these rules
specifically provide to the contrary. These rules shall be construed to
secure the just, speedy, and inexpensive determination of every action.
These rules shall be known as the Florida Rules of Civil Procedure and
abbreviated as Fla. R. Civ. P.
. . . .
RULE 1.360. EXAMINATION OF PERSONS
 (a) Request; Scope.
 (1) A party may request any other party to submit to, or to produce a
person in that other party's custody or legal control for, examination by a
qualified expert when the condition that is the subject of the requested
examination is in controversy.
 (A) When the physical condition of a party or other person under
subdivision (a)(1) is in controversy, the request may be served on the
plaintiff without leave of court after commencement of the action, and on
any other person with or after service of the process and initial pleading
on that party. The request shall specify a reasonable time, place, manner,
conditions, and scope of the examination and the person or persons by whom
the examination is to be made. The party to whom the request is directed
shall serve a response within 30 days after service of the request, except
that a defendant need not serve a response until 45 days after service of
the process and initial pleading on that defendant. The court may allow a
shorter or longer time. The response shall state that the examination will
be permitted as requested unless the request is objected to, in which
event the reasons for the objection shall be stated.
 (B) In cases where the condition in controversy is not physical, including
domestic relations and bastardy cases when the blood group is in issue, a
party may move for an examination by a qualified expert as in subdivision
(a)(1). The order for examination shall be made only after notice to the
person to be examined and to all parties, and shall specify the time, place,
manner, conditions, and scope of the examination and the person or persons
by whom it is to be made.
 (2) An examination under this rule is authorized only when the party
submitting the request has good cause for the examination. At any hearing
the party submitting the request shall have the burden of showing good
cause.
 (3) Upon request of either the party requesting the examination or the
party or person to be examined, the court may establish protective rules
governing such examination.
 (b) Report of Examiner.
 (1) If requested by the party to whom a request for examination or
against whom an order is made under subdivision (a)(1)(A) or (a)(1)(B) or
by the person examined, the party requesting the examination to be made
shall deliver to the other party a copy of a detailed written report of the
examiner setting out the examiner's findings, including results of all
tests made, diagnosis, and conclusions, with similar reports of all earlier
examinations of the

*1056
same condition. After delivery of the detailed written report, the party
requesting the examination to be made shall be entitled upon request to
receive from the party to whom the request for examination or against whom
the order is made a similar report of any examination of the same condition
previously or thereafter made, unless in the case of a report of
examination of a person not a party the party shows the inability to obtain
it. On motion, the court may order delivery of a report on such terms as
are just; and if an examiner fails or refuses to make a report, the court
may exclude the examiner's testimony if offered at the trial.
 (2) By requesting and obtaining a report of the examination so ordered or
requested or by taking the deposition of the examiner, the party examined
waives any privilege that party may have in that action or any other
involving the same controversy regarding the testimony of every other
person who has examined or may thereafter examine that party concerning the
same condition.
 (3) This subdivision applies to examinations made by agreement of the
parties unless the agreement provides otherwise. This subdivision does not
preclude discovery of a report of an examiner or taking the deposition of
the examiner in accordance with any other rule.
 (c) Examiner as Witness. The examiner may be called as a
witness by any party to the action, but shall not be identified as
appointed by the court.
. . . .
RULE 1.491. CHILD SUPPORT ENFORCEMENT is deleted in its entirety (See new
Florida Family Law Rule of Procedure 1.492).
. . . .
RULE 1.540. RELIEF FROM JUDGMENT, DECREES, OR ORDERS
 (a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other
parts of the record and errors therein arising from oversight or omission
may be corrected by the court at any time on its own initiative or on the
motion of any party and after such notice, if any, as the court orders.
During the pendency of an appeal such mistakes may be so corrected before
the record on appeal is docketed in the appellate court, and thereafter
while the appeal is pending may be so corrected with leave of the appellate
court.
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence;
Fraud; etc. On motion and upon such terms as are just, the court may
relieve a party or a party's legal representative from a final judgment,
decree, order, or proceeding for the following reasons: (1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
which by due diligence could not have been discovered in time to move for a
new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic
or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) that the judgment or decree is void; or (5) that the judgment or decree
has been satisfied, released, or discharged, or a prior judgment or decree
upon which it is based has been reversed or otherwise vacated, or it is no
longer equitable that the judgment or decree should have prospective
application. The motion shall be made within a reasonable time, and for
reasons (1), (2), and (3) not more than 1 year after the judgment, decree,
order, or proceeding was entered or taken, except that there shall be
no time limit for motions based on fraudulent financial affidavits in
marital cases. A motion under this subdivision does not affect the finality
of a judgment or decree or suspend its operation. This rule does not limit
the power of a court to entertain an independent action to relieve a party
from a judgment, decree, order, or proceeding or to set aside a judgment or
decree for fraud upon the court.
 Writs of coram nobis, coram vobis, audita querela, and bills of review
and bills in the nature of a bill of review are abolished, and the
procedure for obtaining any relief from a judgment or decree shall be by
motion as prescribed in these rules or by an independent action.
. . . .

*1057
RULE 1.611. MARITAL AND POST-MARITAL PROCEEDINGS is deleted in its entirety
(See new Florida Family Law Rules of Procedure 12.105, 12.285, and 12.611).
. . . .
RULE 1.740. FAMILY MEDIATION is deleted in its entirety (See new Florida
Family Law Rule of Procedure 1.740).
. . . .
FORM 1.918. LIS PENDENS
 NOTICE OF LIS PENDENS
TO DEFENDANT ___________________________________, AND ALL OTHERS WHOM IT MAY
CONCERN:
 YOU ARE NOTIFIED of the institution of this action by the plaintiff
against you seeking ("to foreclose a mortgage on" or "to partition" or "to
quiet title to" or "a divorce and relief concerning" or other type of
action) the following property in ________________ County, Florida:
 (legal description of property)
 DATED on ____________, 19__.
 Attorney for __________________________
 _______________________________________
 _______________________________________
 Address
 Florida Bar No. _______________________
FORM 1.919. NOTICE OF ACTION; CONSTRUCTIVE SERVICE  NO PROPERTY
 NOTICE OF ACTION
TO ___________________:
 YOU ARE NOTIFIED that an action for ("dissolution of marriage" or
"construction of a will" or "re-establishment of a lost deed" or other type
of action) has been filed against you and you are required to serve a copy
of your written defenses, if any, to it on ________________, the plaintiff's
attorney, whose address is _______________, on or before ____________, 19__,
and file the original with the clerk of this court either before service on
the plaintiff's attorney or immediately thereafter; otherwise a default
will be entered against you for the relief demanded in the complaint or
petition.
 DATED on ___________, 19__.
 (Name of Clerk)
 As Clerk of the Court
 By
 As Deputy Clerk
 NOTE: This form must be modified to name the other defendants when there
are multiple defendants and all are not served under the same notice. See
section 49.08(1), Florida Statutes (1979).
. . . .

*1058
FORM 1.943. DISSOLUTION OF MARRIAGE is deleted in its entirety (See Family
Law Forms).
. . . .
FORM 1.975. FINANCIAL STATEMENT FOR DISSOLUTION OF MARRIAGE (DIVORCE) is
deleted in its entirety (see Family Law Forms).
. . . .
FORM 1.982. CONTEMPT NOTICE
 MOTION AND NOTICE OF HEARING
TO: (name of attorney for party, or party if not represented)
 YOU ARE NOTIFIED that plaintiff will apply to the Honorable ____________,
Circuit Judge, on ___________, 19__, at ____ m., in the _____________ County
Courthouse at _______________, Florida, for an order adjudging (defendant's
name) in contempt of court for violation of the terms of the order or
judgment entered by this court on ________, 19__, by failing to ___________,
and I certify that a copy hereof has been furnished to ________________ by
mail on ____________, 19__.
 NOTE: If the violation is of another nature, tThe particular violation
must be inserted instead of failure to pay alimony in the motion and notice.
A separate motion is unnecessary.
. . . .
FORM 1.995. FINAL JUDGMENT DISSOLVING MARRIAGE is deleted in its entirety
(See Family Law Forms).
. . . .
FORM 7. MARRIAGE DISSOLUTION  INTERROGATORIES TO PARTY is deleted in
its entirety (See Family Law Forms).

APPENDIX B

 NEW FLORIDA FAMILY LAW RULES OF PROCEDURE
RULE 12.000. PREFACE
 These rules consist of two separate sections. Section I contains the
procedural rules governing family law matters and their commentary. Section
II contains forms, commentary, and appendices. The commentary and
appendices to the forms are included to assist litigants unrepresented by
counsel and do not, in and of themselves, constitute official rules or
commentary of the Florida Supreme Court.
 Commentary
 1995 Adoption. These rules were adopted after the Florida Supreme Court
determined that separate rules for family court procedure were necessary.
See In re Florida R. Fam. Ct. P., 607 So.2d 396 (Fla. 1992). The court
recognized that family law cases are different from other civil matters,
emphasizing that the 1993 creation of family divisions in the circuit
courts underscored the differences between family law matters and other
civil matters. In adopting the family law rules, the court stressed the
need for simplicity due to the large number of pro se litigants (parties
without counsel) in family law matters. In an effort to assist the many pro
se litigants in this field, the court has included simplified forms and
instructional commentary in these rules. See Section II. The instructional
commentary to the forms refers to these rules or the Florida Rules of Civil
Procedure, where applicable.

*1059
 The forms originally were adopted by the court pursuant to Family Law
Rules of Procedure, ___ So.2d ___ (Fla. 1995); In re Petition for
Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating The
Florida Bar  Stepparent Adoption Forms, 613 So.2d 900 (Fla. 1992); Rules
Regulating The Florida Bar  Approval of Forms, 581 So.2d 902 (Fla. 1991).
 SECTION I
 FAMILY LAW RULES OF PROCEDURE
RULE 12.005. TRANSITION RULE
 These rules shall apply to all family law cases effective January 1, 1996.
Any action taken in a family law case before January 1, 1996, that
conformed to the then-effective rules or statutes governing family law
cases, will be regarded as valid during the pendency of the litigation.
 Commentary
 1995 Adoption. This rule provides for an effective date of January 1,
1996, for these Florida Family Law Rules of Procedure. Under this rule, any
action taken in a family law matter before January 1, 1996, will be
regarded as valid during the pendency of the litigation so long as that
action was taken in accordance with the then-effective rules or statutes
governing family law cases. Any action taken after January 1, 1996, in new
or pending family law cases will be governed by these rules.
 ------------------------------------------------------------------------
RULE 12.010. SCOPE, PURPOSE, AND TITLE
 (a) Scope.
 (1) These rules apply to all actions concerning family matters, including
actions concerning domestic and repeat violence, except as otherwise
provided by the Florida Rules of Juvenile Procedure or the Florida Probate
Rules. "Family matters," "family law matters," or "family law cases" as
used within these rules include, but are not limited to, matters arising
from dissolution of marriage, annulment, support unconnected with
dissolution of marriage, paternity, child support, custodial care of or
access to children (except as otherwise provided by the Florida Rules of
Juvenile Procedure), adoption, proceedings for emancipation of a minor,
declaratory judgment actions related to premarital, marital, or
post-marital agreements (except as otherwise provided, when applicable, by
the Florida Probate Rules), injunctions for domestic and repeat violence,
and all proceedings for modification, enforcement, and civil contempt of
these actions.
 (2) The form, content, procedure, and time for pleading in all special
statutory proceedings shall be as prescribed by the statutes governing the
proceeding unless these rules or the Florida Rules of Civil Procedure,
where applicable, specifically provide to the contrary. All actions
governed by these rules also shall be governed by the Florida Evidence Code,
which shall govern in cases where a conflict with these rules may occur.
 (b) Purpose.
 (1) These rules shall be construed to secure the just, speedy, and
inexpensive determination of the procedures covered by them and shall be
construed to secure simplicity in procedure and fairness in administration.
 (2) Nothing shall prohibit any intake personnel in family law divisions
from assisting in the preparation of papers or forms to be filed in any
action under these rules.
 (c) Title. These rules shall be known as the Florida Family Law Rules of
Procedure and abbreviated as Fla. Fam. L.R.P.
 ------------------------------------------------------------------------

*1060
RULE 12.020. APPLICABILITY OF FLORIDA RULES OF CIVIL PROCEDURE
 The Florida Rules of Civil Procedure are applicable in all family law
matters except as otherwise provided in these rules. These rules shall
govern in cases where a conflict with the Florida Rules of Civil Procedure
may occur. Whenever the Florida Rules of Civil Procedure apply to family
matters, the use of the words plaintiff, defendant, and complaint within the
context of the civil rules shall be interchangeable, where appropriate,
with the words, petitioner, respondent, and petition, respectively.
 Commentary
 1995 Adoption. To avoid confusion among members of the bar who practice
in both family law and civil law areas, it is intended that as much
uniformity as possible be maintained between the Florida Family Law Rules
of Procedure and the Florida Rules of Civil Procedure. To assist in this
effort, the Florida Supreme Court determined that the Florida Rules of
Civil Procedure were to apply except as set forth herein. Exceptions and
additions to the Florida Rules of Civil Procedure are contained in Florida
Family Law Rules of Procedure that are numbered to correspond to their
civil rule counterparts. For example, exceptions to Florida Rule of Civil
Procedure 1.080 are contained in Florida Family Law Rule of Procedure
12.080.
RULE 12.030. NONVERIFICATION OF PLEADINGS
 Verification of pleadings shall be governed by Florida Rule of Civil
Procedure 1.030.
 ------------------------------------------------------------------------
RULE 12.050. WHEN ACTION COMMENCED
 Commencement of actions shall be governed by Florida Rule of Civil
Procedure 1.050.
 ------------------------------------------------------------------------
RULE 12.060. TRANSFERS OF ACTIONS
 Transfers of actions shall be governed by Florida Rule of Civil Procedure
1.060.
 ------------------------------------------------------------------------
RULE 12.070. PROCESS
 (a) Family Law Actions Generally. Service of process upon the
commencement of all family law actions except domestic and repeat violence
shall be as set forth in Florida Rule of Civil Procedure 1.070, except that
summons, cross-claim summons, and third-party summons in family law matters
shall be patterned after Florida Family Law Form 12.910(a) and shall
specifically contain the following language:
 WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires
 certain automatic disclosure of documents and information. Failure to
 comply can result in sanctions, including dismissal or striking of
 pleadings.
 (b) Domestic and Repeat Violence Injunctions. Service of process
regarding domestic and repeat violence actions shall be governed by Florida
Family Law Rule of Procedure 12.610.
 ------------------------------------------------------------------------
RULE 12.080. SERVICE OF PLEADINGS AND PAPERS
 (a) Service.
 (1) Family Law Actions Generally. Service of pleadings and papers after
commencement of all family law actions except domestic and repeat violence
shall be as set forth in

*1061
Florida Rule of Civil Procedure 1.080, except that rule 1.080 shall be
expanded as set forth in subdivisions (b) and (c) to include additional
requirements for service of recommended orders and for service on defaulted
parties.
 (2) Domestic and Repeat Violence Actions. Service of pleadings and papers
regarding domestic and repeat violence actions shall be governed by Florida
Family Law Rule of Procedure 12.610.
 (b) Service and Preparation of Orders and Judgments.
 (1) Family Law Actions Generally. A copy of all orders or judgments
involving family law matters except domestic and repeat violence shall be
transmitted by the court or under its direction to all parties at the time
of entry of the order or judgment. The court may requires that recommended
orders, orders, or judgments be prepared by a party. If the court requires
that a party prepare the recommended order, order, or judgment, the party
shall furnish the court with stamped, addressed envelopes to all parties
for service of the recommended order, order, or judgment. The court also
may require that any proposed recommended order, order, or judgment that is
prepared by a party be furnished to all parties no less than 24 hours
before submission to the court of the recommended order, order, or judgment.
 (2) Domestic and Repeat Violence Actions. Service and preparation of
orders and judgments involving domestic and repeat violence shall be
governed by Florida Family Law Rule of Procedure 12.610.
 (c) Defaulted Parties. No service need be made on parties against whom a
default has been entered, except that:
 (1) Pleadings asserting new or additional claims against defaulted parties
shall be served in the manner provided for service of summons contained in
Florida Rule of Civil Procedure 1.070.
 (2) Notice of final hearings or trials and court orders shall be served on
defaulted parties in the manner provided for service of pleadings and
papers contained in Florida Rule of Civil Procedure 1.080.
 (3) Final judgments shall be served on defaulted parties as set forth in
Florida Rule of Civil Procedure 1.080(h)(2).
 Commentary
 1995 Adoption. This rule provides that the procedure for service shall
be as set forth in Florida Rule of Civil Procedure 1.080 with the following
exceptions or additions to that rule. First, subdivision (b) corresponds to
and replaces subdivision (h)(1) of rule 1.080 and expands the rule to
include recommended orders. Second, this rule expands items that must be
served on defaulted parties to ensure that defaulted parties are at least
minimally advised of the progress of the proceedings. This rule is not
intended to require the furnishing of a proposed recommended order,
proposed order, or proposed final judgment to a defaulted party.
 ------------------------------------------------------------------------
RULE 12.090. TIME
 Time shall be governed by Florida Rule of Civil Procedure 1.090.
 ------------------------------------------------------------------------
RULE 12.100. PLEADINGS AND MOTIONS
 Pleadings and motions shall be governed by Florida Rule of Civil Procedure
1.100.

*1062
 Commentary
 1995 Adoption. This rule provides that pleadings and motions are to be
governed by Florida Rule of Civil Procedure 1.100. The cover sheets and
disposition forms described in that rule shall be the same cover sheets and
disposition forms used in family law proceedings.
 ------------------------------------------------------------------------
RULE 12.105. SIMPLIFIED DISSOLUTION PROCEDURE
 (a) Requirements for Use. The parties to the dissolution may file a
petition for simplified dissolution if they certify under oath that
 (1) there are no minor or dependent children of the parties and the wife
is not now pregnant;
 (2) the parties have made a satisfactory division of their property and
have agreed as to payment of their joint obligations; and
 (3) the other facts set forth in Florida Family Law Form 12.901(a)
(Petition for Simplified Dissolution of Marriage) are true.
 (b) Consideration by Court. The clerk shall submit the petition to the
court. The court shall consider the cause expeditiously. The parties shall
appear before the court in every case and, if the court so directs, testify.
The court, after examination of the petition and personal appearance of the
parties, shall enter a judgment granting the dissolution (Florida Family
Law Form 12.990(a)) if the requirements of this rule have been established
and there has been compliance with the waiting period required by statute.
 (c) Financial Affidavit and Settlement Agreement. The parties must each
file a financial affidavit (Family Law Form 12.901(d) or 12.901(e)), and a
marital settlement agreement (Family Law Form 12.901(h)).
 (d) Final Judgment. Upon the entry of the judgment, the clerk shall
furnish to each party a certified copy of the final judgment of dissolution,
which shall be in substantially the form provided in Family Law Form
12.990(a).
 (e) Forms. The clerk or family law intake personnel shall provide forms
for the parties whose circumstances meet the requirements of this rule and
shall assist in the preparation of the petition for dissolution and other
papers to be filed in the action.
 Commentary
 1995 Adoption. This rule was previously contained in Florida Rule of
Civil Procedure 1.611, which included several unrelated issues. Those issues
are now governed by separate family law rules for automatic disclosure,
central governmental depository, and this rule for simplified dissolution
procedure. Under this rule, the parties must file a financial affidavit
(Family Law Form 12.901(d) or 12.901(e)), depending on their income and
expenses and a marital settlement agreement (Family Law Form 12.901(h)).
 ------------------------------------------------------------------------
RULE 12.110. GENERAL RULES OF PLEADING
 The general rules of pleading in Florida Rule of Civil Procedure 1.110
shall apply to these proceedings except that proceedings to modify a final
judgment in a family law matter shall be initiated only pursuant to rule
1.110(h) and not by motion.
 Commentary
1995 Adoption. This rule clarifies that final judgment modifications must
be initiated pursuant to a supplemental petition as set forth in rule
1.110(h), rather than through a

*1063
motion. Rule 1.110(h) is to be interpreted to require service of process on
a supplemental petition as set forth in Florida Family Law Rule of Procedure
12.070.
 ------------------------------------------------------------------------
RULE 12.120. PLEADING SPECIAL MATTERS
 Pleading of special matters shall be governed by Florida Rule of Civil
Procedure 1.120.
 ------------------------------------------------------------------------
RULE 12.130. DOCUMENTS SUPPORTING ACTION OR DEFENSE
 Attachment of documents supporting an action or defense shall be governed
by Florida Rule of Civil Procedure 1.130.
 ------------------------------------------------------------------------
RULE 12.140. DEFENSES
 Defenses shall be governed by Florida Rule of Civil Procedure 1.140.
 ------------------------------------------------------------------------
RULE 12.150. SHAM PLEADINGS
 Sham pleadings shall be governed by Florida Rule of Civil Procedure 1.150.
 ------------------------------------------------------------------------
RULE 12.160. MOTIONS
 Motions shall be governed by Florida Rule of Civil Procedure 1.160.
 ------------------------------------------------------------------------
RULE 12.170. CROSSCLAIMS
 Crossclaims shall be governed by Florida Rule of Civil Procedure 1.170.
 ------------------------------------------------------------------------
RULE 12.180. THIRD-PARTY PRACTICE
 Third-party practice shall be governed by Florida Rule of Civil Procedure
1.180.
 ------------------------------------------------------------------------
RULE 12.190. AMENDED AND SUPPLEMENTAL PLEADINGS
 Amended and supplemental pleadings shall be governed by Florida Rule of
Civil Procedure 1.190.
 ------------------------------------------------------------------------
RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
 (a) Case Management Conference. A case management conference may be
ordered by the court at any time on the court's initiative. A party may
request a case management conference 30 days after service of a petition or
complaint. At such a conference the court may:
 (1) schedule or reschedule the service of motions, pleadings, and other
papers;
 (2) set or reset the time of trials, subject to rule 12.440;
 (3) coordinate the progress of the action if complex litigation factors
are present;

*1064
 (4) limit, schedule, order, or expedite discovery;
 (5) schedule disclosure of expert witnesses and the discovery of facts
known and opinions held by such experts;
 (6) schedule or hear motions related to admission or exclusion of
evidence;
 (7) pursue the possibilities of settlement;
 (8) require filing of preliminary stipulations if issues can be narrowed;
 (9) refer issues to a master for findings of fact, if consent is obtained
as provided in rules 12.490 and 12.492 and if no significant history or
domestic or repeat violence that would compromise the process is involved
in the case;
 (10) refer the parties to mediation if no significant history or domestic
or repeat violence that would compromise the mediation process is involved
in the case and consider allocation of expenses related to the referral; or
refer the parties to counseling if no significant history of domestic or
repeat violence that would compromise the process is involved in the case
and consider allocation of expenses related to the referral;
 (11) coordinate voluntary binding arbitration consistent with Florida law
if no significant history of domestic or repeat violence that would
compromise the process is involved in the case;
 (12) appoint court experts and allocate the expenses for the appointments;
 (13) refer the cause for a home study or psychological evaluation and
allocate the initial expense for that study;
 (14) appoint an attorney or guardian ad litem for a minor child or
children if required and allocate the expense of the appointment; and
 (15) schedule other conferences or determine other matters that may aid in
the disposition of the action.
 (b) Pretrial Conference. After the action is at issue the court itself
may or shall on the timely motion of any party require the parties to appear
for a conference to consider and determine:
 (1) proposed stipulations and the simplification of the issues;
 (2) the necessity or desirability of amendments to the pleadings;
 (3) the possibility of obtaining admissions of fact and of documents that
will avoid unnecessary proof;
 (4) the limitation of the number of expert witnesses; and
 (5) any matters permitted under subdivision (a) of this rule.
 (c) Notice. Reasonable notice shall be given for a case management
conference, and 20 days' notice shall be given for a pretrial conference.
On failure of a party to attend a conference, the court may dismiss the
action, strike the pleadings, limit proof or witnesses, or take any other
appropriate action. Any documents that the court requires for any conference
shall be specified in the order. Orders setting pretrial conferences shall
be uniform throughout the territorial jurisdiction of the court.

*1065
 (d) Case Management and Pretrial Order. The court shall make an order
reciting the action taken at a conference and any stipulations made. The
order shall control the subsequent course of the action unless modified to
prevent injustice.
 Commentary
 1995 Adoption. This rule addresses issues raised by decisions such as
Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona,
592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25
(Fla. 4th DCA 1987), regarding the cost of marital litigation. This rule
provides an orderly method for the just, speedy, and inexpensive
determination of issues and promotes amicable resolution of disputes.
 This rule replaces and substantially expands Florida Rule of Civil
Procedure 1.200 as it pertained to family law matters. Under this rule, a
court may convene a case management conference at any time and a party may
request a case management conference 30 days after service of a petition or
complaint. The court may consider the following additional items at the
conference: motions related to admission or exclusion of evidence, referral
of issues to a master if consent is obtained pursuant to the rules,
referral of the parties to mediation, referral of the parties to
counseling, coordination of voluntary binding arbitration, appointment of
court experts, referral of the cause for a home study psychological
evaluation, and appointment of an attorney or guardian ad litem for a minor
child.
 ------------------------------------------------------------------------
RULE 12.210. PARTIES
 Parties to an action filed under the Florida Family Law Rules of Procedure
shall be governed by Florida Rule of Civil Procedure 1.210, except that
rule 1.210 shall not be read to require that a child is an indispensable
party for a dissolution of marriage or child custody proceeding.
 ------------------------------------------------------------------------
RULE 12.230. INTERVENTIONS
 Interventions shall be governed by Florida Rule of Civil Procedure 1.230.
 ------------------------------------------------------------------------
RULE 12.240. INTERPLEADER
 Interpleaders shall be governed by Florida Rule of Civil Procedure 1.240.
 ------------------------------------------------------------------------
RULE 12.250. MISJOINDER AND NONJOINDER OF PARTIES
 Misjoinder and nonjoinder of parties shall be governed by Florida Rule of
Civil Procedure 1.250.
 ------------------------------------------------------------------------
RULE 12.260. SURVIVOR; SUBSTITUTION OF PARTIES
 Survivors and the substitution of parties shall be governed by Florida
Rule of Civil Procedure 1.260.
 ------------------------------------------------------------------------
RULE 12.270. CONSOLIDATION; SEPARATE TRIALS
 Consolidation or separation of trials shall be governed by Florida Rule of
Civil Procedure 1.270.
 ------------------------------------------------------------------------

*1066
RULE 12.280. GENERAL PROVISIONS GOVERNING DISCOVERY
 Florida Rule of Civil Procedure 1.280 shall govern general provisions
concerning discovery in family law matters with the following exceptions:
 (a) Supplementing of Responses. A party is under a duty to amend a prior
response or disclosure if the party:
 (1) obtains information or otherwise determines that the prior response or
disclosure was incorrect when made;
 (2) obtains information or otherwise determines that the prior response or
disclosure, although correct when made, is no longer materially true or
complete.
 (b) Time for Filing Supplemental Responses. Any supplemental response
filed pursuant to this rule shall be filed as soon as possible after
discovery of the incorrect information or change, but in no case shall the
supplemental response be filed later than 24 hours before any applicable
hearing absent a showing of good cause.
 (c) Documents Considered Confidential. A determination as to the
confidentiality of a court record shall be made in accordance with Florida
Rule of Judicial Administration 2.051.
 (d) Sealing of Records. Records found to be confidential under Florida
Rule of Judicial Administration 2.051 shall be sealed on request of a party.
 Commentary
 1995 Adoption. Florida Rule of Civil Procedure 1.280 is to govern the
general discovery provisions in family law matters with the exceptions set
forth above. Subdivision (a) of this rule alters rule 1.280(e) by placing a
duty on parties in family law matters to supplement responses. Under rule
1.280(e), no supplemental response is required. Subdivisions (b), (c), and
(d) of this rule are in addition to the general requirements of rule 1.280
and have no counterparts in the Rules of Civil Procedure. Subdivisions (c)
and (d) have been implemented in recognition of the fact that family law
cases often involve sensitive information that should be deemed
confidential under Florida Rule of Judicial Administration 2.051. For
instance, financial records filed may contain information regarding a
family business, which, if public, could provide competitors with an
advantage and adversely affect the family business.
 ------------------------------------------------------------------------
RULE 12.285. MANDATORY DISCLOSURE
 (a) Application.
 (1) Scope. This rule shall apply to all proceedings within the scope of
these rules except proceedings involving adoption, simplified dissolution,
enforcement, contempt, and injunctions for domestic or repeat violence.
Additionally, no financial affidavit or other documents shall be required
under this rule from a party seeking attorneys' fees, suit money, or costs,
if the basis for the request is solely under section 57.105, Florida
Statutes, or any successor statute. Except for the provisions as to
financial affidavits, any portion of this rule may be modified by order of
the court or agreement of the parties.
 (2) Original and Duplicate Copies. Unless otherwise agreed by the parties
or ordered by the court, copies of documents required under this rule may be
produced in lieu of originals. Originals, when available, shall be produced
for inspection upon request. Parties shall not be required to serve
duplicates of documents previously served.
 (b) Time for Production of Documents.
 (1) Temporary Financial Hearings. Any document required under this rule
in any temporary financial relief proceeding shall be served on the other
party for inspection and copying as follows.

*1067
 (A) The party seeking relief shall serve the required documents on the
other party with the notice of temporary financial hearing, unless the
documents have been served under subdivision (b)(2) of this rule.
 (B) The responding party shall serve the required documents on the party
seeking relief on or before 5:00 p.m., 2 business days before the day of
the temporary financial hearing if served by delivery or 7 days before the
day of the temporary financial hearing if served by mail, unless the
documents have been received previously by the party seeking relief under
subdivision (b)(2) of this rule. A responding party shall be given no less
than 12 days to serve the documents required under this rule, unless
otherwise ordered by the court. If the 45-day period for exchange of
documents provided for in subdivision (b)(2) of this rule will occur before
the expiration of the 12 days, the provisions of subdivision (b)(2) control.
 (2) Initial and Supplemental Proceedings. Any document required under
this rule for any initial or supplemental proceeding shall be served on the
other party for inspection and copying within 45 days of service of the
initial pleading on the respondent.
 (c) Parties Whose Annual Income and Expenses Are Less Than $50,000. Any
party whose gross annual income from all sources is less than $50,000 and
whose total annual expenses are less than $50,000 shall be required to
serve the following documents in any proceeding for an initial or
supplemental request for temporary or permanent financial relief, including,
but not limited to, a request for child support, alimony, equitable
distribution of assets or debts, or attorneys' fees, suit money, or costs:
 (1) A financial affidavit in substantial conformity with Family Law Form
12.901(d), which requirement cannot be waived by the parties.
 (2) All federal and state income tax returns, gift tax returns, and
intangible personal property tax returns filed by the party or on the
party's behalf for the past three years.
 (3) IRS forms W-2, 1099, and K-1 for the past year, if the income tax
return for that year has not been prepared.
 (4) Pay stubs or other evidence of earned income for the 3 months prior to
service of the financial affidavit.
 (5) A statement by the producing party identifying the amount and source
of all income received from any source during the 3 months preceding the
service of the financial affidavit required by this rule if not reflected
on the pay stubs produced.
 (6) All loan applications and financial statements prepared or used within
the 3 years preceding service of that party's financial affidavit required
by this rule, whether for the purpose of obtaining or attempting to obtain
credit or for any other purpose.
 (d) Parties Whose Annual Income or Expenses Are Equal To or Exceed
$50,000. Any party whose gross annual income from all sources is equal to
or exceeds $50,000 or whose total annual expenses are equal to or exceed
$50,000 shall be required to serve the documents on the other party as
follows.
 (1) Temporary Financial Relief. In any proceeding for temporary financial
relief, the following documents shall be served on the other party:
 (A) A financial affidavit in substantial conformity with Family Law Form
12.901(e), which requirement cannot be waived by the parties.
 (B) All federal and state income tax returns, gift tax returns, and
intangible personal property tax returns filed by the party or on the
party's behalf for the past 3 years.
 (C) IRS forms W-2, 1099, and K-1 for the past year, if the income tax
return for that year has not been prepared.

*1068
 (D) Pay stubs or other evidence of earned income for the 3 months prior to
service of the financial affidavit.
 (E) A statement by the producing party identifying the amount and source
of all income received from any source during the 3 months preceding the
service of the financial affidavit required by this rule if not reflected
on the pay stubs produced.
 (F) All loan applications and financial statements prepared or used
within the 3 years preceding service of that party's financial affidavit
required by this rule, whether for the purpose of obtaining or attempting
to obtain credit or for any other purpose.
 (G) Corporate, partnership, and trust tax returns for the last tax year,
if the producing party has an interest in a corporation, partnership, or
trust greater than or equal to 30%.
 (2) Initial Proceedings. In any initial proceeding for permanent
financial relief, including, but not limited to, a request for child
support, alimony, equitable distribution of assets or debts, or attorneys'
fees, suit money, or costs, the following documents shall be served on the
other party:
 (A) All documents listed in subdivision (d)(1).
 (B) The answers to interrogatories found in Family Law Form 12.930(b).
 (C) All documents showing reimbursed expenses and in-kind payments that
reduce the party's personal living expenses that were received by or made
available to the party for the last 3 years.
 (D) All deeds, mortgages, promissory notes, and closing statements
pertaining to real estate in which the party owns or owned an interest
within the last 3 years, whether held in the party's name individually, in
the party's name jointly with any other person, in the party's name as
trustee or guardian for any other person, or in someone else's name on the
party's behalf.
 (E) All periodic statements and passbooks from the last 3 years for all
checking accounts, savings accounts, money market funds, certificates of
deposit, and credit union accounts (regardless of whether or not the
account has been closed), including those held in the party's name
individually, in the party's name jointly with any other person or entity,
in the party's name as trustee or guardian for any other person, or in
someone else's name on the party's behalf.
 (F) All brokerage account statements in which either party to this action
held within the last 3 years or holds an interest including those held in
the party's name individually, in the party's name jointly with any person
or entity, in the party's name as trustee or guardian for any other person,
or in someone else's name on the party's behalf.
 (G) All title certificates, lease agreements, and registration
certificates for all motor vehicles, boats, airplanes, and any other
vehicle requiring registration that the party regularly uses, owns, or
owned in the last 3 years.
 (H) The most recent statement for any profit sharing, retirement, or
pension plan in which the party is a participant or alternate payee and the
summary plan description for any retirement, profit sharing, or pension
plan in which the party is a participant or an alternate payee (The summary
plan description must be furnished to the party on request by the plan
administrator as required by 29 U.S.C. § 1024(b)(4).)
 (I) All documents pertaining to any money owed to the party or spouse.
 (J) All life insurance policies insuring the party's life or the life of
the party's spouse.

*1069
 (K) Corporate, partnership, and trust tax returns for the last 3 years if
the party has an ownership or interest in a corporation, partnership, or
trust greater than or equal to 30%.
 (L) Periodic statements, amortization schedules, or other records showing
the party's indebtedness as of the date of the filing of this action and
for the last 3 years.
 (M) All written premarital or marital agreements entered into at any time
between the parties to this marriage, whether before or during the marriage.
 (N) All documents and tangible evidence supporting the producing party's
claim of special equity or nonmarital status of an asset or debt for the
time period from the date of acquisition of the asset or debt to the date
of production or from the date of marriage, if based on premarital
acquisition.
 (O) Any court orders directing a party to pay or receive spousal or child
support.
 (3) Supplemental Proceedings. In any temporary or permanent supplemental
proceeding regarding financial relief, documents shall be produced as set
forth in subdivisions (d)(1) and (d)(2), respectively and shall be served
as set forth in subdivision (b)(1). Additionally, in any modification
proceeding, each party shall serve on the opposing party all written
agreements entered into between them at any time since the order to be
modified was entered.
 (e) Duty to Supplement Disclosure; Amended Financial Affidavit.
 (1) Parties have a continuing duty to supplement documents described in
this rule, including financial affidavits, whenever a material change in
their financial status occurs.
 (2) If an amended financial affidavit or an amendment to a financial
affidavit is served, the amending party also shall serve any subsequently
discovered or acquired documents supporting the amendments to the financial
affidavit if the party falls within the provisions of subdivision (d).
 (f) Sanctions. Any document to be produced under this rule that
is served on the opposing party fewer than 24 hours before a nonfinal
hearing or in violation of the court's pretrial order shall not be
admissible in evidence at that hearing unless the court finds good cause for
the delay. In addition, the court may impose other sanctions authorized by
rule 12.380 as may be equitable under the circumstances. The court may also
impose sanctions upon the offending lawyer in lieu of imposing sanctions on
a party.
 (g) Objections to Mandatory Automatic Disclosure. Objections to
the mandatory automatic disclosure required by this rule shall be served in
writing at least 5 days prior to the due date for the disclosure or the
objections shall be deemed waived. For good cause shown, the court may
extend the time for the filing of an objection or permit the filing of an
otherwise untimely objection.
 (h) Certificate of Compliance. All parties subject to automatic mandatory
disclosure shall file with the court a certificate of compliance identifying
with particularity the documents which have been delivered and certifying
the date of service of the financial affidavit and documents by that party.
 (i) Place of Production.
 (1) Unless otherwise agreed by the parties or ordered by the court, all
production required by this rule shall take place in the county where the
action is pending and in the office of the attorney for the party receiving
production. Unless otherwise agreed by the parties or ordered by the court,
if a party does not have an attorney or if the attorney does not have an
office in the county where the action is pending, production shall take
place in the county where the action is pending at a place designated in
writing by the party receiving production, served at least 5 days before
the due date for production.

*1070
 (2) If venue is contested, on motion by a party the court shall designate
the place where production will occur pending determination of the venue
issue.
 Commentary
 1995 Adoption. This rule creates a procedure for automatic
financial disclosure in family law cases. By requiring production at an
early stage in the proceedings, it is hoped that the expense of litigation
will be minimized. See Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993);
Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz,
505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been
placed upon parties making and spending less than $50,000 annually unless
otherwise ordered by the court. In cases where the income or expenses of a
party are equal to or exceed $50,000 annually, the requirements are much
greater. Except for the provisions as to financial affidavits, any portion
of this rule may be modified by agreement of the parties or by order of the
court. For instance, upon the request of any party or on the court's own
motion, the court may order that the parties to the proceeding comply with
some or all of the automatic mandatory disclosure provisions of this rule
even though the parties do not meet the income requirements set forth in
subdivision (d). Additionally, the court may, on the motion of a party or on
its own motion, limit the disclosure requirements in this rule should it
find good cause for doing so.
 ------------------------------------------------------------------------
RULE 12.290. DEPOSITIONS BEFORE ACTION OR PENDING APPEAL
 Depositions before an action or pending an appeal shall be governed by
Florida Rule of Civil Procedure 1.290.
 ------------------------------------------------------------------------
RULE 12.300. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN
 Provisions regarding who may take depositions shall be governed by Florida
Rule of Civil Procedure 1.300.
 ------------------------------------------------------------------------
RULE 12.310. DEPOSITIONS UPON ORAL EXAMINATION
 Depositions upon oral examination shall be governed by Florida Rule of
Civil Procedure 1.310.
 ------------------------------------------------------------------------
RULE 12.320. DEPOSITIONS UPON WRITTEN QUESTIONS
 Depositions upon written questions shall be governed by Florida Rule of
Civil Procedure 1.320.
 ------------------------------------------------------------------------
RULE 12.330. USE OF DEPOSITIONS IN COURT PROCEEDINGS
 Use of depositions in court proceedings shall be governed by Florida Rule
of Civil Procedure 1.330.
 ------------------------------------------------------------------------
RULE 12.340. INTERROGATORIES TO PARTIES
 Interrogatories to parties shall be governed generally by Florida Rule of
Civil Procedure 1.340, with the following exceptions.
 (a) Initial Interrogatories. Initial interrogatories to parties shall be
those set forth in Family Law Form 12.930(b). Parties governed by the
mandatory disclosure requirements of

*1071
rule 12.285(d) (income or expenses of $50,000 or more) shall automatically
submit the answers to those interrogatories as provided in that rule.
Parties governed by the mandatory disclosure requirements of rule 12.285(c)
(income and expenses under $50,000), may serve the interrogatories set
forth in Family Law Form 12.930(b) as set forth in rule 1.340.
 (b) Additional Interrogatories. Ten interrogatories, including subparts,
may be sent to a party in addition to the standard interrogatories contained
in Family Law Form 12.930(b). A party must obtain permission of the court to
send more than ten additional interrogatories.
 Commentary
 1995 Adoption. For parties governed under the disclosure requirements of
rule 12.285(d) (income or expenses of $50,000 or more), the answers to the
interrogatories contained in Form 12.930(b) must be automatically served on
the other party. For parties governed under the disclosure requirements of
rule 12.285(c) (income and expenses under $50,000), the service of the
interrogatories contained in Form 12.930(b) is optional as provided in
Florida Rule of Civil Procedure 1.340. Additionally, under this rule, 10
additional interrogatories, including subparts, may be submitted beyond
those contained in Family Law Form 12.930(b). Leave of court is required to
exceed 10 additional interrogatories. The provisions of Florida Rule of
Civil Procedure 1.340 are to govern the procedures and scope of the
additional interrogatories.
 ------------------------------------------------------------------------
 RULE 12.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON
 LAND FOR INSPECTION AND OTHER PURPOSES
 Production of documents and things and entry upon land for inspection and
other purposes shall be governed by Florida Rule of Civil Procedure 1.350.
 ------------------------------------------------------------------------
RULE 12.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
 Production of documents and things without deposition shall be governed by
Florida Rule of Civil Procedure 1.351.
 ------------------------------------------------------------------------
RULE 12.360. EXAMINATION OF PERSONS
 Florida Rule of Civil Procedure 1.360 shall govern general provisions
concerning the examination of persons in family law matters, except that
examinations permitted under rule 1.360(a)(1) may include, but are not
limited to, examinations involving physical or mental condition,
employability or vocational testing, genetic testing, or any other type of
examination related to a matter in controversy.
 Commentary
 1995 Adoption. This rule expands Florida Rule of Civil Procedure 1.360 to
specify common examinations in family law matters, but this rule is not
intended to be an exclusive list of allowable examinations. Rule 1.360
should be interpreted to discourage subjecting children to multiple
interviews, testing, and evaluations.
 ------------------------------------------------------------------------
RULE 12.370. REQUESTS FOR ADMISSION
 Requests for admission shall be governed by Florida Rule of Civil
Procedure 1.370.
 ------------------------------------------------------------------------

*1072
RULE 12.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
 Florida Rule of Civil Procedure 1.380 shall govern the failure to make
discovery in family law matters and related sanctions, with the following
addition. A party may apply for an order compelling discovery in the manner
set forth in rule 1.380 for the failure of any person to comply with any
discovery request or requirement under the family law rules, including, but
not limited to, the failure to comply with Florida Family Law Rule of
Procedure 12.285.
 ------------------------------------------------------------------------
RULE 12.390. DEPOSITIONS OF EXPERT WITNESSES
 Depositions of expert witnesses shall be governed by Florida Rule of Civil
Procedure 1.390.
 ------------------------------------------------------------------------
RULE 12.400. CONFIDENTIALITY OF RECORDS AND PROCEEDINGS
 (a) Closure of Proceedings or Records. Closure of court proceedings or
sealing of records may be ordered by the court only as provided by Rule of
Judicial Administration 2.051.
 (b) In Camera Inspection. The court shall conduct an in camera inspection
of any records sought to be sealed and consider the contents of the records
in determining whether they should be sealed.
 Commentary
 1995 Adoption. Judicial proceedings and records should be public except
when substantial compelling circumstances, especially the protection of
children or of business trade secrets, require otherwise. Family law
matters frequently present such circumstances. It is intended that this
rule be applied to protect the interests of minor children from offensive
testimony and to protect children in a divorce proceeding.
 ------------------------------------------------------------------------
RULE 12.407. TESTIMONY AND ATTENDANCE OF MINOR CHILD
 No minor child shall be deposed or brought to a deposition, brought to
court to appear as a witness or to attend a hearing, or subpoenaed to
appear at a hearing without prior order of the court based on good cause
shown unless in an emergency situation. This provision shall not apply to
uncontested adoption proceedings.
 Commentary
 1995 Adoption. This rule is intended to afford additional protection to
minor children by avoiding any unnecessary involvement of children in family
law litigation. While due process considerations prohibit an absolute ban
on child testimony, this rule requires that a judge determine whether a
child's testimony is necessary and relevant to issues before the court
prior to a child being required to testify.
 ------------------------------------------------------------------------
RULE 12.410. SUBPOENA
 Subpoenas shall be governed by Florida Rule of Civil Procedure 1.410.
 ------------------------------------------------------------------------
RULE 12.420. DISMISSAL OF ACTIONS
 Dismissal of actions shall be governed by Florida Rule of Civil Procedure
1.420, with the following two exceptions.
 (a) Voluntary Dismissal. Unless otherwise specified in a notice or
stipulation, a voluntary dismissal shall be without prejudice and shall not
operate as an adjudication on the merits.

*1073
 (b) Costs. Costs shall be assessed as provided in rule 1.420(d), except
that the court shall not require the payment of costs of a previously
dismissed claim, which was based upon or included the same claim against
the same adverse party as the current action.
 Commentary
 1995 Adoption. Subdivision (a), which amends Florida Rule of Civil
Procedure 1.420(a)(1), was added to eliminate the language of that
subdivision which reads "except that a notice of dismissal operates as an
adjudication on the merits when served by a plaintiff who has once
dismissed in any court an action based on or including the same claim" and
to specifically provide to the contrary. Subdivision (b), which amends rule
1.420(d), was added to prevent the discouragement of reconciliation.
 ------------------------------------------------------------------------
RULE 12.430. DEMAND FOR JURY TRIAL; WAIVER
 Demands for and waivers of jury trial shall be governed by Florida Rule of
Civil Procedure 1.430.
 ------------------------------------------------------------------------
RULE 12.431. TRIAL JURY
 Trials by jury shall be governed by Florida Rule of Civil Procedure 1.431.
 ------------------------------------------------------------------------
RULE 12.440. SETTING ACTION FOR TRIAL
 Florida Rule of Civil Procedure 1.440 shall govern general provisions
concerning setting an action for trial in family law matters, with the
following exceptions and additions.
 (a) Setting for Trial. If the court finds the action ready to be set for
trial, it shall enter an order setting the action for trial, fixing a date
for trial, and setting a pretrial conference, if necessary. In the event a
default has been entered, reasonable notice of not less than 10 days shall
be given unless otherwise required by law. Trial shall be set within a
reasonable time from the service of the notice for trial. At the pretrial
conference, the parties should be prepared, consistent with Florida Family
Law Rule of Procedure 12.200, to present any matter that will prepare the
parties for trial and that can expedite the resolution of the case. The
trial court may also direct the parties to reciprocally exchange and file
with the court all documents relative to the outcome of the case; a list of
all witnesses, all issues to be tried, and all undisposed motions; an
estimate of the time needed to try the case; and any other information the
court deems appropriate. This information should be served and filed no
later than 72 hours before the pretrial conference or 30 days before the
trial.
 (b) Sanctions. The failure to comply with the requirements of the order
setting the action for trial shall subject the party or attorney to
appropriate court sanctions.
 Commentary
 1995 Adoption. This rule amends Florida Rule of Civil Procedure 1.440(c),
Setting for Trial, and creates a procedure to facilitate setting an action
for trial. Proper pretrial compliance will foster knowledgeable settlement
discussion and expedite an orderly trial. The rule also adds a provision
for sanctions.
 ------------------------------------------------------------------------
RULE 12.450. EVIDENCE
 Adverse witnesses, the record of excluded evidence, and the filing of
evidence shall be governed by Florida Rule of Civil Procedure 1.450.
 ------------------------------------------------------------------------

*1074
RULE 12.460. CONTINUANCES
 Continuances shall be governed by Florida Rule of Civil Procedure 1.460.
 ------------------------------------------------------------------------
RULE 12.470. EXCEPTIONS UNNECESSARY
 Exceptions shall be governed by Florida Rule of Civil Procedure 1.470
except that no exception shall be necessary to an adverse ruling other than
as provided in rules 12.490 and 12.492.
 Commentary
 1995 Adoption. This rule amends subdivision (a) of rule 1.470 as it
applies to family law matters to eliminate possible confusion between common
law exceptions and exceptions to recommendations of a general master under
rule 12.490 or a special master under rule 12.492.
 ------------------------------------------------------------------------
RULE 12.480. MOTION FOR A DIRECTED VERDICT
 Motions for directed verdict shall be governed by Florida Rule of Civil
Procedure 1.480.
 ------------------------------------------------------------------------
RULE 12.481. VERDICTS
 Verdicts shall be governed by Florida Rule of Civil Procedure 1.481.
 ------------------------------------------------------------------------
RULE 12.490. GENERAL MASTERS
 (a) General Masters. Judges of the circuit court may appoint as many
general masters from among the members of The Florida Bar in the circuit as
the judges find necessary, and the general masters shall continue in office
until removed by the court. The order making an appointment shall be
recorded. Every person appointed as a general master shall take the oath
required of officers by the Constitution and the oath shall be recorded
before the master discharges any duties of that office.
 (b) Reference.
 (1) No matter shall be heard by a general master without an appropriate
order of reference and the consent to the referral of all parties. Consent,
as defined in this rule, to a specific referral, once given, cannot be
withdrawn without good cause shown before the hearing on the merits of the
matter referred. Consent may be express or may be implied in accordance
with the requirements of this rule.
 (A) A written objection to the referral to a general master must be filed
within 10 days of the service of the order of referral.
 (B) If the time set for the hearing is less than 10 days after service of
the order of referral, the objection must be filed before commencement of
the hearing.
 (C) If the order of referral is served within the first 20 days after the
service of the initial process, the time to file an objection is extended
to the time within which to file a responsive pleading.
 (D) Failure to file a written objection within the applicable time period
is deemed to be consent to the order of referral.

*1075
 (2) The order of referral shall be in substantial conformity with Family
Law Form 12.920(a), and shall contain the following language in bold type:
 A REFERRAL TO A GENERAL MASTER REQUIRES THE CONSENT OF ALL
 PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A
 JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE
 GENERAL MASTER, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL
 WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE
 TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE
 OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING.
 IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF
 PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME
 WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A
 WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED
 TO BE A CONSENT TO THE REFERRAL.
 REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL
 MASTER SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f),
 FLA.FAM.L.R.P. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS,
 MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.
 (3) The order of referral shall state with specificity the matter or
matters being referred and the name of the general master to whom the
matter is referred. The order of referral also shall state whether
electronic recording or a court reporter is provided by the court, or
whether a court reporter, if desired, must be provided by the litigants.
 (4) When a reference is made to a general master, any party or the
general master may set the action for hearing.
 (c) General Powers and Duties. Every general master shall perform all of
the duties that pertain to the office according to the practice in chancery
and rules of court and under the direction of the court except those duties
related to domestic and repeat violence. A general master shall be
empowered to administer oaths and conduct hearings, which may include the
taking of evidence. All grounds for disqualification of a judge shall apply
to general masters.
 (d) Hearings.
 (1) The general master shall assign a time and place for proceedings as
soon as reasonably possible after the reference is made and give notice to
each of the parties either directly or by directing counsel to file and
serve a notice of hearing. If any party fails to appear, the general master
may proceed ex parte or may adjourn the proceeding to a future day, giving
notice to the absent party of the adjournment. The general master shall
proceed with reasonable diligence in every reference and with the least
delay practicable. Any party may apply to the court for an order to the
general master to speed the proceedings and to make the report and to
certify to the court the reason for any delay.
 (2) The general master shall take testimony and establish a record which
may be by electronic means as provided by Florida Rule of Judicial
Administration 2.070(d) or by a court reporter. The parties may not waive
this requirement.
 (3) The general master shall have authority to examine under oath the
parties and all witnesses upon all matters contained in the reference to
require production of all books, papers, writings, vouchers, and other
documents applicable to it, and to examine on oath orally all witnesses
produced by the parties. The general master may take all actions concerning
evidence that can be taken by the circuit court and in the same manner. The
general master shall have the same powers as a circuit judge to utilize
communications equipment as defined and regulated by Florida Rule of
Judicial Administration 2.071.
 (4) The notice or order setting the cause for hearing shall be in
substantial conformity with Family Law Form 12.920(b) and shall contain the
following language in bold type:
 SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION
 MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN
 ACCORDANCE WITH RULE 12.490(f), FLA.FAM.L.R.P. YOU WILL BE REQUIRED

*1076
 TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR
 EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY
 INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS.
 THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED
 IF NECESSARY FOR THE COURT'S REVIEW.
 (5) The notice or order setting a matter for hearing shall state whether
electronic recording or a court reporter is provided by the court. If the
court provides electronic recording, the notice also shall state that any
party may provide a court reporter at that party's expense.
 (e) General Master's Report. The general master shall file a report that
includes findings of fact and conclusions of law, together with
recommendations. If a court reporter was present, the report shall contain
the name and address of the reporter.
 (f) Filing Report; Notice; Exceptions. The general master shall file the
report and recommendations and serve copies on all parties. The parties may
serve exceptions to the report within 10 days from the time it is served on
them. Any party may file cross-exceptions within 5 days from the service of
the exceptions, provided, however, that the filing of cross-exceptions
shall not delay the hearing on the exceptions unless good cause is shown.
If no exceptions are filed within that period, the court shall take
appropriate action on the report. If exceptions are filed, they shall be
heard on reasonable notice by either party or the court.
 (g) Record. For the purpose of the hearing on exceptions, a record,
substantially in conformity with this rule, shall be provided to the court
by the party seeking review if necessary for the court's review.
 (1) The record shall consist of the court file, including the transcript
of the relevant proceedings before the general master and all depositions
and evidence presented to the general master.
 (2) The transcript of all relevant proceedings, if any, shall be
delivered to the judge and provided to all other parties not less than 48
hours before the hearing on exceptions. If less than a full transcript of
the proceedings taken before the general master is ordered prepared by the
excepting party, that party shall promptly file a notice setting forth the
portions of the transcript that have been ordered. The responding parties
shall be permitted to designate any additional portions of the transcript
necessary to the adjudication of the issues raised in the exceptions or
cross-exceptions.
 (3) The cost of the original and all copies of the transcript of the
proceedings shall be borne initially by the party seeking review, subject
to appropriate assessment of suit monies. Should any portion of the
transcript be required as a result of a designation filed by the responding
party, the party making the designation shall bear the initial cost of the
additional transcript.
 Commentary
 1995 Adoption. This rule is a modification of Florida Rule of Civil
Procedure 1.490. That rule governed the appointment of both general and
special masters. The appointment of special masters is now governed by
Florida Family Law Rule of Procedure 12.492. This rule is intended to
clarify procedures that were required under rule 1.490, and it creates
additional procedures. The use of general masters should be implemented
only when such use will reduce costs and expedite cases in accordance with
Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993), Wrona v. Wrona,
592 So.2d 694 (Fla. 2d DCA 1991), and Katz v. Katz, 505 So.2d 25 (Fla. 4th
DCA 1987).
RULE 12.491. CHILD SUPPORT ENFORCEMENT
 (a) Limited Application. This rule shall be effective only when
specifically invoked by administrative order of the chief justice for use
in a particular county or circuit.

*1077
 (b) Scope. This rule shall apply to proceedings for the establishment,
enforcement, or modification of child support wherein the party seeking
support is receiving services pursuant to Title IV-D of the Social Security
Act (42 U.S.C. §§ 651 et seq.) and to non-Title IV-D proceedings upon
administrative order of the chief justice.
 (c) Support Enforcement Hearing Officers. The chief judge of each
judicial circuit shall appoint such number of support enforcement hearing
officers for the circuit or any county within the circuit as are necessary
to expeditiously perform the duties prescribed by this rule. A hearing
officer shall be a member of The Florida Bar unless waived by the chief
justice and shall serve at the pleasure of the chief judge and a majority
of the circuit judges in the circuit.
 (d) Referral. Upon the filing of a cause of action or other
proceeding for the establishment, enforcement, or modification of support
to which this rule applies, the court or clerk of the circuit court shall
refer such proceedings to a support enforcement hearing officer, pursuant
to procedures to be established by administrative order of the chief judge.
 (e) General Powers and Duties. The support enforcement hearing officer
shall be empowered to issue process, administer oaths, require the
production of documents, and conduct hearings for the purpose of taking
evidence. A support enforcement hearing officer does not have the authority
to hear contested paternity cases. Upon the receipt of a support
proceeding, the support enforcement hearing officer shall:
 (1) assign a time and place for an appropriate hearing and give notice to
each of the parties as may be required by law;
 (2) take testimony and establish a record, which record may be by
electronic means as provided by Florida Rule of Judicial Administration
2.070(d);
 (3) accept voluntary acknowledgment of paternity and support liability
and stipulated agreements setting the amount of support to be paid; and
 (4) evaluate the evidence and promptly make a recommended order to the
court. Such order shall set forth findings of fact.
 (f) Entry of Order and Relief from Order. Upon receipt of a recommended
order, the court shall review the recommended order and shall enter an order
promptly unless good cause appears to amend the order, conduct further
proceedings, or refer the matter back to the hearing officer to conduct
further proceedings. Any party affected by the order may move to vacate the
order by filing a motion to vacate within 10 days from the date of entry.
Any party may file a cross-motion to vacate within 10 days from the date of
rendition; an additional 5 days shall be allowed if the order was served by
mail. Any party may file a cross-motion to vacate within 5 days of service
of a motion to vacate, provided, however, that the filing of a cross-motion
to vacate shall not delay the hearing on the motion to vacate unless good
cause is shown. A motion to vacate the order shall be heard within 10 days
after the movant applies for hearing on the motion.
 (g) Modification of Order. Any party affected by the order may move to
modify the order at any time.
 (h) Record. For the purpose of hearing on a motion to vacate, a record,
substantially in conformity with this rule, shall be provided to the court
by the party seeking review.
 (1) The record shall consist of the court file, including the transcript
of the proceedings before the hearing officer, if filed, and all
depositions and evidence presented to the hearing officer.
 (2) The transcript of all relevant proceedings shall be delivered to the
judge and provided to opposing counsel not less than 48 hours before the
hearing on the motion to vacate. If less than a full transcript of the
proceedings taken before the hearing officer is ordered prepared by the
moving party, that party shall promptly file a notice setting forth the
portions of the

*1078
transcript that have been ordered. The responding party shall be permitted
to designate any additional portions of the transcript necessary to the
adjudication of the issues raised in the motion to vacate or cross-motion
to vacate.
 (3) The cost of the original and all copies of the transcript of the
proceedings shall be borne initially by the party seeking review, subject
to appropriate assessment of suit monies. Should any portion of the
transcript be required as a result of a designation filed by the responding
party, the party making the designation shall bear the initial cost of the
additional transcript.
 Commentary
 1995 Adoption. Previously, this rule was contained in Florida Rule of
Civil Procedure 1.491. The new rule is substantially the same as previous
rule 1.491, with the following additions.
 It is intended that any administrative order issued by the chief justice
of the Florida Supreme Court under rule 1.491(a) shall remain in full force
and effect as though such order was rendered under this rule until changed
by order of that same court.
 Subdivision (e) now makes clear that contested paternity cases are not
to be heard by support enforcement hearing officers.
 Subdivision (h) has been added to provide requirements for a record.
 The following notes and commentary have been carried forward from rule
1.491.
 1988 Adoption. Title: The terminology "hearing officer" is used rather
than "master" to avoid confusion or conflict with rule 1.490.
 Subdivision (a): The rule is intended as a fall back mechanism to be used
by the chief justice as the need may arise.
 Subdivision (b): The expedited process provisions of the applicable
federal regulations apply only to matters which fall within the purview of
Title IV-D. The committee recognizes, however, that the use of hearing
officers could provide a useful case flow management tool in non-Title IV-D
support proceedings.
 It is contemplated that a circuit could make application to the chief
justice for expansion of the scope of the rule upon a showing of necessity
and good cause. It is the position of the representative of the Family Law
Section of The Florida Bar that reference of non-Title IV-D proceedings
should require the consent of the parties as is required by rule 1.490(c).
 Subdivision (c): It is the position of the committee that hearing
officers should be members of the Bar in that jurisdictional and other
legal issues are likely to arise in proceedings of this nature. The waiver
provision is directed to small counties in which it may be difficult or
impossible to find a lawyer willing to serve and to such other special
circumstances as may be determined by the chief justice.
 Subdivision (d): This paragraph recognizes that the mechanics of
reference and operation of a program are best determined at the local level.
 Subdivision (e): This paragraph is intended to empower the hearing
officer to fully carry out his or her responsibilities without becoming
overly complicated. The authority to enter defaults which is referred to in
the federal regulations is omitted, the committee feeling that the subject
matter is fully and adequately covered by rule 1.500.
 The authority to accept voluntary acknowledgments of paternity is
included at the request of the Department of Health and Rehabilitative
Services. Findings of fact are included in the recommended order to provide
the judge to whom the order is referred basic information relating to the
subject matter.
 Subdivision (f): Expedited process is intended to eliminate or minimize
delays which are perceived to exist in the normal processing of cases. This
paragraph is intended to require the prompt entry of an order and to
guarantee due process to the obligee.

*1079
 General Note: This proposed rule, in substantially the same form, was
circulated to each of the chief judges for comment. Five responses were
received. Two responding endorsed the procedure, and 3 responding felt that
any rule of this kind would be inappropriate. The committee did not address
the question of funding, which included not only salaries of hearing
officers and support personnel, but also capital outlay for furniture,
fixtures, equipment and space, and normal operating costs. The committee
recognizes that the operational costs of such programs may be substantial
and recommends that this matter be addressed by an appropriate body.
RULE 12.492. SPECIAL MASTERS
 (a) Special Masters. The court may appoint members of The Florida Bar as
special masters for any particular service required by the court in a family
law matter other than those involving domestic and repeat violence. The
special masters shall be governed by all the provisions of law and rules
relating to general masters except as otherwise provided by this rule.
Additionally, they shall not be required to make oath or give bond unless
specifically required by the order appointing them. Upon a showing that the
appointment is advisable, a person other than a member of The Florida Bar
may be appointed.
 (b) Reference. No reference shall be to a special master without the
express prior consent of the parties, except that the court upon good cause
shown and without consent of the parties may appoint an attorney as a
special master to preside over depositions and rule upon objections.
 (c) General Powers and Duties. Every special master shall perform all of
the duties that pertain to the office according to the practice in chancery
and rules of court and under the direction of the court. Hearings before
any special master shall be held in the county where the action is pending,
but hearings may be held at any place by order of the court within or
without the state to meet the convenience of the witnesses or the parties.
All grounds for disqualification of a judge shall apply to special masters.
 (d) Bond. When not otherwise provided by law, the court may require
special masters who are appointed to dispose of real or personal property
to give bond and surety conditioned for the proper payment of all moneys
that may come into their hands and for the due performance of their duties
as the court may direct. The bond shall be made payable to the State of
Florida and shall be for the benefit of all persons aggrieved by any act of
the special master.
 (e) Hearings. When a reference is made to a special master, any party or
the special master may set the action for hearing. The special master shall
assign a time and place for proceedings as soon as reasonably possible
after the reference is made and give notice to each of the parties either
directly or by requiring counsel to file and serve a notice of hearing. If
any party fails to appear, the special master may proceed ex parte or may
adjourn the proceeding to a future day, giving notice to the absent party
of the adjournment. The special master shall proceed with reasonable
diligence in every reference and with the least delay practicable. Any
party may apply to the court for an order to the special master to speed the
proceedings and to make the report and to certify to the court the reason
for any delay. Unless otherwise ordered by the court, or agreed to by all
parties, all parties shall equally share the cost of the presence of a
court reporter at a special master's proceedings. If all parties waive the
presence of a court reporter, they must do so in writing. The special
master shall have authority to examine the parties and all witnesses under
oath upon all matters contained in the reference and to require production
of all books, papers, writings, vouchers, and other documents applicable to
it. The special master shall admit evidence by deposition or that is
otherwise admissible in court. The special master may take all actions
concerning evidence that can be taken by the court and in the same manner.
All parties accounting before a special master shall bring in their
accounts in the form of accounts payable and receivable, and any other
parties who are not satisfied with the account may examine the accounting
party orally or by interrogatories or deposition as the special master
directs. All depositions and documents that have been taken or used
previously in the action may be used before the special master.

*1080
 (f) Special Master's Report. The special master shall file a report that
includes findings of fact and conclusions of law, together with
recommendations. In the report made by the special master no part of any
statement of facts, account, charge, deposition, examination, or answer
used before the special master need be recited. The matters shall be
identified to inform the court what items were used. The report shall
include the name and address of the court reporter present, if any.
 (g) Filing Report; Notice; Exceptions. The special master shall file the
report and recommendations and serve copies on the parties. The parties may
serve exceptions to the report within 10 days from the time it is served on
them. If no exceptions are filed within that period, the court shall take
appropriate action on the report. Any party may file cross-exceptions
within 5 days from the service of the exceptions, provided, however, that
the filing of cross-exceptions shall not delay the hearing on the
exceptions unless good cause is shown. If exceptions are filed, they shall
be heard on reasonable notice by either party. The party seeking to have
exceptions heard shall be responsible for the preparation of the transcript
of proceedings before the special master.
 (h) Expenses of Special Master. The costs of a special master may be
assessed as any other suit money in family proceedings and all or part of it
may be ordered prepaid by order of the court.
 Commentary
 1995 Adoption. Originally, both general and special masters were governed
under Florida Rule of Civil Procedure 1.490. General and special masters are
now governed under Florida Family Law Rules of Procedure 12.490 and 12.492,
respectively. The requirements for appointing special masters are
essentially the same as under the previous rule; but this rule eliminates
the need for consent for the court to appoint an attorney/special master to
preside over depositions and rule on objections. It also provides for the
assessment of suit monies and allows for the filing of cross-exceptions.
-------------------------------------------------------------------------
RULE 12.500. DEFAULTS AND FINAL JUDGMENTS THEREON
 Defaults and final judgments thereon shall be governed by Florida Rule of
Civil Procedure 1.500.
-------------------------------------------------------------------------
RULE 12.510. SUMMARY JUDGMENT
 Summary judgment shall be governed by Florida Rule of Civil Procedure
1.510.
 ------------------------------------------------------------------------
RULE 12.520. VIEW
 Upon motion of either party or on the court's own motion, the trier of
fact may view the premises or place in question or any property, matter, or
thing relating to the controversy between the parties when it appears that
view is necessary to a just decision.
 Commentary
 1995 Adoption. This rule replaces Florida Rule of Civil Procedure 1.520
and eliminates the advancement of costs imposed by rule 1.520.
 ------------------------------------------------------------------------
RULE 12.530. MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF JUDGMENTS
 Motions for new trial and rehearing and amendments of judgments shall be
governed by Florida Rule of Civil Procedure 1.530.

*1081
 ------------------------------------------------------------------------
RULE 12.540. RELIEF FROM JUDGMENT, DECREES, OR ORDERS
 Florida Rule of Civil Procedure 1.540 shall govern general provisions
concerning relief from judgment, decrees, or orders, except that there
shall be no time limit for motions based on fraudulent financial affidavits
in marital or paternity cases.
 Commentary
 1995 Adoption. Under this provision, Florida Rule of Civil Procedure
1.540 applies to all family law issues involving relief from judgment,
decrees, or orders, except that there shall be no time limit for motions
filed under rule 1.540(b) based on fraudulent financial affidavits in
marital or paternity cases. Rule 1.540 was expanded to include marital
cases through the rule making procedure subsequent to the Florida Supreme
Court's decision in DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984).
 ------------------------------------------------------------------------
RULE 12.550. EXECUTIONS AND FINAL PROCESS
 Executions and final process shall be governed by Florida Rule of Civil
 Procedure 1.550.
 ------------------------------------------------------------------------
RULE 12.560. DISCOVERY IN AID OF EXECUTION
 Discovery in aid of execution shall be governed by Florida Rule of Civil
Procedure 1.560.
-------------------------------------------------------------------------
RULE 12.570. ENFORCEMENT OF JUDGMENTS
 Enforcement of judgments shall be governed by Florida Rule of Civil
Procedure 1.570. Money judgments, as governed by rule 1.570(a) shall
include, but not be limited to, judgments for alimony, child support,
attorneys' fees, suit money, and costs, and equitable distribution.
 Commentary
 1995 Adoption. Nothing in this rule or Florida Rule of Civil Procedure
1.570 should be read to preclude the use of other remedies to enforce
judgments.
 ------------------------------------------------------------------------
RULE 12.580. WRIT OF POSSESSION
 Writs of possession shall be governed by Florida Rule of Civil Procedure
1.580.
 ------------------------------------------------------------------------
RULE 12.590. PROCESS IN BEHALF OF AND AGAINST PERSONS NOT PARTIES
 Process in behalf of and against persons not parties shall be governed by
Florida Rule of Civil Procedure 1.590.
 ------------------------------------------------------------------------
RULE 12.600. DEPOSITS IN COURT
 Deposits in court shall be governed by Florida Rule of Civil Procedure
1.600, with the following addition. The party depositing money or
depositing the thing capable of delivery shall pay any fee imposed by the
clerk of the court, unless the court orders otherwise.

*1082
 Commentary
 1995 Adoption. The addition to Florida Rule of Civil Procedure 1.600
included in this rule is intended to clarify responsibility for the payment
of clerk's fees.
 ------------------------------------------------------------------------
RULE 12.610 INJUNCTIONS FOR DOMESTIC AND REPEAT VIOLENCE
 (a) Application. This rule shall apply only to temporary and permanent
injunctions for protection against domestic violence and temporary and
permanent injunctions for protection against repeat violence. All other
injunctive relief sought in cases to which the Family Law Rules apply shall
be governed by Florida Rule of Civil Procedure 1.610.
 (b) Petitions.
 (1) Requirements for Use.
 (A) Domestic Violence. Any person may file a petition for an injunction
for protection against domestic violence if they certify under oath that
 (i) the party filing the injunction and the party against whom the
injunction is sought are spouses, former spouses, persons related by blood
or marriage, persons who are presently residing together as if a family or
who have resided together in the past as if a family, or persons who have a
child in common regardless of whether they have been married or have
resided together at any time;
 (ii) the party filing the petition was the victim of, or has reasonable
cause to believe he or she may become the victim of an assault, aggravated
assault, battery, aggravated battery, sexual assault, sexual battery,
stalking, aggravated stalking, or any criminal offense resulting in
physical injury or death perpetrated by the party against whom the
injunction is sought; and
 (iii) the specific facts and circumstances upon the basis of which relief
is sought are true.
 (B) Repeat Violence. Any person may file a petition for an injunction for
protection against repeat violence if they certify under oath that
 (i) two incidents of violence, defined as any assault, battery, sexual
battery or stalking, one of which must have occurred within 6 months of the
filing of the petition, have been committed by the person against whom the
injunction is sought against the petitioner or the petitioner's immediate
family member; and
 (ii) the specific facts and circumstances upon the basis of which relief
is sought are true.
 (2) Service of Petitions.
 (A) Domestic Violence. Personal service by a law enforcement agency is
required. The clerk of the court shall furnish a copy of the petition for an
injunction for protection against domestic violence, financial affidavit
(if support is sought), Uniform Child Custody Jurisdiction Act affidavit
(if custody is sought), temporary injunction (if one has been entered), and
notice of hearing to the appropriate sheriff or law enforcement agency of
the county where the respondent resides or can be found for expeditious
service of process.
 (B) Repeat Violence. Personal service by a law enforcement
agency is required. The clerk of the court shall furnish a copy of the
petition for an injunction for protection against repeat violence,
temporary injunction (if one has been entered), and notice of hearing to the
appropriate sheriff or law enforcement agency of the county where the
respondent resides or can be found for expeditious service of process.
 (C) Additional Documents. Service of pleadings in cases of domestic or
repeat violence other than the petition and orders granting injunctions
shall be governed by rules 12.070 and 12.080.

*1083
 (3) Consideration by Court. Upon the filing of a petition, the
court shall set a hearing to be held at the earliest possible time. A
denial of a petition for an ex parte injunction shall be by written order
noting the legal grounds for denial. When the only ground for denial is no
appearance of an immediate and present danger of domestic violence, the
court shall set a full hearing on the petition for injunction with notice
at the earliest possible time. Nothing herein affects a petitioner's right
to promptly amend any petition, or otherwise be heard in person on any
petition consistent with these rules.
 (4) Forms.
 (A) Provision of Forms. The clerk of the court or family or
domestic/repeat violence intake personnel shall provide simplified forms,
including instructions for completion, for any person whose circumstances
meet the requirements of this rule and shall assist the petitioner in
obtaining an injunction for protection against domestic or repeat violence
as provided by law.
 (B) Confidential Filing of Address. A petitioner's address may be
furnished to the court in a confidential filing separate from a petition or
other form if, for safety reasons, a petitioner believes that the address
should be concealed. The ultimate determination of a need for
confidentiality must be made by the court as provided in Florida Rule of
Judicial Administration 2.051.
 (c) Orders of Injunction.
 (1) Consideration by Court.
 (A) Temporary Injunction. For the injunction for protection to be issued
ex parte, it must appear to the court that an immediate and present danger
of domestic or repeat violence exists. In an ex parte hearing for the
purpose of obtaining an ex parte temporary injunction, the court may limit
the evidence to the verified pleadings or affidavits or may receive
additional testimony under oath if necessary for a determination of
whether an immediate and present danger of domestic or repeat violence
exists. If the respondent appears at the hearing or has received reasonable
notice of the hearing, the court may hold a hearing on the petition.
 (B) Permanent Injunction. A full evidentiary hearing shall be conducted.
 (2) Issuing of Injunction. No bond shall be required by the court for the
entry of an injunction for protection against domestic or repeat violence.
The clerk of the court shall provide the parties with sufficient certified
copies of the order of injunction for service.
 (3) Service of Injunctions.
 (A) Temporary Injunction. A temporary injunction for protection against
domestic or repeat violence must be personally served. When the respondent
has been served previously with the temporary injunction and has failed to
appear at the initial hearing on the temporary injunction, any subsequent
pleadings seeking an extension of time may be served on the respondent by
the clerk of the court by certified mail in lieu of personal service by a
law enforcement officer. If the temporary injunction was issued after a
hearing because the respondent was present at the hearing or had reasonable
notice of the hearing, the injunction may be served in the manner provided
for a permanent injunction.
 (B) Permanent Injunction.
 (i) Party Present at Hearing. The parties may acknowledge receipt of the
permanent injunction for protection against domestic or repeat violence in
writing on the face of the original order. If a party is present at the
hearing and that party fails or refuses to acknowledge the receipt of a
certified copy of the injunction, the clerk shall cause the order to
be served by mailing certified copies of the injunction to the parties who
were present at hearing at the last known address of each party. Service by
mail is complete upon mailing. When an order is served pursuant to this
subdivision, the clerk shall prepare a written

*1084
certification to be placed in the court file specifying the time, date, and
method of service and within 24 hours shall forward a copy of the
injunction and the clerk's affidavit of service to the sheriff with
jurisdiction over the residence of the petitioner. This procedure applies
to service of orders to modify or vacate injunctions for protection against
domestic or repeat violence.
 (ii) Party not Present at Hearing. Within 24 hours after the court
issues, continues, modifies, or vacates an injunction for protection against
domestic or repeat violence, the clerk shall forward a copy of the
injunction to the sheriff with jurisdiction over the residence of the
petitioner for service.
 (4) Duration.
 (A) Temporary Injunction. Any temporary injunction shall be effective for
a fixed period not to exceed 15 days. A full hearing shall be set for a date
no later than the date when the temporary injunction ceases to be
effective. The court may grant a continuance of the temporary injunction
and of the full hearing for good cause shown by any party, or upon its
own motion for good cause, including failure to obtain service.
 (B) Permanent Injunction. Any relief granted by an injunction for
protection against domestic or repeat violence shall be granted for a fixed
period not to exceed 1 year. Such relief may be granted in addition to
other civil and criminal remedies. Upon petition of the victim, the court
may extend the injunction for successive fixed periods not to exceed 1 year.
Broad discretion resides with the court to grant an extension after
considering the circumstances. No specific allegations are required.
 (5) Enforcement. The court may enforce violations of an injunction for
protection against domestic or repeat violence in civil contempt
proceedings, which are governed by rule 12.570 or in criminal contempt
proceedings, which are governed by Florida Rule of Criminal Procedure
3,840, or, if the violation meets the statutory criteria, it may be
prosecuted as a crime under Florida Statutes.
 (6) Motion to Modify or Vacate Injunction. The petitioner or respondent
may make a motion to the court to modify or vacate an injunction at any
time. Motions to modify or vacate an injunction shall be governed by the
Florida Rules of Civil Procedure.
 (7) Forms. The clerk of the court or family or domestic/repeat violence
intake personnel shall provide simplified forms including instructions for
completion, for the persons whose circumstances meet the requirements of
this rule and shall assist in the preparation of the affidavit in support
of the violation of an order of injunction for protection against domestic
or repeat violence.
 Commentary
 1995 Adoption. A cause of action for an injunction for protection
against domestic violence and repeat violence has been created by section
741.30, Florida Statutes (Supp. 1994) (modified by chapter 95-195, Laws of
Florida), and section 784.046, Florida Statutes (Supp. 1994), respectively.
This rule implements those provisions and is intended to be consistent with
the procedures set out in those provisions except as indicated in this
commentary. To the extent a domestic or repeat violence matter becomes
criminal or is to be enforced by direct or indirect criminal contempt, the
appropriate Florida Rules of Criminal Procedure will apply.
 The facts and circumstances to be alleged under subdivision
12.610(b)(1)(A) include those set forth in Florida Family Law Form
12.980(b). An injunction for protection against domestic or repeat
violence may be sought whether or not any other cause of action is
currently pending between the parties. However, the pendency of any such
cause of action must be alleged in the petition. The relief the court may
grant in a temporary or permanent injunction against domestic violence is
set forth in section 741.30(6).

*1085
 The facts and circumstances to be alleged under subdivision (b)(1)(B)
include those set forth in Florida Family Law Form 12.980(d). The relief
the court may grant in a temporary or permanent injunction against repeat
violence is set forth in section 784.046(7), Florida Statutes.
 Subdivision (b)(4) expands sections 741.30(2)(c)1 and (2)(c)2, Florida
Statutes, to provide that the responsibility to assist the petitioner may
be assigned not only to the clerk of court but also to the appropriate
intake unit of the court. Family Law Form 12.980(b) provides the form for a
petition for injunction against domestic violence. If the custody of a
child is at issue, a Uniform Child Custody Jurisdiction Act affidavit must
be provided and completed in conformity with Family Law Form 12.901(f). If
alimony or child support is sought a Financial Affidavit must be provided
and completed in conformity with Family Law Form 12.901(d) or 12.901(e).
 Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and
section 784.046(6)(a), Florida Statutes, to make the limitation of evidence
presented at an ex parte hearing permissive rather than mandatory given the
due process concerns raised by the statutory restrictions on the taking of
evidence.
 Unlike traditional injunctions, under subdivision (c)(2), no bond will be
required for the issuance of injunctions for protection against domestic or
repeat violence. This provision is consistent with the statutes except
that, unlike the statutes, it does not set a precise number of copies to be
provided for service.
 Subdivision (c)(3)(A) makes the procedure for service of a temporary
order of injunction for protection against domestic violence and repeat
violence consistent. This is intended to replace the differing requirements
contained in sections 741.30(7)(b)3 and (7)(c)1 and 784.046(8)(a)1, Florida
Statutes.
 Subdivision (c)(3)(B) makes the procedure for service of a permanent
order of injunction for protection against domestic violence and repeat
violence consistent. This is intended to replace the differing requirements
contained in sections 741.30(7)(a)3 and (7)(c)1 and 784.046(8)(c)1, Florida
Statutes, and to specifically clarify that service of the permanent
injunction by mail is only effective upon a party who is present at the
hearing which resulted in the issuance of the injunction.
 Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6)(c),
Florida Statutes, with some expansion. This subdivision allows the court
upon its own motion to extend the protection of the temporary injunction
for protection against domestic or repeat violence for good cause shown,
which shall include, but not be limited to, failure to obtain service. This
subdivision also makes the procedures in cases of domestic and repeat
violence identical, resolving the inconsistencies in the statutes.
 Subdivision (c)(4)(B) makes the procedures in cases of domestic and
repeat violence identical, resolving inconsistencies in the statutes. As
stated in section 741.30(1)(c), Florida Statutes, in the event a subsequent
cause of action is filed under chapter 61, Florida Statutes, any orders
entered therein shall take precedence over any inconsistent provisions of an
injunction for protection against domestic violence which addresses matters
governed by chapter 61, Florida Statutes.
 Subdivision (c)(5) implements a number of statutes governing enforcement
of injunctions against domestic or repeat violence. It is intended by these
rules that procedures in cases of domestic and repeat violence be identical
to resolve inconsistencies in the statutes. As such, the procedures set out
in section 741.31(1), Florida Statutes, are to be followed for violations
of injunctions for protection of both domestic and repeat violence.
Pursuant to that statute, the petitioner may contact the clerk of the court
of the circuit court of the county in which the violation is alleged to
have occurred to obtain information regarding enforcement.
 Subdivision (c)(7) expands sections 741.30(2)(c)1 and (2)(c)2, Florida
Statutes, to provide that the responsibility to assist a petitioner may not
only be assigned to the clerk of court but also to the appropriate intake
unit of the court. This subdivision makes the procedures in

*1086
cases of domestic and cases of repeat violence identical to resolve
inconsistencies in the statutes.
 -------------------------------------------------------------------------
RULE 12.611. CENTRAL GOVERNMENTAL DEPOSITORY
 (a) Administrative Order. If the chief judge of the circuit by
administrative order authorizes the creation of a central governmental
depository for the circuit or county within the circuit to receive, record,
and disburse all support alimony or maintenance payments, as provided in
section 61.181, Florida Statutes (1983), the court may direct that payment
be made to the officer designated in the administrative order.
 (b) Payments to Public Officer.
 (1) If the court so directs, the payments shall be made to the officer
designated.
 (2) The officer shall keep complete and accurate accounts of all payments
received. Payments shall be made by cash, money order, cashier's check, or
certified check. The officer shall promptly disburse the proceeds to the
party entitled to receive them under the judgment or order.
 (3) Payment may be enforced by the party entitled to it or the court may
establish a system under which the officer issues a motion for enforcement
and a notice of hearing in the form approved by the supreme court. The
motion and notice shall be served on the defaulting party in person or by
mail. At the hearing the court shall enter an appropriate order based on
the testimony presented to it.
 Commentary
 1995 Adoption. This rule is a remnant of Florida Rule of Civil Procedure
1.611, which contained several unrelated issues. Those issues are now
governed by separate rules for automatic disclosure, simplified dissolution
procedure, and this rule for central governmental depository.
 ------------------------------------------------------------------------
RULE 12.620. RECEIVERS
 Receivers shall be governed by Florida Rule of Civil Procedure 1.620.
 ------------------------------------------------------------------------
RULE 12.625. PROCEEDINGS AGAINST SURETY ON JUDICIAL BONDS
 Proceedings against sureties on judicial bonds shall be governed by
Florida Rule of Civil Procedure 1.625.
 ------------------------------------------------------------------------
RULE 12.630. EXTRAORDINARY REMEDIES
 Extraordinary remedies shall be governed by Florida Rule of Civil
Procedure 1.630.
 ------------------------------------------------------------------------
RULE 12.740. FAMILY MEDIATION
 (a) Applicability. This rule governs mediation of family matters and
related issues.
 (b) Referral. Except as provided by law and this rule, all contested
family matters and issues may be referred to mediation. Every effort shall
be made to expedite mediation of family issues.

*1087
 (c) Limitation on Referral to Mediation. Unless otherwise agreed by the
parties, family matters and issues may be referred to a mediator or
mediation program which charges a fee only after the court has determined
that the parties have the financial ability to pay such a fee. This
determination may be based upon the parties' financial affidavits or other
financial information available to the court. When the mediator is
compensated in whole or part by the parties, the presiding judge may
determine the reasonableness of the fees charged by the mediator. In the
absence of a written agreement providing for the mediator's compensation,
the mediator shall be compensated at the hourly rate set by the presiding
judge in the referral order. When appropriate, the court shall apportion
mediation fees between the parties and shall state each party's share in
the order of referral. Parties may object to the rate of the mediator's
compensation within 15 days of the order of referral by serving an
objection on all other parties and the mediator.
 (d) Appearances. Unless otherwise stipulated by the parties, a party is
deemed to appear at a family mediation convened pursuant to this rule if the
named party is physically present at the mediation conference. In the
discretion of the mediator and with the agreement of the parties, family
mediation may proceed in the absence of counsel unless otherwise ordered by
the court.
 (e) Completion of Mediation. Mediation shall be completed within 75 days
of the first mediation conference unless otherwise ordered by the court.
 (f) Report on Mediation.
 (1) If agreement is reached as to any matter or issue, including legal
or factual issues to be determined by the court, the agreement shall be
reduced to writing, signed by the parties and their counsel, if any and if
present, and submitted to the court unless the parties agree otherwise. By
stipulation of the parties, the agreement may be electronically or
stenographically recorded and made under oath or affirmed. In such event,
an appropriately signed transcript may be filed with the court. If counsel
for any party is not present when the agreement is reached, the mediator
shall cause to be mailed a copy of the agreement to counsel within 5 days.
Counsel shall have 10 days from service of a copy of the agreement to
serve a written objection on the mediator, unrepresented parties, and
counsel. Absent a timely written objection, the agreement is presumed to be
approved by counsel and shall be filed with the court by the mediator.
 (2) After the agreement is filed, the court shall take action as required
by law. When court approval is not necessary, the agreement shall become
binding upon filing. When court approval is necessary, the agreement shall
become binding upon approval. In either event, the agreement shall be made
part of the final judgment or order in the case.
 (3) If the parties do not reach an agreement as to any matter as a result
of mediation, the mediator shall report the lack of an agreement to the
court without comment or recommendation. With the consent of the parties,
the mediator's report may also identify any pending motions or outstanding
legal issues, discovery process, or other action by any party which, if
resolved or completed, would facilitate the possibility of a settlement.
 Commentary
 1995 Adoption. This rule is similar to former Florida Rule of Civil
Procedure 1.740. All provisions concerning the compensation of the mediator
have been incorporated into this rule so that all mediator compensation
provisions are contained in one rule. Additionally, this rule clarifies
language regarding the filing of transcripts, the mediator's responsibility
for mailing a copy of the agreement to counsel, and counsel's filing of
written objections to mediation agreements.
-------------------------------------------------------------------------
RULE 12.741. MEDIATION RULES
 (a) Discovery. Unless stipulated by the parties or ordered by the court,
the mediation process shall not suspend discovery.

*1088
 (b) General Procedures.
 (1) Interim or Emergency Relief. A party may apply to the court for
interim or emergency relief at any time. Mediation shall continue while such
a motion is pending absent a contrary order of the court, or a decision of
the mediator to adjourn pending disposition of the motion. Time for
completing mediation shall be tolled during any periods when mediation is
interrupted pending resolution of such a motion.
 (2) Sanctions for Failure to Appear. If a party fails to appear at a duly
noticed mediation conference without good cause, the court upon motion shall
impose sanctions, including an award of mediator and attorneys' fees and
other costs, against the party failing to appear.
 (3) Adjournments. The mediator may adjourn the mediation conference at
any time and may set times for reconvening the adjourned conference. No
further notification is required for parties present at the adjourned
conference.
 (4) Counsel. Counsel shall be permitted to communicate privately with
their clients. The mediator shall at all times be in control of the
mediation and the procedures to be followed in the mediation.
 (5) Communication with Parties. The mediator may meet and consult
privately with any party or parties or their counsel.
 (6) Appointment of the Mediator.
 (A) Within 10 days of the order of referral, the parties may agree upon a
stipulation with the court designating:
 (i) a certified mediator; or
 (ii) a mediator who does not meet the certification requirements of these
rules but who, in the opinion of the parties and upon review by the
presiding judge, is otherwise qualified by training or experience to
mediate all or some of the issues in the particular case.
 (B) If the parties cannot agree upon a mediator within 10 days of the
order of referral, the plaintiff or petitioner shall so notify the court
within 10 days of the expiration of the period to agree on a mediator, and
the court shall appoint a certified mediator selected by rotation or by
such other procedures as may be adopted by administrative order of the
chief judge in the circuit in which the action is pending.
 (C) If a mediator agreed upon by the parties or appointed by a court
cannot serve, a substitute mediator can be agreed upon or appointed in the
same manner as the original mediator. A mediator shall not mediate a case
assigned to another mediator without the agreement of the parties or
approval of the court. A substitute mediator shall have the same
qualifications as the original mediator.
 Commentary
 1995 Adoption. This rule combines and replaces Florida Rules of Civil
Procedure 1.710, 1.720, and 1.730. The rule, as combined, is substantially
similar to those three previous rules, with the following exceptions. This
rule deletes subdivisions (a) and (b) of rule 1.710 and subdivisions (b)
and (c) of rule 1.730. This rule compliments Florida Family Law Rule of
Procedure 12.740 by providing direction regarding various procedures to be
followed in family law mediation proceedings.

*1089
 SECTION II
 FAMILY LAW
 FORMS, COMMENTARY,
 INSTRUCTIONS, AND APPENDICES
 INTRODUCTION
On the page before each form you will find explanations of how that form is
used in the court case, help in filling out the form, and a list of other
forms you may need to fill out. The instructions for each form also say if
there are any laws or court rules that could help you understand the form
and its use in your case. The instructions are not the only place that
you can get information about how a court case works or how that form is
used and you may want to look at other law books for more help. The Florida
Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil
Procedure, and other legal information books may be found in a law library
at your county courthouse or a law school in your area.
There are five (5) appendices at the end of the forms. You should read the
appendices that deal with the type of court case that you are a party to.
There are also instructions with each form to help you fill out that form.
Read each form carefully, it may tell you that there are other forms that
need to be filled out and filed with the court. If you find out there is
something you need to do in your case and you do not find the right form
here, check the forms at the end of the Florida Rules of Civil Procedure
and you may find the form you need there.
 Appendix 1-Simplified Dissolution of Marriage
 Appendix 2-Regular Dissolution of Marriage
 Appendix 3-Child Support
 Appendix 4-Injunction for Protection
 Appendix 5-Stepparent Adoption
 Commentary
 1995 Adoption. To help the many people in family law court cases who do
not have attorneys to represent them (pro se litigants), the Florida Supreme
Court added these simplified forms and directions to the Florida Family Law
Rules of Procedure. The directions refer to the Florida Family Law Rules of
Procedure or the Florida Rules of Civil Procedure. Many of the forms were
adapted from the forms accompanying the Florida Rules of Civil Procedure.
Practitioners should refer to the committee notes for those forms for rule
history.
 The forms were adopted by the Court pursuant to Family Law Rules of
Procedure, ___ So.2d ___ (Fla. 1995); In re Petition for Approval of Forms
Pursuant to Rule 10-1.1(b) of the Rules Regulating The Florida Bar 
Stepparent Adoption Forms, 613 So.2d 900 (Fla. 1992); Rules Regulating The
Florida Bar  Approval of Forms, 581 So.2d 902 (Fla. 1991).
 Although the forms are part of these rules, they are not all inclusive
and additional forms, as necessary, should be taken from the Florida Rules
of Civil Procedure as provided in Florida Family Law Rules of Procedure.
Also, the following notice has been included to strongly encourage
individuals to seek the advice, when needed, of an attorney who is a member
in good standing of the Florida Bar.
NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN
 GOOD STANDING OF THE FLORIDA BAR
IF YOU HAVE QUESTIONS OR CONCERNS ABOUT THESE FORMS, COMMENTARY,
INSTRUCTIONS, AND APPENDICES, THE USE OF THE FORMS, OR YOUR
LEGAL RIGHTS, IT IS STRONGLY RECOMMENDED THAT YOU TALK TO AN
ATTORNEY. IF YOU DO NOT KNOW AN ATTORNEY, YOU SHOULD CALL THE
LAWYER REFERRAL SERVICE LISTED IN THE YELLOW PAGES OF THE TELEPHONE
BOOK. IF YOU DO NOT HAVE THE MONEY TO HIRE AN ATTORNEY,
YOU SHOULD CALL THE LEGAL AID OFFICE IN YOUR AREA.
BECAUSE THE LAW DOES CHANGE, THE FORMS AND INFORMATION ABOUT
THEM MAY HAVE BECOME OUTDATED. YOU SHOULD BE AWARE THAT

*1090
CHANGES MAY HAVE HAPPENED IN THE LAW OR COURT RULES THAT
WOULD AFFECT THE ACCURACY OF THE FORMS, COMMENTARY, INSTRUCTIONS
OR APPENDICES.
IN NO EVENT WILL THE FLORIDA SUPREME COURT, THE FLORIDA BAR, OR
ANYONE CONTRIBUTING TO THE PRODUCTION OF THESE FORMS, COMMENTARY,
INSTRUCTIONS, AND APPENDICES BE LIABLE FOR ANY DIRECT, INDIRECT,
OR CONSEQUENTIAL DAMAGES RESULTING FROM THEIR USE.
 INDEX TO FAMILY LAW FORMS
INTRODUCTION AND COMMENTARY
12.900-12.909 PETITIONS AND SUPPORTING DOCUMENTS
12.900 Disclosure of Nonlawyer
12.901(a) Simplified Petition for Dissolution of Marriage
 (b) Petition for Dissolution of Marriage
 (c) Affidavit of Insolvency
 (d) Family Law Financial Affidavit (Short Form)
 (e) Family Law Financial Affidavit (Long Form)
 (f) Uniform Child Custody Jurisdiction Act (UCCJA)
 (g) Child Support Guidelines Worksheet
 (h) Marital Settlement Agreement
 (i) Affidavit of Corroborating Witness
12.902(a) Answer/Response to and Counterpetition for Dissolution of Marriage
 (b) Answer/Response to Counterpetition for Dissolution of Marriage
12.903(a) Supplemental Petition/Request to Modify/Change Visitation
 (b) Petition/Request to Modify/Change Primary Residency/Custody of
 Child(ren)
12.904(a) Petition/Request for Support Unconnected with Dissolution of
 Marriage
 (b) Petition for Modification of Child Support and Other Relief
12.905 Petition/Request for Grandparent Visitation
12.910-12.919 SERVICE
12.910(a) Summons: Personal Service on Individual
 (b) Process Service Memorandum
12.911(a) Order to Perfect Service
 (b) Order of Dismissal for Failure to Perfect Service (120 days)
12.912(a) Memorandum for Certificate of Military Service
 (b) Nonmilitary Affidavit
12.913(a) Notice of Action Dissolution of Marriage
 (b) Affidavit for Service by Publication
12.914 Certificate of Service (General Form)
12.920-12.929 PROCEDURAL
12.920(a) Order of Referral to General Master
 (b) Notice of Hearing Before General Master
12.921 Order Setting Matter for Uncontested Hearing or Status Conference
12.922(a) Request to Enter Default
 (b) Default
12.923 Notice of Hearing (General Form)
12.930-12.939 DISCOVERY
12.930(a) Notice of Service of Standard Family Law Interrogatories
 (b) Standard Family Law Interrogatories
12.931(a) Notice of Production from Non-Party
 (b) Subpoena for Production of Documents
 (c) Request for Documents Produced by Subpoena
12.940-12.949 MOTIONS
12.940(a) Motion for Health Insurance Coverage
 (b) Order of Health Insurance Coverage
 (c) Employer's Declaration of Health Insurance Coverage

*1091
12.941(a) Motion for Temporary Injunction to Prevent Removal of Children
 and for Denial of Passports
 (b) Affidavit in Support of Motion for Temporary Injunction to Prevent
 Removal of Child(ren) and for Denial of Passport
12.942(a) Motion for Appointment of Guardian ad Litem
 (b) Order Appointing Guardian ad Litem
12.950-12.959} AVAILABLE FOR
12.960-12.969} FUTURE
12.970-12.979} CATEGORIES
12.980-12.989 SPECIAL CASES
Domestic and Repeat Violence
12.980(a) Affidavit and Waiver of Fees for Petition for Injunction for
 Protection Against Domestic Violence
 (b) Petition for Injunction for Protection Against Domestic Violence
 (c) Order Denying Petition for Temporary Injunction for Protection
 Against Domestic Violence
 (d) Temporary Injunction for Protection Against Domestic Violence
 (e) Injunction for Protection Against Domestic Violence (After Notice)
 (f) Final Order of Dismissal of Injunction for Protection Against
 Domestic Violence
 (g) Petition for Injunction for Protection Against Repeat Violence
Adoption
12.981(a) Petition for Stepparent Adoption
 (b) Stepparent Adoption: Consent and Waiver of Parent
 (c) Stepparent Adoption: Consent of Adoptee
 (d) Stepparent Adoption: Affidavit of Diligent Search
 (e) Final Judgment of Stepparent Adoption
 (f) Petition for Adoption Information
 (g) Order Releasing Adoption Information
Name change
12.982 Petition for Name Change
12.900-12.999 JUDGMENTS
12.990(a) Final Judgment of Simplified Dissolution of Marriage
 (b) Final Judgment of Dissolution of Marriage
 (c) Order of Dismissal due to Reconciliation
 (d) Final Default Judgment of Dissolution of Marriage
12.991(a) Order Requiring Payment of Child Support through the Central
 Depository
 (b) Child Support Income Deduction Order
12.993 Final Judgment of Modification of Parental Responsibility and
 Visitation
12.994(a) Final Judgment Support Unconnected with Dissolution of Marriage
 (b) Final Judgment Modifying Child Support
APPENDICES
 Appendix 1-Simplified Dissolution of Marriage
 Appendix 2-Regular Dissolution of Marriage
 Appendix 3-Child Support
 Appendix 4-Injunction for Protection
 Appendix 5-Stepparent Adoption
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.900,
 DISCLOSURE FROM NONLAWYERS
When the term nonlawyer is used on the Florida Family Law forms and
instructions, it means anyone who is NOT an attorney and a member in good
standing of the Florida Bar. Attorneys who are licensed to practice in
other states but not in Florida and attorneys who have been disbarred or
suspended from the practice of law in Florida are nonlawyers for purposes
of the Florida Family Law forms and instructions. If a person who is a
nonlawyer (under the meaning just given) helps you fill out these forms,
that person must give you a copy of Family Law Form 12.900, Disclosure
from Nonlawyer, before they help you.

*1092
 Both you and the nonlawyer helping you must sign this disclosure form.
 You should keep a copy and the nonlawyer helping you should keep a copy.
 This disclosure form does NOT act as or constitute a waiver, disclaimer,
or limitation of liability.
 Anyone helping you fill out these forms also must put their name,
address, and telephone number on the bottom of the last page of every form
they help you fill out.
 FLORIDA FAMILY LAW FORM 12.900, DISCLOSURE FROM NONLAWYER
[ fill in nonlawyer's name in all blanks]
____________________________ told me that he/she is not an attorney who is a
member in good standing of the Florida Bar and that he/she may not give me
legal advice or represent me in court.
____________________________ told me that he/she may only help me fill out a
form approved by the Supreme Court of Florida.
____________________________ may only help me by asking me questions to
fill in the form.
____________________________ may also tell me how to file the form.
____________________________ told me that he/she is not an attorney who is
a member in good standing of the Florida Bar and cannot tell me what my
rights or remedies are or how to testify in court.
[&check; one only]
____ I can read English.
____ I cannot read English but this notice was read to me by [ fill in all
blanks] _____________________________ in ___________________________.
 Nonlawyer's name language
_________________________, 19__.
date
PARTY NONLAWYER
Signature __________________________ Signature __________________________
Printed Name _______________________ Printed Name _______________________
Address ____________________________ Address ____________________________
____________________________________ ____________________________________
City State Zip City State Zip
Telephone No. ______________________ Telephone No. ______________________
Telefax No. ________________________ Telefax No. ________________________
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORMS FORM 12.901(a), SIMPLIFIED
 PETITION FOR DISSOLUTION OF MARRIAGE
You may use Form 12.901(a) to ask for a Simplified Dissolution of Marriage.
This form may only be used if all of the following statements are
true. If any one of the statements is not true, you cannot use this form.
 &check; We have no minor (under 18 years old) children or dependent
 children.
 &check; We have no adopted children under 18 years of age.
 &check; The wife is not pregnant.
 &check; At least one of us has lived in Florida for the past 6 months.
 &check; We have worked out how we will divide the things we own (our
 assets/property) and who will pay what part of the money we
 owe (our debts) and we are satisfied with it.

*1093
 &check; We have both signed the joint petition and all other papers
 needed to get a simplified dissolution and paid the required fees
 to the clerk of the circuit court.
 &check; We both want to end the marriage because of serious permanent
 differences (we cannot get along and cannot fix what is wrong).
 &check; We both want to use the simplified dissolution of marriage
 procedure instead of a regular dissolution.
 &check; We both know that:
 &ltrif; after the dissolution of marriage becomes final, neither of
 us has any right to expect money or support from the other,
 except what is in the Marital Settlement Agreement (Family Law
 Form 12.901(h)); and
 &ltrif; by choosing the simplified dissolution of marriage
 procedure, we give up certain legal rights that we would have if
 we had used the regular dissolution Procedure.
 The Marital Settlement Agreement referred to in Form 12.901(a) is
 Florida Family Law Form 12.901(h). Please see Simplified Dissolution of
 Marriage, Appendix 1 for other information on simplified dissolutions
 generally. You also may read Chapter 61, Florida Statutes, for more
 information.
 NOTE: You or the clerk will need to complete a Civil Cover Sheet
(Form 1.997, Florida Rules of Civil Procedure) when this Petition for
Simplified Dissolution of Marriage form is filed with the clerk of the
court. The clerk's office can provide the Civil Cover Sheet form.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR _________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
________________________________\
 PETITION BY PARTIES FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
There are no children of the marriage under 18 years of age and a marital
settlement agreement, Florida Family Law Form 12.901(h), has been reached
by the parties.
[ fill in all blanks]
 We, {name} ________________, Husband and {name} ___________________, Wife,
together file this petition/request and say:
 1. We both are asking the court for a dissolution of our marriage. (we
want it ended)
 2. The Husband lives in {name} ____________ County, Florida, and has lived
there since {date} __________. The Wife lives in {name} ____________________
County, Florida, and has lived there since {date} ___________.

*1094
 3. We were married to each other on {date} _______ in the city of {place}
_______________ county of, {name} _____________, state or country of {name}
_________________,
 4. Our marriage is irretrievably broken. (it cannot be fixed)
 5. Together, we have no minor (under 18) or dependent children and the
Wife is not pregnant.
 6. We have made a marital settlement agreement dividing our assets and
our debts (what we own and what we owe). We are satisfied with this
agreement. The marital settlement agreement (Florida Family Law Form
12.901(h)) is attached and was signed freely and voluntarily by each of us,
and we intend to be bound by it.
 7. We have each filled out and signed financial affidavits (Florida
Family Law Form 12.901(d) or 12.901(e)), that are attached to this petition.
 8. [&check; one only] ____ yes or ____ no
The wife wants to have her former name of {name} _________________ back.
 9. We each certify that we have not been threatened or pressured into
signing this request. We each understand that the result of signing this
request may be a final judgment ending our marriage allowing no further
relief.
 10. We each understand that we both must come to the judge to testify
about the things we are asking for in this petition/request.
 11. We understand that we each may have legal rights against each other
because of the marriage and that by signing this request we may be giving
up those rights.
 12. Neither of us is a member of the military.
 13. We ask the court to end our marriage and approve the marital
settlement agreement.
HUSBAND
DATED: _______________________
 ______________________________________
 Signature of husband
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} __________________________.
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name of husband} _____________.
 ______________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]

*1095
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [&check; fill in all blanks]
I, {name of nonlawyer} _________, a nonlawyer, located at {street}
_________________ {city} _______________ {state} ____, {phone} __________,
helped {husband} _________, who is the [&check; one only] ______ petitioner or
______ respondent, fill out this form.
WIFE
DATED: __________________________
 ______________________________________
 Signature of wife
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ____________________________.
 Sworn to (or affirmed) and subscribed before me on {date} _____________,
19__ by {name of wife} ______________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _____________, a nonlawyer, located at {street}
_________________ {city} __________________ {state} ______, {phone} _______,
helped {name of wife} ________________, fill out this form.
 INSTRUCTIONS FAMILY LAW FORM 12.901(b), PETITION FOR
 DISSOLUTION OF MARRIAGE
 When you decide that you cannot or do not wish to get a Simplified
Dissolution of Marriage, you can use this form to ask for a Regular
Dissolution of Marriage. However, this form is to be used only if all of
the following statements are true:
 &check; At least one spouse has lived in Florida for the past 6 months.
 &check; The marriage is irretrievably broken (you want to end the
 marriage because of serious permanent differences, it is broken
 and cannot be fixed) or my spouse has been adjudicated mentally
 incapacitated for a period of at least three years (see section
 61.052(1)(b), Florida Statutes).
See appendices 1, 2, 3, and Chapter 61, Florida Statutes, for further
information.

*1096
 NOTE: You or the clerk will need to complete a Civil Cover Sheet
(Form 1.997, Florida Rules of Civil Procedure) when this Petition for
Dissolution of Marriage form is filed with the clerk of the court. The
clerk's office can provide this Civil Cover Sheet form.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
________________________________\
 PETITION FOR DISSOLUTION OF MARRIAGE
[ fill in all blanks that apply]
1. JURISDICTION/RESIDENCE _________ Husband ________ Wife has/have lived in
 Florida for at least 6 months before, and in this county right before,
 the filing of this Petition for Dissolution of Marriage and neither
 party is a member of the military service. The parties lived last as
 Husband and Wife in {name} ______________ County, Florida.
2. STATISTICAL FACTS.
 Date of marriage: _____________________________
 Place of marriage: ____________________________
 Date of separation, if applicable: ____________
3. MARITAL AND NONMARITAL* ASSETS AND DEBTS AS PRESENTLY KNOWN
[&check; one only]
 a. ____ There are no marital assets or debts.
 b. ____ All marital assets and debts have been divided by written
 agreement, which is attached.
 c. ____ All assets and debts are listed in the Financial Affidavit to be
 completed and filed with this petition (Florida Family Law Form
 12.901(d) or 12.901(e)).
 d. Pension/Retirement plans [&check; all that apply]
 ____ The husband has pension/retirement benefits that accrued during
 the marriage
 ____ The wife has pension/retirement benefits that accrued during the
 marriage
 ____ The husband should keep all of his pension/retirement benefits
 that accrued during the marriage
 ____ The wife should keep all of her pension/retirement benefits that
 accrued during the marriage
 ____ The court should divide the parties' pension/retirement benefits
 by a qualified domestic relations order to be file separately
 with this court.
* See Appendix 2 for what is marital and what is nonmarital

*1097
4. SPOUSAL SUPPORT (ALIMONY)
 ____ spousal support is needed by the [&check; one only] _____ husband or _____
 wife and the [&check; one only] ____ husband or ______ wife is able to pay that
 support.
5. MINOR (under 18) CHILDREN OF THIS MARRIAGE
[&check; one only]
 a. ____ There are no minor children.
 b. ____ The wife is pregnant. {due date} _________
 c. ____ The wife is not pregnant.
 d. ____ The minor children are:
 Name Birth Date Age Sex
 ____________________ ______________________ _____________ ____________
 ____________________ ______________________ _____________ ____________
 ____________________ ______________________ _____________ ____________
 ____________________ ______________________ _____________ ____________
 e. A Uniform Child Custody Jurisdiction Act Affidavit is being filed with
 this petition. IF THERE ARE MINOR CHILDREN (under 18), you must fill
 out and file with this petition/request a Uniform Child Custody
 Jurisdiction Affidavit form (Florida Family Law Form 12.901(f)).
6. PETITIONER REQUESTS THE FOLLOWING RELIEF FROM THE COURT, including
 injunctive and other orders as may be proper, that:
 [ fill in all blanks that apply]
 a. ____ The marriage be dissolved (ended).
 [&check; one only]
 ____ Marriage irretrievably broken. (cannot be fixed)
 ____ One of the parties has been adjudged mentally incapacitated
 for a period of 3 years prior to the filing of this petition.
 b. ____ Child custody (primary residence) of child(ren) be [&check; one only]
 with: ____ Husband ____ or Wife or ____ Other (specify) ________
 This is in the child(ren)'s best interest because: ______________________
___________________________________________________________________________
__________________________________________________________________________.
 c. ____ Parental responsibility
 [&check; one only]
 ____ Shared to: ____ Husband ____ Wife ____ Other (e.g., certain
 decisions with one parent such as education, medical, religious
 training etc.)
 ____ Sole to: ____ Husband ____ Wife
 This is in the child(ren)'s best interest because: ______________________
___________________________________________________________________________
__________________________________________________________________________.
 d. ____ Child visitation: [&check; one only]
 ____ to be decided by the court.
 ____ as agreed to by the parties (schedule attached).
 ____ should be _________________________________________________.

*1098
 This is in the child(ren)'s best interest because: ______________________
___________________________________________________________________________
___________________________________________________________________________
__________________________________________________________________________.
 e. ____ Child support should be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
 f. ____ Child support should NOT be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
 The court should do this because: _______________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 g. ____ Unusual or uninsured medical/dental expenses for the children
 be provided by:
 [&check; one only] ____ Husband or ____ Wife or ____ Husband and wife
 each pay one-half.
 h. ____ Medical/dental insurance ____ is or ____ is not reasonably
 available to the ____ husband or ____ wife for the child(ren)
 and ____ husband or ____ wife should be required to provide it.
 i. ____ Life insurance be provided by: ____ Husband ____ Wife.
 j. ____ Spousal support be paid to: ____ Husband ____ Wife.
 The court should do this because: _______________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 k. ____ Equitable distribution of marital assets and debts be decided by
 the court.
 ____ Personal property or interests (attach schedule in accordance
 with paragraph 3)
 ____ Real property (attach legal descriptions)
 ____ Debts (attach list)
 l. ____ Pension/Retirement plan to be awarded or distributed
 m. ____ Attorneys' fees, suit money, and costs be awarded to: ____
 Husband ____ Wife
 The court should do this because: _______________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 n. ____ Wife's former name restored
 o. ____ Other relief. If injunctive relief is sought, state the facts
 which support irreparable damage or injury.
 p. ____ The petitioner needs and the respondent is able to pay all of
 the money asked for in this petition.
DATED: __________________________

*1099
 ______________________________________
 Signature of party signing certificate
 and pleading
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ___________________
 Sworn to (or affirmed) and subscribed before me on {date} ______, 19__ by
{name} ________________________.
 ______________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ______________________________________
 [Print, type, or stamp commissioned
 name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ___________________, a nonlawyer, located at {street}
_________________ {city} _________________ {state} _____, {phone} _________,
helped {name} _____________, who is the [&check; one only] _____ petitioner or
____ respondent, fill out this form.
 INSTRUCTIONS FAMILY LAW FORM 12.901(c), AFFIDAVIT OF INSOLVENCY
$ If you have been sued or if you wish to sue someone and you cannot afford
to pay court fees and costs, you may ask that those fees and costs be
waived. To make this request, fill out this form and file it with the court.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND FOR
 __________ COUNTY, FLORIDA
 Case No.: _______________________________
 Division: _______________________________

*1100
___________________________________,
 Petitioner
 and
____________________________________,
 Respondent.
___________________________________\
 AFFIDAVIT OF INSOLVENCY
 [&check; check all which apply, fill in all blanks that apply]
STATE OF FLORIDA
COUNTY OF {name} __________________
 BEFORE ME personally appeared {name} _______________ who, after being
sworn, states:
 I am insolvent and unable to pay the charges, costs, or fees otherwise
payable by law to any clerk, or sheriff in this civil action because
[&check; one only]:
____ a. I am currently receiving public assistance: $ _________ per _______
 Case No. ______________.
____ b. I am unable to pay those clerk's fees and costs because of
 indigency, based on the following facts:
INCOME: ________________________________________________________________
 Employer name and address
 ___________________________
 Length of employment
 $ ___________ $ __________
 Avg. gross pay Avg. net pay
 per ______ week _________ month _______ 2 weeks
ASSETS: What I own. State value of car, home, bank deposits, bonds,
stocks, etc. _______________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
DEBTS/BILLS: What I owe. List item by item your monthly rent, installment
payments, mortgage payments, child support, etc.
Amount of Payment each month Who I pay it to
____________________________ _______________________________________
____________________________ _______________________________________
____________________________ _______________________________________
____________________________ _______________________________________
____________________________ _______________________________________
____________________________ _______________________________________
DATED: ______________________________
 ____________________________________
 Signature of party signing affidavit
 Printed name _______________________
 Address ____________________________
 ____________________________________
 City State Zip
 ____________________________________
 Telephone (area code and number)
 ____________________________________
 Telefax (area code and number)

*1101
STATE OF FLORIDA
COUNTY OF {name} ___________________
Sworn to (or affirmed) and subscribed before me on {date} ________, 19__ by
{name} __________________.
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________, a nonlawyer, located at {street}
_________________ {city} _______________ {state} _____, {phone} _________,
helped {name} _______________, who is the [&check; one only] _____ petitioner
or _____ respondent, fill out this form.
 INSTRUCTIONS FLORIDA FAMILY LAW FORMS 12.901(d) AND 12.901(e),
 FINANCIAL AFFIDAVITS
$ Filling out these forms makes you figure out how much money you are paid,
how much it costs you to live, what you own and what its worth, and what
you owe. You should use Florida Family Law Form 12.901(d) if the money you
get each year (your annual gross income), and the money you spend
each year (annual expenses) ARE LESS THAN $50,000. You should use Florida
Family Law Form 12.901(e) if the money you get each year (your annual gross
income) or the money you spend each year (annual expenses) IS
$50,000 OR IS MORE THAN $50,000. See Florida Family Law Rule of Procedure
12.285.
SOME WORDS YOU NEED TO KNOW:
Affiant: the person who is signing the financial affidavit.
Assets*: what you own.
Debts/Liabilities*: what you owe.
* See Appendix 2 for more on what is a marital or nonmarital asset and debt.
The court needs the facts in your financial affidavit to decide your case.
It is very important that you fill in all the information as correctly and
completely as you can.
&ltrif; To order alimony, the court must decide that the person who is asking for
 the alimony really needs the money and that the person being asked to pay
 it can afford to. The court must be able to write down facts that prove
 this. When filled out, the financial affidavit shows the court what your
 bills are and how much money there is to pay them.
The court must make specific, written findings of fact that address the
factors listed in section 61.08, Florida Statutes, when granting or
denying a request for alimony.
&ltrif; To decide child support, the court must find out how much money each
 parent earns and any special needs the child(ren) may have. The court
 must be able to write these facts down in its order. When filled out, the
 financial affidavit gives the court these facts.
The court must make specific, written findings (say in its order exactly)
why awarding the amount of child support required by section 61.30, Florida
Statutes would be unjust or inappropriate if the amount awarded is
different from the child support guidelines amount by plus or minus five
percent (5%).
&ltrif; The court must write down in its order what you and your spouse own and
 owe and what it is worth to decide equitable distribution (the fair way
 to divide things between you) of your marital assets and debts*. The
 court also must write down all its reasons if it does not give each of
 you 1/2 of the assets and 1/2 of the debts. The financial affidavit tells
 the court about your assets and debts so it has the facts it needs to
 decide your case.

*1102
The court must make specific, written findings of fact that identify which
assets are marital and which are nonmarital*, identify each person's
ownership interests, identify the value of each significant asset, state
who will take what and address the factors listed in section 61.075,
Florida Statutes, explaining why the marital* assets and debts are
being divided the way the order says and if the division is not equal, the
exact reason(s) why it is not.
&ltrif; To decide attorneys' fees, costs and suit money, the court needs to know
 that the person who is asking for the fees and costs really needs the
 money and that the person being asked to pay it can afford to. When
 filled out, the financial affidavit shows the court what your bills are
 and how much money there is to pay them.
The court must make specific, written findings of fact explaining why
attorneys' fees are being granted and explaining the basis of the amount
awarded.
DOING THE MATH 
These affidavits are based on MONTHLY paychecks and bills. Many people are
not paid monthly and many bills (like daycare) are not paid monthly. To
help you figure out what the MONTHLY payment is for something that is paid
weekly or hourly do this:
Hourly wage × hours per week, × weeks per year, ÷ 12 = monthly wage
Daily wage × days per week, × weeks per year, ÷ 12 = monthly wage
Weekly wage × weeks per year, ÷ 12 = monthly wage
Bi-weekly wage × 26, ÷ 12 = monthly wage
Semi-monthly wage × 24, ÷ 12 = monthly wage
Bi-monthly wage × 6, ÷ 12 = monthly wage
Quarterly wage × 4, ÷ 12 = monthly wage
Semi-annual wage × 2, ÷ 12 = monthly wage
Annual wage ÷ 12 = monthly wage
----------------------------------------------------------------------------
 HELPFUL FACTS
 ×: multiplied by, times
 ÷ : divided by
 wages: gross income, the money paid to a person before taxes, benefits or
 debts are taken out
 There are 40 hours in the regular full time work week.
 There are 52 weeks in a year.
 There are 12 months in a year.
 There are 7 days in a week.
----------------------------------------------------------------------------
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.

*1103
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
__________________________________\
 FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
STATE OF FLORIDA
COUNTY OF {name} ____________________
 BEFORE ME, this day personally appeared _______________________, who being
duly sworn, deposes and says that the following information is true and
correct according to his/her best knowledge and belief:
EMPLOYMENT AND INCOME
OCCUPATION: _____________________________________________________________
EMPLOYED BY: _____________________________________________________________
ADDRESS: _____________________________________________________________
 _____________________________________________________________
SOC. SEC. # _____________________________________________________________
DATE OF BIRTH: _____________________________________________________________
PAY PERIOD: _____________________________________________________________
RATE OF PAY: _____________________________________________________________
If you are employed, but expecting soon to become unemployed or change jobs,
describe the change you expect and why and how it will affect your income.
If currently unemployed, describe your efforts to find employment, how soon
you expect to be employed, and the pay you expect to receive.
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
EXCEPT IN PROCEEDINGS FOR ADOPTION, SIMPLIFIED DISSOLUTION OF
MARRIAGE, ENFORCEMENT, CONTEMPT, AND INJUNCTIONS FOR DOMESTIC
OR REPEAT VIOLENCE, ALL OF THE FOLLOWING MUST BE ATTACHED TO THE
COPY OF THIS FINANCIAL AFFIDAVIT SERVED ON THE OPPOSING PARTY.
THE ATTACHMENTS SHALL NOT BE FILED WITH THE COURT: Your 3 most recent
pay stubs, your most recent Federal tax return, and the most recent W-2
forms. If last year's Federal income tax return has not yet been filed,
attach W-2s, 1099s, K-1s, and any other document to be attached to your tax
return. If the attachments are not made to the copy served on the opposing
party, an explanation is required, UNLESS THE PARTIES HAVE AGREED THAT THEY
WILL NOT GIVE EACH OTHER THESE DOCUMENTS. See also Florida Family Law Rule
of Procedure 12.285.
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
[&check; one only] _____ YES OR _____ NO: WE HAVE AGREED TO WAIVE THE
REQUIREMENTS OF FLORIDA FAMILY LAW RULE OF PROCEDURE 12.285.

*1104
LAST YEAR'S INCOME Yours Other Party's
 (if known)
1. Gross earned income last
calendar year (19__) $ _______________ $ _______________
2. All other income (same
year) $ _______________ $ _______________
3. Total income taxes paid on
above income (incl. Fed.,
FICA) $ _______________ $ _______________
4. Net Income $ _______________ $ _______________
AVERAGE GROSS MONTHLY INCOME FROM EMPLOYMENT
See Appendix 3 for how to figure out money amounts for anything that is NOT
paid monthly. Attach more paper, if needed. Items included under "other"
should be listed separately with separate dollar amounts.
Present gross income from employment $ ____
Bonuses, commissions, allowances, overtime, tips, and similar
 payment ____
Business income from sources such as self-employment, partnership,
 close corporations, and/or independent contracts (gross receipts
 minus ordinary and necessary expenses required to produce income) ____
Disability benefits ____
Workers' Compensation ____
Unemployment Compensation ____
Pension, retirement, or annuity payments ____
Social Security benefits ____
Spousal support received from previous marriage ____
Interest and dividends ____
Rental income (gross receipts minus ordinary and necessary expenses
 required to produce income) ____
Income from royalties, trust, or estates ____
Reimbursed expenses and in kind payments to the extent that they
 reduce personal living expenses ____
Gains derived from dealing in property (not including nonrecurring
 gains) ____
Itemize any other income of a recurring nature ____
TOTAL MONTHLY INCOME $ ____
LESS MONTHLY DEDUCTIONS
See Appendix for how to figure out money amounts for anything that is NOT
paid monthly. Attach more paper, if needed. Items included under "other"
should be listed separately with separate dollar amounts.
Federal, state, and local income taxes (corrected for filing status
 and actual number of withholding allowances) ____
FICA or self-employment tax (annualized) ____
Mandatory union dues ____
Mandatory retirement ____
Health insurance payments ____
Court ordered support payments for the children actually paid ____
TOTAL DEDUCTIONS $ ____
TOTAL NET INCOME $ ____

*1105
AVERAGE MONTHLY EXPENSES
HOUSEHOLD: Barber/beauty parlor _____
 Cosmetics/toiletries _____
Mtg. or rent payments $ ___ Gifts for special holidays _____
Property taxes & insurance _____ Other expenses:
Electricity _____ __________________________ _____
Water, garbage, & sewer _____ __________________________ _____
Telephone _____
Fuel oil or natural gas _____ INSURANCES:
Repairs and maintenance _____
Lawn and pool care _____ Health _____
Pest control _____ Life _____
Misc. household _____ Other insurance
Food and household items _____ __________________________ _____
Meals outside home _____
Other:
AUTOMOBILE: OTHER EXPENSES NOT LISTED
 ABOVE:
Gasoline and oil $ ___
Repairs _____ Dry cleaning and laundry _____
Auto tags and license _____ Affiant's clothing _____
Insurance _____ Affiant's medical, dental
Other: prescriptions _____
____________________________ _____ Affiant's grooming _____
____________________________ _____ Affiant's gifts _____
 Pets:
 Grooming _____
 Veterinarian _____
CHILDREN'S EXPENSES: Membership dues _____
 Professional dues _____
Nursery or babysitting $ ___ Social dues _____
School tuition _____ Entertainment _____
School supplies _____ Vacations _____
Lunch money _____ Publications _____
Allowance _____ Religious organizations _____
Clothing _____ Charities _____
Medical, dental, prescriptions _____ Bank charges/credit card
 fees _____
Vitamins _____ Miscellaneous _____
 OTHER EXPENSES:
 __________________________ _____
 __________________________ _____
 __________________________ _____
 TOTAL ABOVE EXPENSES $ ____
PAYMENTS TO CREDITORS:
TO WHOM: BALANCE MONTHLY
 DUE PAYMENTS:
____________________________ $ _________ $ __________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________
____________________________ ___________ _____________________________

*1106
 TOTAL MONTHLY PAYMENTS TO CREDITORS: $ ____
 TOTAL MONTHLY EXPENSES: $ ____
ASSETS (OWNERSHIP: IF MARITAL, PUT ONE-HALF OF THE TOTAL VALUE
UNDER PETITIONER AND ONE-HALF UNDER RESPONDENT NO MATTER
WHOSE NAME THE ITEM IS IN. See Appendix sheet 2 for definition of "marital
and nonmarital" assets and obligations.)
Description Value Petitioner Respondent
Cash on hand ___________ __________ __________
Cash in banks ___________ __________ __________
Stocks/bonds ___________ __________ __________
Notes ___________ __________ __________
Real estate: Home: ___________ __________ __________
_____________________
_____________________
_____________________ ___________ __________ __________
Automobiles:
_____________________ ___________ __________ __________
_____________________ ___________ __________ __________
_____________________ ___________ __________ __________
Other personal property:
Contents of home ___________ __________ __________
Jewelry ___________ __________ __________
Life ins./cash surrender value ___________ __________ __________
Other assets:
_____________________ ___________ __________ __________
_____________________ ___________ __________ __________
_____________________ ___________ __________ __________
TOTAL ASSETS: $ _________ $ ________ $ _______
LIABILITIES
Creditor Security Balance Husband Wife
____________ ____________ ___________ ___________ ___________
____________ ____________ ___________ ___________ ___________
____________ ____________ ___________ ___________ ___________
____________ ____________ ___________ ___________ ___________
____________ ____________ ___________ ___________ ___________
____________ ____________ ___________ ___________ ___________
TOTAL: $ __________ $ _________ $ _________ $ _________
NET WORTH
Total Assets $ ____
Less: Total Liabilities (excluding contingent liabilities)* $ ____
Net Worth $ ____
* If there is a claim for contingent liabilities, it should be
set forth in a separate schedule attached.
I AM AWARE THAT ANY MATERIALLY FALSE STATEMENT KNOWINGLY MADE
WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE
PENALTY FOR PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE
COURT.

*1107
I CERTIFY THAT THE FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
WAS: (&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} ___________________, 19__.
Party or their attorney if represented Other
Name _________________________________ Name _______________________
Address ______________________________ Address ____________________
______________________________________ ____________________________
City State Zip City State Zip
Telephone No. ________________________ Telephone No. ______________
Telefax No. __________________________ Telefax No. ________________
DATED: _______________________________
 ____________________________________________________
 Signature of party signing certificate and affidavit
 Printed name _______________________________________
 Address ____________________________________________
 ____________________________________________________
 City State Zip
 ____________________________________________________
 Telephone (area code and number)
 ____________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _______________________
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name} ____________________.
 _____________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced _________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ___________________, a nonlawyer, located at {street}
_________________ {city} _______________ {state} _____, {phone} _______,
helped {name} _________, who is the [&check; one only] ____ petitioner or ____
respondent, fill out this form.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND FOR
 __________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
___________________________________,
 Petitioner

*1108
 and
___________________________________,
 Respondent.
_____________________________\
 FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)
STATE OF FLORIDA
COUNTY OF {name} _______________
 BEFORE ME, this date personally appeared {name} _________________________,
who being duly sworn, deposes and says that the following information is
true and correct according to his/her best knowledge and belief:
EMPLOYMENT
OCCUPATION: _______________________________________
EMPLOYED BY: _______________________________________
ADDRESS: _______________________________________
 _______________________________________
DATE OF BIRTH: _______________________________________
SOCIAL SECURITY NUMBER: _______________________________________
PAY PERIOD: _______________________________________
RATE OF PAY: _______________________________________
If you are employed, but expecting soon to become unemployed or change jobs,
describe the change you expect and why and how it will affect your income.
If currently unemployed, describe your efforts to find employment, how soon
you expect to be employed, and the pay you expect to receive.
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
EXCEPT IN PROCEEDINGS FOR ADOPTION, SIMPLIFIED DISSOLUTION OF
MARRIAGE, ENFORCEMENT, CONTEMPT, AND INJUNCTIONS FOR DOMESTIC
OR REPEAT VIOLENCE, ALL OF THE FOLLOWING MUST BE ATTACHED TO THE
COPY OF THIS FINANCIAL AFFIDAVIT SERVED ON THE OPPOSING PARTY.
THE ATTACHMENTS SHALL NOT BE FILED WITH THE COURT. Your three most
recent pay stubs, your most recent Federal tax return, and the most recent
W-2 forms. If last year's Federal income tax return has not yet been filed,
attach W-2s, 1099s, K-1s, and any other document to be attached to your tax
return. If the attachments are not made to the copy of the financial
affidavit served on the opposing party, an explanation is required. See
also Florida Family Laws Rule Procedure 12.285.
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
[&check; one only] ____ YES OR ____ NO: WE HAVE AGREED TO WAIVE THE REQUIREMENTS
OF FLORIDA FAMILY LAW RULE OF PROCEDURE 12.285.
LAST YEAR'S INCOME Yours Other Party's
 (if known)
1. Gross earned income last
calendar year (19__) $ __________ $ ___________

*1109
LAST YEAR'S INCOME Yours Other Party's
 (if known)
2. All other income (same
year) ____________ _____________
3. Total income taxes paid on
above income (incl. Fed.,
FICA) _____________ _____________
4. Net Income $ ___________ $ ___________
PRESENT INCOME; AVERAGED ON A MONTHLY BASIS:
See Appendix 3 for how to figure out money amounts for anything that is NOT
paid monthly. Attach more paper, if needed. Items included under "other"
should be listed separately with separate dollar amounts.
Present gross income from employment $____
Bonuses, commissions, allowances, overtime, tips
and similar payments _____
Business income from all other sources such as self-employment,
partnerships, close corporations,
and/or independent contracts (gross receipts minus
ordinary and necessary expenses required to produce
income) (Attach sheet itemizing this income
and expenses) _____
Disability benefits/SSI _____
Workers' Compensation _____
Unemployment Compensation _____
Pension, retirement, or annuity payments _____
Social Security benefits _____
Spousal Support Received from Previous Marriage _____
Interest and dividends _____
Rental income (gross receipts minus ordinary and
necessary expenses required to produce income)
(Attach sheet itemizing the income and expense
items) _____
Income from royalties, trust or estates _____
Reimbursed expenses and in kind payments to the
extent that they reduce personal living expenses _____
Gains derived from dealing in property (not including
non-recurring gains) _____
Other: (Itemize any other income on a recurring
basis)
_____________________________________________________ _____
_____________________________________________________ _____
TOTAL MONTHLY INCOME: $____
LESS DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES:
Federal income tax, including
 estimated income tax payments $____
FICA _____
Medicare _____
Mandatory union dues _____
Mandatory retirement _____
Health insurance payments,
 excluding portion paid for
 children of the parties _____
Court ordered child support
 actually paid for children
 from another relationship _____

*1110
Other:
___________________________ _____
___________________________ _____
___________________________ _____
TOTAL DEDUCTIONS: $ ___
AVERAGE NET MONTHLY INCOME: $ ___
LESS COURT ORDERED PAYMENTS
 Child support for children from another
 relationship $____
 Alimony _____
 Attorneys' fees _____
 Other: _____
AVERAGE MONTHLY NET INCOME LESS COURT ORDERED
PAYMENTS: $ ___
AVERAGE MONTHLY EXPENSES:
See instructions for how to figure out money amounts for anything that is
NOT paid monthly. Attach more paper, if needed. Items included under
"other" should be listed separately with separate dollar amounts.
HOUSEHOLD AND FOOD:
Mortgage or rent payments $ _______
Property taxes & insurance _________
Condo maintenance fees and
 homeowner's association
 fees _________
Electricity _________
Water, garbage & sewer _________
Telephone _________
Fuel oil or natural gas _________
Repairs and maintenance _________
Lawn and pool care _________
Pest control _________
Misc. household _________
Food and household items _________
Meals outside home _________
Cable T.V. _________
Alarm _________
Service contracts on appliances _________
Domestic help _________
FICA _________
Other:
__________________________ _________
__________________________ _________
__________________________ _________ $ _______
AUTOMOBILE:
Gasoline and oil $ _______
Repairs Auto tag and license _________
Insurance _________
Payments _________
Rental/replacements _________
Alternative transportation
 (Bus, rail, car pool, etc.) _________

*1111
Tolls and parking _________
Other:
_____________________________ _________
_____________________________ _________
_____________________________ _________ $ ________
EXPENSES FOR CHILDREN COMMON TO BOTH PARTIES:
Nursery, babysitting, or day
 care $ _______
School tuition _________
School supplies and books, fees _________
After school activities _________
Lunch money _________
Private lessons/tutoring _________
Allowance _________
Clothing/uniforms _________
Entertainment (movies, birthday
 parties, etc.) _________
Health insurance _________
Medical, dental, prescription
 (unreimbursed only) _________
Psychiatric/psychological/
 counselor _________
Orthodontic _________
Vitamins _________
Barber/beauty parlor _________
Non-prescription medications _________
Cosmetics/toiletries and
 sundries _________
Gifts from children to others
 (other children, relatives,
 teachers, etc.) _________
Camp or/and other summer
 activities _________
Clubs (Boy/Girl Scouts, etc.) _________
Visitation expense (for
 nonresidential parent) _________
Miscellaneous _________
Other:
_____________________________ _________
_____________________________ _________
_____________________________ _________ TOTAL $ ________
INSURANCES:
Health insurance not previously
 listed $ _______
Life _________
Other:
_____________________________ _________
_____________________________ _________
_____________________________ _________ TOTAL $ _______
OTHER EXPENSES FOR
 AFFIANT NOT LISTED
 ABOVE:
Dry cleaning & laundry $ _______
Clothing _________

*1112
Medical, dental & prescription
 (unreimbursed only) _________
Psychiatric, psychological,
 counselor _________
Non-prescription drugs, cosmetics,
 toiletries and sundries _________
Grooming (beauty parlor or
 barber shop) _________
Gifts _________
Pets:
 Grooming _________
 Veterinarian _________
Club dues and membership
 Social clubs _________
Civic clubs _________
Professional organizations _________
Sports and hobbies _________
Entertainment _________
Newspapers, magazines, and
 subscriptions _________
Vacations _________
Religious organizations _________
Bank charges/credit card fees _________
Education expenses _________
Postage & stationery _________
Professional expenses (other
 than this proceeding) _________
Other: (include any usual and
 customary expenses not otherwise
 mentioned in the
 above listed items)
___________________ _________
___________________ _________
___________________ _________ TOTAL $ ________
PAYMENTS TO CREDITORS:
TO WHOM: BALANCE MONTHLY
 DUE PAYMENTS:
____________________________ $ ________ $ ___________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
____________________________ __________ _____________________________
 TOTAL MONTHLY PAYMENTS TO CREDITORS: $ ___
TOTAL MONTHLY EXPENSES: $ ___
SUMMARY
Total Monthly Income $ ___
Less: Total Monthly Expenses _____

*1113
 Surplus (deficit) $ ___
ASSETS (OWNERSHIP: IF MARITAL, PUT ONE-HALF OF THE TOTAL VALUE
UNDER PETITIONER AND ONE-HALF UNDER RESPONDENT NO MATTER
WHOSE NAME THE ITEM IS IN. See Appendix 2 for definition of "marital and
nonmarital" assets and obligations.)
 DESCRIPTION Percentage Purchase Lender & amount Present DOLLAR Claim of
 Of Price & Of debt (mortgage Full fair AMOUNTS
 Record Date of Encumbrances, Market Petitioner Respondent Marital Nonmarital
 Title Purchase etc.) value [&check; check correct column]
 &check; &check;
-----------------------------------------------------------------------------------------------------------------------------------
 Cash on hand
 Cash in banks
 Stocks/bonds
 Notes
 Money owed to
 you
 Real estate:
 Home
 Other:
 Business Interests
 (set forth on
 separate sheet
 names, share,
 type of business)
 Automobiles:
 Boats & other
 vehicles
 Retirement Plans
 (Profit Sharing,
 Pension, IRA
 401K's, etc.)
 Other Personal
 Property:
 Furniture &
 furnishings
 Collectibles
 Jewelry
 Life Ins./cash
 surrender value
 Other assets:
 TOTAL
 ASSETS: $_____ $_____ $_____ $_____
 _____ _____ _____ _____
 If joint ownership, allocate equally. If not joint list which party has
record title.
Debts: (OWNERSHIP: IF MARITAL, PUT ONE-HALF OF THE TOTAL DEBT UNDER
PETITIONER AND ONE-HALF UNDER RESPONDENT NO MATTER WHOSE

*1114
NAME THE ITEM IS IN. See Appendix 2 for definition of "marital and
nonmarital" assets and debts.)
 Creditor Security Balance Periodic Dollar amounts Marital Nonmarital
 payments
 Average/per Petitioner Respondent [&check; correct column]
 month
-------------------------------------------------------------------------------------------------------
 Mortgages on
 real estate:
 $ $ $ $
 Charge/credit
 card accts:
 Other debts:
 Contingent
 debts:
 TOTAL DEBTS $______ $________ $________
 ______ ________ ________
If joint debt, allocate equally. If not joint, list which party owes.
NET WORTH
Total Assets $ ___________________
Less: Total Debts
(excluding contingent debts) _____________________
Net Worth $ ___________________
I AM AWARE THAT ANY MATERIALLY FALSE STATEMENT KNOWINGLY MADE
WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE
PENALTY FOR PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE
COURT.
I CERTIFY THAT THE FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM) WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or _____ hand
delivered to the person(s) listed below on {date} ___________, 19__.
Party or their attorney if represented Other
Name ____________________________________ Name ____________________________
Address _________________________________ Address _________________________
_________________________________________ _________________________________
City State Zip City State Zip
Telephone No. ___________________________ Telephone No. ___________________
Telefax No. _____________________________ Telefax No. _____________________
DATED: __________________________________
 _____________________________________________
 Signature of party signing certificate and
 affidavit
 Printed name ________________________________
 Address _____________________________________
 _____________________________________________
 City State Zip
 _____________________________________________
 Telephone (area code and number)
 _____________________________________________
 Telefax (area code and number)

*1115
STATE OF FLORIDA
COUNTY OF {name} ___________________.
Sworn to (or affirmed) and subscribed before me on {date} ________, 19__ by
{name} __________________.
 ________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned name
 of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________, a nonlawyer, located at {street}
__________________ {city} ___________ {state} _____, {phone} _______,
helped {name} __________, who is the [&check; one only] ______ petitioner or ____
respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(f),
 UNIFORM CHILD CUSTODY JURISDICTION ACT AFFIDAVIT (UCCJA)
 You must fill out this form and file it with the court in any lawsuit
involving custody of or visitation with a child.
 For further information, see sections 61.1302-61.1354, Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR _________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
_______________________________\
 UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT
1. The name and present address of each child (under 18) in this case is:
2. The places where the child(ren) has/have lived within the last 5 years
 are:
3. The name(s) and present address(es) of persons with whom the child(ren)
 has/have lived within the last 5 years are:
4. I do not know of, and have not participated (as a party, witness, or in
 any other capacity) in, any other court decision, order, or proceeding
 (including divorce, separate maintenance, child neglect, dependency, or
 guardianship) concerning the custody or visitation of

*1116
 the child(ren) in this state or any other state, except: [specify case
 name and number and court's name and address].
5. I do not have information of any pending proceeding (including divorce,
 separate maintenance, child neglect, dependency, or guardianship)
 concerning the custody or visitation of the child(ren), in this state or
 any other state except: [specify case name and number and court's name
 and address].
 Check: That proceeding ______ is continuing _____ has been stayed by the
 court.
 ____ Temporary action by this court is necessary to protect the
 child(ren) because the child(ren) has/have been subjected to or
 threatened with mistreatment or abuse or is/are otherwise neglected or
 dependent. Attach explanation.
6. I do not know of any person who is not already a party to this proceeding
 who has physical custody of, or who claims to have custody or visitation
 rights with, the child(ren), except: [state name(s) and address(es)].
I acknowledge a continuing duty to advise this court of any custody or
visitation proceeding (including dissolution of marriage, separate
maintenance, child neglect, or dependency) concerning the child(ren) in
this state or any other state about which information is obtained during
this proceeding.
I CERTIFY THAT THIS UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA)
AFFIDAVIT WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} _________________, 19__.
Party or their attorney if represented Other
Name _____________________________ Name _______________________________
Address __________________________ Address ____________________________
__________________________________ ____________________________________
City State Zip City State Zip
Telephone No. ____________________ Telephone No. ______________________
Telefax No. ______________________ Telefax No. ________________________
DATED: ___________________________
 ____________________________________________________
 Signature of party signing certificate and affidavit
 Printed name _______________________________________
 Address ____________________________________________
 ____________________________________________________
 City State Zip
 ____________________________________________________
 Telephone (area code and number)
 ____________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ___________________
Sworn to (or affirmed) and subscribed before me on {date} _________, 19__ by
{name} ________________.
 ________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA

*1117
 ________________________________________
 [Print, type, or stamp commissioned name
 of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name} _______________________________, a nonlawyer, located at {street}
___________________ {city} _______________ {state} ______, {phone} ________,
helped {name} _________________, who is the [&check; one only] _______
petitioner or _____ respondent, fill out this form.
 INSTRUCTIONS FAMILY LAW FORM 12.901(g),
 CHILD SUPPORT GUIDELINES WORKSHEET
Child support in Florida is figured out under section 61.30, Florida
Statutes and the court cases that have said what that law means and how it
fits in different facts. Filling out this worksheet will show you and the
court how the facts you have fit into the child support law of Florida.
This Worksheet is based on MONTHLY paychecks and bills. Many people are not
paid monthly and many bills (like daycare) are not paid monthly. To help
you figure out what the MONTHLY payment is for something that is paid
weekly or hourly do this:
----------------------------------------------------------------------------
 HELPFUL HINTS
 ×: multiplied by, times
 ÷ : divided by
 wages: gross income, the money paid to a person before taxes, benefits or
 debts are taken out
 There are 40 hours in the regular fulltime work week.
 There are 52 weeks in a year.
 There are 12 months in a year.
 There are 7 days in a week.
----------------------------------------------------------------------------
Hourly wage × hours per week, × weeks per year, ÷ 12 = monthly wage
Daily wage × days per week, × weeks per year, ÷ 12 = monthly wage
Weekly wage × weeks per year, ÷ 12 = monthly wage
Bi-weekly wage × 26, ÷ 12 = monthly wage
Semi-monthly wage × 24, ÷ 12 = monthly wage
Bi-monthly wage × 6, ÷ 12 = monthly wage
Quarterly wage × 4, ÷ 12 = monthly wage
Semi-annual wage × 2, ÷ 12 = monthly wage
Annual wage ÷ 12 = monthly wage
 See Appendix 3 for more information on child support.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must

*1118
put their name, address, and telephone number on the bottom of the last
page of every form they help you fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ___________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
_______________________________\
 CHILD SUPPORT GUIDELINES
 WORKSHEET
CHILD SUPPORT SUMMARY
Number of Children (Section I): _____
 FATHER MOTHER
Total actual income (Section III) $____ $____
Imputed income _____ _____
Less total deductions (Section IV) _____ _____
Total Net Monthly Income $____ $____
COMBINED NET MONTHLY INCOME ...................... $____
Basic obligation (from chart) $____ $____
Pro rate financial responsibility ____% ____%
Pro rate share of basic obligation $____ $____
Additions to basic obligation (Section II)
 Pro rate share of 75% of child care costs
 equaling
 $ ____ $____ $____
 Health insurance premiums of $____ $____ $____
Statutory child support obligation $____ $____
Statutory adjustments (Section V) $____ $____
Adjustment for secondary residential parent
paying child care expenses $____ $____
Adjustment for secondary residential parent
paying child(ren)'s health insurance premiums $____ $____
Total child support responsibility of
primary residential parent ............................ $____
Total child support responsibility of
secondary residential parent .......................... $____

*1119
 SECTION I  CHILDREN
 NAME DATE OF BIRTH AGE
_______________________________ ______________ ______________
_______________________________ ______________ ______________
 SECTION II  ADDITIONS TO BASIC OBLIGATION
Child(ren)'s health insurance costs $ _______
75% of allowable child care costs due to job
search or education to enhance income or
current employment
Allowable amount: $ _______
TOTAL ADDITIONS TO BASIC OBLIGATION $____
 SECTION III  INCOME
 FATHER MOTHER
AVERAGE GROSS INCOME FROM EMPLOYMENT $____ $____
Bonuses, commissions, allowances, overtime, tips, and
 similar payments $____ $____
Business income from sources such as self-employment,
 partnerships, close corporations, or independent
 contracts (gross receipts minus ordinary and
 necessary expenses required to produce income)
 (Attach sheet itemizing this income) $____ $____
Disability benefits/SSI $____ $____
Workers' compensation $____ $____
Unemployment compensation $____ $____
Pension, retirement, or annuity payments $____ $____
Social Security benefits $____ $____
Spousal support received from previous marriage(s) $____ $____
Interest and dividends $____ $____
Rental income (gross receipts minus ordinary and
 necessary expenses required to produce income)
 (Attach sheet itemizing the income and expense
 items) $____ $____
Income from royalties, trusts, or estates $____ $____
Reimbursed expenses or in-kind payments to the extent
 that they reduce personal living expenses $____ $____
Gains derived from dealing in real property (not
 including nonrecurring gains) $____ $____
TOTAL GROSS MONTHLY INCOME $____ $____
 SECTION IV  DEDUCTIONS
Federal income tax, including estimated income tax
 payments $____ $____
FICA or self-employment taxes $____ $____
Medicare tax $____ $____
Mandatory union dues $____ $____
Mandatory retirement $____ $____
Health insurance and dental payments excluding portion
 paid for Child(ren) of the parties $____ $____

*1120
Ordered support actually paid for Child(ren) not of
 this relationship $____ $____
TOTAL DEDUCTIONS $____ $____
 SECTION V  ADJUSTMENTS
Extraordinary medical, psychological, educational, or
 dental expenses Independent income of Child(ren) _____
Payment of both child support and spousal support for
 a parent that regularly has been paid and for which
 there is a demonstrated need _____
Seasonal variations in a parent's income _____
Age of the child, taking into consideration the greater
 needs of older children _____
Special needs that have been met traditionally within
 the family budget even though the fulfilling of those
 needs will cause support to exceed the guidelines _____
The Child(ren) spend(s) a substantial amount of time
 with the nonresidential parent, thereby reducing
 expenses of the residential parent _____
Refusal of the nonresidential parent to become involved
 in the activities of the Child(ren) _____
Due consideration given to the residential parent's
 homemaking services _____
Visitation with nonresidential parent for more than 28
 consecutive days _____
Total available assets of obligee, obligor, and
 Child(ren) _____
Impact of IRS dependency exemption and waiver of
 that exemption _____
Application of the child support guidelines requires
 the obligor to pay more than 55% of gross income
 for a single support order _____
Any other adjustment that is needed to achieve an
 equitable result which may include reasonable and
 necessary expenses jointly incurred during the marriage _____
Residency of subsequently born or adopted children
 with the obligor, including consideration of the subsequent
 spouse's income, only in the case of upward
 modification proceeding _____
TOTAL ADJUSTMENTS $_____ $_____
 SECTION VI  APPLICABLE SECTION OF CHART
 [Insert applicable section of child support guidelines table]
 OR
Combined income in this case exceeds $10,000 per month. Calculations in this
Worksheet are based on the basic obligation of $ ____. This is the minimum
amount of support provided by the guidelines, plus ______% multiplied by
the amount of income over $10,000 per month (section 61.30(6), Florida
Statutes).
cc:
Petitioner or their attorney (if represented) Respondent
Name _____________________________________ Name __________________________
Address __________________________________ Address _______________________

*1121
__________________________________________ _______________________________
City State Zip City State Zip
Telephone No. ____________________________ Telephone No. _________________
Telefax No. ______________________________ Telefax No. ___________________
Other
Name _____________________________________
Address __________________________________
__________________________________________
City State Zip
Telephone No. ____________________________
Telefax No. ______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________, a nonlawyer, located at {street}
____________________ {city} ________________ {state} _____, {phone} _______,
helped {name} ____________, who is the [&check; one only] ______ petitioner or
_____ respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(h), MARITAL
 SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE
Use this form in a "Simplified Dissolution Procedure"
(a) When:
&check; both parties agree to divorce and
&check; there are no children under 18 years of age and
&check; both parties have previously signed a "Petition/Request by Husband and
 Wife for Dissolution of Marriage" (No Children of the Marriage Under 18
 years of Age and Property Agreement Reached by the Parties) and
&check; there is no request for alimony and
&check; the parties have reached an agreement as to how all their property and
 bills are to be divided
OR
(b) When both parties, although not initially agreeing to get a dissolution
of marriage, later do agree to a dissolution of marriage, have worked out
an agreement to split up property and responsibility for paying bills,
there are no children under 18 years of age, and there is no request for
alimony.
Other legal papers may need to be prepared, signed, witnessed, and recorded
in order to give the title of certain belongings or possessions such as
land, cars, boats, mobile homes, etc. For example, you may need to prepare
a deed to give title of land or a house to the husband/wife, or you may
need to sign a certificate of title to give a car to the husband/wife. Some
of these papers may need to be prepared and signed in a particular manner.
It is suggested that an attorney be consulted. Note that section 61.075(4)
says that the final judgment dividing your assets and liabilities has the
effect of a duly executed instrument of conveyance, transfer, release, or
acquisition which is recorded in the county where the property is located
when the judgment or a certified copy of the judgment (available from the
clerk of court in the county where you got the final judgment), is recorded
in the official records of the county in which the property is located.
 If additional space is needed, please use additional sheets of paper.
Please sign and date any additional sheets of paper used and attach those
sheets to this Marital Settlement Agreement for Dissolution of Marriage.
 See Appendix 1 for more information.

*1122
 A person who is NOT an attorney is called a nonlawyer. If a
nonlawyer helps you fill out these forms, that person must give you a copy
of Family Law Form 12.900, Disclosure from Nonlawyer, before they help you.
Anyone helping you fill out these forms also must put their name, address,
and telephone number on the bottom of the last page of every form they help
you fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
_______________________________\
 MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE
We, _______________, the Husband, and ______________, the Wife, were married
on __________, 19__. Because of irreconcilable differences in our marriage
(no chance of staying together), we have made this agreement to settle once
and for all what we owe to each other and what we can expect from each
other. Each of us states that nothing has been held back, that we have
honestly included everything we could think of in listing our assets
(everything we own and that is owed to us), and our debts (everything we
owe); and each of us states that we believe the other one has been open and
honest in writing this agreement. Because we have voluntarily made full and
fair disclosure to each other of all our assets and debts, we hereby agree
to waive the disclosure requirements of Florida Family Law Rule of
Procedure 12.285. Each of us agrees to sign and exchange any papers that
might be needed to complete this agreement. Each of us gives up any right
to spousal support (alimony) that we may have.
 DIVISION OF ASSETS (EVERYTHING WE OWN)
We divide our assets (everything we own) as follows:
 1. The Wife shall receive and the Husband waives and releases any claims
as to the following belongings and personal property interests.
ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand _________ __________ __________
Cash in banks _________ __________ __________
Stocks/bonds _________ __________ __________
Notes _________ __________ __________
Real estate:
Homes:
_____________ _________ __________ __________
_____________ _________ __________ __________
_____________ _________ __________ __________
Automobiles:
_____________ _________ __________ __________
_____________ _________ __________ __________
_____________ _________ __________ __________

*1123
Other personal
property:
 Contents of home __________ __________ __________
 Jewelry __________ __________ __________
 Life ins./cash
 surrender value __________ __________ __________
Other assets:
________________________ __________ __________ __________
________________________ __________ __________ __________
________________________ __________ __________ __________
TOTAL ASSETS: $ ________ $ ________ $ ________
 2. The Husband shall receive and the Wife waives and releases any claims
as to the following belongings and personal property interests.
ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand __________ __________ __________
Cash in banks __________ __________ __________
Stocks/bonds __________ __________ __________
Notes __________ __________ __________
Real estate:
Homes:
________________________ __________ __________ __________
________________________ __________ __________ __________
________________________ __________ __________ __________
Automobiles:
________________________ __________ __________ __________
________________________ __________ __________ __________
________________________ __________ __________ __________
Other personal
property:
 Contents of home __________ __________ __________
 Jewelry __________ __________ __________
 Life ins./cash
 surrender value __________ __________ __________
Other assets:
________________________ __________ __________ __________
________________________ __________ __________ __________
________________________ __________ __________ __________
TOTAL ASSETS: $ ________ $ ________ $ ________
 DIVISION OF BILLS AND DEBTS (EVERYTHING WE OWE)
 1. The Husband shall pay the following bills and will not at any time ask
the Wife to pay these bills:
DEBTS
 Name on title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House __________ $ __________ $ ____________ ____________ ___________
Car ____________ $ __________ $ ____________ ____________ ___________
Car ____________ $ __________ $ ____________ ____________ ___________
Credit Cards:*
No. ____________ $ __________ $ ____________ ____________ ___________

*1124
No. ____________ $ __________ $ ____________ ____________ ___________
No. ____________ $ __________ $ ____________ ____________ ___________
No. ____________ $ __________ $ ____________ ____________ ___________
No. ____________ $ __________ $ ____________ ____________ ___________
No. ____________ $ __________ $ ____________ ____________ ___________
No. ____________ $ __________ $ ____________ ____________ ___________
No. ____________ $ __________ $ ____________ ____________ ___________
________________ $ __________ $ ____________ ____________ ___________
________________ $ __________ $ ____________ ____________ ___________
________________ $ __________ $ ____________ ____________ ___________
________________ $ __________ $ ____________ ____________ ___________
* give account numbers for all credit cards and loans
2. The Wife shall pay the following bills and will not at any time ask the
Husband to pay these bills:
DEBTS
 Name on title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House _________ $ __________ $ ____________ ____________ ___________
Car ___________ $ __________ $ ____________ ____________ ___________
Car ___________ $ __________ $ ____________ ____________ ___________
Credit Cards:*
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
No. ___________ $ __________ $ ____________ ____________ ___________
_______________ $ __________ $ ____________ ____________ ___________
_______________ $ __________ $ ____________ ____________ ___________
_______________ $ __________ $ ____________ ____________ ___________
_______________ $ __________ $ ____________ ____________ ___________
* give account numbers for all credit cards and loans
HUSBAND
DATED: __________________________
 _____________________________________
 Signature of husband
 Printed name ________________________
 Address _____________________________
 _____________________________________
 City State Zip
 _____________________________________
 Telephone (area code and number)
 _____________________________________
 Telefax (area code and number)

*1125
STATE OF FLORIDA
COUNTY OF {name} _______________________
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name of husband} _________________________.
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ______________________________________, a nonlawyer,
located at {street} ______________________________ {city} _________________
{state} _______, {phone} ____________, helped {husband} _____________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
WIFE
DATED: __________________________
 __________________________________________
 Signature of wife
 Printed name _____________________________
 Address __________________________________
 __________________________________________
 City State Zip
 __________________________________________
 Telephone (area code and number)
 __________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _____________________________
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name of wife} _________________________.
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ______________________________ {city} _________________
{state} __________, {phone} ____________, helped {name of wife} ___________,
fill out this form.

*1126
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(i),
 CERTIFICATE OF CORROBORATING WITNESS
To get a divorce in Florida, either the husband or the wife must have lived
in Florida for 6 months before filing the petition. See section 61.021,
Florida Statutes. Residence may be proved by a valid Florida driver's
license, a Florida voter's registration card, or the testimony or affidavit
of a third party (not the other spouse). This form is used to
prove residency by affidavit. See section 61.052(2), Florida Statutes.
 This form must be signed by a person who knows that you have lived in the
State of Florida for more than 6 months before the date you signed your
Petition/Request for Dissolution of Marriage. The witness must be someone
who can truthfully swear to your residence in Florida. This certificate
must be signed in the presence of a notary public or the clerk of the
circuit court, who must put his or her seal at the proper place on the
certificate. You file this document with the court after you file your
Petition/Request for Dissolution of Marriage, Florida Family Law Form
12.901(a) if Simplified, or 12.901(b) if Regular.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
_______________________________\
 AFFIDAVIT OF CORROBORATING WITNESS
 I am a resident of the State of Florida; I have known
{name} ___________________ for more than 6 months before the date of filing
the petition in this action and know of my own personal knowledge that this
person has resided in the State of Florida for at least that period of
time. I have attached a copy of my Florida driver's license or Florida
identification card to this affidavit.
DATED: ___________________________
 _______________________________________
 Signature of person signing affidavit
 Printed name __________________________
 Address _______________________________
 _______________________________________
 City State Zip
 _______________________________________
 Telephone (area code and number)
 _______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF _________________

*1127
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name} ______________________________.
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
_____ Personally known
_____ Produced identification Type of identification produced __________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} __________________________ {city} ______________________
{state} ________, {phone} _______________, helped {name} ______________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(a),
 ANSWER/RESPONSE TO AND COUNTERPETITION
 FOR DISSOLUTION OF MARRIAGE
 You must file an answer/response and, if appropriate, a
counterpetition with the clerk of the court no later than 20 days after you
were properly served with your spouse's request for dissolution of
marriage. You must also send a copy to your spouse. You may use this form
in response to your spouse's Petition/Request for Dissolution of Marriage.
NOTE: Certain items may need to be attached to your response, UNLESS YOU
AND YOUR SPOUSE AGREE TO WAIVE THAT RULE. See Florida Family Law Rule of
Procedure 12.285.
$ If you are requesting child support be paid, see Family Law Form
12.901(g), Child Support Guidelines worksheet, Appendix 3 and section
61.30, Florida Statutes for help. Also, you should decide if you want the
support award to be paid through the central depository which keeps a
record of all payments and sends notices if the paying parent gets behind in
payments and/or by income deduction order which means that the paying
parent's (obligor's) boss sends money from the obligor's wages right to
you. See Family Law Form 12.991(a), Order of Child Support Paid through
the Central Depository and Family Law Form 12.991(b), Income Deduction
Order of Child Support. If you do not know your spouse's or your child's
other parent's income, you may use Family Law Forms 12.930(a)
and (b) and 12.931(a), (b) and (c) to find out about that person's wages,
assets and debts.
 Please read Appendix 2, Regular Dissolution of Marriage, for further
information and for the definition of the legal terms used in this form.
For further information, see Chapter 61, Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________

*1128
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
_______________________________\
 ANSWER/RESPONSE TO AND COUNTERPETITION FOR
 DISSOLUTION OF MARRIAGE
ANSWER TO PETITION
______ Respondent admits the claims (allegations) in paragraphs ___________.
Respondent denies the claims (allegations) in paragraphs _______.
COUNTERPETITION
1. JURISDICTION/RESIDENCE _______ Husband _______ Wife has/have lived in
 Florida for at least 6 months before, and in this county right before,
 the filing of this Petition for Dissolution of Marriage and neither party
 is a member of the military service. The parties lived last as Husband
 and Wife in {name} ________________, County, Florida.
2. STATISTICAL FACTS
Date of marriage: _______________________________
Place of marriage: ______________________________
Date of separation, if applicable: ______________
3. MARITAL AND NONMARITAL ASSETS AND DEBTS AS PRESENTLY KNOWN
 [&check; one only] See Appendix 2 for what is marital and what is nonmarital.
 a. ____ There are no marital assets or debts.
 b. ____ All marital assets and debts have been divided by written
 agreement, which is attached.
 c. ____ All assets and debts are listed in the Financial Affidavit to be
 completed and filed with this petition (Florida Family Law Form
 12.901(d) or 12.901(e)).
 d. Pension/Retirement plans [&check; all that apply]
 ____ The husband has pension/retirement benefits that accrued during
 the marriage
 ____ The wife has pension/retirement benefits that accrued during the
 marriage
 ____ The husband should keep all of his pension/retirement benefits that
 accrued during the marriage
 ____ The wife should keep all of her pension/retirement benefits that
 accrued during the marriage
 ____ The court divide the parties' pension/retirement benefits by a
 qualified domestic relations order to be filed separately with
 this court.
4. SPOUSAL SUPPORT (ALIMONY)
____ spousal support is needed by the [&check; one only] ____ husband or ____ wife
and the [&check; one only] ____ husband or ____ wife is able to pay that support.
5. MINOR (under 18) CHILDREN OF THIS MARRIAGE
[&check; one only]
 a. ____ There are no minor children.
 b. ____ The wife is pregnant. {due date} ___________
 c. ____ The wife is not pregnant.
 d. ____ The minor children are:

*1129
 Name Birth Date Age Sex
___________________ _______________ __________ __________
___________________ _______________ __________ __________
___________________ _______________ __________ __________
___________________ _______________ __________ __________
 e. A Uniform Child Custody Jurisdiction Act Affidavit is being filed
 with this petition. IF THERE ARE MINOR CHILDREN (under 18), you
 must fill out and file with this petition/request a Uniform Child
 Custody Jurisdiction Affidavit form (Florida Family Law Form
 12.901(f)).
6. RESPONDENT/COUNTERPETITIONER REQUESTS THE FOLLOWING RELIEF
 FROM THE COURT, including injunctive and other orders as may be proper and
 that: [ fill in all blanks that apply]
 a. ____ The marriage be dissolved (ended).
 [&check; one only]
 ____ Marriage irretrievably broken (cannot be fixed)
 ____ One of the parties has been adjudged mentally
 incapacitated for a period of 3 years prior to the filing
 of this petition.
 b. ____ Child custody (primary residence) of child(ren) be [&check; one only]
 with: ____ Husband ____ Wife ____ Other (specify) _____________
 This is in the child(ren)'s best interest because: ___________________
____________________________________________________________________________
____________________________________________________________________________
 c. _____ Parental responsibility [&check; one only]
 ____ Shared to: ____ Husband ____ Wife ____ Other (e.g., certain
 decisions with one parent such as education, medical, religious
 training etc. (specify) _____ Sole to: ____ Husband ____ Wife
 This is in the child(ren)'s best interest because: ___________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 d. ____ Child visitation: [&check; one only]
 ____ to be decided by the court.
 ____ as agreed to by the parties (schedule attached).
 ____ should be ________________________________________________.
 This is in the child(ren)'s best interest because: ___________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 e. Child Support
 (1) Amount [&check; one only]
 ____ Child support should be set by Florida's child support guidelines
 (see section 61.30, Florida Statutes).
 ____ Child support should NOT be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
The court should do this because: __________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
___________________________________________________________________________.

*1130
 (2) Method of Payment: [&check; check all which apply]
 ____ Directly to the person the court has ordered will be paid the
 support.
 ____ Payment will be through the central depository by the attached
 order (Family Law Form 12.991(a)).
 ____ Payment will be by income deduction order (Family Law Form
 12.991(b)) which is attached.
 g. ____ Unusual or uninsured medical/dental expenses for the children be
 provided by: [&check; one only] ____ husband or ____ wife or ____
 husband and wife each pay one-half.
 h. ____ Medical/dental insurance ____ is or ____ is not reasonably
 available to the [&check; one only] ____ husband or ____ wife for
 the child(ren) and [&check; one only] ____ husband or ____ wife
 should be required to provide it.
 i. ____ Life insurance be provided by: [&check; one only] ____ husband or ____
 wife.
 j. ____ Spousal support be paid to: [&check; one only] ____ husband or ____
 wife.
 The court should do this because: ____________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 k. ____ Equitable distribution of marital assets and debts be decided by
 the court.
 ____ Personal property or interests (attach schedule in
 accordance with paragraph 3)
 ____ Real property (attach legal descriptions)
 ____ Debts (attach list)
 l. ____ Pension/Retirement plan to be awarded or distributed
 m. ____ Attorneys' fees, suit money, and costs be awarded to:
 ____ Husband ____ Wife
 The court should do this because: ____________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 n. ____ Wife's former name restored
 }(specify): ______________________________________________
 o. ____ Other relief. If injunctive relief is sought, state the facts
 which support irreparable damage or injury.
 }(specify): ______________________________________________
 p. ____ The petitioner needs and the respondent is able to pay all of
 the money asked for in this petition.
I CERTIFY THAT THIS ANSWER/RESPONSE AND COUNTERPETITION FOR DISSOLUTION
OF MARRIAGE WAS: (&check; check one only) ____ mailed, ____ telefaxed and
mailed, or ____ hand delivered to the person(s) listed below on {date}
_________, 19__.
Party or their attorney (if represented) Other
Name _____________________________ Name __________________________
Address __________________________ Address _______________________
__________________________________ _______________________________
City State Zip City State Zip

*1131
Telephone No. ____________________ Telephone No. _________________
Telefax No. ______________________ Telefax No. ___________________
DATED: __________________________
 _______________________________________________
 Signature of party signing certificate and
 pleading
 Printed name __________________________________
 Address _______________________________________
 _______________________________________________
 City State Zip
 _______________________________________________
 Telephone (area code and number)
 _______________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ________________
 Sworn to (or affirmed) and subscribed before me on {date} _____, 19 __ by
{name} _______________________.
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ______________________________________, a nonlawyer,
located at {street} ______________________________ {city} _______________
{state} _______, {phone} __________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(b),
 ANSWER/RESPONSE TO COUNTERPETITION
 FOR DISSOLUTION OF MARRIAGE
 You must file this response with the clerk of the court no later than 20
days after your spouse sends you the Counter Petition for Dissolution of
Marriage. You also must send a copy to your spouse. You may use this form in
response to your spouse's Counter Petition for Dissolution of Marriage. You
must file this response with the clerk of the court no later than 20 days
after your spouse sends you the Counter Petition for Dissolution of
Marriage. You also must send a copy to your spouse.
 Please read Appendix 2, Regular Dissolution of Marriage, for further
information. See also Chapter 61, Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.

*1132
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
________________________________,
 Petitioner
 and
________________________________,
 Respondent.
___________________________\
ANSWER/RESPONSE TO COUNTERPETITION FOR DISSOLUTION OF MARRIAGE
 _____ Respondent admits the claims (allegations) in paragraphs _____.
Respondent denies the claims (allegations) in paragraphs _____.
I CERTIFY THAT THE RESPONSE TO COUNTER PETITION FOR DISSOLUTION
OF MARRIAGE WAS: (&check; check one only) ____ mailed, ____ telefaxed and mailed,
or ____ hand delivered to the person(s) listed below on {date} _____, 19__.
Party or their attorney if represented Other
Name ________________________________ Name ______________________________
Address _____________________________ Address ___________________________
_____________________________________ ___________________________________
City State Zip City State Zip
Telephone No. _______________________ Telephone No. _____________________
Telefax No. _________________________ Telefax No. _______________________
DATED: ______________________________
 __________________________________________
 Signature of party signing certificate and
 pleading
 Printed name _____________________________
 Address __________________________________
 __________________________________________
 City State Zip
 __________________________________________
 Telephone (area code and number)
 __________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _________________________
 Sworn to (or affirmed) and subscribed before me on {date} ______, 19__ by
{name} __________________________
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced _____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]

*1133
I, {name of nonlawyer} ______________________________________, a nonlawyer,
located at {street} ________________________________ {city} ________
{state} _________, {phone} _______, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.903(a),
 SUPPLEMENTAL PETITION/REQUEST TO MODIFY/CHANGE VISITATION
The court can change a visitation order if the judge finds that there is
substantial change in the circumstances of the parties and the proposed
change is in the child(ren)'s best interest.
You may file this form for the change in the county where you live, in the
county where the other parent lives, in the county where the child(ren)
live(s), or in the county where the original order providing for visitation
was entered. If the order providing for visitation was entered in another
state, you should talk to an attorney about where to file your request.
 To request a change for visitation, you must fill out this form, and
Florida Family Law Forms 12.910(a), Summons: Personal Service on Individual
and 12.901(f), Uniform Child Custody Jurisdiction Act (UCCJA) and file all
these forms with the court. In these forms and other court papers, you are
referred to either as the petitioner or the respondent. The petitioner is
the person who originally opened the case. The respondent is the other
party. For further assistance in identifying yourself as the petitioner or
respondent, find your name on the upper left side of the first page of a
paper previously filed in your case. Under your name you should see the
word petitioner or respondent.
$ When you file these forms with the court, you will be charged a filing fee
and service fee. If you cannot afford these costs, you must also complete
 Family Law Form 12.901(c), Affidavit of Insolvency, and file it with
the court requesting a waiver of the costs.
 After the other parent has been served with a copy of the forms, he or she
has 20 days to file a response with the court. If the other parent does not
file a response, you are entitled to a default (see Family Law Forms
12.922(a), Request to Enter Default, 12.922(b), Default, and 12.993, Final
Judgment of Modification of Parental Responsibility and Visitation).
 After the other parent has responded to your petition (request) or a
default has been entered because he or she has not responded, you must ask
for a hearing for the court to consider your request. See Family Law
Form 12.921, Order Setting Matter for Uncontested Hearing or Status
Conference or Form 12.923, Notice of Hearing (General Form). Even after
a default has been entered the other party must be given notice of the
hearing because the court must determine the best interest of the
child(ren).
 You should bring a proposed order with you to the hearing (see, for
example, Family Law Form 12.993, Final Judgment of Modification of
Parental Responsibility and Visitation). If the court rules in your favor,
your proposed order usually will be signed at the hearing.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.

*1134
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: _______________________________
 Division: _______________________________
________________________________,
 Petitioner
 and
________________________________,
 Respondent.
___________________________\
 SUPPLEMENTAL PETITION/REQUEST TO MODIFY/CHANGE VISITATION
 The petition of [&check; one only] ____ Petitioner or ____ Respondent shows:
 1. The last order on visitation in this case was entered (dated) by the
court on {date} ________. A copy of the order is attached.
 2. Paragraph(s) _____ of the attached order describe(s) the present
visitation.
 3. Since the last order on visitation, there has been a substantial change
in circumstances as follows: Briefly list below the changes that have taken
place since the last order on visitation and the reasons why you feel the
visitation in effect at this time should be changed. (if necessary, you may
add additional sheets of paper): ___________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 4. This is in the child(ren)'s best interest because: ____________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 WHEREFORE, I ask that the court change the visitation as follows (list the
changes you want in the visitation): _______________________________________
____________________________________________________________________________
____________________________________________________________________________
I CERTIFY THAT THE SUPPLEMENTAL PETITION/REQUEST TO MODIFY/CHANGE
VISITATION WAS: (&check; check one only) ____ mailed, ____ telefaxed and
mailed, or ____ hand delivered to the person(s) listed below on {date} ____,
19__.
Party or their attorney (if represented) Other
Name _______________________________________ Name ________________________
Address ____________________________________ Address _____________________
____________________________________________ _____________________________
City State Zip City State Zip
Telephone No. ______________________________ Telephone No. _______________
Telefax No. ________________________________ Telefax No. _________________
DATED: _____________________________________
 _______________________________________
 Signature of party signing certificate
 and pleading

*1135
 Printed name __________________________
 Address _______________________________
 _______________________________________
 City State Zip
 _______________________________________
 Telephone (area code and number)
 _______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _______________________________
 Sworn to (or affirmed) and subscribed before me on {date} _____, 19__ by
{name} ____________________________.
 ___________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced _____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _____________________________, a nonlawyer,
located at {street} ________________ {city} _____________
{state} _______, {phone} ____________, helped {name} ______________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.903(b),
 PETITION/REQUEST TO MODIFY/CHANGE PRIMARY
 RESIDENCY/RESPONSIBILITY/CUSTODY OF CHILD(REN)
The court can change an order granting primary parental responsibility,
including a primary residential responsibility/custody order if the judge
finds that there has been a substantial change in the circumstances of the
parties and the proposed change is in the child(ren)'s best interest.
You may file this request for the change in primary parental responsibility
in the circuit court in the county where you live, where the other parent
lives, where the children live, or in the county where the original order
was entered. If the order was entered in another state or if the child(ren)
live(s) in another state, you should speak with an attorney about where to
file your request.
 To request a change in primary parental responsibility, you must fill
out this form, and Florida Family Law Forms 12.910(a), Summons: Personal
Service on Individual and 12.901(f), Uniform Child Custody Jurisdiction
Act (UCCJA) and file all these forms with the court. In these forms and
other court papers, you are referred to either as the petitioner or the
respondent. The petitioner is the person who originally opened the case.
The respondent is the other party. For further assistance in identifying
yourself as the petitioner or respondent, find your name on the upper left
side of the first page of a paper previously filed in your case. Under your
name you should see the word petitioner or respondent.
$ When you file these forms with the court, you will be charged a filing fee
and service fee. If you cannot afford these costs, you must also complete
 Family Law Form 12.901(c), Affidavit of Insolvency, and file it with
the court requesting a waiver of the costs. If you are requesting child
support be paid, see Family Law Form 12.901(g), Child Support
Guidelines worksheet, Appendix 3 and section 61.30, Florida Statutes for
help. Also, you should decide if you want the support award to be paid
through the central depository which keeps a record of all payments and
sends notices if the paying parent gets behind in payments and/or by
income deduction order which means that the paying parent's (obligor's)
boss sends money from the obligor's wages right to you. See Family
Law Form 12.991(a), Order of Child Support Paid through the Central
Depository and Family Law

*1136
Form 12.991(b), Income Deduction Order of Child Support. If you do not know
your spouse's or your child's other parent's income, you may use Family
Law Forms 12.930(a) and (b) and 12.931(a), (b) and (c) to find out about
that person's wages, assets and debts.
 After the other parent has been served with a copy of the forms, he or she
has 20 days to file a response with the court. If the other parent
does not file a response, you are entitled to a default (see Family
Law Forms 12.922(a), Request to Enter Default, 12.922(b), Default, and
12.993, Final Judgment of Modification of Parental Responsibility and
Visitation).
 After the other parent has responded to your petition (request) or a
default has been entered because he or she has not responded, you must ask
for a hearing for the court to consider your request. See Family Law Form
12.921, Order Setting Matter for Uncontested Hearing or Status Conference
or Form 12.923, Notice of Hearing (General Form). Even after a default
has been entered the other party must be given notice of the hearing because
the court must determine the best interest of the child(ren).
 You should bring a proposed order with you to the hearing (see, for
example, Form 12.993, Final Judgment of Modification of Parental
Responsibility and Visitation). If the court rules in your favor, your
proposed order usually will be signed at the hearing.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ________________________________
 Division: ________________________________
________________________________,
 Petitioner
 and
________________________________,
 Respondent.
___________________________\
 PETITION/REQUEST TO MODIFY/CHANGE PRIMARY
 RESIDENCY/CUSTODY OF CHILDREN
 This petition of [&check; one only] _____ Petitioner or _____ Respondent shows:
 1. [&check; one only] _____ Petitioner or _____ Respondent has primary parental
responsibility, including primary residential responsibility (custody). The
last order granting primary parental responsibility in this case was
entered (dated) by the court on {date} _______, 19__. A copy of the order
is attached.
 2. My completed Uniform Child Custody Jurisdiction Act Affidavit (Family
Law Form 12.901(f)) is also attached.
 3. Since the last order granting primary parental responsibility was
entered, there has been a substantial change in circumstances as follows
(briefly list below the changes that have taken place since the last order
granting primary parental responsibility and the reasons why you feel the
primary parental responsibility in effect at this time should be changed
 if necessary, you may add additional sheets of paper): ___________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________

*1137
____________________________________________________________________________
____________________________________________________________________________
 4. A change in primary parental responsibility, including primary
residential responsibility (custody), is in the best interest of my
child(ren) for the following reason(s):
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 5. If I am granted primary parental responsibility, I will need, and [&check;
one only] ____ Petitioner or ____ Respondent (the other person in the case)
has the ability to pay reasonable child support.
 WHEREFORE, I am asking that the court enter an order:
 1. CUSTODY
 Granting [&check; one only] ____ Petitioner or ____ Respondent primary
 parental responsibility, including primary residential responsibility
 (custody).
 2. CHILD SUPPORT
 Awarding child support to [&check; one only] ____ Petitioner or ____
 Respondent
 (a) Amount [&check; one only]
 ____ Child support should be set by Florida's child support guidelines
 (see section 61.30, Florida Statutes).
 ____ Child support should NOT be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
 The court should do this because: ________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 (b) Method of Payment: [&check; check all which apply]
 ____ Directly to the person the court has ordered will be paid the
 support.
 ____ Payment will be through the central depository by the attached
 order (Family Law Form 12.991(a)).
 ____ Payment will be by income deduction order (Family Law Form
 12.991(b)) which is attached.
 (c) _____ Unusual or uninsured medical/dental expenses for the
 children be paid by: [&check; one only] _____ Petitioner or _____
 Respondent or _____ Petitioner and Respondent each pay one-half.
 (d) _____ Medical insurance [&check; one only] _____ is or _____ is not
 reasonably available to the [&check; one only] _____ petitioner or _____
 respondent for the child(ren) and
 [&check; one only] _____ petitioner or _____ respondent should be
 required to provide it.
 (e) ____ Dental insurance [&check; one only] ____ is or ____ is not
 reasonably available to the [&check; one only] ____ petitioner or ____
 respondent for the child(ren) and
 [&check; one only] ____ petitioner or ____ respondent should be required
 to provide it.

*1138
 (f) ____ Life insurance for the benefit of the children be provided
 by:
 [&check; one only] ____ Petitioner ____ Respondent
I CERTIFY THAT THE PETITION/REQUEST TO MODIFY/CHANGE PRIMARY
RESPONSIBILITY/CUSTODY OF CHILDREN WAS: (&check; check one only) _____ mailed,
_____ telefaxed and mailed, or ____ hand delivered to the person(s) listed
below on {date} _________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ___________________________
 Sworn to (or affirmed) and subscribed before me on {date} _____, 19__ by
{name} _______________________________.
 _________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced _____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name} _____________________________________, a nonlawyer, located at
{street} _________________________ {city} _______________________
{state} ______, {phone} _______, helped {name} __________,
who is the [&check; one only] _____ petitioner or _____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.904(a),
 PETITION/REQUEST FOR SUPPORT UNCONNECTED
 WITH DISSOLUTION OF MARRIAGE
$ If your spouse fails to provide you and your child(ren) with support, you
can ask the court to order that person to pay alimony and/or child support
without requesting a dissolution of marriage. For further information, see
§ 61.09, Florida Statutes.
 To request support unconnected with dissolution of marriage, you must
fill out this form, and Florida Family Law Forms 12.910(a), Summons:
Personal Service on

*1139
Individual and 12.901(f), Uniform Child Custody Jurisdiction Act (UCCJA),
and file all these forms with the court. In these forms and other court
papers, you are referred to either as the petitioner or the respondent. The
petitioner is the person who originally opens the case.
$ When you file these forms with the court, you will be charged a filing fee
and service fee. If you cannot afford these costs, you must also complete 
Family Law Form 12.901(c), Affidavit of Insolvency, and file it with the
court requesting a waiver of the costs. Because you are requesting child
support be paid, you will also need to file Family Law Form 12.901(g),
Child Support Guidelines Worksheet, (see Appendix 3 and section 61.30,
Florida Statutes for help) and Family Law Form 12.901(d) or 12.901(e),
Family Law Financial Affidavits. Finally, you should decide if you want the
support award to be paid through the central depository which keeps a
record of all payments and sends notices if the paying parent gets behind in
payments and/or by income deduction order which means that the paying
parent's (obligor's) boss sends money from the obligor's wages right to you.
 See Family Law Form 12.991(a), Order of Child Support Paid through the
Central Depository and Family Law Form 12.991(b), Income Deduction Order of
Child Support. If you do not know your spouse's or your child's other
parent's income, you may use Family Law Forms 12.930(a) and (b) and
12.931(a), (b) and (c) to find out about that person's wages, assets and
debts.
 After the other parent has been served with a copy of the forms, he or she
has 20 days to file a response with the court. If the other parent does not
file a response, you are entitled to a default (see Family Law Forms
12.922(a), Request to Enter Default, 12.922(b), Default, and 12.994(a),
Final Judgment of Support Unconnected With Dissolution of Marriage.
 After the other parent has responded to your petition (request) or a
default has been entered because he or she has not responded, you must ask
for a hearing for the court to consider your request. See Family Law
Form 12.921, Order Setting Matter for Uncontested Hearing or Status
Conference or Form 12.923, Notice of Hearing (General Form). Even after a
default has been entered the other party must be given notice of the hearing
because the court must determine the best interest of the child(ren).
 You should bring a proposed order with you to the hearing (see, for
example, Form 12.994(a), Final Judgment of Support Unconnected with
Dissolution). If the court rules in your favor, your proposed order usually
will be signed at the hearing.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\

*1140
 PETITION/REQUEST FOR SUPPORT UNCONNECTED WITH
 DISSOLUTION OF MARRIAGE
 The Petitioner files this petition saying:
 1. STATISTICAL FACTS.
 a. Date of marriage: ______________________________________________
 b. Place of marriage: _____________________________________________
 c. Date of separation, if applicable: _____________________________
 d. The other party is employed or otherwise has the ability to
 support the child(ren) and/or spouse but is not doing so.
 e. My Financial Affidavit is attached. (Family Law Form 12.901(d) OR
 12.901(e).)
 2. SPOUSAL SUPPORT
____ spousal support is needed by [&check; one only] the ____ husband or ____
wife, and [&check; one only] the _____ husband or _____ wife is able to pay that
support.
THE FOLLOWING BILLS ARE NOW DUE OR PAST DUE:
 Name on title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House _______ $ _____________ $ _______________ ___________ ____________
Car _________ $ _____________ $ _______________ ___________ ____________
Car _________ $ _____________ $ _______________ ___________ ____________
Credit Cards:*
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
No. _________ $ _____________ $ _______________ ___________ ____________
_____________ $ _____________ $ _______________ ___________ ____________
_____________ $ _____________ $ _______________ ___________ ____________
_____________ $ _____________ $ _______________ ___________ ____________
* give account numbers for all credit and loans
 3. CHILD SUPPORT
 _____ The minor children are:
 Name Birth Date Age Sex
________________________ ____________________ _________ ___________
________________________ ____________________ _________ ___________
________________________ ____________________ _________ ___________
________________________ ____________________ _________ ___________
On behalf of my children, I need, and [&check; one only] _____ Petitioner or
_____ Respondent (the other person in the case) has the ability to pay
reasonable child support.
 (a) Amount [&check; one only]
 ____ Child support should be set by Florida's child support guidelines
 (see section 61.30, Florida Statutes).

*1141
 ____ Child support should NOT be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
The court should do this because: __________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 (b) Health insurance for the child(ren) ____ is or ____ is not
 reasonably available to the [&check; one only] ____ husband or ____ wife and
 should be provided by the [&check; one only] ____ husband or ____ wife.
 WHEREFORE, I am asking this court to order:
____ A. Spousal support in an amount the court deems reasonable.
____ B. Payment of those listed bills that are currently or past due.
____ C. CHILD SUPPORT
 Awarding child support to [&check; one only] _____ Petitioner or ____
 Respondent
 1. Amount [&check; one only]
 ____ Child support should be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
 ____ Child support should NOT be set by Florida's child support
 guidelines (see section 61.30, Florida Statutes).
 The court should do this because: ____________________________
 ______________________________________________________________
 ______________________________________________________________
 ______________________________________________________________
 ______________________________________________________________
 ______________________________________________________________
 2. ____ Unusual or uninsured medical/dental expenses for the
 children be paid by: [&check; one only] ____ Petitioner or ____
 Respondent or _____ Petitioner and Respondent each pay one-half.
 3. ____ Medical insurance [&check; one only] _____ is or _____ is not
 reasonably available to the [&check; one only] _____ petitioner or
 _____ respondent for the child(ren)
 and
 [&check; one only] _____ petitioner or _____ respondent should be
 required to provide it.
 4. ____ Dental insurance [&check; one only] _____ is or _____ is not
 reasonably available to the [&check; one only] _____ petitioner or
 _____ respondent for the child(ren)
 and
 [&check; one only] _____ petitioner or _____ respondent should be
 required to provide it.
 5. ____ Life insurance for the benefit of the children be provided
 by:
 [&check; one only] _____ Petitioner or _____ Respondent
____ D. All payments for spousal support and child support shall be paid: [&check;
 check all which apply]
 ____ Directly to the person the court has ordered will be paid the
 support.
 ____ Payment will be through the central depository by the attached
 order (Family Law Form 12.991(a)).
 ____ Payment will be by income deduction order (Family Law Form
 12.991(b)) which is attached.
____ E. Petitioner is in need of the money requested and Respondent has the
 ability to pay it.

*1142
I CERTIFY THAT THE PETITION/REQUEST FOR SUPPORT UNCONNECTED
WITH DISSOLUTION OF MARRIAGE WAS:
(&check; check one only) _____ mailed, _____ telefaxed and mailed, or _____ hand
delivered to the person(s) listed below on {date} ______________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ________________________
 Sworn to (or affirmed) and subscribed before me on {date} _____, 19__ by
{name} _________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced _____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name} ____________________________, a nonlawyer, located at
{street} _____________________ {city} ________________
{state} _____, {phone} _____, helped {name} ______,
who is the [&check; one only] _____ petitioner or _____ respondent, fill out this
form.
 INSTRUCTIONS FAMILY LAW FORM 12.904(b)
 PETITION FOR MODIFICATION OF CHILD SUPPORT
 AND OTHER RELIEF
 See Appendix 3 for how to fill out this form.
$ When you file these forms with the court, you will be charged a filing fee
and service fee. If you cannot afford these costs, you must also complete 
Family Law Form 12.901(c), Affidavit of Insolvency, and file it with the
court requesting a waiver of the costs. Because you are requesting child
support be paid, you will also need to file Family Law Form
12.901(g), Child Support Guidelines Worksheet, (see Appendix 3 and section
61.30, Florida Statutes for help) and Family Law Form 12.901(d) or
12.901(e), Family Law Financial Affidavits. Finally, you should decide if
you want the support award to be paid through the central depository which
keeps a record of all payments and sends notices if the paying

*1143
parent gets behind in payments and/or by income deduction order which means
that the paying parent's (obligor's) boss sends money from the obligor's
wages right to you. See Family Law Form 12.991(a), Order of Child
Support Paid through the Central Depository and Family Law Form 12.991(b),
Income Deduction Order of Child Support. If you do not know your spouse's
or your child's other parent's income, you may use Family Law Forms
12.930(a) and (b) and 12.931(a), (b) and (c) to find out about that person's
wages, assets and debts.
 After the other parent has been served with a copy of the forms, he or she
has 20 days to file a response with the court. If the other parent does not
file a response, you are entitled to a default (see Family Law Forms
12.922(a), Request to Enter Default, 12.922(b), Default, and 12.990(d), and
Final Judgment Modifying Child Support, 12.994(b)).
 After the other parent has responded to your petition (request) or a
default has been entered because he or she has not responded, you must ask
for a hearing for the court to consider your request. See Family Law
Form 12.921, Order Setting Matter for Uncontested Hearing or Status
Conference or Form 12.923, Notice of Hearing (General Form). Even after a
default has been entered the other party must be given notice of the hearing
because the court must determine the best interest of the child(ren).
 You should bring a proposed order with you to the hearing (see, for
example, Form 12.994(b), Final Judgment Modification/Change Child
Support). If the court rules in your favor, your proposed order usually will
be signed at the hearing.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
________________________________,
 Petitioner
 and
________________________________,
 Respondent.
____________________________\
 PETITION/REQUEST FOR MODIFICATION/CHANGE
 OF CHILD SUPPORT AND OTHER RELIEF
 [&check; check all which apply, fill in all blanks that apply]
 The _____ Petitioner/ _____ Respondent, files this Petition for
 Modification and claims:
1. This is an action for modification of the last order/judgment addressing
 child support previously entered by this court on the {date} __________.
 A copy of that order is attached.
2. That order/judgment, required the obligor to pay child support in the
 amount of $ ___ each pay period:
 _____ weekly _____ biweekly _____ twice a month _____ monthly
3. That since the entry of the last child support determination there has
 been a substantial and permanent change of circumstances as follows:

*1144
 a. Obligor's income has ____ increased or ____ decreased. Please explain:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 b. Obligee's income has ____ increased or ____ decreased. Please explain:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 c. The child's/children's needs have ____ increased or ____ decreased.
 Please explain:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 d. List any other changes that have taken place since the last child
 support determination that you feel are reasons why the child support
 in effect at this time should be changed.
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 e. The child support calculations under the Child Support Guidelines
 support a change. A guideline worksheet (Family Law Form 12.901(g) is
 attached). Please explain:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 f. Other: ________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 WHEREFORE, the [&check; one only] ____ Petitioner or ____ Respondent
respectfully demands that the child support be modified and such other
relief be granted as the court deems appropriate.
I CERTIFY THAT THE PETITION/REQUEST FOR MODIFICATION/CHANGE OF
CHILD SUPPORT AND OTHER RELIEF WAS: (&check; one only) ____ mailed, ____ telefaxed
and mailed, or ____ hand delivered to the person(s) listed below on {date}
________, 19__.
Party or their attorney Other
(if represented)
Name ________________________ Name _________________________________
Address _____________________ Address ______________________________
_____________________________ ______________________________________
City State Zip City State Zip
Telephone No. _______________ Telephone No. ________________________
Telefax No. _________________ Telefax No. __________________________
DATED: ______________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)

*1145
STATE OF FLORIDA
COUNTY OF {name} __________________
 Sworn to (or affirmed) and subscribed before me on {date} _____, 19__ by
{name} _____________________.
 _________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name} __________________________________, a nonlawyer, located at
{street} _____________________ {city} ________________
{state} _____, {phone} _____, helped {name} __________,
who is the [&check; one only] _____ petitioner or _____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.905,
 PETITION/REQUEST FOR GRANDPARENT VISITATION
Great-grandparents and grandparents can be granted reasonable visitation
rights with their (great)-grandchild(ren) if the court determines it is in
the best interests of the child(ren), and if:
 &check; one or both parents are dead;
 &check; the marriage of the parents has been dissolved;
 &check; a parent of the child has deserted the child;
 &check; the minor child was born out of wedlock and not later determined to be
 a child born within wedlock, as provided in section 742.091, Florida
 Statutes; or
 &check; the minor child lives with both natural parents who have used their
 parental authority to prohibit a relationship between the child and
 grandparents.
Generally, you would file this request in the county where your
(great)-grandchild resides. This form can be used in a dissolution of
marriage (divorce) between the child(ren)'s parents, in a paternity or
support proceeding, or as a separate action. For more information, see
sections 752.01 and 61.13, Florida Statutes.
 To request grandparent visitation, you must fill out this form, and 
Florida Family Law Forms 12.910(a), Summons: Personal Service on Individual
and 12.901(f), Uniform Child Custody Jurisdiction Act (UCCJA) and file all
these forms with the court.
 After the objecting parties have been served with a copy of the forms,
they have 20 days to file a response with the court. If the other parent
does not file a response, you are entitled to a default (see Family Law
Forms 12.922(a), Request to Enter Default, and 12.922(b), Default).
 After the other parent has responded to your petition (request) or a
default has been entered because he or she has not responded, you must ask
for a hearing for the court to consider your request. See Family Law
Form 12.923, Notice of Hearing (General Form). Even after a default has been
entered the other party must be given notice of the hearing because the
court must determine the best interest of the child(ren).
$ When you file these forms with the court, you will be charged a filing fee
and service fee. If you cannot afford these costs, you must also complete 
Family Law Form 12.901(c), Affidavit of Insolvency, and file it with the
court requesting a waiver of the costs.

*1146
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
________________________________,
 Petitioner
 and
________________________________,
 Respondent.
___________________________\
 PETITION/REQUEST FOR GRANDPARENT VISITATION
 1. This is a request for grandparent(s) visitation.
 2. The minor grandchild(ren) have been living in the State of Florida
 within the jurisdiction of this court since {date} __________, 19__.
 3. Attached to this petition/request is my/our declaration under the
 Uniform Child Custody Jurisdiction Act (Attachment A, Florida Family
 Law Form 12.901(f)).
 4. The grandparent(s) desire to visit with the following minor
 grandchild(ren).
 Name Birth Date Age Sex
________________________ _____________________ ____________ __________
________________________ _____________________ ____________ __________
________________________ _____________________ ____________ __________
________________________ _____________________ ____________ __________
 5. The child(ren)'s [&check; one only] ____ father or ____ mother is my [&check; one
 only] ____ son or ____ daughter.
 6. [&check; all that are true]:
 ____ The mother of the child(ren) has died.
 ____ The father of the child(ren) has died.
 ____ The mother and father of the child(ren) are divorced. A copy of the
 Final Judgment of Dissolution of Marriage/Divorce is attached.
 (Attachment B).
 ____ The mother of the child(ren) has deserted the child(ren).
 ____ The father of child(ren) has deserted the child(ren).
 ____ The parents were not married when the child(ren) was born and did not
 marry after the child(ren)'s birth.
 ____ The child lives with his/her natural parents and the parents have
 prohibited a relationship between the child and grandparents.
 7. It is in the best interest of the child(ren) that the grandparent(s) be
allowed reasonable rights of visitation by the grandchild(ren). This is in
the child(ren)'s best interest because:
____________________________________________________________________________

*1147
____________________________________________________________________________
____________________________________________________________________________
GRANDFATHER
DATED: _________________________
 __________________________________________
 Signature of grandfather
 Printed name _____________________________
 Address __________________________________
 __________________________________________
 City State Zip
 __________________________________________
 Telephone (area code and number)
 __________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ___________________
 Sworn to (or affirmed) and subscribed before me on {date} ______, 19__ by
{name of grandfather} __________________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ____________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________ a nonlawyer,
located at {street} _____________________ {city} ________________
{state} _____, {phone} _____, helped {grandfather} __________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
GRANDMOTHER
DATED: ____________________
 _________________________________________
 Signature of grandmother
 Printed name ____________________________
 Address _________________________________
 _________________________________________
 City State Zip
 _________________________________________
 Telephone (area code and number)
 _________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ___________________
 Sworn to (or affirmed) and subscribed before me on {date} ______, 19__ by
{name of wife} __________________________.

*1148
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________, a nonlawyer,
located at {street} _____________________ {city} ________________
{state} _____, {phone} _____, helped {name of grandmother} _________,
fill out this form.
 INSTRUCTIONS FAMILY LAW FORM 12.910(a),
 SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
When you begin your lawsuit, you need to fill out this form and Family
Law Form 12.910(b) and file your petition/request with the court. Personal
service is required for all petitions including modifications. The clerk
will sign the form and deliver it for service as instructed by you in your
memorandum to the sheriff, Family Law Form 12.910(b).
 At the time of personal service of process, a copy of the initial
petition/request is delivered to the person listed on the summons. The date
and hour of service is written on the original summons and on all copies of
it by the person making the service. You need to furnish the person
delivering the summons with the necessary copies. The person delivering the
summons and copies of the petition/request must make proof of service by
affidavit promptly.
 If delivery of the summons and documents is not made within 120 days after
filing the initial request, the lawsuit may be dismissed by the court.
If your opposing party fails to respond within 20 days after the delivery
of the summons, you are entitled to a default. See Florida Family Law
Forms 12.922(a) and 12.992(b). You will need to file Florida Family Law Form
12.912(b), Non-military Affidavit, before the default may be granted. For
further information see Florida Rule of Civil Procedure 1.070 and Florida
Family Law Rule of Procedure 12.070.
 If the other party is living outside of this state, you should add the
length of time that party lived in Florida, if any, to your original
request. If the case involves alimony, child support, or division of
property in connection with a dissolution of marriage or an independent
action for support of dependents, Florida courts have jurisdiction
(can order the person to do or not do things) over a person living outside
Florida if that person resided in Florida before the lawsuit was filed
(whether they lived with you or not) or maintained a marital home in Florida
at the time the lawsuit was filed. See § 48.193, Florida Statutes, for
further information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.

*1149
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ________________________________
 Division: ________________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
TO: _______________________________________________________________________
___________________________________________________________________________
 IMPORTANT
 A lawsuit has been filed against you. You have 20 calendar days after this
summons is served on you to file a written response to the attached
complaint/petition with the clerk of this circuit court. A phone call will
not protect you. Your written response, including the case number given
above and the names of the parties, must be filed if you want the court to
hear your side of the case. If you do not file your written response on
time, you may lose the case, and your wages, money, and property may
thereafter be taken without further warning from the court. There are other
legal requirements. You may want to call an attorney right away. If you do
not know an attorney, you may call an attorney referral service or a legal
aid office (listed in the phone book).
 If you choose to file a written response yourself, at the same time you
file your written response to the court you must also mail or take a copy
of your written response to the person named below.
 WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires that
you provide to the other party in this lawsuit access to or copies of
certain documents and information. Failure to do this can result in the
court taking action against you, including dismissal (throwing out your
case) or striking of pleadings (throwing out part of your case).
 IMPORTANTE
 Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a
partir del recibo de esta notificacion, para contestar la demanda adjunta,
por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo
protegera. Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el numero del caso y los
nombres de las partes interesadas. Si usted no contesta la demanda a
tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y
propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales. Si lo desea, usted puede consultar a un
abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de
las oficinas de asistencia legal que aparecen en la guia telefonica.
 Si desea responder a la demanda por su cuenta, al mismo tiempo en que
presente su respuesta ante el tribunal, usted debe enviar por correo o
entregar una copia de su respuesta a la persona denominada abajo.
 AVISO: La regla 12.285, de las reglas de procedimiento del derecho de la
familia del estado de la Florida exige que se entreguen ciertos datos y
documentos a la parte adversa . . . So Ud. no cumple con estos requisitos,
se le podran aplicar sanciones, las cuales pueden dar lugar al rechazo o a
la desestimacion de sus escritos.

*1150
 IMPORTANT
 Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20
jours consecutifs a partir de la date de l'assignation de cette citation
pour deposer une response ecrite a la plainte ci-jointe aupres de ce
tribunal. Un simple coup de telephone est insuffisant pour vous proteger;
vous etes obliges de deposer votre reponse ecrite, avec mention du numero de
dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que
le tribunal entende votre cause. Si vous ne deposez pas votre reponse
ecrite dans le delai requis, vous risquez de perdre la cause ainsi que
votre salaire, votreargent, et vos biens peuvent etre saisis par la suite,
sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations
juridiques et vous pouvez requerir les services immediats d'un avocat. Si
vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de
reference d'avocats ou a un bureau d'assistance juridique (figurant a
l'annuaire de telephones).
 Si vous choisissez de deposer vous-meme une response ecrite, il vous
faudra egalement, en meme temps que cette formalite, faire parvenir ou
expedier une copie au carbone ou une photocopie de votre reponse ecrite a
a personne nommee ci-dessous.
 ATTENTION: La regle 12.285 des regles de procedure du droit de la famille
de la Floride exige que l'on remette certains renseignements et certains
documents a la partie adverse. Tout refus de les fournir pourra donner lieu
a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs
actes de procedure.
________________________________
Petitioner
________________________________
Mailing Address
________________________________
City/State/Zip Code
THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a
copy of the complaint in this lawsuit on the above named defendant.
DATED: __________________________
 (SEAL)
 CLERK OF THE CIRCUIT COURT
 By: __________________________
 Deputy Clerk
 INSTRUCTIONS FAMILY LAW FORM 12.910(b) PROCESS SERVICE MEMORANDUM
 You should use this form to give the sheriff's department instructions for
serving the other person(s) in your case with the summons ( Family Law
Form 12.910(a)). On this form, you can tell the sheriff's department the
best times to find the other person(s) at work and/or at home. You also can
include a map to the other person(s)'s home or work place to help the
sheriff find the other person and deliver the summons.
 PROCESS SERVICE MEMORANDUM
TO: Sheriff of ___________________ County, Florida; __________ Division
RE: ____________________________________, Petitioner
and _______________________________________________, Respondent
____ Circuit Court, County of _____________________________________________
 Case No. ______________________________
Please serve the Summons and Petition herein, in the above-styled cause
upon:
Respondent: _______________________________________________________________
Home Address: _____________________________________________________________
___________________________________________________________________________
Work Address: _____________________________________________________________
___________________________________________________________________________
Thank you.

*1151
SPECIAL INSTRUCTIONS:
 _____________________________________
 Signature of party
 _____________________________________
 Printed name
 _____________________________________
 Address
 _____________________________________
 City State Zip
 _____________________________________
 Telephone (area code and number)
 _____________________________________
 Telefax (area code and number)
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.911(a),
 ORDER TO PERFECT SERVICE
No instructions.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
_______________________________,
 Petitioner
 and
________________________________,
 Respondent.
___________________________\
 ORDER TO PERFECT SERVICE
 UPON MOTION OF [&check; one only] _____ the Court or _____ Petitioner or _____
Respondent, it appearing that no service has been made within 120 days of
the filing and good cause having been shown, it is hereby
 ORDERED AND ADJUDGED THAT diligent effort shall be made immediately to
complete service of process within _____ days from the date of this order.
 DONE and ORDERED in {name} ____________________ County, Florida, on
{date} __________, 19__.
 ____________________________________
 CIRCUIT JUDGE

*1152
cc:
Petitioner or their attorney Other
(if represented)
Name ____________________________ Name ______________________________
Address _________________________ Address ___________________________
_________________________________ ___________________________________
City State Zip City State Zip
Telephone No. ___________________ Telephone No. _____________________
Telefax No. _____________________ Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name} ________________________________, a nonlawyer, located at
{street} ______________________________ {city} _______________
{state} _______, {phone} ______, helped {name} ________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.911(b),
 ORDER OF DISMISSAL FOR FAILURE TO PERFECT SERVICE (120 DAYS)
 If you have been unable to obtain proper service on the other party within
120 days after filing your lawsuit, the court will dismiss your lawsuit
against the other party unless you can show good cause to the court why
service was not made within the 120 days.
 For further information, see Florida Rule of Civil Procedure 1.070(i).
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
_______________________________,
 Petitioner
 and
________________________________,
 Respondent.
___________________________\
 ORDER OF DISMISSAL FOR FAILURE TO PERFECT SERVICE (120 days)
[&check; check all which apply]
 UPON MOTION OF [&check; one only] _____ the Court or _____ Petitioner or _____
Respondent and this court's review of the file, it is hereby
 ORDERED AND ADJUDGED that:
____ More than 120 days have passed without service of the summons and
 initial pleadings.
____ This case is dismissed without prejudice.

*1153
DONE and ORDERED in {name} __________________ County, Florida, on
{date} __________, 19__.
 _______________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name _______________________ Name ________________________________
Address ____________________ Address _____________________________
____________________________ _____________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. _______________________
Telefax No. ________________ Telefax No. _________________________
Other
Name _______________________
Address ____________________
____________________________
City State Zip
Telephone No. ______________
Telefax No. ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name} _________________________________, a nonlawyer, located at
{street} __________________________ {city} _______________ {state}
_______, {phone} _____, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.912(a),
 MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE
 If you do not know whether the other person in your case is on active duty
in the military service, you must fill out this form and mail one copy of it
separately to each of the military divisions at the addresses on the form
for a response. You may be charged a service fee by the military for their
response.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ___________ COUNTY, FLORIDA
 Case No.: _________________________
 Division: _________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\

*1154
 MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE
TO: U.S. Coast Guard Commander, GPIM-2, Locators, 2100 2nd St.,
 S.W., Washington, DC 20593
 AFMPC/RMIQL, Attn: Air Force Locator, Randolph
 AFB, TX 78150-6001
 Department of Navy, Bureau of Navy Personnel, 2 Navy Annex,
 Washington, DC XXXXX-XXXX
 CMC MMSB-10, HQ USMC, Bldg. 2008,
 Quantico, VA XXXXX-XXXX
 Surgeon General, U.S. Public Health Service, Div. of Comm.,
 Off. Personnel, 5600 Fishers Lane, Rockville, MD 20857
 Army World Wide Locator, U.S. Army Enlisted Records
 Center, Fort Benjamin Harrison, IN XXXXX-XXXX
 Commander, U.S. Army Personnel Center, Officer Locator Branch,
 Attn: Locators, 200 Stovall Street, Alexandria, VA 22332
RE: ______________________________ ________________________________________
 [Party] [Soc. Sec. #]
 This case involves a family matter. It is imperative that a determination
be made whether the above named individual, who has an interest in these
proceedings, is presently in the military service of the United States, and
the date of induction and discharge, if any. This information is necessary
to comply with § 581 of the Soldier's and Sailor's Civil Relief Act of
1940, as amended. Please supply a certification of verification as soon as
possible. My check is enclosed for your search fees. Self-addressed stamped
envelopes are enclosed.
DATED: ___________________________
 _______________________________________
 Signature of party signing certificate
 Printed name __________________________
 Address _______________________________
 _______________________________________
 City State Zip
 _______________________________________
 Telephone (area code and number)
 _______________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name} ____________________________________, a nonlawyer, located at
{street} ______________________ {city} _____________ {state} _______,
{phone} ______, helped {name} _____________________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.912(b),
 NONMILITARY AFFIDAVIT
If you know that the other person in your case is not in the military
service, you must fill out this form and file it with your petition/request
in order to get a default against the other person if he or she does not
respond to your petition/request.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.

*1155
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: _______________________________
 Division: _______________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 NONMILITARY AFFIDAVIT
STATE OF FLORIDA
COUNTY OF ___________________________
______________________________________, being first duly sworn, states under
 {Name of person signing below}
penalty of perjury:
 1. ____ That I know of my own personal knowledge that the respondent is
 not on active duty in the armed forces of the United States.
 2. ____ That I have inquired of the armed forces of the United States and
 the U.S. Public Health Service to determine whether the
 respondent is a member of the armed services and am attaching
 certificates stating that the respondent is not now in the armed
 forces.
I CERTIFY THAT THE NONMILITARY AFFIDAVIT WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} __________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name ________________________________
Address ____________________ Address _____________________________
____________________________ _____________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. _______________________
Telefax No. ________________ Telefax No. _________________________
DATED: _____________________
 ____________________________________________________
 Signature of party signing certificate and affidavit
 Printed name _______________________________________
 Address ____________________________________________
 ____________________________________________________
 City State Zip
 ____________________________________________________
 Telephone (area code and number)
 ____________________________________________________
 Telefax (area code and number)

*1156
STATE OF FLORIDA
COUNTY OF {name} ____________________________
 Sworn to (or affirmed) and subscribed before me on {date} ______, 19__ by
{name} ___________________.
 ____________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________, a nonlawyer,
located at {street} ______________________________ {city} _________________
{state} _______, {phone} ______, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.913(a), NOTICE OF ACTION
 OF DISSOLUTION OF MARRIAGE
 If you do not know where your spouse lives and/or your spouse lives
outside Florida and never has lived in Florida, you can use this form to
obtain constructive service over your spouse and be able to proceed with
your lawsuit.
You must fill out this form, inserting your spouse's name and last known
address, and file it with the court. You also must complete and file 
Family Law Form 12.913(b), Affidavit of Service by Publication.
 After the Affidavit (Form 12.913(b)) is filed and the clerk of the court
signs this form, the notice of action must be given to a qualified local
newspaper in order for it to be published for four consecutive weeks. The
newspaper will charge you for this service.
$ If you cannot afford to pay the cost of publication, you may ask the clerk
to post the notice at a place designate. In Dade, Broward, or Duval counties
you may ask the clerk to publish your notice without charge. If the clerk
determines that you financially cannot afford these costs, the clerk will
post the notice of action. You need to fill out Family Law Form
12.901(c), Affidavit of Insolvency, for the clerk to consider your request.
 If the opposing party fails to respond to your request within the time
limit stated in the notice of action that is published or posted, you are
entitled to a default. (See Family Law Forms 12.922(a), Request to
Enter Default, 12.922(b), Default, and 12.990(d), Final Default Judgment of
Dissolution of Marriage).
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 NOTICE OF ACTION OF DISSOLUTION OF MARRIAGE
TO: ________________________
 YOU ARE HEREBY NOTIFIED that an action for dissolution of marriage has
been filed against you and you are required to serve a copy of your written
defenses, if any, to it on

*1157
___________________________________________________________________________
________________ Petitioner, whose address is _____________________________
___________________________________________________________________________
___________________________________________________________________________
[Name of Filing Party] ______________________________ on or before
___________________, and file the original with the clerk of this court
before service on Petitioner or immediately thereafter. If you fail to do
so, a default will be entered against you for the relief demanded in the
petition.
 WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires
certain automatic disclosure of documents and information. Failure to
comply can result in sanctions, including dismissal or striking of
pleadings.
 WITNESS my hand and the seal of this court on ________________________
 CLERK OF THE COURT
 By
 __________________________________
 Deputy Clerk
 INSTRUCTIONS FOR FAMILY LAW FORM 12.913(b),
 AFFIDAVIT FOR SERVICE BY PUBLICATION
This form is to be used in conjunction with Florida Family Law Form
12.913(a), Notice of Action. If you do not know where the other person in
your case is residing and/or the other person is living outside Florida and
the other person has never lived in Florida, you need to fill out this form
and file it with the court. The "Affiant" is the person filling out and
signing the affidavit (Florida Family Law Form 12.913(b)).
 CHECKLIST FOR AFFIDAVITS OF DUE DILIGENCE
(for use in filling out Florida Family Law Form 12.913(b), Affidavit of
 Service by Publication)
The list below can be used as a checklist for filling out affidavits of due
diligence. While you do not have to take all of these steps, you must make
a very strong effort at getting information and following up on any
information you get.
&check; United States Post Office inquiry through Freedom of Information Act for
 current address or any relocations.
&check; Last known employment of Respondent, including name and address of
 employer. You should also ask for any addresses to which W-2 Forms were
 mailed. If a pension or profit sharing plan exists, then to what address
 is any pension to be mailed.
&check; Unions from which Respondent may have worked or that governed particular
 trade or craft.
&check; Regulatory agencies, including professional or occupational licensing.
&check; Names and addresses of relatives and contacts with those relatives and
 inquiry as to Respondent's last known address. You are to follow up any
 leads of any addresses where Respondent may have moved. Relatives include,
 but are not limited to: Parents, brothers, sisters, aunts, uncles,
 cousins, nieces, nephews, grandparents, great-grandparents, former
 in-laws, stepparents, stepchildren.
&check; Information about the Respondent's possible death and, if dead, the date
 and location.

*1158
&check; Telephone listings in the last known locations of Respondent's residence.
&check; Law enforcement arrest and/or criminal records at the last known
 residential area of Respondent.
&check; Highway Patrol records.
&check; Department of Corrections records.
&check; Hospitals in last known area of Respondent.
&check; Utility companies, which include water, sewer, cable TV, electric.
&check; Letters to the Armed Forces of the U.S. and their response as to whether
 or not there is any information about Respondent. (see Form 12.912(a).)
&check; Tax Assessor's and Tax Collector's Office in the area where Respondent
 last resided.
 For further information, see Florida Family Law Rule of Procedure 12.070
and Florida Rules of Civil Procedure 1.070(e) and (f).
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 AFFIDAVIT FOR SERVICE BY PUBLICATION
____________________, states under penalty of perjury that:
1. I have made diligent search and inquiry to discover the name and
 residence of Respondent:
 [Specify details of search] Refer to checklist and list all actions
taken (any additional information included such as the date the action was
taken and the person with whom you spoke is helpful):
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
2. The age of Respondent is [&check; one only] ____ over or ____ under the age of
 18 years or____ is unknown.

*1159
3. ____ The residence of Respondent is unknown to Affiant.
 ____ The residence of Respondent is in some state or country other than
 Florida, and Respondent's last known address is: __________________.
 ___________________________________________________________________
 [City] [State] [Zip]
4. ____ The Respondent, having residence in Florida, has been absent
 therefrom for more than 60 days prior to the making of this
 affidavit, or conceals him(her)self so that process cannot be served
 personally upon him (her), and that Affiant believes that there is
 no person in the state upon whom service of process would bind said
 absent or concealed Respondent.
I CERTIFY THAT THE AFFIDAVIT FOR SERVICE BY PUBLICATION WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} __________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name ________________________________
Address ____________________ Address _____________________________
____________________________ _____________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. _______________________
Telefax No. ________________ Telefax No. _________________________
DATED: _____________________
 ____________________________________________________
 Signature of party signing certificate and affidavit
 Printed name _______________________________________
 Address ____________________________________________
 ____________________________________________________
 City State Zip
 ____________________________________________________
 Telephone (area code and number)
 ____________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _______________________
 Sworn to (or affirmed) and subscribed before me on {date} _____, 19__ by
{name} ____________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ______________________________________, a nonlawyer,
located at {street} ______________________________ {city} ________________
{state} _______, {phone} ______, helped {name} __________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.

*1160
 INSTRUCTIONS FOR FAMILY LAW FORM 12.914,
 CERTIFICATE OF SERVICE (GENERAL FORM)
After you get proper service over your opposing party (through a summons or
publication of notice), you need to send copies of all additional documents
or papers you file with the court in your lawsuit to the opposing party.
Fill out this form (giving the name of each paper filed) and file this form
with the court each time you file an additional document unless the document
already has a certificate of service in it.
 For more information, see Florida Rule of Civil Procedure 1.080 and
Florida Family Law Rule of Procedure 12.080.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 CERTIFICATE OF SERVICE
I CERTIFY THAT THE {name of document(s) served} ____________________
WAS: (&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} ___________, 19__.
 ______________________________________
 Signature of party
 ______________________________________
 Printed name
 ______________________________________
 Address
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________

*1161
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________________, a nonlawyer,
located at {street} ___________________________ {city} ________________
{state} ________, {phone} ______________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.920(a),
 ORDER OF REFERRAL TO GENERAL MASTER AND 12.920(b),
 NOTICE OF HEARING BEFORE GENERAL MASTER
 The general master is an attorney appointed by a judge to take testimony
and recommend decisions on certain matters connected with a divorce. After a
hearing, the general master files his or her report and serves copies on all
parties. You may serve exceptions to the report within 10 days*
from the time the report is served. If no exceptions are served, the court
will take appropriate action on the report. If exceptions are served, the
judge will hear the exceptions at a date and time scheduled by any party
or the court, and then take appropriate action on the report. If the
matter is for child support only, the court may enter an order immediately,
but you may file exceptions to the order within 10 days after being served.
Frequently, the moving party must prepare the order referring the case to a
general master. If you are requested to prepare such an order, you will use
 Family Law Form 12.920(a). Once a general master has been appointed, a
hearing will be scheduled. Any party or the general master will send a
notice of hearing regarding when and where the hearing before the general
master will be held. If you are asked to send the notice of hearing, you
will use Family Law Form 12.920(b). Regardless of who prepares the
notice of hearing, the moving party is required to have the notice properly
served on the other party.
* If the report is served by mail, you have an additional 5
days.
 For further information, see Florida Family Rule of Procedure 12.490.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ___________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
__________________________\
 ORDER OF REFERRAL TO GENERAL MASTER
 THIS CASE IS REFERRED TO THE GENERAL MASTER on the following issues:
1. ________________________________________________________________________

*1162
2. ________________________________________________________________________
3. ________________________________________________________________________
4. ________________________________________________________________________
AND ANY OTHER MATTER RELATED THERETO.
 IT IS FURTHER ORDERED that the above motion(s) and responses are
referred to General Master {name}_______________ for further proceedings,
pursuant to rule 12.490 of the Florida Family Law Rules of Procedure and
current administrative orders of the court. Financial affidavits (Family
Law Form 12.901(d) or (e)), shall be filed in accordance with rule 12.285,
Florida Family Law Rules of Procedure. The general master is authorized to
administer oaths and conduct hearings which may include taking of evidence
and shall file a report and recommendations that contain findings of fact,
conclusions of law, and the name of the court reporter, if any.
 The General Master shall assign a time for the proceedings as soon as
reasonably possible after this referral is made and give notice to each of
the parties either directly or by directing counsel to file and serve a
notice of hearing.
 Counties within the State of Florida may have different rules. Please
consult the Clerk of the Court or Pro Se Coordinator relating to this
procedure.
A REFERRAL TO A GENERAL MASTER REQUIRES THE CONSENT OF ALL
PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BY A JUDGE.
IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BY THE GENERAL
MASTER, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN
10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR
THE HEARING IS LESS THAN 10 DAYS AFTER SERVICE OF THIS ORDER, THE
OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS
SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME
TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A
RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION
WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO
THE REFERRAL.
 If either party files a timely objection, this matter shall be returned
to the undersigned judge with a notice stating the amount of time needed for
hearing.
 REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL
MASTER SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f),
FLORIDA FAMILY LAW RULES OF PROCEDURE. A RECORD, WHICH INCLUDES
A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT EXCEPTIONS.
 YOU ARE ADVISED THAT IN THIS CIRCUIT:
 ____ electronic recording is provided by the court. A party may provide a
 court reporter at that party's expense.
 ____ a court reporter is provided by the court.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION
MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN
ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE.
YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD
SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE
DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF
ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE
THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
DONE and ORDERED in {name} ________________________ County, Florida, on
{date} _________, 19__.

*1163
 ______________________________________
 CIRCUIT JUDGE
This portion to be filled out by the court:
In accordance with the Americans with Disabilities Act of 1990, persons
needing a special accommodation to participate in this proceeding should
contact _________ for proceedings in court or ____________ at ________ for
out of court proceedings no later than 7 days before the proceeding.
Telephone ___________ or _________ for assistance. If hearing impaired,
telephone (TDD) _______ for proceedings in court or Florida Relay Service
1-800-955-8771 for out of court proceedings.
cc:
Petitioner or their attorney Respondent
(if represented)
Name _______________________ Name ________________________________
Address ____________________ Address _____________________________
____________________________ _____________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
General Master
Name _______________________
Address ____________________
____________________________
City State Zip
Telephone No. ______________
Telefax No. ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} __________________________________, a nonlawyer,
located at {street} _____________________ {city} ____________
{state} ______, {phone} _______, helped {name} _____,
who is the [&check; one only] _____ petitioner or _____ respondent, fill out this
form.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 NOTICE OF HEARING BEFORE GENERAL MASTER
[ fill in all blanks]
TO: _________________________________
 _________________________________

*1164
 There will be a hearing before General Master {name of general master}
_________________________, on {date} _____________, 19__, at {time}
_____________ m., in Room ________ of the _________________ Courthouse, on
the following matter: _____________________________________________________
___________________________________________________________________________
___________________________________________________________________________.
 ____ hours/____ minutes have been reserved for this hearing.
PLEASE GOVERN YOURSELF ACCORDINGLY.
 SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION
MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN
ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE.
YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD
SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE
DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF
ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE
THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT:
____ electronic recording is provided by the court. A party may bring a
 court reporter at that party's own expense.
____ a court reporter is provided by the court.
If you are represented by an attorney or plan to retain an attorney for this
matter you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the General
Master's Office to cancel this hearing.
This part to be filled out by the court:
In accordance with the Americans with Disabilities Act of 1990, persons
needing a special accommodation to participate in this proceeding should
contact __________ for proceedings in court or ______________ at ______ for
out of court proceedings no later than 7 days before the proceeding.
Telephone __________ or ________ for assistance. If hearing impaired,
telephone (TDD) _______ for proceedings in court or Florida Relay Service
1-800-955-8771 for out of court proceedings.
I CERTIFY THAT THE NOTICE OF HEARING BEFORE GENERAL MASTER WAS:
(&check; check one only) _____ mailed, _____ telefaxed and mailed, or _____ hand
delivered to the person(s) listed below on {date} ____________, 19__.
Party or their attorney Other
(if reprersented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________

*1165
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________________, a nonlawyer,
located at {street} _______________________ {city} __________
{state} _____, {phone} __________, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.921,
 ORDER SETTING MATTER FOR UNCONTESTED
 HEARING OR STATUS CONFERENCE
No Instructions.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 ORDER SETTING MATTER FOR UNCONTESTED FINAL HEARING
 OR FOR STATUS CONFERENCE
 The court having reviewed the file finds that:
____ The time to file an answer has expired, and therefore,
IT IS ORDERED that:
 This case is set for uncontested final hearing before Judge {name of
judge} ________________________, on {date} __________, 19__, at {time}
______________ in Room ________ of the ________________ Courthouse.
[&check; one only]
____ If no answer has been filed, please bring your default order. You will
 also need to bring proof of residency, i.e., a residency witness,
 affidavit of residency, valid Florida driver's license, or valid
 Florida voter registration card.
____ If an answer has been filed, this hearing will serve as a status
 conference.
 The Petitioner, or the attorney for the Petitioner, is required to
 notify all other parties immediately of this hearing.

*1166
 FAILURE TO APPEAR MAY RESULT IN A DISMISSAL OF THIS CASE
DATED: ________________, 19__.
 ______________________________________
 CIRCUIT JUDGE
This part to be filled in by court:
In accordance with the Americans with Disabilities Act of 1990, persons
needing a special accommodation to participate in this proceeding should
contact ________ for proceedings in court or ____________ at _________ for
out of court proceedings no later than 7 days before the proceeding.
Telephone ________ or _________ for assistance. If hearing impaired,
telephone (TDD) ______ for proceedings in court or Florida Relay Service
1-800-955-8771 for out of court proceedings.
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
Other
Name _______________________
Address ____________________
____________________________
City State Zip
Telephone No. ______________
Telefax No. ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} _________________________________ a nonlawyer,
located at {street} _____________________ {city} ____________
{state} _____, {phone} ________, helped {name} _____,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FAMILY LAW FORM 12.922(a),
 REQUEST TO ENTER DEFAULT
If your spouse has failed to file or serve any documents on you in response
to your lawsuit as required, you may ask the clerk of the court to enter a
 default against your spouse by filling out this form and filing it with the
court.
 Generally, if your spouse fails to answer your petition/request within 20
days after the date of service, you may ask the clerk to enter a default
against your spouse, Family Law Form 12.922(b). Once the default is
signed, you can request a trial in your case.
 After the default has been entered because he or she has not responded,
you must ask for a hearing for the court to consider your request. See 
Family Law Form 12.921, Order Setting Matter for Uncontested Hearing or
Status Conference or Form 12.923, Notice of Hearing (General Form).
 You should bring a proposed order with you to the hearing. You will need
to fill in Family Law Form 12.990(d), Final Default Judgment of Dissolution

*1167
of Marriage (if the default you are seeking is in another type of matter,
see the final judgments at Florida Family Law Forms 12.990-12.994(b) and
find the one most appropriate for your type of case). If the court rules in
your favor, your proposed order usually will be signed at the hearing.
 For further information, see Florida Rule of Civil Procedure 1.500
concerning defaults and Rule 1.140 for proper procedure for filing an
answer.
 What to do if a default is entered against you
You can request the court to set aside a default entered against you because
of a mistake, inadvertence, excusable neglect, newly discovered evidence, or
fraud.
 You must obtain a hearing date and time for the court to consider your
written request.
 For further information, see Florida Family Law Rule of Procedure 12.540
and Florida Rules of Civil Procedure 1.500(d) and 1.540(b).
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
FOR ___________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 REQUEST TO ENTER DEFAULT
 TO THE CLERK OF COURT: Please enter a default against the Respondent
 who has failed to respond to the petition.
I CERTIFY THAT THIS REQUEST TO ENTER DEFAULT WAS:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} ___________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name ________________________________
Address ____________________ Address _____________________________
____________________________ _____________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 __________________________________________________
 Signature of party signing certificate and pleading

*1168
 Printed name _____________________________________
 Address __________________________________________
 __________________________________________________
 City State Zip
 __________________________________________________
 Telephone (area code and number)
 __________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} __________________________________, a nonlawyer,
located at {street} _______________________ {city} _________
{state} _____, {phone} ______, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 DEFAULT
 A default is entered in this action against the Respondent for failure to
serve or file a response or any paper as is required by law.
DATED: _____________________
 CLERK OF COURT
(SEAL)
 By: __________________________________
 Deputy Clerk
I CERTIFY THAT THIS DEFAULT WAS:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} __________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________

*1169
 ______________________________________
 Signature of party
 ______________________________________
 Printed name
 ______________________________________
 Address
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________________, a nonlawyer,
located at {street} ________________ {city} __________________
{state} _____, {phone} _____, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.923,
 NOTICE OF HEARING (GENERAL FORM)
Use this form anytime you have set a hearing before a judge and have been
instructed to send notice of the hearing to the other party.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 NOTICE OF HEARING (GENERAL FORM)
[ fill in all blanks]
TO: ________________________
 ________________________
 There will be a hearing before Judge {name of judge} ____________,
on {date} _______, 19__, at {time} _____., in Room ____ of the
______________________________ Courthouse, on the following matter:
___________________________________________________________________________

*1170
___________________________________________________________________________
___________________________________________________________________________.
 ______ hours/_____ minutes have been reserved for this hearing.
If you are represented by an attorney or plan to retain an attorney for
this matter you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the judge's
office to cancel this hearing.
You will need to get the information from your local courthouse to fill out
this part:
In accordance with the Americans with Disabilities Act of 1990, persons
needing a special accommodation to participate in this proceeding should
contact _____ for proceedings in court or ____________ at __________ for
out of court proceedings no later than 7 days before the proceeding.
Telephone ________ or _____ for assistance. If hearing impaired, telephone
(TDD) __________ for proceeding in court or Florida Relay Service
1-800-955-8771 for out of court proceedings.
I CERTIFY THAT THE NOTICE OF HEARING ON {name of motion or petition to be
heard} ____________________________________________________ WAS:
(&check; one only) _____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} _________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________________, a nonlawyer,
located at {street} _________________ {city} _________________
{state} _____, {phone} __________, helped {name} ______,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.930(a),
 NOTICE OF SERVICE OF STANDARD FAMILY LAW
 INTERROGATORIES AND FAMILY LAW FORM 12.930(b),
 STANDARD FAMILY LAW INTERROGATORIES
After filing your lawsuit, you can request the other party to answer various
questions relating to your lawsuit in writing by using this form.

*1171
+10 Ten interrogatories, including subparts, may be sent to the other party
in addition to the interrogatories on Family Law Form 12.930(b). If you
wish to send more than 10 additional questions, you must have the court's
permission.
 If the other party fails to answer the questions, you may ask the
judge to order the other party to answer the questions.
 You must fill out this form and mail two copies to the other party.
 For more information, see Florida Family Law Rules of Procedure 12.280,
12.340, and 12.380 and Florida Rules of Civil Procedure 1.340 and 1.280(b).
 Instructions to Answering Party
 As a general rule, within 30 days after service of these questions, you
must answer the questions in writing and mail your answers to the other
party. All answers to these questions are made under oath. Each question
must be answered separately and as completely as the information available
to you permits. You must make a reasonable good faith effort to answer the
questions.
 You may object to a question and state the reason for the objection in the
space provided. You may also ask the judge for a protective order granting
you permission not to answer certain questions and protecting you from
annoyance, embarrassment, apprehension, or undue burden or expense.
 If you fail either to answer or object to the questions within the
required time, you may be subject to court sanctions.
 For further information, see Florida Family Law Rules of Procedure 12.280,
12.340 and 12.380 and Florida Rules of Civil Procedure 1.380, 1.280, and
1.340.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
You are notified that __________ has on ____ {date} _______, served
upon {name of person served} _______________________________________
family law standard interrogatories to be answered under oath within 30 days
after service of the interrogatories.

*1172
I CERTIFY THAT THESE STANDARD FAMILY LAW INTERROGATORIES WERE:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} ___________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________________, a nonlawyer,
located at {street} _________________ {city} ________________
{state} ____, {phone} ________, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 STANDARD FAMILY LAW INTERROGATORIES
1. BACKGROUND INFORMATION:
 a. State your full legal name and any other name by which you have been
 known.
 b. State your present residence and employment or business addresses and
 telephone numbers.
 c. State your Social Security number.

*1173
 d. State your birthdate.
 e. List all business, commercial, and professional licenses which you
 now hold or which you have held in the last 3 years.
 f. List all of your education after high school, including but not
 imited to, vocational or specialized training, including the
 following information:
 (1) Name and address of each educational institution.
 (2) Dates of attendance.
 (3) Degrees or certificates obtained.
2. EMPLOYMENT:
 a. For each place of your employment or self-employment during the last 3
 years state the following information:
 (1) Name, address, and telephone number of your employer.
 (2) Dates of employment.
 (3) Job title and brief description of job duties.
 (4) Starting and ending salaries.
 (5) Name of your direct supervisor.
 (6) All benefits received, including, for example, health, life, and
 disability insurance, expense account, use of automobile or
 automobile expense reimbursement, reimbursement for travel, food,
 or lodging expenses, payment of dues in any clubs or associations,
 and pension or profit-sharing plans.
 If you have been unemployed at any time during the last 3 years, show
 the dates of unemployment. If you have not been employed at any time in
 the last 3 years, give the requested information for your last period of
 employment.
 b. If you have been engaged in or associated with any business,
 commercial, or professional activity within the last 3 years that was
 not detailed above, state the following information for each such
 activity:
 (1) Name, address, and telephone number of each activity.
 (2) Dates you were connected with such activity.
 (3) Position title and brief description of activities.
 (4) Starting and ending salaries.
 (5) Name of your direct supervisor.
 (6) All benefits received, including, for example, health, life, and
 disability insurance, expense account, use of automobile or
 automobile expense reimbursement, reimbursement for travel, food,
 or lodging expenses, payment of dues in any clubs or
 associations, and pension or profit-sharing plans.
 If you have not been engaged in any such activities at all in the last 3
 years, give the requested information for your last period of such
 activities.

*1174
3. INCOME:
 a. For each of the last 3 years, state the following information:
 (1) Each source of your income.
 (2) The amount of income you received from each source, including
 earned, passive, and investment income and capital gains.
 b. For each of your present employment, self-employment, business,
 commercial, or professional activities, state the following
 information:
 (1) How often and on what days you are paid.
 (2) An itemization of your gross salary, wages, and income, and all
 deductions from that gross salary, wages, and income.
 (3) Any additional compensation or expense reimbursement, including,
 but not limited to, overtime, bonuses, profitsharing, insurance,
 expense account, automobile or automobile allowance that you
 have received or anticipate receiving.
 (For the purpose of these questions, the definition of income shall be
 that as contained in section 61.30, Florida Statutes.)
4. ASSETS:
 a. State the street address and legal description of all real property
 that you own, use, or hold under a deed, lease, or contract. For each
 property, state the following information:
 (1) The percentage and type interest you hold.
 (2) The names and addresses of any other persons or entities holding
 any interest.
 (3) The date of your acquisition of your interest.
 (4) The purchase price, the cost of any improvements made since it was
 purchased, and the amount of any depreciation taken.
 (5) The present market value.
 (6) The market value on the date of your separation from your spouse.

*1175
 (7) The market value on the date of the filing of the petition for
 dissolution of marriage.
 b. List all of the items of tangible personal property, that are owned
 by you or in which you have had any interest during the last 3 years,
 including but not limited to, motor vehicles, tools, furniture,
 boats, jewelry, art objects or other collections, and collectibles.
 For each item, state the following information:
 (1) The percentage and type interest you hold.
 (2) The names and addresses of any other persons or entities holding
 any interest.
 (3) The date of your acquisition of your interest.
 (4) The purchase price.
 (5) The present market value.
 (6) The market value on the date of your separation from your spouse.
 (7) The market value on the date of the filing of the petition for
 dissolution of marriage.
 c. Other than the financial accounts listed in the answer to
 interrogatory 5 below, list all of the items of intangible personal
 property that are owned by you or in which you have had any ownership
 interest within the last 3 years, including but not limited to,
 partnership and business interests, (including good will), stocks,
 bonds, receivables, choses in action, and debts owed to you by
 another entity or person. For each item state the following
 information:
 (1) The percentage and type interest you hold.
 (2) The names and addresses of any other persons or entities holding
 any interest, and the names and addresses of the persons and
 entities who are indebted to you or against whom you are claiming
 a chose in action.
 (3) The date of your acquisition of your interest.
 (4) The purchase price.
 (5) The present market value or the amounts you claim are owed as
 receivables, choses in action, or debts.
 (6) The market value or the amounts you claim are owed as receivables,
 choses in action, or debts, on the date of your separation from
 your spouse.
 (7) The market value, or the amounts you claim are owed as
 receivables, choses in action, or debts, on the date of the filing
 of the petition for dissolution of marriage.
 d. List all policies of insurance that you hold, own, or in which you
 have any interest. If the owner of any policy is anyone other than
 yourself, state the name and address of such person or entity. For
 each policy, state the following information:
 (1) The name of the insurance carrier and the name, address, and
 telephone number of the agent.
 (2) The policy number.
 (3) The type of insurance.
 (4) The face value of any life insurance or annuity policy.
 (5) The date the policy was acquired.
 (6) The beneficiary.
 (7) The cash surrender value.
 (8) The loan value.
 (9) The amount and nature of any loans outstanding against the
 policy.
 e. If you are the beneficiary of any estate, trust, insurance policy,
 or annuity state the following information for each one:
 (1) Identification of the estate, trust, insurance policy, or
 annuity.
 (2) The nature and amount of the benefit.

*1176
 (3) The value of the benefit.
 (4) Whether the benefit is vested or contingent.
 f. If you have established any trusts, state the following information:
 (1) The date the trust was established.
 (2) The names and addresses of the trustees.
 (3) The names and addresses of the beneficiaries.
 (4) The names and addresses of the persons or entities who possess
 the trust documents.
 (5) Each asset that is held in each trust, with its present fair
 market value.
 g. Other than the financial accounts listed in your answer to
 interrogatory 5 below, list all other assets that you own, in which
 you have any interest, or of which you have the use and benefit that
 has not already been listed. For each asset, state the following:
 (1) The name of the asset.
 (2) The date you acquired the asset or the date you first obtained
 the use or benefit of it.
 (3) The name and address of the person or entity from whom the asset
 was acquired or who allows you the use and benefit of it.
 (4) The fair market value on the date you acquired the asset or the
 use or benefit of it.
 (5) The fair market value on the date of your separation from your
 spouse.
 (6) The fair market value on the date of the filing of the petition
 for dissolution of marriage.
 (7) The present fair market value.
5. FINANCIAL ACCOUNTS:
 a. Are you an owner, participant, or alternate payee in any pension,
 profit sharing, deferred compensation, or retirement plan? If so, please
 state the following:
 (1) The precise legal name of the plan, and the name and address of
 the plan administrator or trustee.
 (2) A description of the type of plan, whether profit sharing, defined
 benefit, defined contribution, IRA, Keogh, or other.
 (3) The account balance of any money held for your benefit or to which
 you are entitled, and your accrued monthly benefit.

*1177
 (4) The location and last valuation date of said asset, the amount
 currently vested, and the schedule of vesting.
 (5) An itemization of any loans that you have made against the plan
 during the last 5 years, the outstanding balance of the loans, and the
 amounts of the loans.
 b. List all accounts, including checking, money market, brokerage, or
 any other investments that you have had any legal or equitable interest
 in, regardless of whether the interest is or was held in your own name
 individually, in your name with another person, or in any other name,
 within the last 3 years. Give the name and address of each institution,
 the name in which each account is or was maintained, the account
 numbers, and the names of each person authorized to make withdrawals
 from the accounts. State the present balance in each account, giving the
 largest balance during the last 12 months.
 c. State whether, during the past 3 years, you have prepared any
 financial statements, loan applications, or lists of your assets and
 liabilities. If so, for each document state: the date of preparation;
 the purpose for which the document was prepared; the name and address of
 the person or firm who prepared the document; and the names and
 addresses of any persons or financial institutions to whom the
 statements, applications, or lists were presented.
 d. State the names, addresses, and telephone numbers of your accountant
 and any other persons who possess your financial records, and as to each
 state which records they possess.
 e. State the location of all safes, vaults, or other similar
 depositories in which you maintained property at any time during the
 period commencing 1 year before the initiation of the action pending
 before this court until the date of furnishing answers to this
 interrogatory. State the names and addresses of all banks or other
 depositories where you had a safe deposit box; where you were a
 signatory or co-signatory on a safe deposit box; where you have access
 to a safe deposit box; or where you maintained property in a safe
 deposit box at any time during the period commencing 1 year before the
 initiation of the action before this court until the date of your
 answering this interrogatory. Provide the name and address of each other
 person who has had access to any such depository during the same time
 period. List any items removed from any depository by you or your agent
 during that time, together with the present location and fair market
 value of each item.
6. LIABILITIES:
 a. List all of your liabilities, debts, and other obligations,
 indicating for each: the name and address of the creditor; the nature of
 the security, if any; the payment schedule; the current status of your
 payments; and the total amount of arrearage, if any.

*1178
 b. List all charge accounts and credit cards upon which you are a
 signatory, which you use, or which are issued to you. For each account
 listed give the account number, the current status of your payments,
 the balance presently owed, and the minimum monthly payments.
7. LIVING EXPENSES:
 a. Complete Florida Family Law Form 12.901(d) or 12.901(e) and, if
 applicable, Florida Family Law Form 12.901(g), child support worksheet.
 Both of these forms are attached. You do not need to do this if a
 financial affidavit complying with Family Law Form 12.901(d) or
 12.901(e) and/or Florida Family Law Form 12.901(g) has been filed with
 the court and served on the parties.
8. MISCELLANEOUS:
 a. List all other assets that you own, have an interest in, or have the
 use or benefit of, setting forth for each your interest in the asset and
 its value. For each, set forth the date of your acquisition, receipt, or
 inheritance, or the date of your first being given use or benefit; the
 party from whom it was received; the value on the date of your
 acquisition or use; the value on the date of marriage; the value on the
 date of the filing of the petition for dissolution of marriage; and the
 present value.
 b. If you are claiming a special equity in any assets, list the asset,
 the amount claimed as special equity, and all facts upon which you rely
 in your claim.
 c. If the mental or physical condition of a spouse or child is an issue,
 identify the person and state the name and address of all health care
 providers involved in the treatment of that person.
I AM AWARE THAT ANY MATERIALLY FALSE STATEMENT KNOWINGLY MADE
WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE
PENALTY FOR PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE
COURT.
DATED: _____________________
I CERTIFY THAT THE ANSWERS TO THESE STANDARD FAMILY LAW INTERROGATORIES
WERE:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} _____________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________

*1179
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________________, a nonlawyer,
located at {street} ___________________ {city} ______________
{state} ____, {phone} _______, helped {name} _______,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FAMILY LAW FORMS 12.931(a),
 NOTICE OF PRODUCTION FROM NON-PARTY AND 12.931(b)
 SUBPOENA FOR PRODUCTION OF DOCUMENTS
 If you need copies of documents for your lawsuit from a person who is
not a party, you must complete this notice and subpoena, file the notice and
subpoena and a copy of the subpoena with the court, and provide a copy of
the notice and subpoena to the other person in your case.
 After 10 days from the date of mailing your notice and subpoena to the
court, you must request the clerk of the court to sign the subpoena and
request a deputy sheriff or process server to serve the subpoena on the
person listed in the subpoena. The person receiving the subpoena may charge
you a reasonable fee for copies of the documents.
 If the other person objects in writing within 10 days of this notice, you
may not use this procedure to obtain documents unless and until the court
says you can.
These papers must comply with Florida Family Law Rule of Procedure 12.280
and Florida Rules of Civil Procedure 1.280, 1.350, 1.351, and 1.410.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\

*1180
 NOTICE OF PRODUCTION FROM NON-PARTY
TO: [all parties]
 YOU ARE NOTIFIED that after 10 days from the date of service of this
notice the undersigned will apply to the clerk of this court for issuance of
the attached subpoena directed to {name of person, organization or agency}
____________, who is not a party, to produce the items listed at the time
and place specified in the subpoena. Objections to the issuance of this
subpoena must be filed with the clerk within 10 days.
I CERTIFY THAT THIS NOTICE OF PRODUCTION TO NON-PARTY WAS:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand delivered
to the person(s) listed below on {date} _____________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawer} _________________________________, a nonlawyer,
located at {street} _____________ {city} ____________________
{state} ____, {phone} _____, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\

*1181
 SUBPOENA FOR PRODUCTION OF DOCUMENTS
THE STATE OF FLORIDA
TO: ______________
 YOU MUST go to {place} ______________________________, on
 (place)
{date} ____, at {time} ____, and bring with you at that time and place the
following: ________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
These items will be inspected and may be copied at that time. You will not
have to leave the original items.
 You may obey this subpoena by providing readable copies of the items to be
produced to the party or their attorney whose name appears on this subpoena
on or before the scheduled date of production. You may condition the
preparation of the copies upon payment in advance of the reasonable cost of
preparation. You may mail or deliver the copies to the attorney whose name
appears on this subpoena and thereby eliminate your appearance at the time
and place specified above.
 If you fail to
 (1) appear as specified; or
 (2) furnish the records instead of appearing as provided above; or
 (3) object to this subpoena,
you may be in contempt of court.
 You are subpoenaed by the person whose name appears on this subpoena and,
unless excused by that person or the court, you shall respond as directed.
You will need to get the information from your local courthouse to fill in
this part:
 In accordance with the Americans with Disabilities Act of 1990, persons
needing a special accommodation to participate in this proceeding should
contact _____ for proceedings in court or _______________ at ________ for
out of court proceedings no later than 7 days before the proceeding.
Telephone ________ or ________ for assistance. If hearing impaired,
telephone (TDD) ________ for proceedings in court or Florida Relay Service
1-800-955-8771 for out of court proceedings.
Date: ______________________
 (Name of Clerk)
 As Clerk of the Court
 By: _______________________________
 As Deputy Clerk
Name _______________________
Address ____________________

*1182
Telephone No. ______________
 I HEREBY CERTIFY that I gave notice to every other party to this action of
the intent to serve a subpoena upon a person who is not a party to this
action directing that person to produce documents or things without
deposition. I also certify that no objection under Florida Rule of Civil
Procedure 1.351 has been received by the undersigned within 10 days of
service of this notice, if service was by hand delivery or appropriate
facsimile transmission, and within 15 days if service was by mail.
 Dated: __________, 19__
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ________________________, a nonlawyer, located at
{street} __________________ {city} ________ {state} ____,
{phone} ______, helped {name} ___________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.931(c),
 REQUEST FOR DOCUMENTS PRODUCED BY SUBPOENA
 If you need copies of documents or items received by the other party in
your case from another person responding to the other party's subpoena for
your lawsuit, you must complete this request, file it with the court, and
provide a copy of your request to the other party. The other party may
charge you a reasonable cost for preparing the copies.
 For further information, see Florida Rule of Civil Procedure 1.351(d).
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.

*1183
___________________________\
 REQUEST FOR DOCUMENTS PRODUCED BY SUBPOENA
TO: [Name of party or attorney who served subpoena]
 I request legible copies of the documents produced to you in response to
your subpoena without deposition upon: {name of deponent} __________. I will
pay the reasonable cost of making these copies.
I CERTIFY THAT THIS REQUEST FOR DOCUMENTS PRODUCED BY SUBPOENA
WAS:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand delivered
to the person(s) listed below on {date} _____________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ___________________________, a nonlawyer, located at
{street} ____________ {city} ________ {state} ______,
{phone} _______, helped {name} __________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.940(a), (b) AND (c),
 MOTION, ORDER AND EMPLOYER'S DECLARATION OF HEALTH INSURANCE
 COVERAGE
 You should use form 12.940(a) if the other parent of your children has
failed to provide medical insurance for your child(ren) within 30 days after
receiving effective notice of a court order requiring that parent to
maintain medical insurance coverage.
 You first need to serve written notice of your intent to enforce a medical
support order by mailing your notice to the other parent's last known
address. If he/she fails to provide you with proof of insurance for your
child(ren) within 15 days after mailing the notice, you need to fill out
this form and file it with the court. You also need to obtain a hearing date
before the court to hear your request to order the other parent's employer
to enroll and maintain the child(ren) on the health insurance plan. See 
Family Law Form 12.923, Notice of Hearing (General Form).
 Once the order is signed by the court, Family Law Form 12.940(b),
you need to mail the signed order and Family Law Form 12.940(c) to the
other parent's employer.

*1184
 For further information, see § 61.13(1)(b), Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 MOTION FOR HEALTH INSURANCE COVERAGE
1. On {date} __________, this court ordered the child(ren)'s [&check; one only]
 ____ father or ____ mother to provide health insurance coverage for the
 following child(ren):
 Name Date Of Birth Age Soc. Sec. No.
_________________ ________________ _________ ____________________
_________________ ________________ _________ ____________________
_________________ ________________ _________ ____________________
_________________ ________________ _________ ____________________
_________________ ________________ _________ ____________________
2. Notice to [&check; one only] ____ Petitioner or ____ Respondent:
 [&check; one only]
 ____ a. On _________, which is at least 15 days before filing this
 application, I gave written notice of my intent to seek this
 order to __________ by [&check; one only] _____ certified
 mail _____ personal service.
 ____ b. The requirement of written notice has been waived by the other
 party.
3. I ask the court to order the employer, or other person providing health
 insurance coverage to enroll or maintain the child(ren) on any health
 insurance coverage available to father/mother.
I CERTIFY THAT THE MOTION FOR HEALTH INSURANCE COVERAGE WAS:
(&check; one only) ____ mailed, ____ telefaxed and mailed, or ____ hand delivered
to the person(s) listed below on {date} ____________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________

*1185
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ____________________
 Sworn to (or affirmed) and subscribed before me on {date} ________, 19__
by {name} _____________________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ________________________, a nonlawyer, located at
{street} __________________ {city} _____________ {state} ______,
{phone} ________, helped {name} ______________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\
 ORDER FOR HEALTH INSURANCE COVERAGE
TO: ALL EMPLOYERS (OR FUTURE EMPLOYERS), or any other person providing
 health insurance coverage for OBLIGOR {name of person who was
 ordered to provide health insurance} ________________________:

*1186
 YOU ARE HEREBY ORDERED TO:
1. Begin or maintain health insurance coverage on the child(ren). You may
 deduct any premium or costs from the wages or earnings of the OBLIGOR
 {name of person who was ordered to provide health insurance} _________.
2. If the OBLIGOR works for you, or if you have health insurance coverage
 available to OBLIGOR, you must give him or her a copy of this order
 within 10 days after you receive it.
3. If no health insurance coverage is available to the OBLIGOR, complete
 and sign the DECLARATION OF NO HEALTH INSURANCE COVERAGE form and mail
 the declaration within 20 days to the attorney or person requesting the
 insurance coverage.
DONE and ORDERED in {name} ____________________ County, Florida, on
{date} _________________, 19__.
 __________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________
Obligor's employer
Name _______________________
Address ____________________
____________________________
City State Zip
Telephone No. ______________
Telefax No. ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ______________________, a nonlawyer, located at
{street} __________________ {city} __________ {state} _____,
{phone} _____, helped {name} ____________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\

*1187
 INSTRUCTIONS TO EMPLOYER OR OTHER
 PERSON PROVIDING HEALTH INSURANCE
1. If the obligor works for you or health insurance is available through
 your company, you must give obligor a copy of this order within 10 days
 after you receive it.
2. Unless you receive a motion to quash the assignment of insurance
 benefits, you must take steps to begin or maintain health insurance
 coverage for the specified child(ren) within the shortest possible time
 consistent with group plan enrollment rules.
3. The obligor's existing health coverage shall be replaced only if the
 child(ren) are not provided benefits under the existing coverage where
 they reside.
4. If the obligor is not enrolled in a plan and there is a choice of several
 plans, you may enroll the child(ren) in any plan that will reasonably
 provide benefits of coverage where they live, unless the court has
 ordered coverage by a specific plan.
5. If no coverage is available, complete the declaration of no health
 insurance coverage on this page, and mail the declaration by first class
 mail to the attorney or applicant seeking the coverage within 30 days of
 your receipt of this order. Keep a copy of the form for your records.
6. If coverage is provided, you must supply evidence of coverage to both
 parents and any person having custody of the child(ren).
7. Upon request of the parents or person having custody of the child(ren),
 you must provide all forms, identification cards, and other
 documentation necessary for submitting claims to the insurance carrier
 to the extent you provide them to other covered individuals.
8. You must notify the applicant of the effective date of the coverage of
 the child(ren).
9. You will be liable for any amounts incurred for health care services
 which would have otherwise been covered under the insurance policy, if
 you willfully fail to comply with the terms of the order attached. You
 can also be held in contempt of court. Florida law forbids your firing
 or taking any disciplinary action against any employee because of the
 health insurance coverage order.
 EMPLOYEE INFORMATION
The attached order tells your employer or other person providing health
insurance coverage for you to enroll or maintain the named child(ren) in a
health insurance plan available to you and to deduct the appropriate
premium amount or costs, if any, from your wages or other compensation.
 EMPLOYER'S DECLARATION OF NO HEALTH INSURANCE COVERAGE
I, (name) ____________________ as (position) _____________
for (company) ____________________ located at ____________________,
whose telephone is __________, HEREBY DECLARE THAT NO HEALTH INSURANCE
COVERAGE IS AVAILABLE TO OBLIGOR: _________________________________________
because (state reasons) __________________________________________.
DATED: _____________________
 __________________________________________
 Signature of party signing certificate
 Position _________________________________
 Printed name _____________________________
 Address __________________________________
 __________________________________________
 City State Zip
 __________________________________________

*1188
 Telephone (area code and number)
 __________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF __________________
 Sworn to (or affirmed) and subscribed before me on {date} _____________,
19__ by {name} __________________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
____ Personally known
____ Produced identification Type of identification produced ___________
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.941(a), MOTION FOR TEMPORARY
INJUNCTION TO PREVENT REMOVAL OF CHILD(REN) AND DENIAL OF
PASSPORT SERVICES
You should use this form if you believe there is a real risk of the other
parent removing the children from the area. You must be able to give
specific reasons why you believe this might occur, for example, the other
parent has family and other means of financial support in another state or
country and they have made threats that they will take the children there.
You must fill out Family Law Form 12.941(b), sign it before a notary
public and file it with your request. You will need to set a hearing to
bring your motion before the court. See Family Law Form 12.923, Notice
of Hearing (General Form).
In these forms and other court papers, you are referred to either as the
Petitioner or the Respondent. The Petitioner is the person who originally
opened the case. The Respondent is the other party. For further assistance
in identifying yourself as the Petitioner or Respondent, find your name on
the upper left side of the first page of a paper previously filed in your
case. Under your name you should see the word Petitioner or Respondent.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
___________________________\

*1189
 MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF
 CHILD(REN) AND DENIAL OF PASSPORT SERVICES
 [&check; one only] ____ Petitioner or ____ Respondent requests the court enter a
temporary injunction to prevent removal of minor child(ren) from
jurisdiction of this court and deny passport services for said minor
child(ren) and states [&check; all that apply]:
____ 1. There is/are child(ren) involved in this case.
____ 2. The child(ren) has/have been resident of __________ County, Florida,
 since __________________________________.
 3. [&check; one only]
 ____ a. I have previously filed a Uniform Child Custody Jurisdiction
 Act Affidavit (Florida Family Law Form 12.901(f)). Since the time I
 filed the affidavit, no final order has been entered in this case and
 I have obtained no information of any custody proceeding concerning
 the child(ren) in this case or any other state.
 ____ b. My Uniform Child Custody Jurisdiction Act Affidavit, Family
 Law Form 12.901(f), is attached.
____ 4. The child(ren) are about to be permanently removed from the
 jurisdiction of the court.
____ 5. It is in the best interest of the child(ren) that the child(ren)
 not be removed from the jurisdiction of the court.
____ 6. My Affidavit In Support Of Motion For Temporary Injunction To
 Prevent Removal Of Child(ren), Florida Family Law Form 12.941(b) is
 attached.
 7. [&check; one only]
 ____ a. I certify that I have made the following efforts to give
 notice of this motion to the person against whom I am requesting this
 injunction (list the efforts you have made) _________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 or, if applicable:
 ____ b. Notice should not be required for the following reason(s)
 (list the reason(s)):
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 8. [&check; all that apply]
 ____ a. In order to prevent the removal of the child(ren) from the
 jurisdiction of this court, it is necessary for the court to issue
 an injunction.
 ____ b. In order to prevent the removal of the child(ren) from the
 United States of America, it is necessary for the court to order the
 denial of passport services for the child(ren).
____ 9. In order to prevent the removal of the child(ren) from the United
 States of America, (fill in the name of the other parent or
 custodian) __________ should be required to deliver immediately the
 child(ren)'s passport(s) to: [&check; one only] ____ Petitioner or ____
 Respondent or ____ the court or ____ other (specify)
 ____________________________________________________________________.
____ 10. I have been required to incur expenses for attorney's fees, suit
 money and costs in the bringing of this motion. I do not have

*1190
 sufficient funds to pay those fees and costs. _________________
 (name of the other parent or custodian) has the ability to pay the
 fees and costs. The court should require _______________ (name of
 the other parent or custodian) to pay the attorney's fees and
 costs.
 WHEREFORE, I, [&check; one only] ____ Petitioner or ____ Respondent request
 the court to enter an order: [&check; all that apply]
____ 1. Granting a temporary injunction to prevent removal of the child(ren)
 from the jurisdiction of the court.
____ 2. Denying passport services for the child(ren).
____ 3. Requiring the delivery of the child(ren)'s passport(s) to __________
 (identify the same person as in paragraph 9).
____ 4. Awarding me attorneys' fees, suit money, and costs.
____ 5. Granting other relief the court deems proper under the
 circumstances.
I CERTIFY THAT THE MOTION FOR TEMPORARY INJUNCTION TO PREVENT
REMOVAL OF CHILDREN AND DENIAL OF PASSPORT SERVICES WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} ________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. ___________________________
DATED: _____________________
 ___________________________________________________
 Signature of party signing certificate and pleading
 Printed name ______________________________________
 Address ___________________________________________
 ___________________________________________________
 City State Zip
 ___________________________________________________
 Telephone (area code and number)
 ___________________________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ______________________, a nonlawyer, located at
{street} __________________ {city} ___________ {state} _____,
{phone} ________, helped {name} ________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_______________________________,
 Petitioner

*1191
 and
____________________________,
 Respondent.
________________________\
 AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION AGAINST
 REMOVAL OF MINOR CHILDREN
 [name] ____________, states under oath that (check where applicable):
____ 1. This affidavit is filed in support of my motion for temporary
 injunction to prevent removal of child(ren).
____ 2. There is/are ______ child(ren) involved in this case (write in the
 name(s) of the child(ren) and the other information requested):
 Name(s) Age(s) Residing with Residence Address
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 3. [&check; one only]
 ____ a. I have previously filed a Uniform Child Custody Jurisdiction
 Act Affidavit, Florida Family Law Form 12.901(f). Since the time I
 filed the affidavit, there have been no factual changes in the
 affidavit.
 ____ b. My Uniform Child Custody Jurisdiction Act Affidavit, Florida
 Family Law Form 12.901(f), is attached.
____ 4. I am fearful that ___________ (fill in the name of the other parent
 or custodian) will permanently remove the child(ren) from this
 jurisdiction to ____________ (identify the place where you believe
 the child(ren) will be taken) for the following reasons (list the
 reasons why you believe the child(ren) is/are about to be removed
 and will not be returned): ___________________________
 ___________________________________________________________________
 ___________________________________________________________________
____ 5. I or the child(ren) will suffer the following irreparable injury,
 loss or damage if the child(ren) is/are permanently removed from
 this jurisdiction (list the reasons why you do not want the
 child(ren) removed): ______________________________________
 ___________________________________________________________________
 ___________________________________________________________________
____ 6. I am in need of relief from the court to prevent the removal of the
 child(ren).
I CERTIFY THAT THIS AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY
INJUNCTION AGAINST REMOVAL OF MINOR CHILDREN WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} ________________, 19__.
Party or their attorney Other
(if represented)
Name _______________________ Name _________________________________
Address ____________________ Address ______________________________
____________________________ ______________________________________
City State Zip City State Zip
Telephone No. ______________ Telephone No. ________________________
Telefax No. ________________ Telefax No. __________________________

*1192
DATED: _____________________
 ____________________________________________________
 Signature of party signing certificate and affidavit
 Printed name _______________________________________
 Address ____________________________________________
 ____________________________________________________
 City State Zip
 ____________________________________________________
 Telephone (area code and number)
 ____________________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _____________________
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__
by {name} _____________________________.
 ___________________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________, a nonlawyer, located at
{street} ______________________ {city} _______________ {state} _____,
{phone} ________________, helped {name} _______________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.942(a) AND (b),
 MOTION AND ORDER APPOINTING GUARDIAN AD LITEM
In a lawsuit involving divorce or modification of parental responsibility,
custody, or visitation, the court may appoint a guardian ad litem to act as
next friend, investigator, and/or evaluator in the best interest of the
child(ren). In lawsuits involving verified allegations of child abuse or
neglect, the court must appoint a guardian ad litem. The guardian ad litem
submits his or her report to the court.
 If you desire that a guardian ad litem be appointed for your
child(ren), you can fill out Family Law Form 12.942(a) and file it with
the court. You also will need to obtain a hearing date and time with the
court for your request to be heard. See Family Law Form
12.923, Notice of Hearing (General Form).
You need to complete Family Law Form 12.942(b), except for the name and
address of the proposed guardian ad litem, and bring it with you to the
hearing. The court determines who will serve as the guardian ad litem and
the method of payment of guardian ad litem fees, if applicable.
 If the court rules in your favor, your proposed order usually will be
signed at the hearing.
 For further information, see §§ 61.401-61.404, Florida Statutes.

*1193
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of
Family Law Form 12.900, Disclosure from Nonlawyer, before they help you.
Anyone helping you fill out these forms also must put their name,
address, and telephone number on the bottom of the last page of every form
they help you fill out.
 IN THE CIRCUIT COURT OF THE _______ JUDICIAL CIRCUIT, IN AND
 FOR _______________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
The [&check; one only] ____ Petitioner or ____ Respondent asks this court to
appoint a guardian ad litem and states:
1. Matters before court:  primary residential parent  parental
 responsibility  visitation
2. Child(ren)
 Name(s) Date Of Birth Age Sex Presently residing with
 __________ _____________ ____ ____ _______________________
 __________ _____________ ____ ____ _______________________
 __________ _____________ ____ ____ _______________________
 __________ _____________ ____ ____ _______________________
 __________ _____________ ____ ____ _______________________
3. A guardian ad litem is necessary to protect the best interests of the
 child(ren).
4. There [&check; one only] ____ is or ____ is not a history of domestic
 violence between the parties.
5. Other court-ordered social investigations are:
 ____ Custody investigation unit home study
 ____ Other {specify} _________________________________________
I CERTIFY THAT THE MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} _______, 19__.
Party or their attorney (if represented) Other
Name _________________________________ Name _______________________
Address ______________________________ Address ____________________
______________________________________ ____________________________
City State Zip City State Zip
Telephone No. ________________________ Telephone No. ______________
Telefax No. __________________________ Telefax No. ________________
DATED: _______________________________

*1194
 ______________________________________
 Signature of party signing certificate
 and pleading
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ____________________, a nonlawyer, located at
{street} _____________________ {city} ___________ {state} ___________,
{phone} ___________________, helped {name} __________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 ORDER APPOINTING GUARDIAN AD LITEM
 The court hereby appoints the State of Florida Guardian ad Litem Program
for the ____ Judicial Circuit to assign a certified Guardian ad Litem in
this cause on behalf of the minor child(ren). It is further ORDERED as
follows:
 1. Powers of Guardian. The guardian ad litem, as party to this cause and a
representative of the child(ren) shall have the powers, privileges and
responsibilities to the extent necessary to advance the best interest of the
child(ren); including, but not limited to, the following:
 a. Notice Required Prior to Certain Interviews. The guardian ad litem
may investigate the allegations of the pleadings affecting the child and,
after proper notice to interested parties to the litigation, may interview
witnesses, or any other person having information concerning the welfare of
the child; provided, however, that no such notice shall be required prior
to any interview with the child or the parties as this order shall serve as
notice of the guardian ad litem's intent to interview the child and the
parties. Receipt of notice does not give the parties or the parties'
attorneys any rights to attend or participate in such interviews of
non-parties. However, except for scheduling matters, the guardian ad litem
shall not have any communication with any of the parties represented by an
attorney unless all attorneys participate or consent to non-participation.
 b. Court Order Required to Inspect Records Other Than Court File
and School Records. The guardian ad litem, through counsel, may petition

*1195
the court for an order directed to a specified person, agency, or
organization, including, but not limited to, hospitals, medical doctors,
dentists, psychologists and psychiatrists, which order directs that the
guardian ad litem be allowed to inspect and copy any records and documents
which relate to the minor child or to the child's parents or other custodial
persons or household members with whom the child resides. Such order shall
be obtained only after notice to all parties and hearing thereon; provided,
however, that upon presentation of this order to the appropriate person or
office, the guardian ad litem is authorized, pursuant to section 61.403(2),
Florida Statutes, to inspect and copy any school and/or daycare records or
medical records relating to the child(ren) without a hearing or consent of
the parent(s).
 c. Court Order Required for Expert Examinations. The guardian ad litem,
through counsel, may request the court to order expert examinations of the
child, the child's parents, or other interested parties in the action, by
medical doctors, dentists, and other providers of health care including
psychiatrists, psychologists, or other mental health professions.
 d. Guardian's Right To Discovery and Other Relief. A guardian ad litem,
acting through counsel, may file such pleadings, motions, or petitions for
relief as the guardian ad litem deems appropriate or necessary and may
request and provide discovery.
 e. Presence of Guardian At Depositions and Hearings. The guardian ad
litem, through counsel, may compel the attendance of witnesses; provided,
however, that a guardian ad litem may be present and appear without counsel
at such proceedings but may not participate unless permitted by the court.
 f. Party to Agreement. The guardian ad litem appointed to this cause is
a party and must be advised of any agreement or plan entered into in this
cause. The guardian ad litem shall submit his/her recommendations to the
Court regarding any stipulation or agreement, whether incidental, temporary,
or permanent, which affects the interest or welfare of the child(ren),
within ten (10) days after the date such stipulation or agreement is served
upon the guardian ad litem.
 2. Parties to Provide Notice to Guardian ad Litem. The guardian ad litem
shall be given reasonable written notice by any party who shall schedule
judicial hearings, depositions or judicial conferences, and shall have the
right to be present. Written notice to the guardian ad litem shall be mailed
or delivered to the Guardian ad Litem Program, Circuit Court of the _____
Judicial Circuit, {city} _____________________, Florida.
 3. All parties are ordered to make themselves and their child(ren)
available for interview by the guardian ad litem.
 4. Reports and Recommendations. The guardian ad litem shall file a written
report which may include recommendations and a statement of the wishes of
the child. The report must be filed and served on all parties at least 20
days prior to the hearing at which it will be presented unless the court
waives such time period. The guardian ad litem shall file and serve such
other reports as directed by the Court.
 5. Confidentiality. The parties and their counsel shall maintain as
confidential the report of the guardian ad litem, and all supporting
documents, exhibits, reports and other information. No party or counsel may
disclose any information or document, or any part of the guardian's report
except with the approval of the Court.
DONE and ORDERED in {name} __________________________ County, Florida, on
{date} _______, 19__.
 _______________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ___________________________________ Name __________________________
Address ________________________________ Address _______________________
________________________________________ _______________________________
City State Zip City State Zip

*1196
Telephone No. __________________________ Phone No. _____________________
Telefax No. ____________________________ Fax No. _______________________
Guardian ad Litem Office
Name ___________________________________
Address ________________________________
________________________________________
City State Zip
Telephone No. __________________________
Telefax No. ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
I, {name of nonlawyer} ____________________________, a nonlawyer, located at
{street} _________________________ {city} ____________ {state} _________,
{phone} ________________, helped {name} ________________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(a), AFFIDAVIT AND WAIVER OF
FEES FOR PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 See Appendix 4 for instructions and information. A financial affidavit
( Family Law Form 12.901(d) or 12.901(e), Family Law Financial Affidavit)
also may be required for a waiver of fees.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR _________________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 AFFIDAVIT AND WAIVER OF FEES FOR PETITION FOR INJUNCTION
 FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 I, {name} ______, being duly sworn, do hereby certify that I do not have
enough money to pay filing fees to the clerk of the circuit court or service
fees to the Sheriff or other authorized law enforcement agencies and ask
that, as allowed by section 741.30(2)(a) or section 784.046(3)(b), Florida
Statutes, the fees be waived to process the petition and serve the
injunction, subject to a later order of the court about the payment of
those fees.
 _______________________________________
 Signature of party
 _______________________________________
 Printed name

*1197
 _______________________________________
 *Address
 _______________________________________
 *City State Zip
 _______________________________________
 *Telephone (area code and number)
SWORN TO and signed before me on
___________________, 19__.
* (DO NOT ENTER IF ADDRESS OR PHONE NUMBER NEEDS TO BE KEPT
CONFIDENTIAL FOR SAFETY, INSTEAD NOTIFY CLERK OF COURT WHEN
FILING THIS PAPER)
CLERK OF THE CIRCUIT COURT
By: ______________________
 Deputy Clerk
 CLERK'S CERTIFICATE AS TO
 AFFIDAVIT AND REQUEST FOR WAIVER OF FEES
 I, _______________, as Clerk of the Circuit Court, do here by certify that
on the ____ day of ________, 19__, I received and filed an Affidavit and
Request for Waiver of Fees pursuant to § 741.30(2)(a) or § 784.04(3)(b),
Florida Statutes, of _____, Petitioner, without prepayment of fee to the
extent necessary to process the petition and serve the injunction, subject
to a subsequent order of the court relative to the payment of such fees.
 WITNESS my hand and seal in the City of _______ County of ______, State of
Florida, this ____ day of _________, 19__.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: ______________________________
 Deputy Clerk
COPIES PROVIDED TO:
 Respondent by Sheriff's Service
 Sheriff of ____________________ County
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(b)
 PETITION FOR INJUNCTION AGAINST DOMESTIC VIOLENCE
 See Appendix 4 for instructions and for information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________

*1198
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 BEFORE ME, the undersigned authority, personally appeared Petitioner,
{name} __________________ who has been sworn and says that the following
statements are true:
1. Petitioner resides at: _________________________________________________
 {City, State and Zip Code}
(DO NOT ENTER IF RESIDENCE OR PHONE TO BE KEPT CONFIDENTIAL FOR
SAFETY, INSTEAD NOTIFY CLERK OF COURT WHEN FILING THIS PAPER)
2. Respondent resides at: _________________________________________________
 {City, State and Zip Code}
3. [&check; one only]
 a. ____ Petitioner is paying the filing fee and Sheriff's (or other
 authorized law enforcement agency's) service fees.
 b. ____ Petitioner does not have enough money to pay filing fees or
 service fees and files this and a financial affidavit asking that
 he/she not have to pay the fees necessary to process the Petition and
 serve the Injunction, as well as any motions or orders needed to
 enforce the Injunction, subject to later order(s) of the court about
 the payment of these fees.
4. Respondent's last known place of employment: ___________________________
 Working hours _________________________________________________________
5. Physical description of Respondent:
 Race: ______________ Sex: ____ M ____ F Date of Birth: ________________
 Height: __________ Weight: _______ Eye Color: ______ Hair: ____________
 Distinguishing marks/scars: ___________________________________________
 Vehicle: (make/model) ______________ Color: __________ Tag: ___________
6. Aliases of Respondent: ______________ Nickname: ____________
7. Respondent is (select only one of the following):
 ____ a. The spouse of the Petitioner.
 ____ b. The former spouse of the Petitioner.
 ____ c. Any other person related by blood or marriage to the petitioner,
 specify relationship __________________________________________
 ____ d. Any other person who is or was residing within a single dwelling
 unit with the Petitioner, as if a family.
 ____ e. A person with whom Petitioner has a child in common, even if the
 Petitioner and Respondent never were married or residing
 together, as if a family.

*1199
8. The following describes any other court case, including a dissolution of
 marriage or paternity action, going on between the Petitioner and
 Respondent (include case number):
 ________________________________________________________________________
 ________________________________________________________________________
9. The following describes any previous or pending attempts to get an
 injunction for protection against domestic violence by Petitioner
 against Respondent in this or any other court, and what happened in that
 case (include case number): ____________________
 ________________________________________________________________________
10. Has the Respondent ever gotten or tried to get a domestic violence
 injunction against Petitioner?
 ____ Yes ____ No
 If Yes, case number ___________________________________________________
11. Petitioner has suffered or has reasonable cause to fear domestic
 violence at the hands of the Respondent because (briefly describe the
 latest incident of violence or threat of violence): On
 {date} ________ _____ ________________, at
 {location} ______________________________________, the Respondent:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
12. Additional information:
 a. ____ Other instances of domestic violence as described on attached
 sheet.
 b. ____ The Respondent owns, possesses and/or is known to possess
 weapons. ____ Yes ____ No
 If yes, what type of weapons: _________________________________
 c. ____ The Respondent has a drug and/or alcohol problem:
 ____ Yes ____ No
 d. ____ The Respondent has a history of mental health problems:
 ____ Yes ____ No; has been the subject of a Baker Act
 proceeding: ____ Yes ____ No; and/or takes medication for
 mental health problems: ____ Yes ____ No
 e. ____ Petitioner has known Respondent since {date} ___________________
 f. ____ Petitioner's attorney's name, address and telephone number
 is: _______________
 _______________________________________________________________
 (If you do not have an attorney, state "none".)
 g. ____ Respondent's attorney's name, address and telephone number
 is: _______________
 _______________________________________________________________
 (If you do not know, state "unknown". If Respondent does not
 have an attorney, state "none".)
13. The Petitioner claims the following about the home that the Petitioner
 and Respondent share or that Petitioner left because of domestic
 violence:
 a. ____ Petitioner needs the exclusive use and possession of the home
 that the parties share at the following address: ______________

*1200
 b. ____ Petitioner is unable to obtain safe alternative housing because
 ______________
 _______________________________________________________________
 _______________________________________________________________
 c. ____ The home is owned or leased by the Petitioner and Respondent
 jointly.
 ____ The home is solely owned or leased by the Petitioner.
 ____ The home is solely owned or leased by the Respondent.
 d. ____ If removed from the home, the Respondent has the money to get
 other housing or may live without money at {address} ___________
 {City, State, Zip Code} ______________________________________
SECTIONS 14-19 MUST BE ANSWERED IF PETITIONER IS SEEKING CUSTODY
OF ANY MINOR CHILD
14. ____ Petitioner is the natural parent, adoptive parent, or guardian by
 court order of the minor child(ren) whose name(s) and age(s)
 is/are as listed below. The name, place of birth, birthdate and
 sex of each child, the present address*, periods of residence
 and places where each child has lived within the past 5 years, and
 the name, present address and relationship to the child of each
 person with whom the child has lived during that time are: (if
 more space is needed, attach a separate sheet)
OR ATTACH A UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT,
FLORIDA FAMILY LAW FORM 12.901(f).
* (DO NOT ENTER IF RESIDENCE IS WITH PETITIONER AND
RESIDENCE OR PHONE IS TO BE KEPT CONFIDENTIAL FOR SAFETY, INSTEAD
NOTIFY CLERK OF COURT WHEN FILING THIS PAPER)
CHILD(REN)'S NAME PLACE OF BIRTH BIRTHDATE SEX
___________________ _________________ ____________ _______
___________________ _________________ ____________ _______
___________________ _________________ ____________ _______
___________________ _________________ ____________ _______
Period of Residence* Person Child Lived With Relationship
of Child(ren) (name & address)
___________ to present _______________________ _________________
 _______________________
___________ to _______ _______________________ _________________
 _______________________
___________ to _______ _______________________ _________________
 _______________________
___________ to _______ _______________________ _________________
 _______________________
CURRENT SCHOOL OR DAY CARE OF CHILD(REN) __________________________________
Address: __________________________________________________________________
INSTRUCTIONS: PLEASE CHECK ONLY 1 OF THE FOLLOWING:
15. ____ I HAVE NOT been a party, witness, or been involved in any other
 lawsuit or custody proceeding, in this or any other state, about
 custody of the child(ren) involved in this court case.
 OR
 ____ I HAVE been a party, witness, or involved in another lawsuit or
 custody proceeding, in this or some other state, about custody of
 the child(ren) involved in this court case as follows:
 a. Name of each child: ____________________________________________

*1201
 b. Type of proceeding: ____________________________________________
 c. Court and State: _______________________________________________
 d. Date of Court Order or Judgment (if any): ______________________
 ________________________________________________________________
 e. Case Number: ___________________________________________________
INSTRUCTIONS: [ &check; one only]
16. ____ I HAVE NO INFORMATION about any custody proceeding that is going on
 in a court of this or any other state about the child(ren) involved
 in this court case, other than what I listed in my answer to 15
 above.
 OR
 ____ I HAVE THE FOLLOWING INFORMATION about a custody proceeding in a
 court of this or some other state about the child(ren) involved in
 this court case, other than what I listed in my answer to question
 15 above:
 a. Name of each child: ____________________________________________
 b. Type of proceeding: ____________________________________________
 c. Court and State: _______________________________________________
 d. Date of Court Order or Judgment (if any): ______________________
 _______________________________________________________________
 e. Case Number: ___________________________________________________
INSTRUCTIONS: PLEASE CHECK ONLY 1 OF THE FOLLOWING:
17. ____ I DO NOT KNOW OF ANY PERSON not a party to this court case who has
 physical custody or claims to have custody or visitation rights
 with any child involved in this court case.
 OR
 ____ I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to this
 court case has physical custody or claims to have custody or
 visitation rights to the child(ren) involved in this court case
 listed below:
 Name of Child(ren): _______________________________________________
 ___________________________________________________________________
 Name of Person(s) who claims custody/visitation rights: ___________
 Address: __________________________________________________________
 ___________________________________________________________________
 [ &check; all that apply]
 a. ____ Has Physical Custody
 b. ____ Claims Custody Rights
 c. ____ Claims Visitation
18. ____ Petitioner genuinely fears that Respondent will abuse, remove or
 hide the minor child(ren) from Petitioner because: _______________
 __________________________________________________________________
 ___________________________________________________________________
19. ____ Petitioner claims that letting Respondent know that the Petitioner
 is trying to get an Injunction against Respondent before the
 Injunction is available to protect Petitioner would put the life,
 health or well being of the Petitioner and/or the Petitioner's
 immediate family in great and immediate danger.
20. ____ Petitioner claims that he/she has a need for the money he/she is
 asking the court to make Respondent pay and the Respondent has the
 ability to pay that money.

*1202
 WHEREFORE, the Petitioner asks the court to give an injunction (mark the
 appropriate sections):
NOTE: The Court may consider the following: "Ex-Parte" (without notice and
hearing). This relief may be awarded for up to 15 days.
 a. ____ Immediately keeping the Respondent from doing any acts of
 domestic violence.
 b. ____ Giving to the Petitioner the temporary exclusive use and
 possession of the home that the parties share or keeping the
 Respondent away from the home of the Petitioner and any future
 home of Petitioner.
 c. ____ Keeping the Respondent away from the place of employment of the
 Petitioner.
 d. ____ Giving temporary custody of, and/or setting up temporary
 visitation rights with the minor child(ren) of the parties.
 e. ____ Doing anything the court decides is needed to protect a victim
 of domestic violence, including injunctions or directives to
 law enforcement agencies.
NOTE: The court may consider the following only with hearing and notice to
the Respondent. These things may be allowed for up to 1 year.
 f. ____ Continuing for up to 1 year any of the things listed in
 a  e above.
 g. ____ Give temporary support for the minor child(ren). (Financial
 Affidavit, Florida Family Law Form 12.901(d) or (e) must be
 completed and filed with the court and a copy sent to
 Respondent before the hearing.)
 h. ____ Give temporary support for the Petitioner. (Financial Affidavit,
 Florida Family Law Form 12.901(d) or (e) must be completed and
 filed with the court and a copy sent to the Respondent before
 the hearing.)
 i. ____ Make Respondent go to a batterer's intervention program or other
 treatment described in section 415.601, Florida Statutes.
 I understand that as Petitioner I am swearing under oath to the
truthfulness of the claims made in this paper and that the punishment for
knowingly making a false statement includes fines and/or imprisonment.
DATED: ___________________
 ______________________________________
 Signature of party signing petition
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF _________________________________
 Sworn to (or affirmed) and subscribed before me on {date} _________, 19__
by {name} ____________________________.

*1203
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]
____ Personally known
____ Produced identification Type of identification produced ____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANK BELOW: [ fill in all blanks]
I, {name of nonlawyer} __________________________, a nonlawyer, located at
{street} _________________________ {city} _____________ {state} _______,
{phone} _______________, helped {name} ________________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(c), ORDER DENYING
 PETITION FOR TEMPORARY INJUNCTION FOR PROTECTION AGAINST
 DOMESTIC VIOLENCE
 You should fill out and bring this proposed order with you to the hearing.
If the court rules in your favor, your proposed order usually will be signed
at the hearing.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address,
and telephone number on the bottom of the last page of every form they help
you fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 ORDER DENYING PETITION FOR TEMPORARY INJUNCTION
 FOR PROTECTION AGAINST DOMESTIC VIOLENCE
TO: PETITIONER TO: RESPONDENT
_________________________________ _____________________________________
Name Name
__________________________________ _____________________________________
Address Address
__________________________________ _____________________________________
City State Zip City State Zip
 The Petition for Injunction for Protection Against Domestic Violence filed
under section 741.30, Florida Statutes, or Repeat Violence under section
784.046, Florida Statutes, has been reviewed. This court, based on the
claims presented in the petition finds as follows:

*1204
____ The claims in the petition for injunction for protection are not enough
 under Florida Law (section 741.30 or 784.046, Florida Statutes) to
 allow the court to issue an ex parte temporary injunction against
 domestic/repeat violence.
____ It does not appear that there is an immediate and present danger of
 domestic violence as required under section 741.30, Florida Statutes.
____ Other: _______________________________________________________________
 ______________________________________________________________________
 DONE and ORDERED in {name} ___________________________ County, Florida, on
{date} ______________, 19__.
 _________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name __________________________ Name ____________________________
Address _______________________ Address _________________________
_______________________________ _________________________________
City State Zip City State Zip
Telephone No. _________________ Telephone No. ___________________
Telefax No. ___________________ Telefax No. _____________________
Other
Name __________________________
Address _______________________
_______________________________
City State Zip
Telephone No. _________________
Telefax No. ___________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ____________________________, a nonlawyer, located at
{street} _______________________ {city} ____________ {state} ________,
{phone} ____________, helped {name} ___________________, who is the
[&check; one only] ____ petitioner or ____ respondent, fill out this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(d), TEMPORARY
 INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 See Appendix 4 for instructions and information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address,
and telephone number on the bottom of the last page of every form they help
you fill out.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________

*1205
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 The petition for Temporary Injunction under section 741.30, Florida
Statutes, and other papers filed in this court case have been reviewed.
I. NOTICE OF HEARING
As this Temporary Injunction for Protection has been issued without notice
to the Respondent, the Petitioner and Respondent are hereby told that they
must come and testify at a hearing on {day and date}
_____________________, at _____ a.m./p.m., when the court will consider
whether this Temporary Injunction for Protection shall continue for a
longer period not to exceed one year and whether other things should be
ordered including who should pay the filing fees and costs. The hearing
will be before Circuit Judge {name} __________________________,
Room/Courtroom {room name/number} ______ in the {location}
_____________ County Courthouse, {address, city} ________________
______________________________________ Florida.
If the Petitioner and Respondent do not appear, the Injunction may be
continued in force, extended, dismissed and/or additional orders may be
granted.
II. FINDINGS
The statements under oath by the Petitioner make it appear that section
741.30, Florida Statutes, applies to the parties because it appears that an
immediate and present danger of domestic violence exists and that
irreparable harm and injury will probably occur in the form of violence to
Petitioner or persons lawfully with Petitioner unless this injunction is
issued without notice.
III. TEMPORARY INJUNCTION
 CONSIDERED, ORDERED AND ADJUDGED:
A. The Respondent shall not harm, molest, stalk, sexually assault, strike,
 sexually batter, or commit battery upon Petitioner or commit any other
 criminal offense resulting in physical injury to Petitioner or any of
 Petitioner's household members who are residing in the same single
 dwelling unit with Petitioner.
B. Respondent is ordered to leave immediately and remain away from the home
 located at
 _________________________________________________________________________
* (DO NOT ENTER IF RESIDENCE OR PHONE TO BE KEPT CONFIDENTIAL FOR
SAFETY, INSTEAD NOTIFY CLERK OF COURT)
Petitioner shall have exclusive use and possession of this home, and the
Respondent is ordered to stay away from the following places which the
Petitioner goes to often:
___________________________________________________________________________
___________________________________________________________________________
1. Respondent, if living there, will leave the home immediately, taking with
 him/her only his/her clothes, and personal and health hygiene items.

*1206
2. Respondent is allowed to return to the home only one time and only if
 necessary to remove clothes, personal health and hygiene items. The
 Sheriff and any of his authorized deputies and officers from any
 municipality with jurisdiction of the home described above can go with
 Respondent to the home and stand by while he/she takes his/her personal
 items.
3. If Petitioner asks for the help of a law enforcement agency, the court
 hereby authorizes an officer to accompany and assist in putting
 Petitioner in possession of clothes, personal health and hygiene items
 which may be in the premises formerly shared by the parties.
C. Petitioner and Respondent shall not telephone one another at his/her
 address, unless this injunction specifically allows indirect contact
 through a third person.
D. Respondent is further ordered not to harass, threaten, follow or
 intimidate Petitioner, Petitioner's minor child(ren), or anyone in said
 home or in Petitioner's company.
E. Respondent is ordered to stay away from Petitioner's place of employment
 and is further ordered not to harass anyone connected with Petitioner's
 employment nor telephone Petitioner's place of employment.
F. Temporary custody of the minor child(ren) is awarded to Petitioner:
 ________________________________________________________________________
Respondent shall not take the child(ren) from the custody of Petitioner or
any childcare provider or other person entrusted by Petitioner with the
care of the child(ren). Neither party shall remove the minor child(ren) from
the State of Florida, the jurisdiction of this court, prior to the hearing
on this Temporary Injunction. Violation of this custody order may
constitute a misdemeanor of the first degree, section 787.03, or a felony of
the third degree, section 787.04, Florida Statutes.
G. The Sheriffs and all law enforcement officers of the State of Florida
 shall use any and all reasonable and necessary force to physically
 deliver the minor child(ren) to the Petitioner.
H. Visitation shall be limited to that supervised by a third party as
 follows: ________
 ________________________________________________________________________
I. Visitation shall be as follows: ________________________________________
 ________________________________________________________________________
J. Other: _________________________________________________________________
IV. SANCTIONS
A. The injunction shall be effective until the hearing set above and in no
 event for longer than 15 days, unless extended by court order.
B. Any violation of this Temporary Injunction for Protection Against
 Domestic Violence shall be subject to civil or indirect criminal contempt
 proceedings, including the imposition of a fine or imprisonment. A person
 may be charged with a crime punishable by a fine, jail, or both, as
 provided by Florida Statutes.
V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS
 TEMPORARY INJUNCTION
A. The Sheriff of _______ County, or any other law enforcement officer, is
 ordered to serve this temporary injunction upon the Respondent as soon
 as possible after its issuance.

*1207
B. Violation of this Temporary Injunction should be reported to the
 appropriate law enforcement agency. If there has not been an arrest, the
 Petitioner may contact the Clerk of the Circuit Court of the county in
 which the violation occurred and complete an affidavit in support of the
 violation.
C. Reports concerning arrested and at large violators shall be forwarded to
 the Domestic Violence Unit of the State Attorney's Office. Upon receiving
 such a report, the State Attorney is hereby appointed to prosecute such
 violations by indirect criminal contempt proceedings or the State
 Attorney may decide to file a criminal charge, if warranted by the
 evidence. VIOLATION OF THIS INJUNCTION IS PUNISHABLE BY JAIL OR FINE OR
 BOTH.
D. Should any Florida law enforcement officer having jurisdiction have
 probable cause to believe that Respondent has knowingly violated this
 injunction, the officer shall arrest Respondent, confine him/her in the
 county jail without bail, and shall bring him/her before the Initial
 Appearance Judge on the next regular court day so that Respondent can be
 dealt with according to law. The arresting agent shall notify the
 Domestic Violence Unit of the State Attorney's Office immediately after
 arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND
 LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION
 901.15(6), FLORIDA STATUTES.
E. The appropriate Sheriff and any of his authorized deputies and officers
 from any municipality with jurisdiction of the residence described above
 are authorized to assist the Petitioner in obtaining exclusive possession
 of the dwelling described above and, if requested by Petitioner, putting
 Petitioner in possession of clothes, and personal health and hygiene
 items that may be in the premises formerly shared by the parties.
 This proceeding is not a dissolution of marriage. In order for financial
matters to be resolved, there must be compliance with the Florida Rules of
Civil Procedure, the Florida Family Law Rules of Procedure, and chapter 61,
Florida Statutes.
 The Respondent upon service of this Temporary Injunction upon him/her,
shall be deemed to have knowledge of and to be bound by all matters
occurring at the hearing on the face of the order, as well as any further
injunction that may be entered at that hearing. A copy of any such
injunction shall be mailed to the Respondent at the last address known to
the Clerk, but failure of the Respondent to receive the mailed copy shall
not excuse Respondent from being bound by that injunction.
 WARNING
 THE COURT MAY ENFORCE COMPLIANCE WITH THE ABOVE TERMS OF
THIS INJUNCTION THROUGH CONTEMPT PROCEEDINGS OR AS PROVIDED BY
THE LAWS OF THE STATE OF FLORIDA. VIOLATION OF THIS ORDER MAY
SUBJECT THE VIOLATOR TO CRIMINAL PROSECUTION.
 THIS INJUNCTION IS VALID AND ENFORCEABLE IN ALL COUNTIES OF THE
STATE OF FLORIDA.
 LAW ENFORCEMENT OFFICERS MAY USE THEIR ARREST POWERS FOR
VIOLATIONS OF THIS INJUNCTION UNDER WHICH CRIMINAL SANCTIONS MAY
BE IMPOSED BY THE LAWS OF THE STATE OF FLORIDA.
 ANY VIOLATION OF THIS INJUNCTION, WHETHER OR NOT AT THE INVITATION
OF THE PETITIONER, MAY SUBJECT YOU TO CRIMINAL PROSECUTION.
THE PROVISIONS OF THIS INJUNCTION MAY BE ENDED ONLY BY THE COURT.
 IT IS A FEDERAL CRIME FOR THE RESPONDENT TO WHOM THIS ORDER IS
DIRECTED TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE,
OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION;
OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS

*1208
BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE.
18 U.S.C.A. SEC. 2265
 FULL FAITH AND CREDIT: THIS PROTECTION ORDER MEETS THE REQUIREMENTS
OF 18 U.S.C.A. SEC. 2265(b) AND THEREFORE SHALL BE ACCORDED
FULL FAITH AND CREDIT BY THE COURT OF ANOTHER STATE OR INDIAN
TRIBE (THE ENFORCING STATE OR INDIAN TRIBE) AND ENFORCED AS IF IT
WERE THE ORDER OF THE ENFORCING STATE OR TRIBE. 18 U.S.C.A. SEC. 2265
 DONE AND ORDERED in the City of ___________________________, County of
______________________, Florida, this _____ day of _______, 19__.
 _____________________________________
 CIRCUIT JUDGE
 I HEREBY CERTIFY that I have furnished a certified copy of this order to
the Petitioner(s) and the _____________ County Sheriff's Department or any
other designated Law Enforcement Agency for service on Respondent(s) this
{date} ______________, 19__.
 ____________________________________
 CLERK OF THE CIRCUIT COURT
 BY: ________________________________
 DEPUTY CLERK
To be filled out by the court:
In accordance with the Americans with Disabilities Act of 1990, persons
needing a special accommodation to participate in this proceeding should
contact ________ for proceedings in court or _______________ at _____ for
out of court proceedings no later than 7 days before the proceeding.
Telephone __________ or __________ for assistance. If hearing impaired,
telephone (TDD) __________ for proceedings in court or Florida Relay
Service 1-800-955-8771 for out of court proceedings.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(e), INJUNCTION FOR
 PROTECTION AGAINST DOMESTIC VIOLENCE (AFTER NOTICE)
 See Appendix 4 for instructions and information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address,
and telephone number on the bottom of the last page of every form they help
you fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 (AFTER NOTICE)
THIS CAUSE came on to be heard on {date} ____________, upon Petitioner's

*1209
application for Injunction for Protection against Domestic Violence pursuant
to section 741.30, Florida Statutes, with proper service of the temporary
injunction and notice of hearing upon Respondent, this court being fully
advised in the premises, and the Petitioner having established to the
court's satisfaction that Petitioner has been the victim of an act of
domestic violence or has reasonable cause to believe that he/she may
become the victim of an act of domestic violence, and is entitled to the
issuance of this injunction,
 IT IS ORDERED AND ADJUDGED as follows:
1. APPEARANCE OF RESPONDENT
 Respondent [&check; one only] ____ did/____ did not appear.
2. COSTS/FEES [&check; one only]
____ Petitioner and Respondent are indigent and do not have to pay the
 filing and service fees.
____ Petitioner is not indigent and it is ordered that the filing fee or
 balance due on it and service fees shall be paid within ____ days.
____ Respondent shall pay the filing fee in the amount of $ ____ to the
 Clerk on or before {date} ___________ and service fees are to be paid
 right away.
____ Respondent shall repay petitioner for the filing fee in the amount of
 $ ____ on or before {date} _______________.
The Clerk of the Court fees shall be paid at:
 Address _________________________________
 _________________________________________
 City State Zip
 Telephone No. ___________________________
 Telefax No. _____________________________
and the Sheriff's Office (service) fees shall be paid at:
 Address _________________________________
 _________________________________________
 City State Zip
 Telephone No. ___________________________
 Telefax No. _____________________________
Both may be paid in person or by mail.
3. Respondent is ordered not to commit any act of violence, abuse, threat,
or harassment, at any time or any place whatsoever, including, but not
limited to: assault, battery, sexual battery, stalking, aggravated stalking,
or any criminal offense resulting in physical injury or death to Petitioner,
or any member of Petitioner's immediate family. Respondent is further
ordered not to cause any other person to commit any act of violence, threat,
or harassment upon the petitioner.
4. Petitioner and Respondent shall have no contact whatsoever directly or
indirectly, whether in person, by telephone, in writing or by computer,
except as necessary to allow child visitation, if granted. If Respondent is
ordered to leave a shared home, Respondent may return to the home, upon
reasonable notice to the Petitioner, for the limited purpose of removing
strictly personal belongings, if any, on one occasion only if accompanied
by law enforcement or as follows:
___________________________________________________________________________
___________________________________________________________________________

*1210
5. USE OF PARTIES' HOME [&check; one only]
____ a. Petitioner is awarded exclusive use and occupancy of the home which
the parties share. Respondent shall leave said home, located at ____________
___________________ (DO NOT ENTER IF RESIDENCE RESIDENCE OR PHONE TO
BE KEPT CONFIDENTIAL FOR SAFETY, INSTEAD NOTIFY CLERK OF COURT)
and Respondent is further ordered not to come on or about the premises,
except as necessary to allow court-ordered child visitation.
____ b. Respondent shall not go onto the residential premises of
petitioner, living separately, located at _________________________________
(DO NOT ENTER IF RESIDENCE RESIDENCE OR PHONE TO BE KEPT CONFIDENTIAL
FOR SAFETY, INSTEAD NOTIFY CLERK OF COURT) or wherever petitioner
may live in Florida, except to allow court-ordered child visitation.
____ 6. PLACE OF EMPLOYMENT [ fill in all blanks that apply]
 Respondent shall not go onto Petitioner's place of employment, located
at _________________________________________________________, or wherever
Petitioner may be employed in Florida.
7. CUSTODY OF CHILDREN
[&check; all that apply, fill in all blanks that apply]
____ a. Petitioner is given temporary custody of the parties' minor
 child(ren), whose names and birthdates are as follows:
 Name ___________________________ DOB ______________________________
 Name ___________________________ DOB ______________________________
 Name ___________________________ DOB ______________________________
 Name ___________________________ DOB ______________________________
____ b. Respondent [&check; one only] ____ shall or ____ shall not be allowed to
 visit with the child(ren).
____ c. Respondent's visitation shall be [&check; one only] ____ supervised or
 ____ unsupervised. If child visitation is to be supervised, the
 visitation shall be supervised by a mutually-agreed upon third
 party. If the parties are unable to agree, a professional agency
 shall supervise the child visitation.
____ d. Respondent is awarded the following minimum visitation with respect
 to the child(ren):
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
8. NET INCOME [ fill in all blanks]
 The net income of Petitioner is $ _____.
 The net income of Respondent is $ _____.
9. CHILD SUPPORT
[&check; all that apply, fill in all blanks that apply]
____ a. Respondent shall pay to Petitioner the sum of $ ____ per child ____
 weekly/ ____ bimonthly/ ____ monthly, as temporary support for the
 parties' minor child(ren), as provided in section 61.13, Florida
 Statutes. Unless agreed by the parties in writing, such payments
 shall be made to ____________________________________.
 [Depository Address]
 Any fees shall be the responsibility of the Respondent.
____ b. Respondent shall contribute $ ____ per week for child care
 expenses.
____ c. Respondent [&check; one only] ____ shall or ____ shall not be required to
 maintain health insurance coverage for the parties' minor child(ren)
 and for Petitioner.
 Any uncovered medical costs for the minor child(ren) shall be

*1211
 assessed as follows:
 _________________________________________.
10. ALIMONY
[&check; all that apply, fill in all blanks that apply]
____ a. Respondent shall pay to Petitioner the sum of $ ____, ____
 weekly/ ____ bi-monthly/ _____ monthly, as temporary alimony. Unless
 agreed by the parties in writing, payment shall be made to
 _________________________________________.
 [Depository Address]
 Any fees shall be the responsibility of Respondent.
____ b. The court finds that Petitioner has the need for the support ordered
 above and the Respondent has the ability to pay this support.
11. BATTERERS' INTERVENTION PROGRAM
[&check; one only]
____ a. Respondent shall contact personnel of the below-named Batterers'
 Intervention Program within 48 hours of service of this injunction
 (excluding weekends and holidays) to arrange to enter same at
 his/her expense, and successfully complete this program.
 Agency Name: ______________________________________________________
 Address: __________________________________________________________
 Telephone Number: _________________________________________________
____ b. The court finds by substantial and competent evidence that it is
 not necessary for respondent to attend a Batterers' Intervention
 Program because ___________________________________________________.
12. The following additional order is necessary to protect the petitioner
from domestic violence:
___________________________________________________________________________
___________________________________________________________________________
13. Upon Petitioner's request, an officer from the appropriate law
enforcement agency shall accompany Petitioner and assist in placing
Petitioner in possession of the dwelling or residence or other property
listed below and in securing and ensuring the placement of the parties'
minor child(ren) with Petitioner or otherwise assist in the execution or
service of this injunction. The appropriate law enforcement agency shall not
be obligated to store and/or otherwise maintain custody and/or control over
the personal property, or take custody of the minor child(ren). The
Petitioner must accompany the appropriate law enforcement agency to execute
this portion of the injunction.
14. Any relief granted by this injunction shall be effective for a period of
one year from the date it is issued. The victim may petition the court for
an extension of the provisions of this injunction not to exceed one year
before the expiration date. Either party may ask the court to change or end
the injunction at any time.
15. The Clerk of the Court shall forward a copy of the injunction to the
local law enforcement agency with jurisdiction over the residence of
Petitioner within 24 hours after its entry. Each appropriate law
enforcement agency shall make available to other law enforcement officers,
through a system for verification, information as to the existence and
status of such injunction.
16. Pursuant to section 901.15(6) and (7), an officer may arrest Respondent
without a warrant for violating this injunction when the officer has
probable cause to believe Respondent has: (1) knowingly committed an act in
violation of this injunction which creates a threat of imminent danger to
the Petitioner or household members, over the objection of Petitioner, if
necessary; OR (2) committed an act of domestic violence as defined in
section 741.28, Florida Statutes, and the officer reasonably believes that
there is danger of violence unless the person alleged to have committed the
domestic violence is arrested without delay. This paragraph does not limit

*1212
or expand the officer's arrest authority conferred by any other provision of
law. (See section 901.15, Florida Statutes generally). Respondent shall be
taken to the next first appearance if arrested for a crime and thereafter
may be admitted to bail in accordance with the provisions of chapter 903,
Florida Statutes, and the applicable rules of criminal procedure pending
hearing or trial.
17. The Sheriff or municipal law enforcement officer shall serve a copy of
any order provided and this injunction at the earliest possible time upon
Respondent, who is located at:
Residence: ________________________________________________________________
Business: _________________________________________________________________
Copies may be mailed by the clerk to a party who was present at the
injunction hearing, otherwise the immediate assistance of the Sheriff is
required. There shall be compliance with the Sheriff's service requirements.
 WARNING
 THE COURT MAY ENFORCE COMPLIANCE WITH THE ABOVE TERMS OF
THIS INJUNCTION THROUGH CONTEMPT PROCEEDINGS OR AS PROVIDED BY
THE LAWS OF THE STATE OF FLORIDA. VIOLATION OF THIS ORDER MAY
SUBJECT THE VIOLATOR TO CRIMINAL PROSECUTION.
 THIS INJUNCTION IS VALID AND ENFORCEABLE IN ALL COUNTIES OF THE
STATE OF FLORIDA.
 LAW ENFORCEMENT OFFICERS MAY USE THEIR ARREST POWERS FOR
VIOLATIONS OF THIS INJUNCTION UNDER WHICH CRIMINAL SANCTIONS MAY
BE IMPOSED BY THE LAWS OF THE STATE OF FLORIDA.
 ANY VIOLATION OF THIS INJUNCTION, WHETHER OR NOT AT THE INVITATION
OF THE PETITIONER, MAY SUBJECT YOU TO CRIMINAL PROSECUTION.
THE PROVISIONS OF THIS INJUNCTION MAY BE ENDED ONLY BY THE COURT.
IT IS A FEDERAL CRIME FOR THE RESPONDENT TO WHOM THIS ORDER IS
DIRECTED TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE,
OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION;
OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS
BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE.
18 USCA SEC. 2265
 FULL FAITH AND CREDIT: THIS PROTECTION ORDER MEETS THE REQUIREMENTS
OF 18 U.S.C.A. SEC. 2265(b) AND THEREFORE SHALL BE ACCORDED
FULL FAITH AND CREDIT BY THE COURT OF ANOTHER STATE OR INDIAN
TRIBE (THE ENFORCING STATE OR INDIAN TRIBE) AND ENFORCED AS IF IT
WERE THE ORDER OF THE ENFORCING STATE OR TRIBE. 18 U.S.C.A. SEC. 2265
DONE and ORDERED in {name} ____________________ County, Florida, on
{date} _________, 19__.
 __________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ____________________________ Name ___________________________________
Address _________________________ Address ________________________________
_________________________________ ________________________________________
City State Zip City State Zip
Telephone No. ___________________ Telephone No. __________________________
Telefax No. _____________________ Telefax No. ____________________________

*1213
Other
Name ____________________________
Address _________________________
_________________________________
City State Zip
Telephone No. ___________________
Telefax No. _____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} _____________________________ {city} ___________________
{state} ________, {phone} _______________, helped {name} __________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(f),
 FINAL ORDER OF DISMISSAL OF INJUNCTION FOR PROTECTION
 AGAINST DOMESTIC VIOLENCE
 See Appendix 4 for instructions and for information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
ORDER OF DISMISSAL OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 THIS CAUSE came before the court on this date upon petitioner's action for
an Injunction Against Domestic Violence and it appearing to the court as
follows:
[&check; one only]
 ____ That petitioner failed to appear and, accordingly, this case is
 dismissed without prejudice.
 ____ That petitioner appeared but desires to voluntarily dismiss this
 action and, accordingly, the case is dismissed without prejudice.
 ____ The petitioner appeared, but did not sustain his/her burden of proof
 under section. 741.30 Florida Statutes and, accordingly, the case is
 dismissed.
 DONE and ORDERED in {name} ___________________________ County, Florida, on
{date} __________, 19__.

*1214
 _______________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name _______________________________ Name _____________________________
Address ____________________________ Address __________________________
____________________________________ __________________________________
City State Zip City State Zip
Telephone No. ______________________ Telephone No. ____________________
Telefax No. ________________________ Telefax No. ______________________
Other
Name _______________________________
Address ____________________________
____________________________________
City State Zip
Telephone No. ______________________
Telefax No. ________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ______________________________ {city} _____________
{state} _______, {phone} _______________, helped {name} ____________________
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(g),
 PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
No instructions.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
[ fill in all blanks that apply]
 The Petitioner, {name} ____________________, files this petition and says:
 1. Petitioner resides at address: _______________________________________
City ______________________________ State __________________ Zip __________

*1215
(DO NOT ENTER IF RESIDENCE OR PHONE TO BE KEPT CONFIDENTIAL FOR
SAFETY, INSTEAD NOTIFY CLERK OF COURT WHEN FILING THIS PAPER)
 2. Respondent resides at address: _______________________________________
City ______________________________ State __________________ Zip __________
 3. [&check; one only]
 a. ____ Petitioner is paying the filing fee and Sheriff's service fees.
 OR
 b. ____ Petitioner does not have enough money to pay filing fees or
service fees and files this and a financial affidavit asking that he/she not
have to pay the fees necessary to process the Petition and serve the
Injunction, as well as any later motions or orders needed to enforce or
change the injunction, subject to later order(s) of the court about the
payment of fees.
 4. Physical description of Respondent: [ fill in all blanks that apply]
 Race: __________ Sex: _____ M ____ F Date of Birth: ___________________
 Height: ________ Weight: ________ Eye Color: ____ Hair: _______________
 Distinguishing marks/scars: ___________________________________________
 Vehicle: (make/model) _______________ Color: ____ Tag: ________________
 5. Aliases of Respondent: ______________________ Nickname: ______________
 6. The Respondent has directed at least two incidents of "violence"
meaning assault, battery, or sexual battery against the Petitioner or a
member of the Petitioner's immediate family. One of these two incidents of
"violence" has occurred within 6 months of the date of filing of this
petition. Most recent incident (including date and location):
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
Prior incidents (include dates and location):
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 7. Petitioner has suffered or has reasonable cause to fear more acts of
violence because Respondent has:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

*1216
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 8. Petitioner seeks: An immediate injunction temporarily enjoining
Respondent from committing any further acts of violence; an ex parte
injunction permanently enjoining Respondent from committing any further
acts of violence; an injunction providing any terms the court deems
necessary for the protection of the Petitioner and the Petitioner's
immediate family, including any injunctions or directives to law
enforcement agencies.
Questions 9-13 [ fill in all blanks that apply]
 9. The Petitioner is asking the Court to restrain the Respondent from
entering into the premises of the Petitioner at his/her residence located
at:
___________________________________________________________________________
___________________________________________________________________________
(DO NOT ENTER IF RESIDENCE OR PHONE TO BE KEPT CONFIDENTIAL FOR
SAFETY, INSTEAD NOTIFY CLERK OF COURT)
 The lease is in the name of: __________________________________________
or the property is owned by: ______________________________________________
10. The Petitioner is also requesting that the Respondent be restrained
from entering into the premises of the Petitioner's place of employment
located at: _______________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
11. The following describes any previous or pending attempts to get an
injunction for protection against repeat violence by Petitioner against
Respondent in this court or any other court, and what happened in that
case: (include case number)
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
12. The following describes any other court case(s) going on between the
Petitioner and the Respondent: (include case number)
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
13. Has Respondent ever gotten or tried to get a repeat violence injunction
 against Petitioner?
 [&check; one only] ____ Yes ____ No. If Yes, please give case number: ________
14. Additional Information:
 A. The Respondent owns, possesses, and/or is known to possess weapons.
 [&check; one only] ____ yes or ____ no
 If yes, what type of weapons: _____________________________________
 B. The Respondent has a drug and/or alcohol problem: [&check; one only] ____
 yes or ____ no
 C. Petitioner has known Respondent since: {date} _____________________
 D. The Respondent has a history of mental health problems: [&check; one only]
 ____ yes or ____ no; has been the subject of a Baker Act proceeding:

*1217
 [&check; one only] ____ yes or ____ no; and/or takes medication for mental
 health problems: [&check; one only] ____ yes or ____ no.
 E. Petitioner's attorney's name, address and telephone number is: _____
 ____________________________________________________________________
 (If you do not have an attorney state "none.")
 F. Respondent's attorney's name, address and telephone number is: _____
 ____________________________________________________________________
 (If you do not know, state "unknown." If Respondent does not have an
 attorney, state "none.")
15. Petitioner claims that letting Respondent know that the Petitioner is
trying to get an Injunction against Respondent before the Injunction is
available to protect Petitioner would put the life, health, or wellbeing of
the Petitioner and/or Petitioner's immediate family in great and immediate
danger.
 WHEREFORE, the Petitioner seeks an injunction [&check; all that apply]:
NOTE: The Court may consider the following: "Ex Parte" (without notice and
hearing). This relief may be awarded for up to 15 days.
 a. ____ Immediately restraining the Respondent from committing any acts
 of violence.
 b. ____ Restraining the Respondent from entry onto the Petitioner's
 residential premises or Petitioner's place of employment.
 c. ____ Providing any terms the court deems necessary for protection of
 a victim of violence, including injunctions or directives to law
 enforcement agencies.
NOTE: The Court may consider the following only with hearing and notice to
the Respondent. This relief may be awarded for up to one year.
 d. ____ Continuing for up to one year any of the things listed in a-c
 above.
 I understand that as Petitioner, I am swearing under oath to the
truthfulness of the claims made in this document and that the punishment for
knowingly making a false statement includes fines and/or imprisonment.
DATED: ________________________________
 ______________________________________
 Signature of party signing certificate
 and pleading
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ______________________________
 Sworn to (or affirmed) and subscribed before me on {date} _________, 19__
by {name} ________________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]

*1218
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} _______________________________ {city} _________________
{state} __________, {phone} ______________, helped {name} __________________
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(a),
 PETITION FOR STEPPARENT ADOPTION
 The adopting stepparent is the "Petitioner" on this form. All
information required must be filled in by the adopting stepparent.
 After the petition is completed take it to a notary public. You and your
spouse must sign the form in the presence of the notary, who must also sign
the form and seal it.
 See Appendix 5 and Chapter 63, Florida Statutes, for further information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR ____________ COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: __________________
_______________________________________,
 Adoptee
[use name to be given to child(ren)]
 PETITION FOR ADOPTION BY STEPPARENT
 [ fill in all blanks]
 Petitioner, ____________________, Social Security No. ___________________,
files this petition for adoption of the above-named minor child(ren),
pursuant to Chapter 63, Florida Statutes, and states as grounds for it:
 1. This is an action for adoption of a minor child(ren) by [&check; one only]
 ____ his or ____ her or ____ their stepparent, _______________________.
 2. I desire to adopt ____________________________________, who was born on
 [child's current name]
_____________________, at _________________________________________________.
 [date] [city, county, and state]
A copy of the birth certificate is attached. Further, I desire to adopt the
minor child in that the child has resided in my care and custody since
________________________ and I now wish to establish legally the
 [date]
parent/child relationship already existing between me and the child. Since
that time I have adequately been able to provide for the material needs of
the child and am able to continue to do so in the future, as well as to
provide for the child's mental and emotional well-being.

*1219
3. I am ____ years old and I currently live in ___________________ County,
Florida. I have sufficient resources to provide for the child including the
following [Employer's name and address or other source of income]:
_______________________________. I intend to remain a resident of Florida.
 4. The birth _____ father or _____ mother of the child(ren) and I were
married on ___________________ in _________________________ County, Florida.
 [date]
 5. The adoptee's name shall be: _________________________________________.
 6. A completed Uniform Child Custody Jurisdiction Affidavit, Family Law
Form 12.901(f) is attached to this petition.
 7. The adoptee's birth parents are:
 ____________________________________ ________________________________
 Father's Name Birthdate
 ______________________________________________________________________
 Address
 ____________________________________ ________________________________
 Mother's Name Birthdate
 ______________________________________________________________________
 Address
 8. Consent (mark all that apply):
 ____ a. _______________________, the birth mother/father of the child
 consents to this adoption. The consent is attached to and made a
 part of this petition.
 ____ b. The consent of the birth father should not be required because:
 [&check; one only]
 ____ The minor child is not the birth father's by virtue of a
 previous adoption.
 ____ The minor child has not been established by a court
 proceeding to be his child.
 ____ To my knowledge, the birth father has not acknowledged in
 writing, signed in the presence of competent witnesses, that
 he is the father of the minor child, nor has he filed such an
 acknowledgment with the Vital Statistics Office of the
 Department of Health and Rehabilitative Services.
 ____ The birth father has not provided the child with support in a
 repetitive and customary manner.
 ____ c. The consent of the birth parent should be excused for the
 following reason: [&check; one only]
 ____ The birth parent has deserted the child without providing a
 means of identification or has abandoned the child.
 ____ The birth parent's rights have been terminated by a court
 order.
 ____ The birth parent has been declared incapacitated by a court
 and restoration of capacity is medically improbable.
 ____ The legal guardian or lawful custodian of the child, other
 than the birth parent, has failed to respond in writing to a
 request for consent for a period of 60 days or, after
 examination of his/her reasons for withholding consent the
 court has found them to be unreasonable.

*1220
 ____ The former spouse or birth parent's consent is excused
 because of prolonged, unexplained absence, unavailability,
 incapacity, or another circumstance constituting unreasonable
 withholding of consent.
 ____ d. The written consent of the minor child, ________________, age ____
 (if over 12 years), is attached and made a part of this petition.
 ____ e. The nonresidential parent is dead.
 9. The minor child has property in the approximate value of $ ___________,
described as follows: _____________________________________________________.
 10. A copy of this petition for adoption has been sent to the local office
of the Department of Health and Rehabilitative Services.
 I am aware that the adoptive stepparent may be liable for child support in
the event of a later divorce, and could be liable in litigation for the
actions of the adoptee. The adoptee's inheritance may also be affected.
 WHEREFORE, I request that this court enter a Final Judgment of Adoption of
the minor child by the Petitioner Stepparent, and change the name of the
adoptee.
 I CERTIFY THAT THE PETITION FOR STEPPARENT ADOPTION WAS:
(&check; check one only) ____ mailed, ____ telefaxed and mailed, or ____ hand
delivered to the person(s) listed below on {date} _________________, 19__.
Party or their attorney if represented Other
Name ___________________________________ Name ____________________________
Address ________________________________ Address _________________________
________________________________________ _________________________________
City State Zip City State Zip
Telephone No. __________________________ Telephone No. ___________________
Telefax No. ____________________________ Telefax No. _____________________
DATED: _________________________________
 ______________________________________
 Signature of party signing certificate
 and pleading
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _____________________________
 Sworn to (or affirmed) and subscribed before me on {date} __________, 19__
by {name} ______________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]

*1221
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} _____________________________ {city} _____________
{state} _______, {phone} ___________, helped {name} _______________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(b),
 STEPPARENT ADOPTION: CONSENT AND WAIVER OF PARENT
 This form is to be completed and signed by the birth parent to whom the
adopting parent is not married.
 It must be signed in the presence of a notary public, who will also sign
and seal it, and two witnesses other than the notary. The form is filed with
the petition for adoption.
 See Appendix 5 and Chapter 63, Florida Statutes, for more information.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR _________, COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: _________________
___________________________________,
 STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT
 1. I, ______________, am the birth [&check; one only] ____ father or ____ mother
of the above-named child(ren), who was/were born on _______________________,
at ___________________________. I do hereby relinquish all rights to and
custody of this/these minor child(ren), _______________, and do consent to
the adoption by the Petitioner, _________________, with full knowledge of
the legal effect of the stepparent adoption.
 2. I understand my legal rights as a parent and I understand that I do not
have to sign this consent and release of my parental rights. I acknowledge
that this consent is being given knowingly, freely, and voluntarily. I
further acknowledge that my consent is not given under fraud or duress. I
understand that there is no "grace period" in Florida during which I may
revoke my consent. I understand that in signing this consent I am
permanently and forever giving up all of my parental rights to and interest
in this child/these children. I voluntarily permanently relinquish all my
parental rights to this child/these children.
 3. I understand that: "After one year from the entry of a judgment of
adoption, any irregularity or procedural defect in the proceedings is cured,
and the validity of the judgment shall not be subject to direct or
collateral attack because of any irregularity or procedural defect. Any
defect or irregularity of, or objection to, a consent that could have been
cured had it been made during the proceedings shall not be questioned after
the time for taking an appeal has expired."
 4. I do now, of my own free will, consent and release and give up
completely and permanently my parental rights to this child, for the
purpose of adoption.
 5. I waive any further notice of the adoption proceeding.
 6. I [&check; one only] ____ have or ____ have not been interviewed about this
adoption pursuant to a preliminary home study.

*1222
 I am aware that the adoptive stepparent may be liable for child support in
the event of a later divorce, and could be liable in litigation for the
actions of the adoptee. The adoptee's inheritance may also be affected.
DATED: ______________________________
 ______________________________________
 Signature of party signing consent
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF ________________
 Sworn to (or affirmed) and subscribed before me on {date} __________, 19__
by {name} _______________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]
____ Personally known
____ Produced identification Type of identification produced ______________
WITNESS: WITNESS:
Signature: __________________________ Signature: __________________________
Print: ______________________________ Print: ______________________________
Home/Business Address: ______________ Home/Business Address: ______________
_____________________________________ _____________________________________
Social Security No.: ________________ Social Security No.: ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} _____________________________ {city} ___________________
{state} _______, {phone} ______________, helped {name} _____________________
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(c),
 STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE
 This form must be completed and signed by the person being adopted, the
adoptee, if he or she is over 12 years of age. It must be signed in the
presence of a notary public, who will sign and seal it, and two witnesses
other than the notary.
 For more information see Appendix 5 and Chapter 63, Florida Statutes.

*1223
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR __________, COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: __________________
___________________________________,
 Adoptee
 STEPPARENT ADOPTION: CONSENT TO ADOPTION BY ADOPTEE
 1. I, ________________, being _____ years of age, do hereby consent to my
adoption by ________________, to be legal child and heir at law.
 2. I hereby consent to being known as _____________, from now on.
DATED: ________________________________
 ______________________________________
 Signature of party signing consent
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF ____________________
 Sworn to (or affirmed) and subscribed before me on {date} __________, 19__
by {name} ______________________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]
____ Personally known
____ Produced identification Type of identification produced ______________
WITNESS: WITNESS:
Signature: __________________________ Signature: __________________________
Print: ______________________________ Print: ______________________________
Home/Business Address: ______________ Home/Business Address: ______________
Social Security No.: ________________ Social Security No.: ________________

*1224
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ________________________________ {city} ________________
{state} _______, {phone} ______________, helped {name} __________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(d),
 STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH
 This form is to be used if the birth parent who is not married to the
stepparent adopting the child could not be located to give consent. It is
not to be used if the birth parent was located and refused to agree to the
adoption. The birth parent who is married to the adopting stepparent
completes this form showing what efforts were made to locate the other birth
parent.
 The form must be signed in the presence of a notary public, who will sign
and seal it.
&check; See the checklist with the instructions to Family Law Form
12.913(b), regarding the requirements for conducting a diligent search.
 For more information see Appendix 5 and Chapter 63, Florida Statutes.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR __________, COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: ___________________
_______________________________________,
 Adoptee
 STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH
 1. I am married to the child's birth parent.
 2. The birth [&check; one only] ____ father's or ____ mother's last known
 address was
 Address ______________________________
 ______________________________________
 City State Zip
 Telephone No. ________________________
 Telefax No. __________________________
 as of {date} _________________________
 and [&check; one only] ____ his or ____ her last known address of
 employment was
 Address ______________________________
 ______________________________________
 City State Zip
 Telephone No. ________________________
 Telefax No. __________________________
 as of {date} _______________.
 3. The birth [&check; one only] ____ father or ____ mother is over the age of
 18.
 4. The birth [&check; one only] ____ father or ____ is not a member of the
 Armed Forces of the United States or the U.S. Public Health Service,
 within the meaning of the Soldiers and Sailors Civil Relief Act, as
 amended.
 5. The birth [&check; one only] ____ father or ____ address or location is not
 known and cannot be determined, although I have made a reasonable
 effort to locate him/her:
 (Describe efforts and when made below):
 ____ Contacted [&check; one only] ____ his or ____ her:
 ___________________________________________________________________

*1225
 __________________________________________________________________
 ____ Contacted [&check; one only] ____ his or ____ her employer:
 ___________________________________________________________________
 ___________________________________________________________________
 ____ Contacted [&check; one only] ____ his or ____ her friends:
 ___________________________________________________________________
 ___________________________________________________________________
 ____ Contacted [&check; one only] ____ his or ____ her last known address:
 ___________________________________________________________________
 ___________________________________________________________________
 ____ Sent letters to [&check; one only] ____ his or ____ her last known
 address:
 ___________________________________________________________________
 ___________________________________________________________________
 ____ Sent letters to the Armed Forces on __________ who responded
 ___________________________________________________________________
 ___________________________________________________________________
 ____ Other: ___________________________________________________________.
 DATED: ____________________________________________
 ______________________________________
 Signature of party signing affidavit
 Printed name _________________________
 Address ______________________________
 ______________________________________
 City State Zip
 ______________________________________
 Telephone (area code and number)
 ______________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} _____________________________
 Sworn to (or affirmed) and subscribed before me on {date} ________, 19__
by {name} _____________________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ______________________________________, a nonlawyer,
located at {street} ________________________________ {city} ________________
{state} ________, {phone} ______________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.

*1226
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(e),
 FINAL JUDGMENT OF STEPPARENT ADOPTION
 Before you go to court for the final hearing on the stepparent
adoption, you should complete items 1 through 9 on this form. Leave the
remainder of the form blank for the judge to complete if the adoption is
granted. You should bring this proposed order with you to the hearing. If
the court rules in your favor, your proposed order usually will be signed at
the hearing.
 For more information, see Appendix 5 and Chapter 63, Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a
nonlawyer helps you fill out these forms, that person must give you a copy
of Family Law Form 12.900, Disclosure from Nonlawyer, before they help you.
Anyone helping you fill out these forms also must put their name,
address, and telephone number on the bottom of the last page of every form
they help you fill out.
 IN THE CIRCUIT COURT OF THE ____________ JUDICIAL CIRCUIT, IN AND
 FOR ___________, COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: _______________
____________________________________,
 Adoptee(s)
 FINAL JUDGMENT OF STEPPARENT ADOPTION
 This matter was heard for consideration by the court on the Petition for
Stepparent Adoption filed in this action, and having heard testimony and
considered the evidence, THE COURT FINDS THAT:
 1. It has jurisdiction over the subject matter of the petition for
adoption.
 2. It has jurisdiction over the minor child(ren), __________, the
petitioner, _________, and the birth parent, __________, in that they are
residents of __________ County, State of Florida. Further, the child and
petitioners have significant connections with the State of Florida.
 3. There is no pending litigation regarding this child in the State of
Florida or any other state, nor is there any other person not a party to
these proceedings who has, or claims to have, physical custody or visitation
rights to the minor child.
 4. The best interests of this child/these children would be served and
promoted by this adoption and the petitioner desires the permanent
responsibility of a parent in this adoption.
 5. Consent of the birth parent is:
 [&check; one only]
 ____ Attached
 ____ Waived because:
 [&check; all that apply]
 ____ the parent has deserted the child(ren) without affording a means
 of identification.
 ____ the parent has abandoned the child(ren), and has not visited,
 supported, contacted, or communicated with the child(ren).

*1227
 ____ the parent has been judicially declared incapacitated and
 restoration of capacity is medically improbable.
 ____ the legal guardian or lawful custodian of the adoptee, other
 than the parent, has failed to respond in writing to a request
 for consent for 60 days, or the court has examined the written
 reasons for withholding consent and has found the withholding of
 consent to be unreasonable.
 ____ Other: _________________________________________________________
 ____ Not required because he/she is deceased.
 6. The petitioner stepparent is a fit and proper person to adopt the minor
child(ren) and the best interests of the child(ren) will be promoted by this
adoption.
 7. The minor child(ren) is/are suitable for adoption by the petitioner.
 NOW, THEREFORE, IT IS ORDERED that:
 8. The minor child(ren) presently known as _________ is/are declared to be
the legal child(ren) of petitioner, _________, and is/are given the name of
___________________, by which he/she/they shall hereafter be known.
 9. The minor child(ren) shall be the child(ren) and legal heir(s) of law
of the petitioner, ___________, and shall be entitled to all rights and
privileges, and subject to all obligations of children born of petitioner.
 10. All legal relations between the adoptee(s) and the birth _____ father
or ____ mother and between the adoptee(s) and the relatives of the birth
parent are hereby terminated by this adoption, as are all parental rights
and responsibilities of the birth parent.
 11. This Final Judgment of Adoption creates a relationship between the
adoptee and the petitioner and all relatives of petitioner that would have
existed if the adoptee were a blood descendant of the petitioner, born
within wedlock, entitled to all rights and privileges thereof, and subject
to all obligations of a child being born to petitioner.
 DONE and ORDERED in {name} __________________ County, Florida, on {date}
_____________, 19__.
 _________________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name __________________________________ Name ____________________________
Address _______________________________ Address _________________________
_______________________________________ _________________________________
City State Zip City State Zip
Telephone No. _________________________ Telephone No. ___________________
Telefax No. ___________________________ Telefax No. _____________________
 _________________________________
Other
Name __________________________________
Address _______________________________
_______________________________________
City State Zip
Telephone No. _________________________
Telefax No. ___________________________

*1228
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ______________________________ {city} __________________
{state} _________, {phone} ______________ helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(f),
 PETITION FOR ADOPTION INFORMATION AND (g),
 ORDER RELEASING ADOPTION INFORMATION
 This form is used to request release of information on an adoption.
It should be filed with the clerk of the circuit court.
 For more information, see Appendix 5 and Chapter 63, Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR ___________, COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: _______________
____________________________________,
 Adoptee(s)
 PETITION FOR ADOPTION INFORMATION
 1. I, {name} ______________, am interested in this matter as:
 [&check; one only]
 ____ adult adoptee (over 18)
 ____ adoptive parent
 ____ adult birth sibling
 ____ other: __________________________________________________________
 2. The adoptee(s) was/were born on {date} ______________________.
 3. I request nonidentifying information as to family medical history and
social history of the adoptee as follows:
 [&check; all that apply]
 ____ If available, to be furnished to adoptive parents before
 finalization of the adoption.
 ____ If available, to be furnished to adoptee upon request after
 adoptee reaches majority.
 4. The reason I am requesting disclosure of this information is __________
____________________________________________________________________________
____________________________________________________________________________
 DATED: ____________________________________
 ________________________________________
 Signature of party signing petition

*1229
 Printed name ___________________________
 Address ________________________________
 ________________________________________
 City State Zip
 ________________________________________
 Telephone (area code and number)
 ________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF {name} ____________________________
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name} ___________________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ___________________________ {city} _____________________
{state} ____, {phone} _________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR ______________, COUNTY, FLORIDA
In the Matter of the Adoption of CASE NO: ______________
___________________________________,
 Adoptee(s)
 ORDER RELEASING ADOPTION INFORMATION
 IT IS ORDERED
 ____ 1. The petitioner shall receive
 ____ Nonidentifying information as to: ______________________________
 ____ Identifying information as to: _________________________________
 ____ All records relating to the adoption proceedings.
 ____ 2. The petition is denied in whole or part because: _______________
 __________________________________________________________________
 DONE and ORDERED in {name} _______________ County, Florida, on {date}
__________, 19__.

*1230
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _____________________________
Address ___________________________ Address __________________________
___________________________________ __________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ____________________
Telefax No. _______________________ Telefax No. ______________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ___________________________ {city} _____________________
{state} _______, {phone} _____________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.982,
 REQUEST FOR NAME CHANGE
Use this form to ask the court to change your name. You must complete the
form and file it in the county where you live. Next, you must obtain a
hearing date for the court to consider your request. See Family Law Form
12.923, Notice of Hearing (General Form).
If you want a name change for yourself or your child because of a
dissolution of marriage or an adoption, if final judgment has not been
entered yet, the name change can be done as part of that case. NOTE: a
husband, wife and minor children can all join in one petition/request if the
court agrees.
However, if one parent asks for a name change for minor child(ren), process
must be served on the other parent ( Family Law Form
12.910(a)) and proof of service on the other parent must be filed with the
court.
 For further information see § 68.07, Florida Statutes.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner

*1231
 and
_______________________________,
 Respondent.
____________________________\
 PETITION/REQUEST FOR NAME CHANGE
 This is a request for the court to change my name from:
{complete present name} _________________________________________________ to
{new name requested} ______________________________________________________.
 1. I live at:
 Address _______________________________
 _______________________________________
 City State Zip
 Telephone No. _________________________
 I am a bonafide resident of the county of {name} _____________________.
 2. My date of birth is: _________________________________________________.
 3. My place of birth is: {city} __________ {county} ______________________
 {state} __________ {country} _________________________________________.
 4. My father's name is: _________________________________________________.
 5. My mother's maiden name is: ___________________________________________
 6. I have lived in the following place(s) since birth:
 Address From To
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 7. I [&check; one only] ____ am ____ am not married. If married, fill in your
 husband's or wife's name: _____________________________________________
 8. The names, ages, and address(es) of each of my children are as follows:
Name (write last name first) Age Address
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________

*1232
 9. I [&check; one only] ____ have ____ have not (circle one) been known or
 called by any other name. I have been called by the following name(s):
 _______________________________________________________________________
 10. My name [&check; one only] ____ has ____ has not ever been changed. If
 you have had a name change in the past [ fill in all blanks]
 a. My name was previously changed on (date): _________________________
 by the following court: ___________________________________________
 ___________________________________________________________________
 11. My job is:
 ______________________________________________________________________
 12. During the last five years, I have had the following jobs:
From To Employer Address
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 13. I do/do not (circle one) own and operate a business. (If you do own a
 business, complete the next part.)
 a. The name and address of my business is: ___________________________
 ___________________________________________________________________
 b. My job with the business is: ______________________________________
 c. I have been working with the business since (date): _______________
 14. I am/am not (circle one) in a profession. If you are in a
 profession, which profession?
 ______________________________________________________________________
 15. I have practiced my profession at the following places:
 From To Place
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 16. I have graduated from the following schools:
 School Graduation Date Diploma/Certificate
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 17. I have/have not (circle one) filed for bankruptcy. (If you have filed
 for bankruptcy, fill out 17a.)
 a. I was declared bankrupt on (date): ________________________________
 in the bankruptcy court in (city and state): ______________________
 ___________________________________________________________________
 18. I have/have never (circle one) been convicted of a felony. (If
 convicted of a felony, fill out 18a.)
 a. I was convicted on (date) _________________________________________
 in (city) _________________________________________________________
 (county) __________________________________________________________
 (state) ___________________________________________________________
 court.

*1233
 19. The following money judgments have been entered against me by a court:
 (Attach separate page if necessary.)
 Judgment Creditor Amount Date Court Paid
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 20. I have no illegal or fraudulent reason for my name change request and
 this request, if granted, will not invade any property rights of
 others.
 DATED: __________________________
 ___________________________________________
 Signature of party signing petition/request
 Printed name ______________________________
 Address ___________________________________
 ___________________________________________
 City State Zip
 ___________________________________________
 Telephone (area code and number)
 ___________________________________________
 Telefax (area code and number)
STATE OF FLORIDA
COUNTY OF __________________
 Sworn to (or affirmed) and subscribed before me on {date} _______, 19__ by
{name} _______________________.
 __________________________________________
 NOTARY PUBLIC  STATE OF FLORIDA
 __________________________________________
 [Print, type, or stamp commissioned name
 of notary]
[&check; one only]
____ Personally known
____ Produced identification Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM THEY MUST FILL IN
THE BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ___________________________ {city} _____________________
{state} _______, {phone} _____________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
 INSTRUCTIONS FOR FAMILY LAW FORM 12.990(a),
 FINAL JUDGMENT OF SIMPLIFIED DISSOLUTION OF MARRIAGE
 See Appendix 1 for information about the use of Family Law Form
12.990(a).
 You should bring this form filled out as a proposed order with you to
the hearing. If the court rules in your favor, your proposed order usually
will be signed at the hearing. NOTE: Many of the parts of Family Law Form
12.990(a) are choices and should be used only when they fit the facts of
your case. Material portions of any marital settlement agreement, Family Law
Form 12.901(h) should also be put in the final judgment.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give a you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must

*1234
put their name, address, and telephone number on the bottom of the last page
of every form they help you fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner,
 and
_______________________________,
 Respondent.
____________________________\
 FINAL JUDGMENT OF SIMPLIFIED DISSOLUTION OF MARRIAGE
 THIS CAUSE was heard by the court on final hearing for simplified
(uncontested) dissolution of marriage on {date} ____________. The court,
having reviewed the file and heard the testimony, makes these findings of
fact and reaches these conclusions of law:
a. This court has jurisdiction over the subject matter and the parties.
b. At least one party has been a resident of the State of Florida for more
 than 6 months immediately before filing the Simplified Petition for
 Dissolution of Marriage.
c. The parties have entered into a Marital Settlement Agreement, which is
 acceptable to both parties.
d. The marriage between the parties is irretrievably broken.
 THEREFORE it is ORDERED AND ADJUDGED:
1. The Marriage between the parties is dissolved and the parties are
 restored to the status of being single.
2. The Marital Settlement Agreement, which has been filed as an exhibit in
 this case, is ratified and made a part of this judgment, and the
 parties are ordered to obey all of its provisions.
3. [&check; one only] ____ yes or ____ no
 The Wife's former name of ___________________ is restored.
4. The court reserves jurisdiction to enforce the marital settlement
 agreement.
DONE and ORDERED in {name} ______________________ County, Florida, on {date}
_______________, 19__.
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _____________________________
Address ___________________________ Address __________________________
___________________________________ __________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ____________________
Telefax No. _______________________ Telefax No. ______________________

*1235
Telefax No. _______________________ Telefax No. ______________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} ___________________________ {city} _____________________
{state} _______, {phone} _____________, helped {name} ___________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
 INSTRUCTIONS FAMILY LAW FORM 12.990(b)
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
 See Appendix 2 for information about the use of Family Law Form
12.990(b).
 You should bring this form filled out as proposed order with you to the
hearing. If the court rules in your favor, your proposed order usually will
be signed at the hearing. NOTE: Many of the parts of Family Law Form
12.990(b) are choices and should be used only when they fit the facts of
your case. Material portions of any marital settlement agreement, Family Law
Form 12.901(h) should also be put in the final judgment.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner,
 and
_______________________________,
 Respondent.
____________________________\
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
 THIS CAUSE was heard by the court on final hearing for dissolution of
marriage on {date} ______________. The court, having reviewed the file and
heard the testimony, makes these findings of fact and reaches these
conclusions of law:

*1236
I. FINDINGS OF FACTS
[ fill in all blanks that apply]
A. JURISDICTION/RESIDENCE
 1. This court has jurisdiction over the subject matter and the parties.
 2. At least one party has been a resident of the State of Florida for more
 than 6 months immediately before filing the Petition for Dissolution of
 Marriage.
 3. The marriage between the parties should be dissolved/ended because
 [&check; one only]
 ____ The marriage is irretrievably broken (cannot be fixed).
 ____ One of the parties has been adjudged mentally incapacitated for a
 period of 3 years prior to the filing of this petition.
B. STATISTICAL FACTS [ fill in all blanks that apply]
 1. Date of marriage: _____________________________________________________
 2. Place of marriage: ____________________________________________________
 3. Date of separation: ___________________________________________________
C. MARITAL ASSETS AND DEBTS
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT THAT ADDRESS THE
FACTORS LISTED IN SECTION 61.075, FLORIDA STATUTES, EXPLAINING WHY THE
MARITAL ASSETS AND DEBTS ARE BEING DIVIDED THE WAY THIS ORDER SAYS AND IF
THE DIVISION IS NOT EQUAL THE EXACT REASON(S) IT IS NOT.
[ fill in all blanks that apply]
[&check; all that apply]
 1. ____ There are no marital assets or debts.
 2. ____ All marital assets and debts have been divided by written
 agreement, which is attached.
 3. ____ All assets and debts are listed in the Financial Affidavit filed
 in this case. ( Family Law Form 12.901(d) or 12.901(e)).
 4. ____ The parties' assets and debts are listed below:
 (a) These are the parties' marital* assets and debts (what they
own and what they owe): [Use more paper if needed] (*marital and
nonmarital are explained in Appendix 2).
MARITAL ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand ___________ ___________ ___________
Cash in banks ___________ ___________ ___________
Stocks/bonds ___________ ___________ ___________
Notes ___________ ___________ ___________
Real estate:
 Home: ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
Automobiles:
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
Other personal
property:
 Contents of home ___________ ___________ ___________
 Jewelry ___________ ___________ ___________

*1237
 Life inc./cash
 surrender value ___________ ___________ ___________
Other assets:
____________________ ___________ ___________ ___________
____________________ ___________ ___________ ___________
____________________ ___________ ___________ ___________
TOTAL ASSETS: $ __________ $ _________ $ _________
MARITAL DEBTS
 Name on
 title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House ___________ $ ______________ $ _______________ _________ _________
Car _____________ $ ______________ $ _______________ _________ _________
Car _____________ $ ______________ $ _______________ _________ _________
*Credit Cards:
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
No. _____________ $ ______________ $ _______________ _________ _________
_________________ $ ______________ $ _______________ _________ _________
_________________ $ ______________ $ _______________ _________ _________
_________________ $ ______________ $ _______________ _________ _________
_________________ $ ______________ $ _______________ _________ _________
* give account number for each credit card
 (b) These are husband's nonmarital* assets and debts (what he owns
and what he owes): [Use more paper if needed] (*marital and nonmarital are
explained in Appendix 2).
 (c) These are wife's nonmarital* assets and debts (what she owns
and what she owes): [Use more paper if needed] (*marital and nonmarital
are explained in Appendix 2).
 5. Pension/Retirement plans
 [&check; all that apply]
 ____ The husband has pension/retirement benefits that accrued during the
 marriage
 ____ The wife has pension/retirement benefits that accrued during the
 marriage
 ____ The husband should keep all of his pension/retirement benefits that
 accrued during the marriage
 ____ The wife should keep all of her pension/retirement benefits that
 accrued during the marriage
 ____ The court will distribute the parties' pension/retirement benefits by
 a qualified domestic relations order which is attached.
D. SPOUSAL SUPPORT (ALIMONY)
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT THAT ADDRESS
THE FACTORS LISTED IN SECTION 61.08, FLORIDA STATUTES, WHEN
GRANTING OR DENYING A REQUEST FOR ALIMONY.
[ you must fill in 1 or 2 below]

*1238
 1. ____ The spousal support/alimony request is DENIED.
 The basis for denying this award pursuant to section 61.08, Florida
Statutes is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 2. ____ The spousal support/alimony request is GRANTED.
 The basis for granting this award pursuant to section 61.08, Florida
Statutes is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 [&check; all that apply]
 3. Permanent periodic spousal support/alimony is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay that support.
 4. Rehabilitative periodic spousal support/alimony is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay that support.
 5. Lump sum spousal support/alimony is needed by the [&check; one only] ____
 husband or ____ wife and the [&check; one only] ____ husband or ____ wife is
 financially able to pay that
 support.
 6. ____ Life insurance to secure this support is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or
 ____ wife is financially able to pay the insurance premiums.
E. MINOR (under 18) CHILDREN OF THIS MARRIAGE
[ fill in all blanks that apply]
 1. Residential Responsibility
 [&check; one only]
 ____ There are no minor children.
 ____ The wife is pregnant. {due date} _________________
 ____ The wife is not pregnant.
 ____ The minor children are:
 Name Birth Date Age Sex Social Security No.
___________________ ____________ ________ ________ _____________________
___________________ ____________ ________ ________ _____________________
___________________ ____________ ________ ________ _____________________
___________________ ____________ ________ ________ _____________________
 [&check; all that apply]
 ____ a. A Uniform Child Custody Jurisdiction Act Affidavit ( Family
 Law Form 12.901(f)) is being filed with this court.

*1239
 ____ b. Florida is the home state of the minor child(ren) and accordingly
 it is the sole jurisdictional state to determine child custody,
 visitation, and support under the Uniform Child Custody Jurisdiction
 Act.
 ____ c. The parties should share parental responsibility for the minor
 child(ren).
 ____ d. Shared parental responsibility would be detrimental to the
 child(ren). Accordingly, sole parental responsibility should be
 ordered. The basis for ordering sole parental responsibility is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 2. Child Support
 a. Petitioner's net income is: ___________________. OR
 Petitioner's imputed net income is: _______, based upon the following:
 ______________________________________________________________________
 ______________________________________________________________________
 b. Respondent's net income is: _________________. OR
 Respondent's imputed net income is: _______, based upon the following:
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 [&check; all that apply]
 ____ c. Child support should be set by Florida's child support guidelines
 (see section 61.30 Florida Statutes).
 ____ d. The calculations and conclusion included in the child support
 guidelines worksheet ( Family Law Form 12.901(g)) filed in this case by
 [&check; one only] ____ Petitioner or ____ Respondent are adopted by this court
 and incorporated in this order.
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS WHY AWARDING THE
AMOUNT OF CHILD SUPPORT REQUIRED BY SECTION 61.30, FLORIDA STATUTES,
WOULD BE UNJUST OR INAPPROPRIATE IF THE AMOUNT AWARDED IS
DIFFERENT FROM THE GUIDELINES AMOUNT BY PLUS OR MINUS FIVE PERCENT
(5%).
____ e. Child support should not be set by Florida's child support
 guidelines (see section 61.30 Florida Statutes). The basis for ordering
 [&check; one only] ____ more or ____ less than the guidelines amount of child
 support pursuant to section 61.30, Florida Statutes is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________

*1240
 f. ____ Medical insurance [&check; one only] ____ is or ____ is not reasonably
 available to the [&check; one only] ____ husband or ____ wife for the child(ren)
 and [&check; one only] ____ husband or ____ wife should be required to provide
 it.
 g. ____ Dental insurance [&check; one only] ____ is or ____ is not reasonably
 available to the [&check; one only] ____ husband or ____ wife for the child(ren)
 and [&check; one only] ____ husband or ____ wife should be required to provide
 it.
F. THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT EXPLAINING
WHY ATTORNEYS' FEES ARE BEING GRANTED AND EXPLAINING
THE BASIS OF THE AMOUNT AWARDED.
 1. ____ The [&check; one only] ____ husband's or ____ wife's request for fees
 and costs is DENIED.
 2. ____ The [&check; one only] ____ husband's or ____ wife's request for fees
 and costs is GRANTED.
[&check; all that apply]
____ Attorneys' fees, ____ suit money, and/or ____ costs awarded to: [&check; one
only] ____ husband or ____ wife.
The basis for granting this award and for the determination of the amount
is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 THEREFORE it is ORDERED AND ADJUDGED:
II. CONCLUSIONS OF LAW
A. JURISDICTION
 1. The parties shall be granted a Dissolution of Marriage upon the basis
 of: [&check; one only]
 ____ The parties' marriage is irretrievably broken.
 ____ Mental incapacity of one of the parties.
 and the parties are restored to the status of being single.
 2. [&check; one only] ____ yes or ____ no
The Marital Settlement Agreement, which has been filed in this case, is
ratified and made a part of this judgment, and the parties are ordered to
obey all of its provisions.
B. MARITAL AND NONMARITAL ASSETS AND DEBTS AS PRESENTLY KNOWN
[ fill in all blanks that apply]
 1. The husband will keep as his own the assets found by this court to be
his nonmarital assets in paragraph I.C.4.(b) of this final judgment and the
wife shall have no further rights or responsibilities regarding that assets.
 2. The wife will keep as her own the assets found by this court to be her
nonmarital assets in paragraph I.C.4.(c) of this final judgment and the
husband shall have no further rights or responsibilities regarding that
assets.
 3. The husband will keep as his own the following assets found by this
court to be marital assets in paragraph I.C.4.(a) of this final judgment and
the wife shall have no further rights or responsibilities regarding that
assets: [use more pages if needed]

*1241
ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand ___________ ___________ ___________
Cash in banks ___________ ___________ ___________
Stocks/bonds ___________ ___________ ___________
Notes ___________ ___________ ___________
Real estate:
 Home: ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
Automobiles:
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
Other personal
property:
 Contents of home ___________ ___________ ___________
 Jewelry ___________ ___________ ___________
 Life ins./cash
 surrender value ___________ ___________ ___________
Other assets:
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
_____________________ ___________ ___________ ___________
TOTAL ASSETS: $ _________ $ _________ $ _________
 4. The wife will keep as her own the assets found by this court to be
marital assets in paragraph I.C.4.(a) of this final judgment and the husband
shall have no further rights or responsibilities regarding that assets: [use
more pages if needed]
ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand __________ ___________ ___________
Cash in banks __________ ___________ ___________
Stocks/bonds __________ ___________ ___________
Notes __________ ___________ ___________
Real estate:
 Home: __________ ___________ ___________
_____________________ __________ ___________ ___________
_____________________ __________ ___________ ___________
_____________________ __________ ___________ ___________
Automobiles:
_____________________ __________ ___________ ___________
_____________________ __________ ___________ ___________
_____________________ __________ ___________ ___________
Other personal
property:
 Contents of home __________ ___________ ___________
 Jewelry __________ ___________ ___________
 Life ins./cash
 surrender value __________ ___________ ___________
Other assets:
_____________________ __________ ___________ ___________
_____________________ __________ ___________ ___________

*1242
_____________________ __________ ___________ ___________
TOTAL ASSETS: $ ________ $ __________ $ _________
 5. The husband will keep as his own the debt(s) found by this court to be
his nonmarital debt(s) in paragraph I.C.4.(b) of this final judgment and
wife shall have no further responsibility for those debt(s).
 6. The wife will keep as her own the property found by this court to be
her nonmarital debt(s) in paragraph I.C.4.(c) of this final judgment and
husband shall have no further responsibility for that debt.
 7. The husband will keep as his own the following debt(s) found by this
court to be marital debts in paragraph I.C.4.(a) of this final judgment and
wife shall have no further responsibility for that debt:
 Name on
 title/deed/account
 [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House ____________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
*Credit Cards:
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
*give account number for each credit card
8. The wife will keep as her own the debt(s) found by this court to be
marital debt(s) in paragraph I.C.4.(a) of this final judgment and husband
shall have no further responsibility for that debt:
 Name on
 title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House ____________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
*Credit Cards:
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
*give account number for each credit card

*1243
 9. ____ Pension, retirement, profit-sharing, annuity, deferred
compensation, and insurance plans/program benefits are awarded through a
separate domestic relations order which is attached.
 10. This distribution of assets and debts between the husband and wife is
equitable based on the following facts and reasoning: ______________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
C. SPOUSAL SUPPORT (ALIMONY)
 1. Permanent periodic spousal support/alimony shall be awarded to the: [&check;
one only] ____ husband or ____ wife, in the sum of ___________ dollars per
___________ or ____ in a lump sum amount to be paid on or before {date}
_______________ or ____ in payments of $ ________ dollars per ________ plus
in a lump sum amount to be paid on or before {date} ______________.
 2. Rehabilitative periodic spousal support/alimony shall be awarded to
the: [&check; one only] ____ husband or ____ wife, in the sum of __________
dollars per ___________ or ____ in a lump sum amount to be paid on or before
{date} ________________ or ____ in payments of $ ___________ dollars per
_________ plus in a lump sum amount to be paid on or before {date}
_______________. This rehabilitative alimony will end on {date} ____________
[ circle one] and/or upon ___________ {condition} _________________________
____________________________________________________________________________
 3. Lump sum spousal support/alimony shall be awarded to the: [&check; one only]
____ husband or ____ wife, in a lump sum amount of $ ________ to be paid on
or before {date} ________________ or in ____ payments of $ ___________
dollars on {dates} _________________.
 4. ____ Life insurance shall be maintained to protect this alimony award
with the [&check; one only] ____ husband or ____ wife as owner and beneficiary as
follows: [&check; one only] ____ none ordered or ____ by husband with a benefit
amount of $ ___________ or ____ by wife with a benefit amount of $ ________.
D. MINOR (under 18) CHILDREN OF THIS MARRIAGE [ fill in all blanks that
 apply] [&check; one only]
 1. Parental responsibility over the minor child(ren) of the marriage, if
 any, shall be as follows:
 ____ a. There are no minor child(ren) of this marriage.
 ____ b. Shared by the parties.
 ____ c. Sole to {specify} ______________________________________________.
 ____ d. Other (e.g., certain decisions with one parent such as education,
 medical, religious training etc.).
Parental decision making responsibility over the minor child(ren) shall be
as follows:
[&check; one only]
____ Shared to: [&check; one only] ____ father or ____ mother or ____ Other
{Specify other person(s) and issue(s)}: ____________________________________
____________________________________________________________________________
____________________________________________________________________________
____ Sole to: [&check; one only] ____ father or ____ mother or ____ Other
{Specify other person(s) and ____ issue(s)}: _______________________________
____________________________________________________________________________
____________________________________________________________________________

*1244
 2. Child visitation rights by the noncustodial parent shall be:
[&check; one only]
____ There shall be no visitation by the noncustodial parent pending further
 orders from the court.
____ Liberal
____ Reasonable
____ Scheduled (schedule attached)
____ Supervised as scheduled (schedule attached)
____ As follows:
 ____ a. Alternating weekends from ____ p.m. on Fridays until ____ p.m.
 on Sundays. [&check; all that apply]
 (1) ____ if there is a school holiday on Friday, visitation will
 begin at ____ p.m. on Thursday.
 (2) ____ if there is a school holiday on Monday, visitation will
 continue until ____ p.m. on Monday.
 (3) ____ weekend visitation shall not change regardless of
 Friday or Monday school holidays.
 (4) ____ if there is a school holiday on Monday or Friday the
 entire weekend shall be treated as a holiday and alternated in
 odd and even years under the holiday part of this order.
 ____ b. One day of contact/visitation during the week in which there is
 no weekend visitation, for a period of ____ hours on the day of
 the week of _____________________.
 ____ c. Alternating legal holiday periods as follows which are also
 school holiday periods:
 ____ Spring Break [&check; one only] ____ odd years or ____ even years
 ____ Thanksgiving Holiday [&check; one only] ____ odd years or ____
 even years
 ____ Winter Holiday period [&check; one only] ____ odd years or ____
 even years (odd or even is established by the first day of
 the holiday)
 ____ Alternating other legal school holidays or religious
 holidays:
{specify} __________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 ____ d. A continuous period during the summer for ____ weeks.
Contact with the other parent during this summer period will be as follows:
____________________________________________________________________________
 ____ e. Alternating the child(ren)'s respective birthdays.
 ____ f. Spending each parent's respective birthday with that parent.
 ____ g. Mother's Day and Father's Day with the appropriate parent.
 ____ h. Unlimited phone communications at reasonable hours.
 ____ i. Unlimited written communications.
 3. ____ Child support of $ __________ to be paid by the [&check; one only] ____
husband or ____ wife [&check; one only] ____ weekly ____ biweekly ____ twice a
month ____ monthly. This support shall continue until the first of the
parties' minor children reaches the age of 18, or if the child(ren) are
between the ages of 18 and 19 and are still in high school performing in
good faith with a reasonable expectation of graduation, until the child(ren)
reaches the age of 19. At that time the child support will be recomputed
under the then-current Child Support Guidelines.
 4. ____ Unusual or uninsured medical/dental expenses for the children be
provided by: [&check; one only] ____ husband or ____ wife or ____ husband and wife
each pay one-half
 5. ____ Medical insurance to be provided by [&check; one only] ____ husband or
____ wife for the child(ren).
 6. ____ Dental insurance to be provided by [&check; one only] ____ husband or
____ wife for the child(ren).

*1245
 7. ____ Life insurance shall be maintained for the benefit of the minor
child(ren) as beneficiaries or as stated in the {name of trust} ___________
for the benefit of the minor children created {date} _____________ with the
[&check; one only] ____ husband or ____ wife or other {specify} __________ as
owner as follows: [&check; one only] ____ none ordered or ____ by husband with a
benefit amount of $ _____ or ____ by wife with a benefit amount of
$ ________.
E. METHOD OF PAYMENT
All payments of child support and alimony shall be as follows:
[&check; check all which apply]
____ Directly to the person the court has ordered will be paid the support.
____ Payment will be through the Central Depository by the attached order 
 Family Law Form 12.991(a).
____ Payment will be by income deduction order, Family Law Form
 12.991(b), which is attached.
F. ____ Attorneys' fees, suit money, and costs be awarded to: [&check; one only]
____ husband or ____ wife in the amount of $ _______ (fees) $ _______
(costs) $ _______ suit money. The basis for granting or denying this award
and for the amount of any fees and costs awarded is given in the findings of
fact in this judgment.
G. [&check; one only] ____ yes or ____ no
The Wife's former name of ______________ is restored.
H. This court awards the petitioner the following further relief in this
cause:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
I. The court reserves jurisdiction to enforce the terms of this order and
all documents incorporated into it (e.g. parties' stipulation/agreement,
child support guidelines worksheet, etc.).
DONE and ORDERED in {name} ___________________ County, Florida, on {date}
__________, 19__.
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _____________________________
Address ___________________________ Address __________________________
___________________________________ __________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ____________________
Telefax No. _______________________ Telefax No. ______________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________

*1246
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} _________________________ {city} ____________________
{state} _______, {phone} _________, helped {name} ____________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FAMILY LAW FORM 12.990(c),
 ORDER OF DISMISSAL DUE TO RECONCILIATION
No instructions.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 ORDER OF DISMISSAL DUE TO RECONCILIATION
 The Court having been advised that the parties have RECONCILED, it is
hereby:
ORDERED AND ADJUDGED that the case is dismissed without prejudice.
DONE and ORDERED in {name} __________________ County, Florida, on {date}
________________, 19__.
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _____________________________
Address ___________________________ Address __________________________
___________________________________ __________________________________
City State Zip City State Zip

*1247
Telephone No. _____________________ Telephone No. ____________________
Telefax No. _______________________ Telefax No. ______________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _______________________________________, a nonlawyer,
located at {street} _________________________ {city} ____________________
{state} _______, {phone} _________, helped {name} ____________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FAMILY LAW FORM 12.990(d),
 FINAL DEFAULT JUDGMENT OF DISSOLUTION OF MARRIAGE
 This form is to be used with Family Law Forms 12.922(a), Request to
Enter Default and 12.922(b), Default, if the other party did not answer your
petition. Once the default has been entered using those forms, you must ask
for a hearing for the court to consider your request. See Family Law
Form 12.923, Notice of Hearing (General Form). Even after a default has been
entered the other party must be given notice of the hearing because the
court must determine the best interest of the child(ren).
 See Appendix 2 for information about the use of Family Law Form 12.990(d).
 You should fill out and bring this proposed order with you to the hearing.
If the court rules in your favor, your proposed order usually will be signed
at the hearing. NOTE: Many of the parts of Family Law Form 12.990(d) are
choices and should be used only when they fit the facts of your case.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT, IN AND
 FOR ________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 FINAL DEFAULT JUDGMENT OF DISSOLUTION OF MARRIAGE
[&check; check all which apply, fill in all blanks that apply]
 THIS CAUSE was heard on the Petition for Dissolution of Marriage, and the
respondent, having failed to file a response to the petition or otherwise
serve any paper in this action as required by the Florida Family Law Rules
of Procedure; and the Court having reviewed the court file and the default
entered against the Respondent, and having heard testimony and being
otherwise fully informed and advised in the premises, hereby makes the
following findings of fact and conclusions of law:

*1248
I. FINDINGS OF FACTS
[ fill in all blanks that apply]
A. JURISDICTION/RESIDENCE
 1. This court has jurisdiction over the subject matter and the parties.
 2. At least one party has been a resident of the State of Florida for more
 than 6 months immediately before filing the Petition for Dissolution of
 Marriage.
 3. The marriage between the parties is irretrievably broken.
 4. Respondent was duly served by process of law and a default was properly
 entered.
 STATISTICAL FACTS [ fill in all blanks that apply]
 1. Date of marriage: ____________________________________________________
 2. Place of marriage: ___________________________________________________
 3. Date of separation: __________________________________________________
C. MARITAL ASSETS AND DEBTS THE COURT MUST MAKE SPECIFIC, WRITTEN
FINDINGS OF FACT THAT ADDRESS THE FACTORS LISTED IN SECTION
61.075, FLORIDA STATUTES, EXPLAINING WHY THE MARITAL ASSETS AND
DEBTS ARE BEING DIVIDED THE WAY THIS ORDER SAYS AND IF THE DIVISION
IS NOT EQUAL THE EXACT REASON(S) IT IS NOT. [ fill in all blanks that
apply]
[&check; all that apply]
 1. ____ There are no marital assets or debts.
 2. ____ All marital assets and debts have been divided by written
 agreement, which is attached.
 3. ____ All assets and debts are listed in the Financial Affidavit filed
 in this case. ( Family Law Form 12.901(d) or 12.901(e)).
 4. ____ The parties' assets and debts are listed below:
 (a) These are the parties' marital* assets and debts (what they
own and what they owe): [Use more paper if needed] (*marital and
nonmarital are explained in Appendix 2).
MARITAL ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand __________ __________ __________
Cash in banks __________ __________ __________
Stocks/bonds __________ __________ __________
Notes __________ __________ __________
Real estate:
 Home: __________ __________ __________
____________________ __________ __________ __________
____________________ __________ __________ __________
____________________ __________ __________ __________
Automobiles:
____________________ __________ __________ __________
____________________ __________ __________ __________
____________________ __________ __________ __________
Other personal
property:
 Contents of home __________ __________ ___________
 Jewelry __________ __________ ___________
 Life ins./cash

*1249
 surrender value __________ __________ ___________
Other assets:
____________________ __________ __________ ___________
____________________ __________ __________ ___________
____________________ __________ __________ ___________
TOTAL ASSETS: $ ________ $ ________ $ _________
MARITAL DEBTS
 Name on
 title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House ____________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
*Credit Cards:*
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
*give account number for each credit card
 (b) These are husband's nonmarital* assets and debts (what he
owns and what he owes): [Use more paper if needed] (*marital and
nonmarital are explained in Appendix 2).
 (c) These are wife's nonmarital* assets and debts (what she
owns and what she owes): [Use more paper if needed] (*marital and
nonmarital are explained in Appendix 2).
 5. Pension/Retirement plans
 [&check; all that apply]
 ____ The husband has pension/retirement benefits that accrued during the
 marriage
 ____ The wife has pension/retirement benefits that accrued during the
 marriage
 ____ The husband should keep all of his pension/retirement benefits that
 accrued during the marriage
 ____ The wife should keep all of her pension/retirement benefits that
 accrued during the marriage
 ____ The court will distribute the parties' pension/retirement benefits by
 a qualified domestic relations order which is attached.
D. SPOUSAL SUPPORT (ALIMONY) THE COURT MUST MAKE SPECIFIC, WRITTEN
 FINDINGS OF FACT THAT ADDRESS THE FACTORS LISTED IN SECTION

*1250
 61.08, FLORIDA STATUTES, WHEN GRANTING OR DENYING A REQUEST
 FOR ALIMONY.
[ you must fill in 1 or 2 below]
 1. ____ The spousal support/alimony request is DENIED. The basis for
 denying this award pursuant to section 61.08, Florida Statutes is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 2. ____ The spousal support/alimony request is GRANTED. The basis for
 granting this award pursuant to section 61.08, Florida Statutes is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 [&check; all that apply]
 3. Permanent periodic spousal support/alimony is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay that support.
 4. Rehabilitative periodic spousal support/alimony is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay that support.
 5. Lump sum spousal support/alimony is needed by the [&check; one only] ____
 husband or ____ wife and the [&check; one only] ____ husband or ____ wife is
 financially able to pay that support.
 6. ____ Life insurance to secure this support is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay the insurance premiums.
E. MINOR (under 18) CHILDREN OF THIS MARRIAGE [ fill in all blanks that
 apply]
 1. Residential Responsibility
 [&check; one only]
 ____ There are no minor children.
 ____ The wife is pregnant. {due date} ___________________
 ____ The wife is not pregnant.
 ____ The minor children are:
 Name Birth Date Age Sex Social Security No.
______________________ _____________ _______ _______ ___________________
______________________ _____________ _______ _______ ___________________
______________________ _____________ _______ _______ ___________________
______________________ _____________ _______ _______ ___________________
 [&check; all that apply]
 ____ a. A Uniform Child Custody Jurisdiction Act Affidavit ( Family Law
 Form 12.901(f)) is being filed with this court.

*1251
 ____ b. Florida is the home state of the minor child(ren) and accordingly
 it is the sole jurisdictional state to determine child custody,
 visitation, and support under the Uniform Child Custody Jurisdiction
 Act.
 ____ c. The parties should share parental responsibility for the minor
 child(ren).
 ____ d. Shared parental responsibility would be detrimental to the
 child(ren). Accordingly, sole parental responsibility should be
 ordered. The basis for ordering sole parental responsibility is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 2. Child Support
 a. Petitioner's net income is: _________. OR
 Petitioner's imputed net income is: ______, based upon the following:
 ____________________________________________________________________
 ___________________________________________________________________.
 b. Respondent's net income is: _________. OR
 Respondent's imputed net income is: ______, based upon the following:
 ____________________________________________________________________
 ____________________________________________________________________
 ___________________________________________________________________.
 [&check; all that apply]
 ____ c. Child support should be set by Florida's child support guidelines
 (see section 61.30 Florida Statutes).
 ____ d. The calculations and conclusion included in the child support
 guidelines worksheet ( Family Law Form 12.901(g)) filed in this case
 by [&check; one only] ____ Petitioner or ____ Respondent are adopted by this
 court and incorporated in this order.
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS WHY AWARDING THE
AMOUNT OF CHILD SUPPORT REQUIRED BY SECTION 61.30, FLORIDA STATUTES,
WOULD BE UNJUST OR INAPPROPRIATE IF THE AMOUNT AWARDED IS
DIFFERENT FROM THE GUIDELINES AMOUNT BY PLUS OR MINUS FIVE PERCENT
(5%).
 ____ e. Child support should not be set by Florida's child support
 guidelines (see section 61.30 Florida Statutes). The basis for ordering
 [&check; one only] ____ more or ____ less than the guidelines amount of child
 support pursuant to section 61.30, Florida Statutes is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
__________________________________________________________________________.

*1252
 f. ____ Medical insurance [&check; one only] ____ is or ____ is not reasonably
 available to the [&check; one only] ____ husband or ____ wife for the
 child(ren) and [&check; one only] ____ husband or ____ wife should be required
 to provide it.
 g. ____ Dental insurance [&check; one only] ____ is or ____ is not reasonably
 available to the [&check; one only] ____ husband or ____ wife for the
 child(ren) and [&check; one only] ____ husband or ____ wife should be required
 to provide it.
F. THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT EXPLAINING
WHY ATTORNEYS' FEES ARE BEING GRANTED AND EXPLAINING
THE BASIS OF THE AMOUNT AWARDED.
 1. The [&check; one only] ____ husband's or ____ wife's request for fees and
costs is DENIED.
 2. The [&check; one only] ____ husband's or ____ wife's request for fees and
costs is GRANTED.
[&check; all that apply]
____ Attorneys' fees, ____ suit money, and/or ____ costs be awarded to: [&check;
one only] ____ husband or ____ wife.
The basis for granting this award and for the determination of the amount
is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 THEREFORE it is ORDERED AND ADJUDGED:
II. CONCLUSIONS OF LAW
A. JURISDICTION
 1. The parties shall be granted a Dissolution of Marriage upon the basis
 of: [&check; one only]
 ____ The parties' marriage is irretrievably broken.
 ____ Mental incapacity of one of the parties and the parties are restored
 to the status of being single.
 2. [&check; one only] ____ yes or ____ no
The Marital Settlement Agreement, which has been filed in this case, is
ratified and made a part of this judgment, and the parties are ordered to
obey all of its provisions.
B. MARITAL AND NONMARITAL ASSETS AND DEBTS AS PRESENTLY KNOWN
[ fill in all blanks that apply]
 1. The husband will keep as his own the assets found by this court to be
his nonmarital assets in paragraph I.C.4.(b) of this final judgment and the
wife shall have no further rights or responsibilities regarding that assets.
 2. The wife will keep as her own the assets found by this court to be her
nonmarital assets in paragraph I.C.4.(c) of this final judgment and the
husband shall have no further rights or responsibilities regarding that
assets.
 3. The husband will keep as his own the following assets found by this
court to be marital assets in paragraph I.C.4.(a) of this final judgment and
the wife shall have no further rights or responsibilities regarding that
assets: [use more pages if needed]

*1253
ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand ____________ ____________ ____________
Cash in banks ____________ ____________ ____________
Stocks/bonds ____________ ____________ ____________
Notes ____________ ____________ ____________
Real estate:
 Home: ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
Automobiles:
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
Other personal
property:
 Contents of home ____________ ____________ ____________
 Jewelry ____________ ____________ ____________
 Life ins./cash
 surrender value ____________ ____________ ____________
Other assets:
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
TOTAL ASSETS: $ __________ $ __________ $ __________
 4. The wife will keep as her own the assets found by this court to be
marital assets in paragraph I.C.4.(a) of this final judgment and the husband
shall have no further rights or responsibilities regarding that assets: [use
more pages if needed]
ASSETS
 Name on title/deed/account
 [&check; all that apply]
Description Value Husband Wife
Cash on hand ____________ ____________ ____________
Cash in banks ____________ ____________ ____________
Stocks/bonds ____________ ____________ ____________
Notes ____________ ____________ ____________
Real estate:
 Home: ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
Automobiles:
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
____________________ ____________ ____________ ____________
Other personal
property:
 Contents of home ____________ ____________ ____________
 Jewelry ____________ ____________ ____________
 Life ins./cash
 surrender value ____________ ____________ ____________
Other assets:

*1254
___________________ ____________ ____________ ____________
___________________ ____________ ____________ ____________
___________________ ____________ ____________ ____________
TOTAL ASSETS: $ __________ $ __________ $ __________
 5. The husband will keep as his own the debt(s) found by this court to be
his nonmarital debt(s) in paragraph I.C.4.(b) of this final judgment and
wife shall have no further responsibility for those debt(s).
 6. The wife will keep as her own the property found by this court to be
her nonmarital debt(s) in paragraph I.C.4.(c) of this final judgment and
husband shall have no further responsibility for that debt.
 7. The husband will keep as his own the following debt(s) found by this
court to be marital debts in paragraph I.C.4.(a) of this final judgment and
wife shall have no further responsibility for that debt:
 Name on
 title/deed/account
 [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House ____________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
*Credit Cards:
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
*give account number for each credit card
8. The wife will keep as her own the debt(s) found by this court to be
marital debt(s) in paragraph I.C.4.(a) of this final judgment and husband
shall have no further responsibility for that debt:
 Name on
 title/deed/account
To whom/ [&check; all that apply]
Description Balance Due Monthly payment Husband Wife
House ____________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
Car ______________ $ _____________ $ _____________ ___________ _________
*Credit Cards:
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
No. ______________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________
__________________ $ _____________ $ _____________ ___________ _________

*1255
* give account number for each credit card
 9. ____ Pension, retirement, profit-sharing, annuity, deferred
compensation, and insurance plans/program benefits are awarded through a
separate domestic relations order which is attached.
 10. This distribution of assets and debts between the husband and wife is
equitable based on the following facts and reasoning: _____________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
C. SPOUSAL SUPPORT (ALIMONY)
 1. Permanent periodic spousal support/alimony shall be awarded to the: [&check;
one only] ____ husband or ____ wife, in the sum of _______________ dollars
per ____________ or ____ in a lump sum amount to be paid on or before {date}
______________ or ____ in payments of $ _____________ dollars per __________
plus in a lump sum amount to be paid on or before {date} _______________.
 2. Rehabilitative periodic spousal support/alimony shall be awarded to
the: [&check; one only] ____ husband or ____ wife, in the sum of _______________
dollars per ______________ or ____ in a lump sum amount to be paid on or
before {date} _______________ or ____ in payments of $ ______________
dollars per _____________ plus in a lump sum amount to be paid on or before
{date} ______________. This rehabilitative alimony will end on {date}
_______________ [ circle one] and/or upon {condition} ____________________
___________________________________________________________________________
 3. Lump sum spousal support/alimony shall be awarded to the: [&check; one only]
____ husband or ____ wife, in a lump sum amount of $ ______________ to be
paid on or before {date} or in ____ payments of $ _____________ dollars on
{dates} _____________.
 4. ____ Life insurance shall be maintained to protect this alimony award
with the [&check; one only] ____ husband or ____ wife as owner and beneficiary as
follows: [&check; one only] ____ none ordered or ____ by (husband with a benefit
amount of $ _______________ or ____ by wife with a benefit amount of
$ _______________.
D. MINOR (under 18) CHILDREN OF THIS MARRIAGE [ fill in all blanks that
 apply] [&check; one only]
 1. Parental responsibility over the minor child(ren) of the marriage, if
 any, shall be as follows:
 ____ a. There are no minor child(ren) of this marriage.
 ____ b. Shared by the parties.
 ____ c. Sole to {specify} ______________________________________________
 ____ d. Other (e.g., certain decisions with one parent such as education,
 medical, religious training etc.).
Parental decision making responsibility over the minor child(ren) shall be
as follows: [&check; one only]
____ Shared to: [&check; one only] ____ father or ____ mother or Other {Specify
other person(s) and issue(s)}: ____________________________________________
___________________________________________________________________________
___________________________________________________________________________
____ Sole to: [&check; one only] ____ father or ____ mother or Other {Specify
other person(s) and issue(s)}: ____________________________________________
___________________________________________________________________________
___________________________________________________________________________

*1256
 2. Child visitation rights by the noncustodial parent shall be: [&check; one
 only]
____ There shall be no visitation by the noncustodial parent pending further
 orders from the court.
____ Liberal
____ Reasonable
____ Scheduled (schedule attached)
____ Supervised as scheduled (schedule attached)
____ As follows:
 ____ a. Alternating weekends from ____ p.m. on Fridays until ____ p.m.
 on Sundays. [&check; all that apply]
 (1) ____ if there is a school holiday on Friday, visitation
 will begin at ____ p.m. on Thursday.
 (2) ____ if there is a school holiday on Monday, visitation
 will continue until ____ p.m. on Monday.
 (3) ____ weekend visitation shall not change regardless of
 Friday or Monday school holidays.
 (4) ____ if there is a school holiday on Monday or Friday the
 entire weekend shall be treated as a holiday and alternated in
 odd and even years under the holiday part of this order.
 ____ b. One day of contact/visitation during the week in which there is
 no weekend visitation, for a period of ____ hours on the day of
 the week of _________________.
 ____ c. Alternating legal holiday periods as follows which are also
 school holiday periods:
 ____ Spring Break [&check; one only] ____ odd years or ____ even
 years
 ____ Thanksgiving Holiday [&check; one only] ____ odd years or ____
 even years
 ____ Winter Holiday period [&check; one only] ____ odd years or ____
 even years (odd or even is established by the first day of
 the holiday)
 ____ Alternating other legal school holidays or religious
 holidays:
{specify} _________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 ____ d. A continuous period during the summer for ____ weeks.
Contact with the other parent during this summer period will be as
follows: __________________________________________________________________
___________________________________________________________________________
 ____ e. Alternating the child(ren)'s respective birthdays.
 ____ f. Spending each parent's respective birthday with that parent.
 ____ g. Mother's Day and Father's Day with the appropriate parent.
 ____ h. Unlimited phone communications at reasonable hours.
 ____ i. Unlimited written communications.
 3. ____ Child support of $ ________ to be paid by the [&check; one only] ____
husband or ____ wife [&check; one only] ____ weekly ____ biweekly ____ twice a
month ____ monthly. This support shall continue until the first of the
parties' minor children reaches the age of 18, or if the child(ren) are
between the ages of 18 and 19 and are still in high school performing in
good faith with a reasonable expectation of graduation, until the child(ren)
reaches the age of 19. At that time the child support will be recomputed
under the then-current Child Support Guidelines.

*1257
 4. ____ Unusual or uninsured medical/dental expenses for the children be
provided by: [&check; one only] ____ husband or ____ wife or ____ husband and wife
each pay one-half.
 5. ____ Medical insurance to be provided by [&check; one only] ____ husband or
____ wife for the child(ren).
 6. ____ Dental insurance to be provided by [&check; one only] ____ husband or
____ wife for the child(ren).
 7. ____ Life insurance shall be maintained for the benefit of the minor
child(ren) as beneficiaries or as stated in the $name of trust$ ____________
for the benefit of the minor children created $date$ _____________ with the
[&check; one only] ____ husband or ____ wife or other $specified$ _______________
as owner as follows: [&check; one only] ____ none ordered or ____ by husband with
a benefit amount of $ _________ or ____ by wife with a benefit amount of
$ ______________.
E. METHOD OF PAYMENT
All payments of child support and alimony shall be as follows:
[&check; check all which apply]
____ Directly to the person the court has ordered will be paid the support.
____ Payment will be through the Central Depository by the attached order 
 Family Law Form 12.991(a).
____ Payment will be by income deduction order, Family Law Form
 12.991(b), which is attached.
F. ____ Attorneys' fees, suit money, and costs be awarded to: [&check; one only]
____ husband or ____ wife in the amount of $ _________ (fees) $ _________
(costs) $ _________ suit money. The basis for granting or denying this award
and for the amount of any fees and costs awarded is given in the findings of
fact in this judgment.
G. [&check; one only] ____ yes or ____ no
The Wife's former name of ________________ is restored.
H. This court awards the petitioner the following further relief in this
cause:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
I. The court reserves jurisdiction to enforce the terms of this order and
all documents incorporated into it (e.g. parties' stipulation/agreement,
child support guidelines worksheet, etc.).
DONE and ORDERED in {name} _______________ County, Florida, on {date}
__________, 19__.
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _________________________________
Address ___________________________ Address ______________________________
___________________________________ ______________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ________________________
Telefax No. _______________________ Telefax No. __________________________
Other
Name ______________________________
Address ___________________________
___________________________________

*1258
City State Zip
Telephone No. _____________________
Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer}, ____________________________, a nonlawyer,
located at {street} __________________ {city} ____________________
{state} _______, {phone} ___________, helped {name} _____________________,
who is the [&check; one only] ____ petitioner or respondent, fill out this form.
 INSTRUCTIONS FOR FAMILY LAW FORMS 12.991(a), ORDER REQUIRING
 PAYMENT OF CHILD SUPPORT THROUGH THE CENTRAL DEPOSITORY
 AND 12.991(b), CHILD SUPPORT INCOME DEDUCTION ORDER
 1. PAYEE: the person to whom the court ordered support is paid.
 2. OBLIGOR: the person who is ordered by the court, obligated, to pay
support to the payee.
 3. PAYOR: the person who actually pays the money to the payee.
What you may find confusing in Family Law Forms 12.991(a) and (b) and others
which says things about child and/or spouse support is that sometimes the
obligor and the payor are the same person and sometimes the obligor and the
payor are two different people. These examples may help you understand why.
Example: The obligor and payor are the same person. If Joe is ordered to pay
Sue child support and he pays the money to Sue or to the central depository
for Sue than Joe is both the payor (the person who actually pays the money
to Sue who is the payee) and Joe is the obligor (The person who is ordered
by the court, or obligated, to pay support to Sue the payee).
Example: The obligor and the payor are two separate people. If Joe is
ordered to pay Sue child support and Joe's boss is ordered to take the money
right from Joe's wages and send it to Sue or to the central depository for
Sue than Joe's boss is the payor (the person who actually pays the money to
Sue who is the payee) and Joe is the obligor (The person who is ordered by
the court, or obligated, to pay support to the payee).
 ORDERS DIRECTING PAYMENT THROUGH THE CENTRAL DEPOSITORY
The central depository collects and distributes all alimony and child
support paid into it. It keeps proper records of the how much money was
paid, the date the money was paid, how much money it sent to the payee, the
date the money was sent to the payee, and how much money is past due. The
office of the clerk of the court runs the central depository.
 After the court has decided how much child support and/or alimony will be
paid, you should fill out this form order, filling in all the blanks that
fit your case and showing how much money should be paid and if it is paid
straight to you or to the central depository first and then to you. You must
then give this form order to the court for the hearing officer's or judge's
signature. You can take the form order with you to court for the support
hearing and if the court makes its decision right then, you may be able to
fill the form out and have it signed at that time. Be sure you have filled
in as many of the blanks as you can before the hearing (like the obligor,
payee and payor information).
 Once the order is signed, the depository keeps track of the payments made
and sent out, keeping a written record for any later court hearings.
 For further information, see section 61.181, Florida Statutes.
 INCOME DEDUCTION ORDERS
Income deduction is when the court ordered support comes straight from the
obligor's wages. When the court enters an order is entered beginning,
enforcing, or changing a spouse

*1259
or child support duty, the court must enter a separate order
for income deduction. This order must follow with section
61.1301, Florida Statutes.
In this order, the obligor is the person who has been ordered to pay spouse
and/or child support. The order makes the obligor's boss (whoever pays the
obligor his/her wages) pays the court ordered support from the obligor's
wages/earnings. Because the obligor's boss is paying the support duty the
obligor's boss is the payor.
$ This form orders the person, company, or organization giving
wages/earnings to the obligor to keep a certain amount of the money that the
obligor should get each time the obligor is paid and send it to the central
depository to be paid to you.
 You must fill out this form order and give it to the judge. After the
income deduction order is signed, you should mail a copy of the order to the
payor (the person or business paying wages to the obligor), by prepaid
certified mail, return receipt requested. You can take the form order with
you to court for the support hearing and if the court makes its decision
right then, you may be able to fill the form out and have it signed at that
time. Be sure you have filled in as many of the blanks as you can before the
hearing (like the obligor, payee and payor information).
 Objecting to an Income Deduction Order
 Within 15 days after service of a notice of delinquency, you may ask
for a hearing to object to the enforcement of the income deduction order
because of mistake of fact regarding the amount of support owed under the
court's support order, the amount of arrearages (payments that are past due)
of support, or identity of the obligor (the person who must pay the money).
 See section 61.1301(2), Florida Statutes, for additional information.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR _____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 ORDER REQUIRING PAYMENT THROUGH CENTRAL DEPOSITORY
 [&check; check all which apply, fill in all blanks that apply]
 IT IS ORDERED AND ADJUDGED that all payments of child support shall be as
follows:
____ Obligor will make the payments ordered  Fill out A & B below, NOT C.
____ Payment will be by income deduction order and payor is not the obligor
  Fill out A, B, & C.

*1260
A. PAYOR INFORMATION
1. Name: __________________________ DOB: _________________________________
 Social Security No: ____________ Phone: _______________________________
 Street: ________________________________________________________________
 City: __________________________ State: _________________ Zip: ________
2. Employer: ______________________ Phone: _______________________________
 Street: ________________________________________________________________
 City: __________________________ State: __________________ Zip: _______
 Other sources of income: _______________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
B. PAYEE INFORMATION
 Name: __________________________ DOB: _________________________________
 Social Security No: ____________ Phone: _______________________________
 Street: ________________________________________________________________
 City: __________________________ State: _________________ Zip: ________
2. Children for whom support is to be paid:
 Name Date of Birth Age Sex Social Security No.
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
C. PAYOR INFORMATION (fill out only if payor is NOT obligor)
1. Name (obligor's employer): _____________________________________________
 Named agent for service: _______________________________________________
 Street: ________________________________________________________________
 City: __________________________ State: _________________ Zip: _________
 Telephone: _____________________ Telefax: ______________________________
D. MANNER AND METHOD OF PAYMENT [&check; check all which apply, fill in amount,
 pay period and number of children]
1. Regular Child Support
 [&check; one only]
 ____ The payor shall pay the sum of $ ____ per ____ for ____ children,
 plus the clerk's processing fee as set forth in paragraph 8 below.
 ____ The payor shall pay the sum of $ ____ per ____ for ____ children,
 from which the clerk shall deduct its processing fee.
2. Past Due Child Support/Arrearages. ____ The payor shall pay the sum of
 $ ____ per ____ for ____ children, and the clerk's processing fee, for
 past due child support. This payment for past due child support shall
 last for ___________ months/years, until all past due support, fees to
 the central depository and interest are paid. Interest on past due child
 support shall be added to obligor's debt at the rate of _____% per annum
 until paid.

*1261
3. Alimony [&check; one only]
 ____ The payor shall pay the sum of $ ____ per ____ for alimony, plus the
 clerk's processing fee as set forth in paragraph 8 below.
 ____ The payor shall pay the sum of $ ____ per ____ for alimony, from
 which the clerk shall deduct the processing fee.
4. Past Due Alimony/Arrearages.
 ____ The payor shall pay the sum of $ ____ per _________, plus the
 clerk's processing fee for past due alimony. This payment for past
 due alimony shall last for ____ months until all past due alimony is
 paid.
5. Payments shall begin on the date of entry of this order and payments
 shall continue to be made the way this order says they will be paid and
 in the amount this order says will be paid unless and until this court
 orders something else.
6. Payments shall be sent to:
 CLERK OF COURT, CENTRAL DEPOSITORY
 Address ______________________
 ______________________________
 City State Zip
 Telephone No. ________________
 Telefax No. __________________
7. Payment shall be made by cash, check, or money order. For identification
 and accounting purposes, you must write the court case number on each
 payment made by check or money order and be attached on a separate sheet
 of paper with any case payment. If payment is made by check, the clerk
 may require the payor to fill out a form.
8. Any depository processing fees as allowed in section 61.181, Florida
 Statutes, shall be paid with each payment. The amount of the service fee
 is 4% of the total payment, but not less than $1.25 nor more than $5.25.
9. The parties affected by this order must tell the central depository right
 away if there is any change of name, address, employer, place of
 employment, or source of income.
DONE and ORDERED in {name} _______________ County, Florida, on {date}
___________, 19__.
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _________________________________
Address ___________________________ Address ______________________________
___________________________________ ______________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ________________________
Telefax No. _______________________ Telefax No. __________________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________

*1262
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} _________________________, a nonlawyer,
located at {street} _________________ {city} __________________
{state} ________, {phone} ___________, helped {name} ___________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR _____________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_______________________________,
 Petitioner
 and
_______________________________,
 Respondent.
____________________________\
 CHILD SUPPORT INCOME DEDUCTION ORDER
 [&check; check all which apply, fill in all blanks that apply]
 THIS COURT entered an order on ______________ establishing support
obligations owed by the obligor, {name} _______________, whose social
security number is ____________. In compliance with section 61.1301,
Florida Statutes,
 IT IS ADJUDGED:
INCOME DEDUCTION: From all income due and payable to obligor __________, the
following amounts shall be deducted:
A. ONGOING SUPPORT:
 1. ____ Child support of $ ________ [&check; one only]
 each pay period: ____ weekly ____ biweekly ____ twice a month ____
 monthly
 2. ____ Spousal support of $ _________ [&check; one only] each pay period:
 ____ weekly ____ biweekly ____ twice a month ____ monthly
B. PAST DUE SUPPORT/ARREARAGE: Payments of previously ordered support not
paid.
 1. ____ Child support of $ _________ [&check; one only] each pay period:
 ____ weekly ____ biweekly ____ twice a month ____ monthly
 2. ____ Spousal support of $ __________ [&check; one only] each pay period:
 ____ weekly ____ biweekly ____ twice a month ____ monthly
 3. TOTAL: $ __________ is past due.
 4. INTEREST: of ____% through __________, 19__. Interest continues to
 accrue at the rate of 12% annually on the unpaid principal, or
 $ __________ per day.
 5. PAYMENT OF PAST DUE CHILD/SPOUSAL SUPPORT: An additional
 $ __________ shall be withheld each pay period: [&check; one only] ____
 weekly ____ biweekly ____ twice a month ____ monthly until full
 payment is made of this arrearage with interest.
C. RETROACTIVE SUPPORT: The court has ordered that the new support amount
began on the date the petition asking for it was filed. Retroactive support
is the difference between how much support was paid from the date the
petition was filed to the date the order was entered

*1263
and how much support would have been paid if the new amount had begun when
the petition was filed.
 1. ____ Child support of $ _________ [&check; one only] each pay period:
 ____ weekly ____ biweekly ____ twice a month ____ monthly
 2. ____ Spousal support of $ _______ [&check; one only] each pay period:
 ____ weekly ____ biweekly ____ twice a month ____ monthly
 3. TOTAL: $ __________ is past due.
 4. PAYMENT OF PAST DUE CHILD/SPOUSAL SUPPORT: An additional
 $ __________ shall be withheld each pay period: [&check; one only] ____
 weekly ____ biweekly ____ twice a month ____ monthly until full
 payment is made of this retroactive support.
D. PAST PUBLIC ASSISTANCE:
 3. TOTAL: $ __________ past public assistance was awarded in this
 matter and is due and owing.
 4. PAYMENT OF PAST DUE CHILD/SPOUSAL SUPPORT: An additional
 $ __________ shall be withheld each pay period: [&check; one only] ____
 weekly ____ biweekly ____ twice a month ____ monthly until full
 payment is made of this past public assistance.
E. ATTORNEYS' FEES AND COSTS: obligor has been ordered to pay to the payee
____ attorneys' fees in the amount of $ ______ and ____ costs in the amount
of $ ______ totalling $ __________. Immediately after support arrearages in
subsection (1)(b) are paid in full, an additional $ __________ shall be
withheld each pay period: [&check; one only] ____ weekly ____ biweekly ____ twice
a month ____ monthly until full payment is made. If there is no support
arrearage, this amount shall be withheld immediately.
F. SERVICE FEE: Any depository service fees as provided in section 61.181,
Florida Statutes shall be paid with each payment. The amount of the service
fee is 4% of the total payment, but not less than $1.25 nor more than $5.25.
G. AMOUNT OF DEDUCTION: The total amount to be withheld [add (a)-(f) above]
each pay period is $ __________, or ____ 55% ____ 65% of the disposable
income of the obligor, whichever is lower.
H. PLACE OF PAYMENT: The payor (obligor's employer) shall make the total
amount in (g) above payable to and send it directly to:
 CLERK OF COURT, CENTRAL DEPOSITORY
 Street: _______________________________________________________________
 City: _______________________ State: _____________________ Zip: _______
 Telephone: __________________ Telefax: _______________________________.
I. CONSUMER CREDIT PROTECTION ACT: The maximum amount to be deducted
shall not exceed amounts allowed under section 303(b) of the Consumer
Credit Protection Act, 15 U.S.C. section 1673(b), as amended. The maximum
amount to be deducted shall not exceed 50% of the disposable income where
there is a second family, 60% where there is not second family, and an
additional 5% of either limit if the arrearage equals or exceeds 12 weeks of
support payments. A copy of the Consumer Credit Protection Act is attached
to and made a part of this order.
J. EFFECTIVE DATE: This income deduction order ____ shall become effective
immediately OR ______ shall be effective upon a delinquency in an amount
equal to one month's support $ ______. A Notice to Payor and a Statement of
Rights, Remedies, and Duties of the Obligor are attached to and made a part
of this order.
K. DURATION: This income deduction order supersedes any income deduction
order that may have been entered earlier in this case. This order shall stay
in effect unless and until it is changed by this court or until the support
duty ends by operation of law.

*1264
L. ATTORNEYS' FEES: This court reserves jurisdiction for an award of
attorneys' fees, costs, and suit money incurred by the payee regarding the
entry of this order.
 CONSUMER CREDIT PROTECTION ACT
 GARNISHMENT RESTRICTIONS
 (a) Except as provided in subsection (b) of this section, the total
disposable earnings of a person for any workweek which can be garnished
(kept from the obligor and sent directly to the payee) cannot be more than:
 (1) 25% of obligor's disposable earnings for that week, or
 (2) the amount by which obligor's disposable earnings for that week exceed
30 times the Federal minimum hourly wage prescribed by section 206(a) of
Title 29 in effect at the time the earnings are payable, whichever is less.
In the case of earnings for any pay period other than a week, the Secretary
of Labor shall by regulation prescribe a multiple of the federal minimum
hourly wage equivalent in effect to that set forth in paragraph (2).
 EXCEPTIONS
 (b)(1) The restrictions of subsection (a) of this section do not apply in
the case of:
 (A) any order for the support of any person issued by a court of
competent jurisdiction or in accordance with an administrative procedure,
which is established by state law, affords substantial due process, and is
subject to judicial review.
 (B) any order of any court of the United States having jurisdiction over
cases under Chapter 13 of Title 12.
 (C) any debt due for a state or federal tax.
 (2) The total disposable earnings of a person for any workweek which can
be garnished (kept from the obligor and sent directly to the payee) cannot
be more than:
 (A) when such individual is supporting a spouse or dependent child
(other than a spouse or child with respect to whose support such order is
used), 50% of such individual's disposable earnings for that week; and
 (B) when such individual is not supporting such a spouse or dependent
child described in clause (A), 60% of such individual's disposable earnings
for that week;
except that, with respect to the disposable earnings of any individual for
any workweek, the 50% specified in clause (A) shall be deemed to be 55% and
the 60% specified in clause (B) shall be deemed to be 65%, if and to the
extent that such earnings are subject to garnishment to enforce a support
order with respect to a period which is prior to the twelve-week period
which ends with the beginning of such workweek.
 (c) Execution or enforcement of garnishment order or process is
prohibited.
 No court of the United States or any state, and no state (or officer or
agency thereof), may make, execute, or enforce any order of process in
violation of this section.

*1265
 NOTICE TO PAYOR
 [&check; check all which apply, fill in all blanks that apply]
RE: Obligor's name: _____________________
 SSN: __________________
 YOU ARE HEREBY NOTIFIED:
 1. Deduction from Obligor's Income. You are required to begin an income
deduction in compliance with the income deduction order entered by the court
and pay that amount to the payee or the depository, whichever the court
order setting support says to make payment to. A copy of that order and any
notice of delinquency is enclosed for your payroll records. The amount
actually deducted, plus all administrative charges, shall not be in excess
of the amount allowed under section 303(b) of the Consumer Credit Protection
Act, 15 U.S.C. section 1673(b). If payment is ordered through the court
depository, payments shall be made payable to and send it directly to:
 CLERK OF COURT, CENTRAL DEPOSITORY
 Address ______________________
 ______________________________
 City State Zip
 Telephone No. ________________
 Telefax No. __________________
Each payment must have the obligor's name and case number clearly written on
it.
 2. Effective Date. You must begin the income deduction no later than the
first payment date which occurs more than 14 days after the date you get
this notice.
 3. Forward Payments. You must send to the payee or the court depository
(whichever the court order says to send payments to), within 2 days after
each payment date, the amount to be kept from the obligor's wages/income and
a statement saying if the money sent pays all or part of the payment due as
set out in the income deduction order or notice of delinquency, and giving
the exact date the money was taken from the obligor's wages/income and sent
to the payee directly or through the central depository.
 4. Your Liability. If you do not take out the right amount of money from
the obligor's wages/income, you are liable for the money you should have
kept out, and costs, interest, and reasonable attorneys' fees.
 5. Your Costs. You may take out and keep from the obligor's wages/income
an additional $5.00 for the first deduction and $2.00 for each deduction
after that to cover your administrative costs.
6. Duration. The income deduction order and this [&check; one only]
 ____ notice to payor OR
 ____ notice of delinquency are binding upon you until released in
writing by the payee, by court order, or until you stop giving wages/income
to the obligor.
 7. Duty to Report. Penalty if You Do Not. You must tell the
 ____ payee
 ____ depository when you are no longer giving wages/income to the
obligor. You must also give the obligor's last-known address, and the name
and address of the obligor's
 ____ new payor
 ____ new employer, if known. You face a civil penalty not to exceed
$250.00 for the first violation and $500.00 for any violation after that if
you do not give tell the payee/depository obligor's new payor/employer if
you know it. Penalties shall be paid to the payee.
 8. Duty to Cooperate. Penalty if You Do Not. You may not discharge/fire,
refuse to employ, or take disciplinary action against an obligor because of
an income deduction order.

*1266
You face a civil penalty not to exceed $200.00 for the first violation or
$500.00 for any violation after that. Penalties shall be paid to the payee
if any support is owing. If no support is owing, the penalty shall be paid
to the obligor.
 9. Obligor's Rights. The obligor may bring a civil action against you if
you refuse to employ the obligor, discharge the obligor, or otherwise
discipline the obligor because of an income deduction order. The obligor is
entitled to reinstatement and all wages and benefits lost, plus reasonable
attorneys' fees and costs.
 10. Priority Under Law. The income deduction order has priority over all
other legal processes under state law pertaining to the same income. Payment
in compliance with the income deduction order is a complete defense by you
against any claims of the obligor or obligor's creditors as to the sums
paid.
 11. Your Convenience. When you get income deduction orders requiring that
the income of 2 or more obligors be deducted and sent to the same
depository, you may combine the amounts that are to be paid to the
depository in a single payment as long as you clearly identify the portion
of the payment that is for to each obligor.
 12. Conflict. If you receive more than one income deduction order against
the same obligor, contact the court for further instructions.
 STATEMENT OF RIGHTS, REMEDIES, AND DUTIES
 IN REGARD TO INCOME DEDUCTION ORDER
 [&check; check all which apply, fill in all blanks that apply]
 A. Fees of $ ________ shall be imposed. Interest of $ ________ shall be
 imposed.
 B. UNTIL the total arrearage, retroactive support, interest, costs and
 fees are paid in full $ ________ shall be deducted from each pay period:
 [&check; one only] ____ weekly ____ biweekly ____ twice a month ____ monthly.
 AFTER all of those amounts are paid in full $ ________ shall be deducted
 from each pay period: [&check; one only] ____ weekly ____ biweekly ____ twice a
 month ____ monthly.
The amounts deducted may not be in excess of that allowed under section
303(b) of the Consumer Credit Protection Act, 15 U.S.C. section 1673(b), as
amended.
 C. The income deduction order applies to current and subsequent payors and
periods of employment.
 D. A copy of the income deduction order will be served on the obligor's
payor or payors.
 E. Enforcement of the income deduction order may be contested only on the
ground of mistake of fact regarding the amount of support owed pursuant to a
support order, the arrearage, or the identity of the obligor.
 F. The obligor is required to notify the payee within 7 days of changes in
the obligor's address and payors and the addresses of his payors.
DONE and ORDERED in {name} _______________ County, Florida, on {date}
___________, 19__.
 ________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _________________________________
Address ___________________________ Address ______________________________
___________________________________ ______________________________________

*1267
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ________________________
Telefax No. _______________________ Telefax No. __________________________
Clerk of the Central Depository Payor or their attorney (if represented)
Name ______________________________ Name _________________________________
Address ___________________________ Address ______________________________
___________________________________ ______________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ________________________
Telefax No. _______________________ Telefax No. __________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE
JUDGE TO SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE
BLANKS BELOW: [ fill in all blanks]
I, {name of nonlawyer} ___________________________, a nonlawyer,
located at {street} _________________ {city} ________________
{state} ________, {phone} ___________, helped {name} _________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this
form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.993, FINAL JUDGMENT
 OF MODIFICATION OF PARENTAL RESPONSIBILITY AND VISITATION
 You should fill out and bring this proposed order with you to the hearing.
If the court rules in your favor, your proposed order usually will be signed
at the hearing. NOTE: Many of the parts of Family Law Form 12.993 are
choices and should be used only when they fit the facts of your case.
 This form can also be used with Family Law Forms 12.922(a), Request
to Enter Default and 12.922(b), Default, if the other party did not answer
your petition. If the default has been entered using those forms and you
must ask for a hearing for the court to consider your request. See 
Family Law Form 12.923, Notice of Hearing (General Form). Even after a
default has been entered, the other party must be given notice of the
hearing because the court must determine the best interest of the
child(ren). To use Family Law Form 12.993 as a Final Default Judgment
of Modification of Parental Responsibility and Visitation just check &check; WAS
in BOTH PLACES (if true) in paragraph 3.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND
 FOR _____________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
___________________________\

*1268
 FINAL JUDGMENT OF MODIFICATION OF PARENTAL
 RESPONSIBILITY AND VISITATION
 THIS CAUSE, was heard on {date} _______________ upon the Petition for
Modification of Parental Responsibility and/or Visitation. The court, having
heard the testimony of the parties and appropriate witnesses, having
reviewed the pleadings contained in the court file, and being more fully
advised and informed, hereby makes the following findings of fact and
conclusions of law: [&check; all that apply]
1. The Court has jurisdiction of the parties and the subject matter of this
 proceeding.
2. Florida is the home state of the minor child(ren) or there is significant
 connection with this State and accordingly it has jurisdiction to
 determine child custody, visitation, and support under the Uniform Child
 Custody Jurisdiction Act.
3. Respondent [&check; one only] ____ was or ____ was not duly served by process
 of law and a default, Family Law Form 12.922(b), ____ was or ____ was
 not properly entered.
4. The last order governing primary parental responsibility or visitation
 was entered on {date} _______________. A copy of that order is attached.
5. There [&check; one only] ____ has or ____ has not been a substantial change in
 the circumstances of the parties since the entry of the last order
 governing primary parental responsibility or visitation, specifically,
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 _______________________________________________________________________.
6. It [&check; one only] ____ is or ____ is not in the best interest of the minor
 child(ren) that the current parenting arrangement be changed because:
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
7. Child Support
 [ fill in all blanks that apply]
 a. Petitioner's net income is: __________. OR
 Petitioner's imputed net income is: __________, based upon the following:
 ________________________________________________________________________
 ________________________________________________________________________
 b. Respondent's net income is: __________. OR
 Respondent's imputed net income is: __________, based upon the following
 ________________________________________________________________________
 ________________________________________________________________________
 _______________________________________________________________________.
[&check; all that apply]
____ c. Child support should be set by Florida's child support guidelines
 (see section 61.30 Florida Statutes).
____ d. The calculations and conclusion included in the child support
 guidelines worksheet Family Law Form 12.901(g) filed in this case
 by [&check; one only] ____ petitioner or ____ respondent are adopted by this
 court and incorporated in this order.
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS WHY AWARDING THE
AMOUNT OF CHILD SUPPORT REQUIRED BY SECTION 61.30, FLORIDA STATUTES,
WOULD BE UNJUST OR INAPPROPRIATE IF THE AMOUNT AWARDED IS
DIFFERENT FROM THE GUIDELINES AMOUNT BY PLUS OR MINUS FIVE PERCENT
(5%).

*1269
____ e. Child support should not be set by Florida's child support
 guidelines (see section 61.30 Florida Statutes). The basis for ordering
 [&check; one only] ____ more or ____ less than the guidelines amount of child
 support pursuant to section 61.30, Florida Statutes is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
__________________________________________________________________________.
 f. ____ Medical insurance [&check; one only] ____ is or ____ is not
 reasonably available to the [&check; one only] ____ petitioner or
 ____ respondent for the child(ren) and [&check; one only] ____ petitioner or
 ____ respondent should be required to provide it.
 g. ____ Dental insurance [&check; one only] ____ is or ____ is not reasonably
 available to the [&check; one only] ____ petitioner or ____ respondent for
 the child(ren) and [&check; one only] ____ petitioner or ____ respondent
 should be required to provide it.
8. THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT EXPLAINING
WHY ATTORNEYS' FEES ARE BEING GRANTED AND EXPLAINING THE BASIS OF THE AMOUNT
AWARDED.
[&check; all that apply]
____ Attorneys' fees, ____ suit money, and/or ____ costs be awarded to: [&check;
one only] ____ petitioner or ____ respondent.
The basis for granting this award and for the determination of the amount
is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
__________________________________________________________________________.
 Therefore, upon consideration of the above findings, it is hereby ORDERED
AND ADJUDGED that:
A. The Petition/Request to Modify/Change Primary Residency/Custody of
 child(ren) is [&check; one only] ____ GRANTED or ____ DENIED based on the
 findings of fact regarding changed circumstances and best interests of
 the child set out previously in this order.
B. PRIMARY RESIDENCY/VISITATION [ fill in all blanks that apply]
 [&check; one only]
 1. Parental responsibility over the minor child(ren) shall be changed as
 follows:
 ____ a. Primary Residency to {specify} _________________________________
 ____ b. Sole to {specify} ______________________________________________
 ____ c. Other (e.g., certain decisions with one parent such as education,
 medical, religious training etc.).
Parental decision making responsibility over the minor child(ren) shall be
as follows:
[&check; one only]
____ Shared to: [&check; one only] ____ father or ____ mother or ____ Other
{Specify other person(s) and issue(s)}: ____________________________________
___________________________________________________________________________

*1270
____ Sole to: [&check; one only] ____ father or ____ mother or ____ Other {Specify
other person(s) and issue(s)}: ____________________________________________
___________________________________________________________________________
___________________________________________________________________________
 3. Child visitation rights by the noncustodial parent shall be:
[&check; one only]
____ There shall be no visitation by the noncustodial parent pending further
 orders from the court.
____ Liberal
____ Reasonable
____ Scheduled (schedule attached)
____ Supervised as scheduled (schedule attached)
____ As follows:
 ____ a. Alternating weekends from ____ p.m. on Fridays until ____ p.m.
 on Sundays. [&check; all that apply]
 (1) ____ if there is a school holiday on Friday, visitation
 will begin at ____ p.m. on Thursday.
 (2) ____ if there is a school holiday on Monday visitation will
 continue until ____ p.m. on Monday.
 (3) ____ weekend visitation shall not change
 regardless of Friday or Monday school holidays.
 (4) ____ if there is a school holiday on Monday or Friday the
 entire weekend shall be treated as a holiday an alternated in
 odd and even years under the holiday part of this order.
 ____ b. One day of contact/visitation during the week in which there is
 no weekend visitation, for a period of _______ hours on the day
 of the week of _________________.
 ____ c. Alternating legal holiday periods as follows which are also
 school holiday periods:
 ____ Spring Break [&check; one only] ____ odd years or ____ even
 years
 ____ Thanksgiving Holiday [&check; one only] ____ odd years or ____
 even years
 ____ Winter Holiday period [&check; one only] ____ odd years or ____
 even years (odd or even is established by the first day of
 the holiday)
 ____ Alternating other legal school holidays or religious
 holidays:
{specify} _________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 ____ d. A continuous period during the summer for ____ weeks.
Contact with the other parent during this summer period will be as follows:
___________________________________________________________________________
 ____ e. Alternating the child(ren)'s respective birthdays.
 ____ f. Spending each parent's respective birthdays with that parent.
 ____ g. Mother's Day and Father's Day with the appropriate parent.
 ____ h. Unlimited phone communications at reasonable hours.
 ____ i. Unlimited written communications.

*1271
C. CHILD SUPPORT
 1. ____ Child support of $ ________ to be paid by the [&check; one only] ____
 petitioner or ____ respondent [&check; one only] ____ weekly ____ biweekly
 ____ twice a month ____ monthly.
 This support shall continue until the first of the parties' minor
 children reaches the age of 18, or if the child(ren) are between the
 ages of 18 and 19 and are still in high school performing in good faith
 with a reasonable expectation of graduation, until the child(ren)
 reaches the age of 19. At that time the child support will be recomputed
 under the then-current Child Support Guidelines.
 2. ____ Unusual or uninsured medical/dental expenses for the children be
 provided by: [&check; one only] ____ petitioner or ____ respondent or ____
 petitioner and respondent each pay one-half
 3. ____ Medical insurance to be provided by [&check; one only] ____ petitioner
 or ____ respondent for the child(ren).
 4. ____ Dental insurance to be provided by [&check; one only] ____ petitioner
 or ____ respondent for the child(ren).
 5. ____ Life insurance shall be maintained for the benefit of the minor
 child(ren) as beneficiaries or as stated in the {name of trust} _______
 __________ for the benefit of the minor children created {date} _______
 _________ with the [&check; one only] ____ petitioner or ____ respondent or
 other {specify} _____________ as owner as follows: [&check; one only] ____ none
 ordered or ____ by petitioner with a benefit amount of $ _____________ or
 ____ by respondent with a benefit amount of $ ______________.
 6. All payments of child support shall be as follows:
 [&check; check all which apply]
 ____ Directly to the person the court has ordered will be paid the
 support.
 ____ Payment will be through the Central Depository by the attached
 order Family Law Form 12.991(a).
 ____ Payment will be by income deduction order, Family Law Form
 12.991(b), which is attached.
D. ____ Attorneys' fees, suit money, and costs be awarded to: [&check; one only]
____ petitioner or ____ respondent in the amount of $ __________ (fees) $
__________ (costs) $ __________ suit money. The basis for granting or
denying this award and for the amount of any fees and costs awarded is given
in the findings of fact in this judgment.
E. This court awards the petitioner the following further relief in this
cause:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
F. The court reserves jurisdiction to enforce the terms of this order and
all documents incorporated into it (e.g., parties' stipulation/agreement,
child support guidelines worksheet, etc.).
 DONE and ORDERED in {name} _______________________ County, Florida, on
 {date} ___________, 19__.
 ______________________________________
 CIRCUIT JUDGE
cc:

*1272
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _________________________________
Address ___________________________ Address ______________________________
___________________________________ ______________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ________________________
Telefax No. _______________________ Telefax No. __________________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE JUDGE TO
SIGN, THE NONLAWYER WHO HELPED YOU MUST FILL IN THE BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} ______________________________________, a nonlawyer,
located at {street} ___________________________ {city} ____________________
{state} ____________, {phone} ______________, helped {name} ______________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out
this form.
 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.994(a), FINAL JUDGMENT
 AWARDING SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE
In Florida, the court can order a person who is living apart from their
spouse and child(ren) (whether or not the separation is that person's
fault), to pay support for them. When the court orders support unconnected
with dissolution, it will establish the child(ren)'s primary residency and
the custody and visitation rights of the parents. See section 61.10, Florida
Statutes for more information about receiving support unconnected with
dissolution of marriage, Appendix 2, for information about child custody and
visitation, and Appendix 3, for information about child support.
 You should fill out and bring this proposed order with you to the hearing.
If the court rules in your favor, your proposed order usually will be signed
at the hearing. NOTE: Many of the parts of Family Law Form 12.994(a) are
choices and should be used only when they fit the facts of your case.
 This form can also be used with Family Law Forms
12.922(a), Request to Enter Default and 12.922(b), Default, if the other
party did not answer your petition. If the default has been entered using
those forms and you must ask for a hearing for the court to consider your
request. See Family Law Form 12.923, Notice of Hearing (General Form).
Even after a default has been entered, the other party must be given notice
of the hearing because the court must determine the best interest of the
child(ren). To use Family Law Form 12.994(a) as a Final Default Judgment
Awarding Support Unconnected with Dissolution of Marriage/Divorce, just
check &check; WAS in BOTH PLACES (if true) in paragraph 3.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name,
address, and telephone number on the bottom of the last page of every form
they help you fill out.

*1273
 IN THE CIRCUIT COURT OF THE ______________ JUDICIAL CIRCUIT, IN
 AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
____________________________\
 FINAL JUDGMENT AWARDING SUPPORT UNCONNECTED
 WITH DISSOLUTION OF MARRIAGE
 THIS CAUSE, was heard on {date} _________________ upon the
Petition/Request for Support Unconnected with Dissolution of Marriage. The
court, having heard the testimony of the parties and appropriate witnesses,
having reviewed the pleadings contained in the court file, and being more
fully advised and informed, makes the following findings of fact and
conclusions of law:
A. JURISDICTION
 1. The Court has jurisdiction of the parties and the subject matter of
 this proceeding.
 2. Florida is the home state of the minor child(ren) or there is
 significant connection with this State and accordingly it has
 jurisdiction to determine child custody, visitation, and support
 under the Uniform Child Custody Jurisdiction Act. A Uniform Child
 Custody Jurisdiction Act Affidavit (Florida Family Law Form
 12.901(f)) has been filed with the court.
 3. Respondent [&check; one only] ____ was or ____ was not duly served
 by process of law and a default, Family Law Form
 12.922(b), ____ was or ____ was not properly entered.
B. STATISTICAL FACTS [ fill in all blanks that apply]
 1. Date of marriage: _________________________
 2. Place of marriage: ________________________
 3. Date of separation: _______________________
 4. Minor (under 18) children of this marriage [ fill in all blanks
 that apply]
 [&check; one only]
 ____ There are no minor children.
 ____ The wife is pregnant. $due date$ _______________
 ____ The wife is not pregnant.
 ____ The minor children are:
 Name Birth Date Age Sex Social Security No.
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
____________________ _____________ _____ _______ ______________________
 [&check; all that apply]
 ____ a. A Uniform Child Custody Jurisdiction Act Affidavit ( Family
 Law Form 12.901(f)) is being filed with this court.

*1274
 ____ b. Florida is the home state of the minor child(ren) and accordingly
 it is the sole jurisdictional state to determine child custody,
 visitation, and support under the Uniform Child Custody Jurisdiction
 Act.
 ____ c. The parties should share parental responsibility for the minor
 child(ren).
 ____ d. Shared parental responsibility would be detrimental to the
 child(ren). Accordingly, sole parental responsibility should be
 ordered. The basis for ordering sole parental responsibility is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
C. SPOUSAL SUPPORT
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT THAT ADDRESS THE
FACTORS LISTED IN SECTION 61.08, FLORIDA STATUTES, WHEN GRANTING OR DENYING
A REQUEST FOR ALIMONY.
[ you must fill in 1 or 2 below]
 1. ____ The spousal support/alimony request is DENIED.
 The basis for denying this award pursuant to section 61.08, Florida
 Statute is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 2. ____ The spousal support/alimony request is GRANTED.
 The basis for granting this award pursuant to section 61.08, Florida
 Statute is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 [&check; all that apply]
 3. Permanent periodic spousal support/alimony is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay that support.
 4. Rehabilitative periodic spousal support/alimony is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay that support.
 5. Lump sum spousal support/alimony is needed by the [&check; one only] ____
 husband or ____ wife and the [&check; one only] ____ husband or ____ wife is
 financially able to pay that support.

*1275
 6. ____ Life insurance to secure this support is needed by the [&check; one
 only] ____ husband or ____ wife and the [&check; one only] ____ husband or ____
 wife is financially able to pay the insurance premiums.
D. CHILD SUPPORT
 1. Petitioner's net income is: ______________. OR
 Petitioner's imputed net income is: ___________, based upon the
 following:
 ______________________________________________________________________
 _____________________________________________________________________.
 2. Respondent's net income is: __________. OR
 Respondent's imputed net income is: __________, based upon the
 following
 ______________________________________________________________________
 ______________________________________________________________________
 _____________________________________________________________________.
 [&check; all that apply]
____ 3. Child support should be set by Florida's child support guidelines
 (see section 61.30 Florida Statutes).
____ 4. The calculations and conclusion included in the child support
 guidelines worksheet ( Family Law Form 12.901(g)) filed in this case
 by [&check; one only] ____ Petitioner or ____ Respondent are adopted by this
 court and incorporated in this order.
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS WHY AWARDING THE AMOUNT OF
CHILD SUPPORT REQUIRED BY SECTION 61.30, FLORIDA STATUTES, WOULD BE UNJUST
OR INAPPROPRIATE IF THE AMOUNT AWARDED IS DIFFERENT FROM THE GUIDELINES
AMOUNT BY PLUS OR MINUS FIVE PERCENT (5%).
____ 5. Child support should not be set by Florida's child support
 guidelines (see section 61.30 Florida Statutes). The basis for ordering
 [&check; one only] ____ more or ____ less than the guidelines amount of child
 support pursuant to section 61.30, Florida Statutes is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
__________________________________________________________________________.
 6. ____ Medical insurance [&check; one only] ____ is or ____ is not
 reasonably available to the [&check; one only] ____ husband or ____ wife for
 the child(ren) and [&check; one only] ____ husband or ____ wife should be
 required to provide it.
 7. ____ Dental insurance [&check; one only] ____ is or ____ is not reasonably
 available to the [&check; one only] ____ husband or ____ wife for the
 child(ren) and [one only] ____ husband or ____ wife should be required
 to provide it.
E. THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT EXPLAINING WHY
ATTORNEYS' FEES ARE BEING GRANTED AND EXPLAINING THE BASIS OF THE AMOUNT
AWARDED.
[&check; all that apply]
____ Attorneys' fees, ____ suit money, and/or ____ costs be awarded to:
[&check; one only] ____ husband or ____ wife.

*1276
The basis for granting this award and for the determination of the
amount is:
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 THEREFORE it is ORDERED AND ADJUDGED:
II. CONCLUSIONS OF LAW
A. JURISDICTION
 1. The court has jurisdiction over the parties and the subject matter of
 this case.
B. SPOUSAL SUPPORT
 1. Periodic spousal support/alimony shall be awarded to the: [&check; one only]
 ____ husband or ____ wife, in the sum of ______________ dollars per
 ____________ or in a lump sum amount of $ ____________ to be paid on or
 before {date} __________ or in ____ payments of $ __________ dollars
 on {dates} ______________________________________________________________
 _______________________________________________________________________.
 2. ____ Life insurance shall be maintained to protect this alimony award
 with the [&check; one only] ____ husband or ____ wife as owner and beneficiary
 as follows: [&check; one only] ____ none ordered or ____ by husband with a
 benefit amount of $ _____________ or ____ by wife with a benefit amount
 of $ _______________.
C. MINOR (under 18) CHILDREN OF THIS MARRIAGE [ fill in all blanks that
 apply]
 [&check; one only]
 1. Parental responsibility over the minor child(ren) of the marriage, if
 any, shall be as follows:
 ____ a. There are no minor child(ren) of this marriage.
 ____ b. Shared by the parties.
 ____ c. Sole to {specify} _____________.
 ____ d. Other (e.g., certain decisions with one parent such as education,
 medical, religious training etc.).
Parental decision making responsibility over the minor child(ren) shall be
as follows:
[&check; one only]
____ Shared to: [&check; one only] ____ father or ____ mother or ____ Other
{Specify other person(s) and issue(s)}: ___________________________________
___________________________________________________________________________
___________________________________________________________________________
____ Sole to: [&check; one only] ____ father or ____ mother or ____ Other
{Specify other person(s) and issue(s)}: ___________________________________
___________________________________________________________________________
___________________________________________________________________________
 2. Child visitation rights by the noncustodial parent shall be:
[&check; one only]
____ There shall be no visitation by the noncustodial parent pending
 further orders from the court.
____ Liberal
____ Reasonable
____ Scheduled (schedule attached)
____ Supervised as scheduled (schedule attached)

*1277
____ As follows:
 ____ a. Alternating weekends from ______ p.m. on Fridays until ______
 p.m. on Sundays.
 [&check; all that apply]
 (1) ____ if there is a school holiday on Friday, visitation
 will begin at ____ p.m. on Thursday.
 (2) ____ if there is a school holiday on Monday, visitation
 will continue until ____ p.m. on Monday.
 (3) ____ weekend visitation shall not change regardless of
 Friday or Monday school holidays.
 (4) ____ if there is a school holiday on Monday or Friday the
 entire weekend shall be treated as a holiday and alternated in
 odd and even years under the holiday part of this order.
 ____ b. One day of contact/visitation during the week in which there is
 no weekend visitation, for a period of ________ hours on the
 day of the week of _______________.
 ____ c. Alternating legal holiday periods as follows which are also
 school holiday periods:
 ____ Spring Break [&check; one only] ____ odd years or ____ even
 years
 ____ Thanksgiving Holiday [&check; one only] ____ odd years or ____
 even years
 ____ Winter Holiday period [&check; one only] ____ odd years or ____
 even years (odd or even is established by the first day of
 the holiday)
 ____ Alternating other legal school holidays or religious
 holidays:
{specify} _________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
 ____ d. A continuous period during the summer for ____ weeks.
Contact with the other parent during this summer period will be as follows:
___________________________________________________________________________.
 ____ e. Alternating the child(ren)'s respective birthdays.
 ____ f. Spending each parent's respective birthday with that parent.
 ____ g. Mother's Day and Father's Day with the appropriate parent.
 ____ h. Unlimited phone communications at reasonable hours.
 ____ i. Unlimited written communications.
 3. ____ Child support of $ ________ to be paid by the [&check; one only] ____
 husband or ____ wife [&check; one only] ____ weekly ____ biweekly
 ____ twice a month ____ monthly. This support shall continue until the
 first of the parties' minor children reaches the age of 18, or if the
 child(ren) are between the ages of 18 and 19 and are still in high school
 performing in good faith with a reasonable expectation of graduation,
 until the child(ren) reaches the age of 19. At that time the child support
 will be recomputed under the then-current Child Support Guidelines.
 4. ____ Unusual or uninsured medical/dental expenses for the children be
 provided by: [&check; one only] ____ husband or ____ wife or ____ husband and
 wife each pay one-half

*1278
 5. ____ Medical insurance to be provided by [&check; one only] ____ husband or
 ____ wife for the child(ren).
 6. ____ Dental insurance to be provided by [&check; one only] ____ husband or
 ____ wife for the child(ren).
 7. ____ Life insurance shall be maintained for the benefit of the minor
child(ren) as beneficiaries or as stated in the {name of trust}
________________ for the benefit of the minor children created {date}
______________ with the [&check; one only] ____ husband or ____ wife or other
{specify} ____________ as owner as follows: [&check; one only] ____ none ordered
or ____ by husband with a benefit amount of $ _____________ or ____ by wife
with a benefit amount of $ _____________.
D. This court awards the petitioner the following further relief in this
cause:
___________________________________________________________________________
___________________________________________________________________________
E. The court reserves jurisdiction to enforce the terms of this order and
all documents incorporated into it (e.g., parties' stipulation/agreement,
child support guidelines worksheet, etc.).
DONE and ORDERED in {name} _________________ County, Florida, on
{date} ___________, 19__.
 ______________________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney Respondent or their attorney
(if represented) (if represented)
Name ______________________________ Name _________________________________
Address ___________________________ Address ______________________________
___________________________________ ______________________________________
City State Zip City State Zip
Telephone No. _____________________ Telephone No. ________________________
Telefax No. _______________________ Telefax No. __________________________
Other
Name ______________________________
Address ___________________________
___________________________________
City State Zip
Telephone No. _____________________
Telefax No. _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE JUDGE TO SIGN,
THE NONLAWYER WHO HELPED YOU MUST FILL IN THE BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} ___________________________, a nonlawyer, located at
{street} _________________________ {city} __________________ {state}
_______, {phone} ___________, helped {name} ________________, who is the [&check;
one only] ____ petitioner or ____ respondent, fill out this form.
 INSTRUCTIONS FOR FAMILY LAW FORM 12.994(b), FINAL JUDGMENT
 MODIFYING CHILD SUPPORT
 See Appendix 3 for how to fill out this form.
 You should fill out and bring this proposed order with you to the hearing.
If the court rules in your favor, your proposed order usually will be signed
at the hearing. NOTE: Many of the parts of Family Law Form
12.994(b) are choices and should be used only when they fit the facts of
your case.

*1279
 This form can also be used with Family Law Forms 12.922(a), Request
to Enter Default and 12.922(b), Default, if the other party did not answer
your petition. If the default has been entered using those forms and you
must ask for a hearing for the court to consider your request. See 
Family Law Form 12.923, Notice of Hearing (General Form). Even after a
default has been entered, the other party must be given notice of the
hearing because the court must determine the best interest of the
child(ren). To use Family Law Form 12.994(b) as a Final Default Judgment
of Modification of Child Support just check &check; WAS in BOTH PLACES (if true)
in paragraph 3.
 A person who is NOT an attorney is called a nonlawyer. If a nonlawyer
helps you fill out these forms, that person must give you a copy of Family
Law Form 12.900, Disclosure from Nonlawyer, before they help you. Anyone
helping you fill out these forms also must put their name, address, and
telephone number on the bottom of the last page of every form they help you
fill out.
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL
 CIRCUIT, IN AND FOR _________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner
 and
__________________________________,
 Respondent.
______________________________\
 FINAL JUDGMENT MODIFYING CHILD SUPPORT
 [&check; check all which apply, fill in all blanks that apply]
 THIS CAUSE was heard on _______________ upon the ____ Petitioner's ____
Respondent's Petition for Modification of Child Support. Having heard the
testimony of the parties, having reviewed the court file in this action and
financial affidavits of the parties and being otherwise fully advised, it
is:
1. The Court has jurisdiction of the parties and the subject matter of this
proceeding.
2. Florida is the home state of the minor child(ren) or there is significant
connection with this State and accordingly it has jurisdiction to determine
child custody, visitation, and support under the Uniform Child Custody
Jurisdiction Act.
3. Respondent [&check; one only] ____ was or ____ was not duly served by process
of law and a default, Family Law Form 12.922(b), ____ was or ____ was
not properly entered.
4. The last order governing child support was entered on $date] __________.
A copy of that order is attached.
5. There [&check; one only] ____ has or ____ has not been a substantial change in
the circumstances of the parties since the entry of the last order governing
child support, specifically,
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________

*1280
6. It [&check; one only] ____ is or ____ is not in the best interest of the
 minor child(ren) that the current child support order be changed because:
 ________________________________________________________________________
 ________________________________________________________________________
 _______________________________________________________________________.
7. Child Support
[ fill in all blanks that apply]
 a. Petitioner's net income is: ______________. OR
 Petitioner's imputed net income is: __________, based upon the following:
 ________________________________________________________________________
 _______________________________________________________________________.
 b. Respondent's net income is: ____________. OR
 Respondent's imputed net income is: ______________, based upon the
 following ______________________________________________________________
 ________________________________________________________________________
 _______________________________________________________________________.
[&check; all that apply]
____ c. Child support should be set by Florida's child support guidelines
(see section 61.30 Florida Statutes).
____ d. The calculations and conclusion included in the child support
guidelines worksheet Family Law Form 12.901(g) filed in this case by [&check;
one only] ____ petitioner or ____ respondent are adopted by this court and
incorporated in this order.
THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS WHY AWARDING THE AMOUNT OF
CHILD SUPPORT REQUIRED BY SECTION 61.30, FLORIDA STATUTES, WOULD BE UNJUST
OR INAPPROPRIATE IF THE AMOUNT AWARDED IS DIFFERENT FROM THE GUIDELINES
AMOUNT BY PLUS OR MINUS FIVE PERCENT (5%).
____ e. Child support should not be set by Florida's child support
 guidelines (see section 61.30 Florida Statutes). The basis for ordering
 [&check; one only] ____ more or ____ less than the guidelines amount of child
 support pursuant to section 61.30, Florida Statutes is:
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 _____________________________________________________________________.
 f. Past Due Child Support/Arrearages. The [&check; one only] ____ petitioner
 or ____ respondent has a total child support arrearage of $
 ________, this is based upon payments missed on the following dates
 in the following amounts __________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 g. ____ Medical insurance [&check; one only] ____ is or is not reasonably
 available to the [&check; one only] ____ petitioner or ____ respondent for
 the child(ren) and [&check; one only] ____ petitioner or ____ respondent
 should be required to provide it.

*1281
 h. ____ Dental insurance [&check; one only] ____ is or is not reasonably
 available to the [&check; one only] ____ petitioner or ____ respondent for
 the child(ren) and [&check; one only] ____ petitioner or ____ respondent
 should be required to provide it.
8. THE COURT MUST MAKE SPECIFIC, WRITTEN FINDINGS OF FACT EXPLAINING WHY
ATTORNEYS' FEES ARE BEING GRANTED AND EXPLAINING THE BASIS OF THE AMOUNT
AWARDED.
 1. ____ The [&check; one only] ____ husband's or ____ wife's request for fees
 and costs is DENIED.
 2. ____ The [&check; one only] ____ husband's or ____ wife's request for fees
 and costs is GRANTED.
[&check; all that apply]
____ Attorneys' fees, ____ suit money, and/or ____ costs be awarded to: [&check;
one only] ____ petitioner or ____ respondent.
The basis for granting this award and for the determination of the amount
is:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
 Therefore, upon consideration of the above findings, it is hereby ORDERED
AND ADJUDGED that:
A. The Petition/Request to Modify Child Support is [&check; one only] ____
GRANTED or ____ DENIED.
B. CHILD SUPPORT
 1. ____ Child support of $ ____ to be paid by the [&check; one only]
 ____ petitioner or ____ respondent [&check; one only] ____ weekly ____
 biweekly ____ twice a month ____ monthly.
 This support shall continue until the first of the parties' minor
 children reaches the age of 18, or if the child(ren) are between the
 ages of 18 and 19 and are still in high school performing in good faith
 with a reasonable expectation of graduation, until the child(ren)
 reaches the age of 19. At that time the child support will be recomputed
 under the then-current Child Support Guidelines.
 2. ____ The [&check; one only] ____ petitioner or ____ respondent shall pay
 the sum of $ ____ per ____ for ____ children, for past due child
 support. This payment for past due child support shall last for ____
 months/years, until all past due support and interest are paid. Interest
 on past due child support shall be added to obligor's debt at the rate
 of ____% per annum until paid.
 3. ____ Unusual or uninsured medical/dental expenses for the children be
 provided by: [&check; one only] ____ petitioner or ____
 respondent or ____ petitioner and respondent each pay one-half
 4. ____ Medical insurance to be provided by [&check; one only] ____ petitioner
 or ____ respondent for the child(ren).
 5. ____ Dental insurance to be provided by [&check; one only] ____ petitioner
 or ____ respondent for the child(ren).

*1282
 6. ____ Life insurance shall be maintained for the benefit of the minor
 child(ren) as beneficiaries or as stated in the {name trust} ____
 for the benefit of the minor children created {date} ____ with the
 [&check; one only] ____ petitioner or ____ respondent or other {specify}
 ____ as owner as follows: [&check; one only] ____ none ordered or ____ by
 petitioner with a benefit amount of $ ____ or ____ by respondent with a
 benefit amount of $ ____.
 8. All payments of child support and alimony shall be as follows:
 [&check; check all which apply]
 ____ Directly to the person the court has ordered will be paid the
 support.
 ____ Payment will be through the Central Depository by the attached
 order Family Law Form 12.991(a).
 ____ Payment will be by income deduction order, Family Law Form
 12.991(b), which is attached.
C. ____ Attorneys' fees, suit money, and costs be awarded to: [&check; one only]
____ petitioner or ____ respondent in the amount of $ ___ (fees) $ ____
(costs) $ ____ suit money. The basis for granting or denying this award and
for the amount of any fees and costs awarded is given in the findings of
fact in this judgment.
D. This court awards the petitioner the following further relief in this
cause:
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
F. The court reserves jurisdiction to enforce the terms of this order and
all documents incorporated into it (e.g., parties' stipulation/agreement,
child support guidelines worksheet, etc.).
 DONE and ORDERED in {name} ______________________ County, Florida, on
{date} _______________, 19__.
 ______________________________
 CIRCUIT JUDGE
cc:
Petitioner or their attorney (if represented) Respondent or their attorney
 (if represented)
Name _________________________________ Name _________________________
Address ______________________________ Address ______________________
______________________________________ ______________________________
City State Zip City State Zip
Telephone No. ________________________ Telephone No. ________________
Telefax No. __________________________ Telefax No. __________________
Other
Name ______________________________________
Address ___________________________________
___________________________________________
City State Zip
Telephone No. _____________________________
Telefax No. _______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM TO GIVE TO THE JUDGE TO SIGN,
THE NONLAWYER WHO HELPED YOU MUST FILL IN THE BLANKS BELOW:
[ fill in all blanks]
I, {name of nonlawyer} _________________________, a nonlawyer, located at
{street} ___________________ {city} ______________________ {state} ____,
{phone} _______, helped {name} ________, who is the [&check; one only] ____
petitioner or ____ respondent, fill out this form.

*1283 APPENDIX 1

 SIMPLIFIED DISSOLUTION INFORMATION
 TABLE OF CONTENTS
I. INTRODUCTION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE (DIVORCE)
II. WHAT IS THIS APPENDIX ABOUT?
III. ARE YOU SURE YOUR MARRIAGE CAN'T BE SAVED?
IV. SOME TERMS YOU NEED TO KNOW
V. DIFFERENCES BETWEEN SIMPLIFIED AND REGULAR DISSOLUTION OF MARRIAGE
VI. WHO CAN USE THE SIMPLIFIED DISSOLUTION OF MARRIAGE PROCEDURE?
VII. WHAT STEPS DO YOU HAVE TO GO THROUGH TO GET A SIMPLIFIED DISSOLUTION
 OF MARRIAGE?
VIII. WHAT SHOULD BE INCLUDED IN THE FINANCIAL AFFIDAVIT?
IX. WHAT SHOULD BE INCLUDED IN THE PROPERTY SETTLEMENT AGREEMENT?
X. SHOULD YOU SEE A LAWYER?
XI. SOME GENERAL ADVICE
XII. SPECIAL INSTRUCTIONS
 I. INTRODUCTION FOR
 SIMPLIFIED DISSOLUTION OF MARRIAGE
 (DIVORCE)
 It is important that both the husband and the wife read and understand
this entire appendix before using the Simplified Dissolution of Marriage
(also known as divorce) Procedures.
 Please carefully follow the instructions. Both the husband and the wife
should read and understand this appendix and its instructions before
starting this procedure.
 You should note that the clerk's office can only supply you with this
booklet and the necessary forms. A clerk will assist you in the filling out
of these forms; however, the clerk is not permitted to advise you of any
legal rights you may have or the legal consequences of using this
Simplified Dissolution of Marriage Procedure.
 The judge assigned to your case is also prohibited by law from giving you
or your spouse any legal advice or assistance. The judge will not explain
any legal consequences of using this simplified dissolution of marriage
procedure. Therefore, do not ask the clerk or the judge for any
recommendations or legal advice.
 This procedure is meant to provide a simple, inexpensive dissolution of
marriage in very limited circumstances for persons who are eligible to use
it. Part VI of this appendix will explain who may use the simplified
dissolution of marriage procedure.

*1284
 You should fill out the forms yourself. If, however, someone helps you
fill out the forms, that person should not give you advice on your rights
or obligations unless he or she is a licensed Florida attorney. That is to
protect you from getting bad advice from someone who is not trained in
legal matters.
 IF THERE IS ANY DOUBT IN YOUR MIND OR YOUR SPOUSE'S CONCERNING A LEGAL
QUESTION ABOUT EITHER YOUR RIGHT TO DIVORCE OR ANY PROPERTY RIGHTS OR TAX
CONSEQUENCES, IT IS STRONGLY RECOMMENDED THAT THE SERVICES OF AN ATTORNEY
BE OBTAINED. IF YOU DO NOT KNOW AN ATTORNEY, YOU SHOULD CONTACT THE LAWYER
REFERRAL SERVICE LISTED IN THE YELLOW PAGES OF THE TELEPHONE BOOK. IF YOU
ARE FINANCIALLY UNABLE TO AFFORD THE SERVICES OF AN ATTORNEY, YOU SHOULD
CONTACT THE LEGAL AID OFFICE IN YOUR AREA OR ASK YOUR LOCAL BAR ASSOCIATION
FOR A REFERRAL TO AN APPROPRIATE PERSON OR AGENCY.
 See Part X for more details about how a lawyer can help you.
 II. WHAT IS THIS APPENDIX ABOUT?
 This appendix describes a way to end a marriage through a divorce
procedure called Simplified Dissolution of Marriage.
 The official word for divorce in Florida is dissolution. There are two (2)
ways of getting a divorce, or dissolution, in Florida. The usual way is
called a regular dissolution of marriage. A shorter and easier way  what
this appendix is about  is called a simplified dissolution of
marriage.
 The second method is shorter and easier, but not everybody can use it.
 Briefly, a simplified dissolution of marriage is possible for couples
(when at least one of them has lived in the State of Florida for the 6
months immediately before the filing):
 (1) Who both agree that their marriage is irretrievably broken and want
 to end their marriage because of serious permanent differences; and
 (2) Who must be able to appear before a circuit court clerk to sign the
 petition for simplified dissolution of marriage and, later, to
 appear before a judge; and
 (3) Who have no minor (under 18) or dependent children together, and the
 wife is not pregnant; and
 (4) Who have made provisions about how belongings, assets, and property,
 and their debts are going to be divided once they are no longer
 married to each other.
 Both the husband and wife will have to appear in court before a judge who
will consider their petition.
 This dissolution procedure is started by preparing and filing a Petition
for Simplified Dissolution of Marriage with the circuit court clerk in
your county.
 This booklet will tell you:
 (1) Where to turn for help if you want to save your marriage.
 (2) Who can use the simplified dissolution of marriage procedure.
 (3) What steps you have to go through to get a simplified dissolution of
 marriage.
 (4) When it would help to see a lawyer.
 (5) What risks you take when you use this simplified procedure rather
 than the Regular Dissolution of Marriage procedure.

*1285
 If you wish to use the simplified dissolution of marriage procedure, it
is important for you to read this entire appendix very carefully.
 Save this appendix. If you decide to file for a simplified dissolution of
marriage, it will tell you how to complete the procedure.
 If you fail to complete the procedure the court may dismiss the action to
clear its records.
 III. ARE YOU SURE YOUR MARRIAGE
 CAN'T BE SAVED?
 Before you take any legal steps to end your marriage you should make sure
that you have thought of all possible ways of saving it.
 Do you want professional help in working out ways to save your marriage?
 Many communities and many social and religious organizations offer
marriage counseling services.
 If you believe your marriage can be saved, explore all possible steps for
a reconciliation (getting back together) before beginning this simplified
dissolution of marriage procedure.
 You may wish to consult with a marriage counselor, psychologist,
psychiatrist, minister, priest, rabbi, or other qualified person.
 IV. SOME TERMS YOU NEED TO KNOW
 In the following pages, you will often see the terms marital assets,
nonmarital assets, marital obligations, and equitable distribution. Those
terms are explained in this section.
 As a married couple, you are, in the eyes of the law, a single unit.
There are certain things which you own together, rather than separately,
and there may be debts which you owe together. If one of you buys something
on credit, under certain circumstances the other one can be made to pay. If
your marriage breaks up, you become two separate individuals again. Before
that can happen, you will have to decide what to do with the things that
you own as a couple and the debts that you owe as a couple.
 The laws that cover these questions contain the terms marital assets,
marital obligations, nonmarital assets, and nonmarital obligations. To
understand what these terms mean, you should have a clear idea of the time
you lived together as husband and wife. This is the period of time after
you got married and before you separated.
 It may not be easy to decide exactly when you separated. In most cases,
the day of your separation was the day you stopped living together. You
might want to choose the day when you definitely decided to get a divorce
as your official date of separation.
 (1) Marital Asset: Everything that a husband and wife acquire during the
marriage. In most cases it includes the following:
 (a) Money that you now have which either of you earned during the time
 you were living together as husband and wife.
 (b) Anything either of you bought with money earned during that
 period.
 (c) Vested and nonvested benefits, rights, and funds earned during the
 marriage in a retirement pension, profit sharing, annuity,
 deferred compensation, and/or insurance plan and program.
 (d) Increase in value and appreciation of nonmarital assets resulting
 either from the efforts of either spouse or from the contribution
 of marital monies or other forms of marital assets.

*1286
 (e) Interspousal gifts (gifts from one of you to the other) during the
 marriage.
 (f) All real property (house, land) held as tenancy by entireties
 (held as husband and wife), whether obtained before or during the
 marriage.
 (2) Nonmarital Asset/Separate Property: Everything that a husband or wife
 owns separately, including:
 (a) Anything that you owned before you got married.
 (b) Anything you earned or received after your separation.
 (c) Anything that either of you received, as a gift (other than from
 or to each other) or by inheritance, at any time.
 (3) Marital Obligation: Debts that a husband and wife took on during the
 time they were living together as husband and wife. (If you bought
 furniture on credit while you were married and living together, the
 unpaid balance is a part of your marital obligations.)
 (4) Equitable Distribution: The husband's and wife's entitlement to each
 receive a fair share of the marital property.
 V. DIFFERENCES BETWEEN SIMPLIFIED AND REGULAR
 DISSOLUTION OF MARRIAGE
 With a regular dissolution each spouse has the right to ask questions and
obtain documents concerning the other spouse's income, expenses, assets, and
liabilities before having a trial or settlement of their case. With a
simplified dissolution of marriage you may request financial information
but it is not required.
 With a regular dissolution, if there is no agreement about property or
other matters, a judge conducts a trial or hearing. The judge listens to all
the evidence concerning the dissolution of marriage and then makes a
decision concerning the division of property and other matters. A husband
or wife may ask for a new trial or appeal the judge's decision. In a
simplified dissolution, there is no trial and no appeal.
 With a regular dissolution, the judge may order one spouse to pay support
(alimony) for the other  either for a period of time or permanently
(until death or remarriage). With a simplified dissolution neither husband
nor wife can receive alimony (support) from the other spouse regardless of
how much income one person has and how much the other person may need
support.
 There are, however, some cases in which divorce agreements under a
simplified dissolution can be challenged.
 Correcting mistakes and unfairness in a simplified dissolution proceeding
can be expensive, time consuming, and difficult. It is very
important for both spouses to be honest, cooperative, and careful when you
or your lawyers do the paperwork for the dissolution.
 VI. WHO CAN USE THE SIMPLIFIED
 DISSOLUTION OF MARRIAGE PROCEDURE?
 A husband and wife can get a divorce through the simplified dissolution
of marriage procedure only if ALL of the following statements are true
about both spouses at the time they jointly file the petition for
simplified dissolution of marriage. Check this list very carefully. If even
one of these statements is not true for you, you CANNOT use this way of
getting a divorce.
____ 1. We have no minor (under 18) or dependent children.

*1287
____ 2. We have no adopted children under 18 years of age.
____ 3. The wife is not pregnant.
____ 4. At least one of us has lived in Florida for the past six months.
____ 5. We have made provision for the division of our property and the
 payment of our obligations, and are satisfied with them.
____ 6. We both have signed the joint petition and all other papers needed
 to carry out this procedure and paid the required fees to the clerk
 of the circuit court.
____ 7. We both want to end the marriage because it is irretrievably broken
 (there are serious permanent differences between us which cannot be
 fixed).
____ 8. We both have agreed to use the simplified dissolution of marriage
 procedure rather than a regular dissolution.
____ 9. We both are aware of the following facts:
 (a) That after the dissolution becomes final, neither of us has any
 right to expect money or support from the other, except for
 what is included in the property settlement agreement; and
 (b) That by choosing the simplified dissolution of marriage
 procedure we give up certain legal rights that we would have if
 we used the regular dissolution procedure. (These are explained
 in Part V.)
 VII. WHAT STEPS DO YOU HAVE TO GO THROUGH TO GET A
 SIMPLIFIED DISSOLUTION OF MARRIAGE?
(1) Both the husband and the wife must go to the office of the clerk of the
 circuit court in the county where they live.
(2) Both the husband and the wife must read and sign before a clerk of the
 court a joint petition for simplified dissolution of marriage (
 Family Law Form 12.901(a)).
(3) You must prove that the husband or the wife has lived in Florida for
 more than 6 months before petitioning for dissolution. Residence can be
 proved by a valid Florida driver's license or voter registration card
 presented to the court, by the testimony of another person who comes to
 court with you, or by affidavit. To prove residence by affidavit use
 Family Law Form 12.901(i). This form must be signed by a person
 who knows that either the husband or the wife has lived in Florida for
 more than six months before the date that you signed the joint petition
 for simplified dissolution of marriage. This affidavit may be signed in
 the presence of the clerk of the court or you may take the affidavit
 with you and have the corroborating witness (the person who knows that
 either you or your spouse has resided in Florida for more than six
 months) sign the affidavit in the presence of a notary public who must
 affix his or her seal at the proper place on the affidavit.
(4) Both you and your spouse must file financial affidavits (either 
 Family Law Form 12.901(d) or 12.901(e), depending on your income).
(5) You must also fill out the Marital Settlement Agreement for Simplified
 Dissolution of Marriage ( Family Law Form 12.901(h)). The financial
 affidavit and property agreement forms should be attached to the joint
 petition for dissolution of marriage.
(6) You must pay the appropriate filing fee and costs to the clerk of the
 circuit court. If you and your spouse cannot financially afford to pay
 the filing fees, you may ask the court

*1288
 to waive the filing fees. You need to fill out Family Law
 Form 12.901(c) and file it with your joint petition for a dissolution
 of marriage.
(7) You or the clerk will need to complete a civil cover sheet found in Form
 1.997 of the Florida Rules of Civil Procedure. The clerk's office can
 provide this form.
(8) You must obtain a date for a court appearance from the clerk. On that
 date, you and your spouse must both appear before a judge. You should
 fill in Family Law Form 12.990(a), Final Judgment of Simplified
 Dissolution of Marriage, and give it to the clerk with the other papers
 you file ( Family Law Forms 12.901(a), 12.901(d) or (e), 12.901(h),
 etc.). At that time, if all papers are in order, the judge may grant a
 final judgment dissolving marriage under simplified dissolution of
 marriage procedures by signing Family Law Form 12.990(a).
 VIII. WHAT SHOULD BE INCLUDED IN
 THE FINANCIAL AFFIDAVIT?
 A financial affidavit is required in all dissolutions.
 Completion of the financial affidavit involves one or both spouses
figuring out their income, the value of their property, and the amount of
their debts.
 A sample financial affidavit, filled out for an imaginary person, appears
at the end of this section.
Income
 Income is the average amount of money you receive from any source,
usually calculated on a weekly, monthly, or yearly basis. When filling out
the financial affidavit, you must specify on what basis you have calculated
your income.
 The financial affidavit includes a space for your average gross wage,
which is the amount of money you would be paid without any deductions for
taxes, social security, credit union, or other purposes. After listing all
deductions from your gross wages, you then subtract your total deductions
to calculate your average net wage.
 The financial affidavit form also includes spaces for other income that
you may receive from sources other than your employment. The total of your
average net wage and other income equals your total net income.
Assets
 Cash  Include all cash you have on hand and in all bank accounts
(including savings accounts, checking accounts, credit unions, money market
funds, etc.) on the day you sign the financial affidavit.
 Stocks and Bonds  List all stocks and bonds. Call a stockbroker to
determine their value or check the newspaper. If you own stock in a small
corporation which is not traded, consult an accountant for value.
 Real Estate  Your real property and buildings are worth what a buyer is
willing to pay for them. Consult a realtor or appraiser to determine their
value.
 Automobiles and Other Personal Property  Things you own that have
monetary value such as cars, furniture, jewelry, cameras, clothes, boats,
etc., are personal property. The value of personal property is the fair
market value of the items on the day you sign the financial affidavit. Fair
market value means the amount of money you would receive if you sold that
item (used or in its present condition) to a stranger. It does not mean the
amount the item originally cost or the amount you would have to spend to
replace the item. Count the full fair market value of the item even if you
are still making payments on it. List the amount of money you still owe on
the financial affidavit form under the columns marked "liabilities."

*1289
 Pension, Profit Sharing, and Retirement Plans  Be sure to list all
IRA accounts, Keogh plans, and other retirement plans.
 Other Assets  Be sure to list all of your assets, even if they do not
fit into a category above.
Liabilities
 Liabilities are debts, which means money you owe. These include mortgages,
credit card bills, unpaid bills, loans, unpaid taxes, car loans, or anything
you are purchasing "on time."
 The amount of liability is the "pay-off" amount you would have to pay the
creditor to cancel the loan  not the total of all your payments.
Check your last bill or payment coupon, or call your creditor and ask for a
"pay-off" figure.
 There may be taxes to pay on transfers of property. You may wish to
consult an accountant or a lawyer.
DOING THE MATH 
These affidavits are based on MONTHLY paychecks and bills. Many people are
not paid monthly and many bills (like daycare) are not paid monthly. To
help you figure out what the MONTHLY payment is for something that is paid
weekly or hourly do this:
Hourly wage × hours per week, × weeks per year, ÷ 12 = monthly wage
Daily wage × days per week, × weeks per year, ÷ 12 = monthly wage
Weekly wage × weeks per year, ÷ 12 = monthly wage
Bi-weekly wage × 26, ÷ 12 = monthly wage
Semi-monthly wage × 24, ÷ 12 = monthly wage
Bi-monthly wage × 6, ÷ 12 = monthly wage
Quarterly wage × 4, ÷ 12 = monthly wage
Semi-annual wage × 2, ÷ 12 = monthly wage
Annual wage ÷ 12 = monthly wage
---------------------------------------------------------------------------
HELPFUL FACTS
×: multiplied by, times
÷: divided by
wages: gross income, the money paid to a person before taxes, benefits or
debts are taken out
There are 40 hours in the regular full time work week.
There are 52 weeks in a year.
There are 12 months in a year.
There are 7 days in a week.
---------------------------------------------------------------------------
 IX. WHAT SHOULD BE INCLUDED IN THE
 PROPERTY SETTLEMENT AGREEMENT?
 A property settlement agreement should contain at least the following:

*1290
 (a) Preliminary Statement: This part identifies the husband and wife,
 states that the marriage is being ended, and states that both husband
 and wife agree on the details of the agreement.
 (b) Division of Property: This part has two sections. Part One is what
 the wife receives and Part Two is what the husband receives.
 (c) Division of Obligations: This part has two sections. Part One is the
 amount the wife must pay and to whom she must pay it. Part Two is the
 amount the husband must pay and to whom he must pay it.
 (d) Date and Signature: Both husband and wife must write in the date and
 sign the agreement.
 Remember, you can divide the items any way you want. As long as you both
agree, the court will accept it. If you cannot agree about the division of
your property and debts, you should file a Regular Dissolution.
 ========================================================
 WARNING
 In a number of circumstances, neither a written nor an oral property
settlement agreement can, by itself, properly transfer ownership of
property. Examples of property that require the preparation of additional
transfer papers are real estate, automobiles, bank accounts, stocks, bonds,
and retirement funds. Contact the retirement fund or program administrator
to find out what papers may be needed to divide that asset. You will also
need a separate document to change a beneficiary on your life insurance.
Contact your insurance agent for further information.
 ========================================================
 It is strongly recommended that you talk to an attorney before you sign an
agreement. An attorney can tell you your specific legal rights in your case
regarding marital assets, marital obligations, alimony, and other important
rights.
 X. SHOULD YOU SEE A LAWYER?
 MUST YOU HAVE A LAWYER TO GET A DIVORCE WITH THE SIMPLIFIED DISSOLUTION
OF MARRIAGE PROCEDURE?
 No. You can do the whole thing by yourselves. But it would be wise to see
an attorney before you decide to do it yourself. You should not rely on
this appendix only. It is not intended to take the place of a lawyer.
 IF YOU WANT LEGAL ADVICE, DOES THAT MEAN YOU HAVE TO HIRE A LAWYER?
 No. You may hire a lawyer but you can also just visit a lawyer once or
twice (at low cost) for advice on how to carry out the dissolution
proceeding. Don't be afraid to ask the lawyer in advance what fee will be
charged. It may be surprisingly inexpensive to have a lawyer handle your
divorce.
 DO YOU HAVE TO ACCEPT THE ATTORNEY'S ADVICE?
 No, you don't. And if you are not pleased with what one attorney advises,
you can feel free to go to another one.

*1291
 HOW CAN AN ATTORNEY HELP YOU WITH THE SIMPLIFIED DISSOLUTION OF MARRIAGE
PROCEDURE?
 First of all, an attorney can advise you, on the basis of your personal
situation, whether you ought to use the regular dissolution rather than the
simplified procedure.
 Second, an attorney can check through your property settlement agreement
to help you figure out if you've thought of everything you should have. (It
is easy to forget things you don't see very often  savings bonds,
safe deposit boxes, etc.)
 Third, there are many situations in which it is not easy to figure out
what should count as marital property and what should count as separate
property. Suppose one of you had money before the marriage and put it into
a joint bank account. If may not be easy to decide how the money that
remains should be divided. An attorney can advise you on how to make these
decisions.
 Fourth, there may be special situations in which your property settlement
is not covered by the form agreement.
 An attorney can help you put the agreement in words that are legally
precise and cannot be challenged or misinterpreted later on.
 WHERE CAN YOU FIND AN ATTORNEY?
 The yellow pages of your telephone directory will list, under "Attorney
Referral Service," "Attorneys" or "Information Referral Service,"
organizations that can help you find a lawyer. In many cases you will be
able to find an attorney who will charge only a small fee for your first
visit. You can get information about free or low-cost legal services through
the local bar association in your city or county.
 XI. SOME GENERAL ADVICE
 WHAT ABOUT INCOME TAXES?
 If you and your spouse have filed a joint tax return, you both will still
be responsible for paying any unpaid taxes even after your divorce.
 If you are receiving a tax refund, you should agree in the property
settlement agreement on how it should be divided.
 The amount of money taken out of your paycheck for income taxes is going
to be greater after you are single again, so you should be prepared for a
bigger tax bite. It would be a good idea to consult the Internal Revenue
Service or a tax expert on how the divorce is going to affect your taxes.
You should probably do this before you make your property settlement
agreement.
 WHAT ABOUT BANK ACCOUNTS AND CREDIT CARDS?
 If you have a joint bank account, it might be a good idea to close it and
get two separate bank accounts. That way it will be easier to keep your
money separate.
 If you have credit card accounts that you have both been using, you
should destroy the cards and apply for separate credit card accounts.
 WHAT ABOUT REAL ESTATE?
 Title to land or buildings cannot be changed by an agreement between the
husband and wife alone. You may need to consult with a lawyer, title
company, or other expert to help you.

*1292
 WHAT ABOUT CARS?
 If both your names are on a title to a car and you agree that one of you
is going to own the car, you will need to change the ownership. You should
call or visit the Division of Motor Vehicles to find out how to do that.
WHAT IF YOUR SPOUSE DOESN'T PAY HIS OR HER DEBTS?
 If your spouse doesn't pay a debt, the person to whom the money is owed
may still be able to collect it from you. However, later a court might
order your spouse to pay to you the money you were forced to pay because of
your spouse's failure to live up to your agreement.
 CAN THE WIFE TAKE BACK HER FORMER NAME?
 The wife in a dissolution has the right to give up her husband's name and
get her former name back. You can do this by requesting it in the joint
petition form.
 WHEN YOUR DIVORCE IS FINAL, ALL YOUR RIGHTS AND DUTIES CONNECTED WITH YOUR
MARRIAGE HAVE ENDED AND YOU CANNOT APPEAL. IF, HOWEVER, YOU DECIDE LATER
THAT YOU WERE CHEATED OR PRESSURED BY YOUR SPOUSE, OR IF YOU BELIEVE THAT A
MISTAKE WAS MADE IN THE PAPERWORK CONNECTED WITH THE DISSOLUTION THE COURT
MAY BE ABLE TO SET ASIDE THE DIVORCE.
 XII. SPECIAL INSTRUCTIONS FOR ___________ COUNTY
FEES:
FILING FEE: ____ + FINAL JUDGMENT FEE: ____ = TOTAL DUE: ____
 Both HUSBAND AND WIFE should read and understand the informational
booklet before starting the procedure.
 Both HUSBAND AND WIFE must come into the office of the clerk of the
circuit court in order to read and sign the petition for simplified
dissolution of marriage before the clerk of the court or a designated
deputy clerk(s).
 Both HUSBAND'S AND WIFE'S home and work telephone numbers must appear
on the petition for simplified dissolution of marriage.
 Both HUSBAND AND WIFE must be present at the final hearing.
 At the time the petition for simplified dissolution of marriage is filed
AND, again at the final hearing, BOTH HUSBAND AND WIFE must produce a(n):
 a. Valid Florida Driver's License, or
 b. Official Identification Card  Either will provide the picture
 identification necessary to file the petition and provide picture
 identification for the final hearing.
To obtain a Florida Driver's License or Official Identification Card
contact the Florida Division of Motor Vehicles.
Identification Cards may be obtained if:
 a. A person has never had a license, or
 b. The license has been suspended
You cannot make application if you have a valid Florida Driver's License.
Persons applying for Identification Cards must produce:
 a. Social Security Card  paper, no metal cards

*1293
 b. Two (2) legal forms of identification. The Division will accept any
 2 of the following; however, the identification must be the original
 or a certified copy.
 1. Birth Certificate
 2. Voter Registration Card
 3. Marriage Certificate
 4. Passport
 5. Military Identification Card
 6. Letter from last school with school seal verifying name and date
 of birth
 7. Life Insurance Policy at least 2 years old containing name and
 date of birth of insured
The following forms should be filled out and filed with the court when using
this Simplified Procedure:
 1. Family Law Form 12.901(a), Petition/Request for Simplified
 Dissolution of Marriage (Divorce)
 2. Family Law Form 12.901(d) or (e), Financial Affidavit
 3. Family Law Form 12.901(h) Marital Settlement Agreement
 4. Family Law Form 12.901(i), Affidavit of Corroborating Witness
 5. Family Law Form 12.901(c), Affidavit of Insolvency (should be
 completed and filed if you are requesting a waiver of filing fees
 because of financial reasons)
 6. Civil Cover Sheet  available from the clerk of court's office.
 7. Family Law Form 12.990(a), Final Judgment of Simplified
 Dissolution of Marriage

APPENDIX 2

 REGULAR DISSOLUTION OF MARRIAGE (DIVORCE)
 This appendix describes a way to end a marriage through a divorce
proceeding called a regular dissolution of marriage. The official word for
divorce in Florida is "dissolution." There are two ways of getting a
divorce or dissolution in Florida. The usual way is called a regular
dissolution of marriage. A shorter way is called a simplified dissolution
of marriage which is described in Appendix 1.
Regular Dissolution of Marriage:
 With a regular dissolution of marriage, each spouse has the right to
ask questions and get documents concerning the spouse's income, expenses,
assets, debts, and other matters before having a trial or settlement
(agreement) of your case.
 With a regular dissolution of marriage, if there is no agreement about
property and other matters, a judge conducts a trial or hearing. The judge
listens to all the evidence concerning the dissolution of marriage and then
makes decisions concerning the division of property, alimony, child
support, custody of children, visitation, possession of property (usually
of the home when there are minor children), and other matters. Either
spouse can ask for a reconsideration of certain matters or appeal the
judge's decision, when appropriate.
Who can use a Regular Dissolution of Marriage Procedure?
 Before you can request the court to grant a regular dissolution of
marriage, the following must be true:
 &check; You or your spouse must have continuously resided in the state of
 Florida for 6 months preceding the day you filed your request for
 dissolution of marriage.
 &check; Your marriage must be irretrievably broken (you want to end your
 marriage because of serious permanent differences) or one of you
 must be mentally incapacitated (see section 61.052(1)(b), Florida
 Statutes).
 &check; If the parties lived in the State of Florida, the place of filing is
 the last county where the parties lived as husband and wife.

*1294
WORDS YOU NEED TO KNOW:
 Before you use the Florida Family Law Forms and request a regular
dissolution of marriage (divorce) you should be familiar with the following
legal terms:
 Shared Parental Responsibility: Both parents have full parental
 rights and responsibilities for their child(ren) and the parents
 make major decisions affecting the welfare of the child(ren)
 jointly.
 1 Sole Parental Responsibility: The responsibility for the minor
 child(ren) is given to one parent by the court, with or without
 rights of visitation to the other parent. Generally, the court
 cannot order sole parental responsibility to one parent unless
 it finds that shared parental responsibility would be
 detrimental (harmful) to the child(ren).
  Primary Residence: Where the child(ren) will live most of the time
 must be decided. If the parents cannot agree, the court will make
 this decision by determining the best interest of the child(ren),
 and considering and evaluating all of the following factors:
 a. Which parent is more likely to allow the child(ren) frequent
 and continuing contact with the other parent.
 b. The love, affection, and emotional ties existing between the
 parents and the child(ren).
 c. The capacity and disposition of the parents to provide the
 child(ren) with food, clothing, and medical care.
 d. The length of time the child(ren) has/have lived in a stable,
 satisfactory environment and the desirability of maintaining
 this environment.
 e. The permanence as a family unit of existing or proposed
 parent's home.
 f. The moral fitness of the parents.
 g. The mental and physical health of the parents.
 h. The home, school, and community records of the child(ren).
 i. The reasonable preference of a child, if the court feels the
 child has sufficient intelligence, understanding, and
 experience to express a preference.
 j. The willingness and ability of each parent to encourage and
 make possible and close and continuing relationship between
 the child and the other parent.
 k. Any other factors considered to be relevant to your case.
 The law requires the court to give equal consideration to both
 parents in determining primary residence regardless of the age or
 sex of the children.
 $ Child Support: Florida law sets child support guidelines for the
 court to use in ordering support. A table of minimum amounts is
 provided for parents whose combined net annual income is
 $120,000 or less. If the parents' combined income is more, a
 formula is applied to calculate support. See Appendix 3 and
 section 61.30, Florida Statutes, for further information.
 Equitable Distribution section 61.075, Florida Statutes: The court
 can divide all marital assets and obligations between the
 spouses.
 1/2 The court begins with an equal (50%/50%), but make an unequal
 division based if it can be justified under the facts of the
 case:
 a. Contribution to the marriage by each spouse, including care
 and education of the child(ren) and services as a homemaker.
 b. Economic circumstances of both spouses.
 c. Duration of the marriage.

*1295
 d. Any interruptions of personal careers or educational
 opportunities, by either spouse.
 e. Desirability of keeping any asset, including an interest in a
 business, corporation, or professional business, intact and
 free from claim or interference from the other spouse.
 f. Contribution of each spouse to the acquisition, enhancement,
 and production of income or improvement of or the incurring of
 debts to both the marital and nonmarital assets.
 g. Desirability of maintaining the marital home as a residence
 for a minor child or a party, if it is in the best interest of
 the child or party and financially feasible.
 h. Any intentional waste, depletion, or destruction of marital
 assets after filing the petition for dissolution or within 2
 years before filing.
 i. Any other factor necessary to do justice between the parties.
 $ Alimony: After making an equitable distribution of assets and
 debts, the court may grant alimony (support) to either spouse.
 The alimony may be rehabilitative (temporary payments to allow
 for education, retraining, etc.) or permanent in nature. The
 court may order periodic payments, payments in lump sum, or both.
 The court may consider the adultery of either spouse. Alimony may
 be structured so that it is taxable to the payee and deductible
 to the payor or the court or the parties may designate it as
 nontaxable to the payee and nondeductible to the payor. In
 determining a proper award of alimony, the court considers all
 relevant factors, including, but not limited to:
 a. Standard of living established during the marriage.
 b. Duration of the marriage.
 c. Age and physical and emotional condition of each party.
 d. Financial resources of each party and the nonmarital and
 marital assets and debts distributed to each.
 e. When applicable, the time necessary for either party to get
 sufficient education or training to find an appropriate job.
 f. The contribution of either spouse to the marriage, including
 but not limited to, services rendered in homemaking, child
 care, education, or career building.
 g. All sources of income available to either party.
 h. Any other factor needed to be considered to do justice between
 the spouses. See section 61.08, Florida Statutes for more
 information.
 Marital Asset: Everything that a husband and wife acquire during the
 marriage, it includes, in most cases, the following:
 a. Money that you now have which either of you earned during the
 time you were living together as husband and wife.
 b. Anything either of you bought with money earned during that
 period.
 c. Vested and nonvested benefits, rights, and funds earned during
 the marriage in a retirement pension, profit sharing, annuity,
 deferred compensation, and/or insurance plan and program.
 d. Enhancement in value and appreciation of nonmarital assets
 resulting either from the efforts of either spouse or from the
 contribution of marital funds or other forms of marital assets.
 e. Gifts from one spouse to the other during the marriage.
 f. All real property (house, land) held as tenancy by entireties
 (held as husband and wife), whether obtained before or during
 the marriage.
 Nonmarital assets can be construed as marital assets if they commingled
with marital assets and/or put into joint accounts.

*1296
 Nonmarital Asset/Separate Property: Everything that a husband or
 wife owns separately, it includes:
 a. Anything that you owned before you got married.
 b. Anything you earned or received after you filed your petition for
 dissolution of marriage. If there were earnings prior to the
 petition but received after the petition it remains a marital
 asset.
 c. Anything that either of you received, as a gift or by
 inheritance, at any time.
 Marital Debts: The debts that a husband and wife owe together, or that
 either one incurred during the marriage are marital obligations.
 In most cases this includes anything that you still owe on any
 debts either of you took on during the time you were living
 together as husband and wife. (For example, if you bought
 furniture on credit while you were married and living together,
 the unpaid balance is a part of your obligations.)
 If you do not understand these legal terms and how these terms would be
applied to your case, see an attorney before you use these forms.
STEPS TO A REGULAR DISSOLUTION OF MARRIAGE
 1 You need to fill out the following Florida Family Law Forms to go
with your request for regular dissolution of marriage:
 1. Family Law Form 12.901(b)  Petition/Request for Dissolution of
 Marriage.
 2. Family Law Form 12.901(d) or 12.901(e)  Financial Affidavit (Use
 Family Law Form 12.901(d) if your income and expenses are $50,000
 or less; use Florida Family Law Form 12.901(e) if your income or
 expenses are $50,000 or more).
 3. Family Law Florida Family Law Form 12.901(f)  UCCJA
 Affidavit. If you have minor children, this form must be completed.
 4. Family Law Form 12.912(a)  Memorandum for Certificate of
 Military Service. If your spouse may be in the military, you need to
 complete this form.
 5. Family Law Form 12.912(b)  Non-Military Affidavit. If your
 spouse is not in the military, you need to complete this form.
 6. In addition to the financial affidavit, you must also file certain
 mandatory information regarding your financial status. For a list of
 this mandatory information, see Florida Family Rule of Procedure
 12.285.
 2 You need to prove that you or your spouse has resided in Florida for 6
months before petitioning for a divorce. You may prove this by:
 1. presenting a valid driver's license or voter registration card to
 the court;
 2. bringing another person to court who can testify that you meet
 this requirement; or
 3. completing and filing with the court Family Law Form
 12.901(i)  Certificate of Corroborating Witness.
 3 You need to fill out the forms listed in number one or two below
concerning service of your request for dissolution of marriage on your
spouse.
 1. If you know where your spouse lives, use the following Florida
 Family Law Forms:
 a. Family Law Form 12.910(a)  Summons.
 b. Family Law Form 12.910(b)  Process Service Memorandum to
 Sheriff.
 2. If you do not know where your spouse lives, or your spouse lives
 outside the State of Florida and has never resided in the State of
 Florida, use the following Florida Family Law Forms:

*1297
 a. Family Law Form 12.913(a)  Notice of Action.
 b. Family Law Form 12.913(b)  Affidavit for Service by
 Publication.
 If service is by publication, the court cannot order financial
 relief or distribution of assets unless money or assets can be
 found and described in the affidavit.
 4 Take all the Florida Family Law Forms that you completed as
instructed in Steps 1-3 to the courthouse and file all the completed forms.
You or the clerk will need to complete a Civil Cover Sheet, Form 1.997,
Florida Rules of Civil Procedure. This form is available from the clerk's
office. You need to make sure you keep a copy of all of these papers for
your records. Generally, you file your regular dissolution of marriage
papers in the courthouse in the county where you and your spouse last lived
as husband and wife. However, you may file in another location under
certain circumstances. You should talk to a lawyer if you do not know where
to file the papers.
 $ You must pay a filing fee and costs at the time you file these forms. If
you are unable to afford to pay these costs and wish to ask the clerk to
waive these costs, use Family Law Form 12.901(c), Affidavit of
Insolvency
 5 Since there is a delay before you can get a final hearing or trial date
for your divorce, you can ask the court for temporary help until the final
hearing or trial. See Family Law Form 12.923 Notice of Hearing
(General Form).
 After you have obtained proper service over your spouse (after the deputy
sheriff or process server has served your spouse with your request or after
your notice of action was published or posted as required), you can get a
temporary hearing to ask the court to give you one or all of the following
as applicable:
 &check; temporary child support;
 &check; temporary alimony;
 &check; temporary determination of primary residence of the child(ren);
 &check; temporary injunctions (see Family Law Form 12.980(a)-(g)); or
 &check; other matters requested.
If service is made by publication, no temporary relief can be obtained
unless there are funds or assets in Florida that are fully described in the
notice of action.
 You need to get a hearing date from the court to consider your temporary
request. After you get the hearing date, you need to fill out Florida
Family Law Form 12.923 and send it to you spouse.
 If you and your spouse reach a voluntary, acceptable agreement resolving
your differences, you can get a final hearing in your case. You would not
need a temporary hearing. You need to get a hearing date before the court
for the court to consider your agreement. Follow the same steps outlined in
the preceding paragraph, but this time you would use Family Law Form
12.921.
 6 You should prepare for your final hearing unless you have reached an
acceptable written agreement with your spouse. You may take one or more of
the following actions in order to prepare for your final hearing:
 If you do not know your spouse's income, assets, obligations, and
benefits from his/her business or organization, you can get this
information by using all or one of these discovery forms:
 a. Family Law Form 12.931(a)  Notice of Production From Non-Party
 (you can use this form to get information from a spouse's employer
 or other third party).
 b. Family Law Form 12.931(c)  Request for Copies, Family Law
 Form 12.930(a)  Notice of Service of Interrogatories, and 
 Family Law Form 12.930(b)  Standard Interrogatories.

*1298
 If your income is over $50,000, much of this information will be
 REQUIRED to be filed by both you and your spouse. See Florida
 Family Law Rule of Procedure 12.285.
 If you are disputing child custody, you can ask the court to appoint a
 guardian ad litem to represent the child(ren)'s interests. (See 
 Family Law Form 12.942(a) and (b)).
 You should decide if you need any witnesses to go with you to court.
 7 Once you have finished preparing for your final hearing, you
 should get a final hearing date from the judge. If your spouse failed
 to respond to your request for a divorce as required, fill out and
 file Florida Family Law Form 12.922(a), Request to Enter Default,
 before you ask for a trial date.
 At the time of the hearing, you must bring all your evidence and
 witnesses with you.
 $ You must provide the court with proper evidence of your spouse's income
if you are asking for child support or support for yourself. If you have a
child, you will need to complete Family Law Form 12.901(g), Child
Support Guidelines Worksheet, and bring it with you to the final hearing.
This form will show the amount of child support that should be ordered.
 If you or your spouse have assets and debts, you must bring a list of
all your spouse's and your assets and debts to court. This list must
classify these assets and debts as marital or nonmarital assets or debts.
You also must include the value of each asset and the balance due on each
of your debts listed on the list. (See Florida Family Law
Forms 12.901(d) or 12.901(e))
 &check; You will be expected to follow all the Rules of Evidence at trial. You
should read these rules before trial. The Rules of Evidence can be found in
a law library. There may be a law library you can use in your local
courthouse or a law school in your area.
 You should bring a proposed order with you to court at the final
hearing. See, for example, Family Law Form 12.990(a). If the judge
rules in your favor, the proposed order will be signed at that time. If the
judge rules differently from your proposed order, you will be told to
prepare another order stating the judge's ruling. Bring paper and pen to
the hearing so you can write down the judge's ruling.
  If you disagree with the judge's ruling in your case, you may have a
right to a rehearing or an appeal. You must request a rehearing or an appeal
within a very short time limit after the final hearing. You should see an
attorney regarding these rights immediately or find the answer in the law
library. There may be a law library you can use in your local courthouse or
a law school in your area.

APPENDIX 3

 CHILD SUPPORT
 The court determines the basic child support obligation based on the
guidelines in section 61.30(6), Florida Statutes, (see chart below). The
child support guidelines establish the basic child support obligation for
parents whose combined net income is between $7,800 and $120,000 annually.
If the parents' combined income is more than $120,000 annually, a formula
is provided to establish support beyond the guidelines amount. If the
parents' combined net annual income is below $7,800, the court determines
the child support on a case-by-case basis.
 The child support guidelines amount is based on the number of children and
combined income of the parents. The child support obligation is divided
between the parents in direct

*1299
proportion to their income or earning capacity. The parent with whom the
child lives most of the time (the "custodial parent") is paid the
appropriate portion of the support by the other ("noncustodial") parent.
 The court at its discretion may raise or lower the guidelines support
amount by up to 5%. The court may raise or lower the guidelines support
amount by more than 5% if written reasons are given for the variation. The
court may make additional adjustments based on the following considerations:
 a. Extraordinary medical, psychological, educational, or dental
 expenses.
 b. Independent income of the child(ren).
 c. The payment of both child support and spousal support to the
 custodial parent or the payment of support for a parent which
 regularly has been paid and for which there is a demonstrated need.
 d. Seasonal variations in one or both parents' incomes or expenses.
 e. The age of the child(ren), taking into account the greater needs of
 older children.
 f. Special needs that have traditionally been met within the family
 budget even though the fulfilling of those needs will cause the
 support to exceed the proposed guidelines.
 g. The particular shared parenting arrangement, such as
 1. if the children spend a great deal of time with the noncustodial
 parent, thereby reducing the financial expenditures incurred by
 the custodial parent;
 2. the noncustodial parent refuses to become involved in the
 activities of the child(ren);
 3. to give due consideration to the custodial parent's homemaking
 services;
 4. visitation with the noncustodial parent for more than 28
 consecutive days.
 h. Total available assets of both parents and the child(ren).
 i. The impact of the federal income tax dependency exemption and waiver
 of the exemption. The court may order the custodial parent to sign a
 waiver of the dependency exemption if the noncustodial parent's
 support payments are current.
 j. If the guidelines amount from one child support order is more than
 55% of the paying parent's income.
 k. Any other adjustment which is needed to achieve an equitable result
 which may include, but not be limited to, a reasonable and necessary
 existing expense or debt. Such an expense or debt may include, but
 is not limited to, a reasonable and necessary expense or debt which
 the parties jointly incurred during the marriage.
 Child support can be modified (changed) by the court if there is a
substantial change in the circumstances of the family. The child support
guidelines themselves may be the basis for modifying child support if the
resulting change is at least 15% or $50, whichever is greater. The court
also may consider a parent's need to support other children if an upward
modification of support is requested, but only if the income of those
children's other parent is considered. See section 61.30(12), Florida
Statutes.

*1300
 You must complete Family Law Form 12.901(g), Child Support
Guidelines Worksheet, to calculate the child support obligation. An example
of a completed form follows to help you complete the form.
  From time to time, some of the amounts in the child support guidelines
chart will change. Make sure you have the most recent version of the chart
before using it.
 $ If you do not know the other parent's income, you should request this
information by using the following discovery forms:
 a. Family Law Form 12.931(a)  Notice of Production From Non-Party
 (you can use this form to get information from a spouse's employer
 or other third party).
 b. Family Law Form 12.931(c)  Request for Copies, Family Law
 Form 12.930(a)  Notice of Service of Interrogatories, and 
 Family Law Form 12.930(b)  Standard Interrogatories.
 Please see sections 61.13 and 61.30, Florida Statutes, for further
information.
 CHILD SUPPORT GUIDELINES CHART
Combined
Monthly
Available One Two Three Four Five Six
Income Child Children Children Children Children Children
 650 74 75 75 76 77 78
 700 119 120 121 123 124 125
 750 164 166 167 169 171 173
 800 190 211 213 216 218 220
 850 202 257 259 262 265 268
 900 213 302 305 309 312 315
 950 224 347 351 355 359 363
1000 235 365 397 402 406 410
1050 246 382 443 448 453 458
1100 258 400 489 495 500 505
1150 269 417 522 541 547 553
1200 280 435 544 588 594 600
1250 290 451 565 634 641 648
1300 300 467 584 659 688 695
1350 310 482 603 681 735 743
1400 320 498 623 702 765 790
1450 330 513 642 724 789 838
1500 340 529 662 746 813 869
1550 350 544 681 768 836 895
1600 360 560 701 790 860 920
1650 370 575 720 812 884 945
1700 380 591 740 833 907 971
1750 390 606 759 855 931 996
1800 400 622 779 877 955 1022
1850 410 638 798 900 979 1048
1900 421 654 818 923 1004 1074
1950 431 670 839 946 1029 1101
2000 442 686 859 968 1054 1128
2050 452 702 879 991 1079 1154
2100 463 718 899 1014 1104 1181
2150 473 734 919 1037 1129 1207
2200 484 751 940 1060 1154 1234
2250 494 767 960 1082 1179 1261
2300 505 783 980 1105 1204 1287
2350 515 799 1000 1128 1229 1314
2400 526 815 1020 1151 1254 1340

*1301
2450 536 831 1041 1174 1279 1367
2500 547 847 1061 1196 1304 1394
2550 557 864 1081 1219 1329 1420
2600 568 880 1101 1242 1354 1447
2650 578 896 1121 1265 1379 1473
2700 588 912 1141 1287 1403 1500
2750 597 927 1160 1308 1426 1524
2800 607 941 1178 1328 1448 1549
2850 616 956 1197 1349 1471 1573
2900 626 971 1215 1370 1494 1598
2950 635 986 1234 1391 1517 1622
3000 644 1001 1252 1412 1540 1647
3050 654 1016 1271 1433 1563 1671
3100 663 1031 1289 1453 1586 1695
3150 673 1045 1308 1474 1608 1720
3200 682 1060 1327 1495 1631 1744
3250 691 1075 1345 1516 1654 1769
3300 701 1090 1364 1537 1677 1793
3350 710 1105 1382 1558 1700 1818
3400 720 1120 1401 1579 1723 1842
3450 729 1135 1419 1599 1745 1867
3500 738 1149 1438 1620 1768 1891
3550 748 1164 1456 1641 1791 1915
3600 757 1179 1475 1662 1814 1940
3650 767 1194 1493 1683 1837 1964
3700 776 1208 1503 1702 1857 1987
3750 784 1221 1520 1721 1878 2009
3800 793 1234 1536 1740 1899 2031
3850 802 1248 1553 1759 1920 2053
3900 811 1261 1570 1778 1940 2075
3950 819 1275 1587 1797 1961 2097
4000 828 1288 1603 1816 1982 2119
4050 837 1302 1620 1835 2002 2141
4100 846 1315 1637 1854 2023 2163
4150 854 1329 1654 1873 2044 2185
4200 863 1342 1670 1892 2064 2207
4250 872 1355 1687 1911 2085 2229
4300 881 1369 1704 1930 2106 2251
4350 889 1382 1721 1949 2127 2273
4400 898 1396 1737 1968 2147 2295
4450 907 1409 1754 1987 2168 2317
4500 916 1423 1771 2006 2189 2339
4550 924 1436 1788 2024 2209 2361
4600 933 1450 1804 2043 2230 2384
4650 942 1463 1821 2062 2251 2406
4700 951 1477 1838 2081 2271 2428
4750 959 1490 1855 2100 2292 2450
4800 968 1503 1871 2119 2313 2472
4850 977 1517 1888 2138 2334 2494
4900 986 1530 1905 2157 2354 2516
4950 993 1542 1927 2174 2372 2535
5000 1000 1551 1939 2188 2387 2551
5050 1006 1561 1952 2202 2402 2567
5100 1013 1571 1964 2215 2417 2583
5150 1019 1580 1976 2229 2432 2599

*1302
5200 1025 1590 1988 2243 2447 2615
5250 1032 1599 2000 2256 2462 2631
5300 1038 1609 2012 2270 2477 2647
5350 1045 1619 2024 2283 2492 2663
5400 1051 1628 2037 2297 2507 2679
5450 1057 1638 2049 2311 2522 2695
5500 1064 1647 2061 2324 2537 2711
5550 1070 1657 2073 2338 2552 2727
5600 1077 1667 2085 2352 2567 2743
5650 1083 1676 2097 2365 2582 2759
5700 1089 1686 2109 2379 2597 2775
5750 1096 1695 2122 2393 2612 2791
5800 1102 1705 2134 2406 2627 2807
5850 1107 1713 2144 2418 2639 2820
5900 1111 1721 2155 2429 2651 2833
5950 1116 1729 2165 2440 2663 2847
6000 1121 1737 2175 2451 2676 2860
6050 1126 1746 2185 2462 2688 2874
6100 1131 1754 2196 2473 2700 2887
6150 1136 1762 2206 2484 2712 2900
6200 1141 1770 2216 2495 2724 2914
6250 1145 1778 2227 2506 2737 2927
6300 1150 1786 2237 2517 2749 2941
6350 1155 1795 2247 2529 2761 2954
6400 1160 1803 2258 2540 2773 2967
6450 1165 1811 2268 2551 2785 2981
6500 1170 1819 2278 2562 2798 2994
6550 1175 1827 2288 2573 2810 3008
6600 1179 1835 2299 2584 2822 3021
6650 1184 1843 2309 2595 2834 3034
6700 1189 1850 2317 2604 2845 3045
6750 1193 1856 2325 2613 2854 3055
6800 1196 1862 2332 2621 2863 3064
6850 1200 1868 2340 2630 2872 3074
6900 1204 1873 2347 2639 2882 3084
6950 1208 1879 2355 2647 2891 3094
7000 1212 1885 2362 2656 2900 3103
7050 1216 1891 2370 2664 2909 3113
7100 1220 1897 2378 2673 2919 3123
7150 1224 1903 2385 2681 2928 3133
7200 1228 1909 2393 2690 2937 3142
7250 1232 1915 2400 2698 2946 3152
7300 1235 1921 2408 2707 2956 3162
7350 1239 1927 2415 2716 2965 3172
7400 1243 1933 2423 2724 2974 3181
7450 1247 1939 2430 2733 2983 3191
7500 1251 1945 2438 2741 2993 3201
7550 1255 1951 2446 2750 3002 3211
7600 1259 1957 2453 2758 3011 3220
7650 1263 1963 2461 2767 3020 3230
7700 1267 1969 2468 2775 3030 3240
7750 1271 1975 2476 2784 3039 3250
7800 1274 1981 2483 2792 3048 3259
7850 1278 1987 2491 2801 3057 3269

*1303
7900 1282 1992 2498 2810 3067 3279
7950 1286 1998 2506 2818 3076 3289
8000 1290 2004 2513 2827 3085 3298
8050 1294 2010 2521 2835 3094 3308
8100 1298 2016 2529 2844 3104 3318
8150 1302 2022 2536 2852 3113 3328
8200 1306 2028 2544 2861 3122 3337
8250 1310 2034 2551 2869 3131 3347
8300 1313 2040 2559 2878 3141 3357
8350 1317 2046 2566 2887 3150 3367
8400 1321 2052 2574 2895 3159 3376
8450 1325 2058 2581 2904 3168 3386
8500 1329 2064 2589 2912 3178 3396
8550 1333 2070 2597 2921 3187 3406
8600 1337 2076 2604 2929 3196 3415
8650 1341 2082 2612 2938 3205 3425
8700 1345 2088 2619 2946 3215 3435
8750 1349 2094 2627 2955 3224 3445
8800 1352 2100 2634 2963 3233 3454
8850 1356 2106 2642 2972 3242 3464
8900 1360 2111 2649 2981 3252 3474
8950 1364 2117 2657 2989 3261 3484
9000 1368 2123 2664 2998 3270 3493
9050 1372 2129 2672 3006 3279 3503
9100 1376 2135 2680 3015 3289 3513
9150 1380 2141 2687 3023 3298 3523
9200 1384 2147 2695 3032 3307 3532
9250 1388 2153 2702 3040 3316 3542
9300 1391 2159 2710 3049 3326 3552
9350 1395 2165 2717 3058 3335 3562
9400 1399 2171 2725 3066 3344 3571
9450 1403 2177 2732 3075 3353 3581
9500 1407 2183 2740 3083 3363 3591
9550 1411 2189 2748 3092 3372 3601
9600 1415 2195 2755 3100 3381 3610
9650 1419 2201 2763 3109 3390 3620
9700 1422 2206 2767 3115 3396 3628
9750 1425 2210 2772 3121 3402 3634
9800 1427 2213 2776 3126 3408 3641
9850 1430 2217 2781 3132 3414 3647
9900 1432 2221 2786 3137 3420 3653
9950 1435 2225 2791 3143 3426 3659
10000 1437 2228 2795 3148 3432 366

*1304
 IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
 IN AND FOR SEMINOLE COUNTY, FLORIDA
IN RE: The Marriage of
JOHN DOE , CASE NO: 91-00007-DR-02-B
 Husband
 and , CHILD SUPPORT WORKSHEET
JANE DOE
 Wife.
Father : JOHN DOE Mother : JANE DOE
Occupation : Electrician Helper Occupation : Clerk
Employer : Electric Works, Inc. Employer : Wal-Mart
SSN : XXX-XX-XXXX SSN : XXX-XX-XXXX
 CHILD SUPPORT SUMMARY
Children (Section I) number: 2
 FATHER MOTHER
 1. Gross Monthly Income (Section III) $ 1204.00 $ 860.00
 2. Imputed Income $ 0.00 $ 0.00
 3. Less Monthly Deductions (Section IV) $ 204.10 $ 69.79
 4. Total Net Monthly Income [add lines 1 + 2 and
 subtract line 3] $ 999.90 $ 790.21
 5. COMBINED NET MONTHLY INCOME $1790.11
 6. Basic Obligation (from chart) $ 606.00
 7. Pro rata Financial Responsibility
 [line 4 divided by line 5] 55.8569% 44.1431%
 8. Pro rata share of Basic Obligation [line 6
 multiplied by line 7] $ 338.49 $ 267.51
 9. Additions to the Basic Obligation (Section II)
 a. Pro rata share of 75% of child care costs
 equaling $200.00 [this amount multiplied by
 line 7] $ 111.72 $ 88.29
 b. Pro rata share of Child(ren)'s Health
 Insurance premiums of $100.00 [this amount
 multiplied by line 7] $ 55.86 $ 44.12
10. Statutory Child Support Obligation**
 [Add lines 7 + 8 + 9] $ 506.07 $ 399.94
11. Statutory Adjustments (Section V) $ 0.00 $ 0.00
12. Adjustment for Secondary Residential Parent
 paying 100% of child-care expenses [If
 Secondary Residential is paying 100% of
 child-care expenses, multiply the total amount
 by -1 and place in Secondary Residential
 Parent's column] $ 0.00 $ 0.00
13. Adjustment for Secondary Residential Parent
 paying Child(ren)'s Health Insurance premiums
 [If Secondary Residential is paying 100% of
 child-care expenses, multiply the total amount
 by -1 and place in Secondary Residential
 Parent's column] $- 100.00 $ 0.00
14. Total Child Support Responsibility**
 [add lines 10 + 11 + 12 + 13] $ 406.07 $ 399.94
** If recurring income is not sufficient to meet the needs of
the child(ren), the Court may order support to be paid from
non-recurring income or assets. The court also may order the
obligor to pay the clerk's fee for payments ordered to be paid
through the Central Governmental Depository.

*1305
 SECTION I-CHILDREN
Child's Name Date of Birth Age
John Doe, Jr. December 6, 1988 4 Years
Sally Doe April 10, 1990 3 Years
 SECTION II-ADDITIONS TO THE BASIC OBLIGATION
Childrens' Health Insurance Costs $100.00
75% of allowable child care costs due to job
 search or education to enhance income
 or current employment.
Allowable Amount $266.66 $200.00
TOTAL ADDITIONS TO THE BASIC OBLIGATION $300.00
 SECTION III-GROSS MONTHLY INCOME
PRESENT GROSS MONTHLY INCOME FROM EMPLOYMENT $1204.00 $860.00
Bonuses, commissions, allowances, overtime, tips, and
 similar payments. $ 0.00 $ 0.00
Business income from sources such as self employment,
 partnerships, close corporations, or independent
 contracts, (gross receipts minus ordinary and necessary
 expenses required to produce income) $ 0.00 $ 0.00
Disability benefits/SSI $ 0.00 $ 0.00
Workers' Compensation $ 0.00 $ 0.00
Unemployment Compensation $ 0.00 $ 0.00
Pension, retirement, and annuity payments $ 0.00 $ 0.00
Social Security benefits $ 0.00 $ 0.00
Spousal Support received from previous marriage(s) $ 0.00 $ 0.00
Interest and dividends $ 0.00 $ 0.00
Rental Income (gross receipts minus ordinary and
 necessary expenses required to produce income) $ 0.00 $ 0.00
Income from royalties, trusts, and/or estates $ 0.00 $ 0.00
Reimbursed expenses and in-kind payments to the extent
 that they reduce personal living expenses. $ 0.00 $ 0.00
Gains derived from dealing in real property (not
 including non-recurring gains) $ 0.00 $ 0.00
 $ 0.00 $ 0.00
TOTAL GROSS MONTHLY INCOME $1204.00 $860.00
 SECTION IV-MONTHLY DEDUCTIONS
Federal Income tax, including estimated income tax
 payments $ 112.00 $ 4.00
FICA or self-employment taxes $ 92.10 $ 65.79
Medicare tax $ 0.00 $ 0.00
Mandatory Union Dues $ 0.00 $ 0.00
Mandatory Retirement $ 0.00 $ 0.00
Health Insurance and dental payments excluding portion
 paid for children of the parties $ 0.00 $ 0.00
Ordered support actually paid for children not of this
 relationship $ 0.00 $ 0.00
TOTAL MONTHLY DEDUCTIONS $ 204.10 $ 69.79

*1306
 SECTION V-STATUTORY ADJUSTMENTS
Extraordinary medical, psychological, educational, or
 dental expenses $ 0.00 $ 0.00
Independent income of the child $ 0.00 $ 0.00
Payment of both child and Spousal support for a parent
 which regularly has been paid and for which there is a
 demonstrated need
Seasonal variations in a parent's income $ 0.00 $ 0.00
The age of the child, taking into account the greater
 needs of older children $ 0.00 $ 0.00
Special needs that have traditionally been met within the
 family budget even though fulfilling those needs will
 cause support to exceed the proposed guidelines $ 0.00 $ 0.00
That particular shared parental arrangement, such as when:
 a. The children spend a substantial amount of their time
 with the non-residential parent thereby reducing the
 expenses of the residential parent $ 0.00 $ 0.00
 b. Refusal of the non-residential parent to become
 involved in the activities of the child(ren) $ 0.00 $ 0.00
 c. Due consideration is given to the residential
 parent's homemaking services $ 0.00 $ 0.00
 d. Visitation with the non-residential parent for more
 than 28 consecutive days $ 0.00 $ 0.00
Total available assets of obligor, obligee, and children $ 0.00 $ 0.00
Impact of IRS dependency exemption and waiver of the
 exemption $ 0.00 $ 0.00
Application of the Child Support Guidelines requires the
 obligor to pay more than 55% of his/her gross income for
 a single support order $ 0.00 $ 0.00
Any other adjustment that is needed to produce an
 equitable result which may include reasonable and
 necessary expenses jointly incurred during the marriage $ 0.00 $ 0.00
Residency of subsequently born or adopted children with
 obligor including consideration of the subsequent
 spouse's income only in the case of an upward
 notification proceeding $ 0.00 $ 0.00
TOTAL ADJUSTMENTS $ 0.00 $ 0.00
The child support worksheet is based on MONTHLY paychecks and bills. Many
people are not paid monthly and many bills (like daycare) are not paid
monthly. To help you figure out what the MONTHLY payment is for something
that is paid weekly or hourly do this:
---------------------------------------------------------------------------
HELPFUL HINTS
×: multiplied by, times
÷: divided by
wages: gross income, the money paid to a person before taxes, benefits or
debts are taken out
There are 40 hours in the regular fulltime work week.
There are 52 weeks in a year.
There are 12 months in a year.
There are 7 days in a week.
---------------------------------------------------------------------------
Hourly wage × hours per week, × weeks per year, ÷ 12 = monthly wage
Daily wage × days per week, × weeks per year, ÷ 12 = monthly wage
Weekly wage × weeks per year, ÷ 12 = monthly wage

*1307
Bi-weekly wage × 26, ÷ 12 = monthly wage
Semi-monthly wage × 24, ÷ 12 = monthly wage
Bi-monthly wage × 6, ÷ 12 = monthly wage
Quarterly wage × 4, ÷ 12 = monthly wage
Semi-annual wage × 2, ÷ 12 = monthly wage
Annual wage, ÷ 12 = monthly wage

APPENDIX 4

 INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 Under Florida law, courts can enter orders to protect people from physical
violence of a spouse, former spouse, relative, person living with you now or
in the past, or the other parent of your child, whether or not you have ever
been married or lived together.
 If you are a victim of any act of violence, or reasonably believe you are
about to become a victim, you can ask for a protective order enjoining this
violence. You still will have the right to this protective order after the
person moves out of your residence.
 The person asking for the protection is the "Petitioner/Plaintiff" and
the person who the order is entered against is the "Respondent/Defendant."
 WHAT KIND OF ORDERS ARE AVAILABLE TO PREVENT DOMESTIC VIOLENCE?
 1. If there is an immediate and present danger of violence, the court can
 issue an order without notice to the respondent. It will go into
 effect immediately when the respondent is served. (A Temporary
 Injunction for Protection Against Domestic Violence (Ex Parte) and
 Notice of Hearing Family Law Form 12.980(d)). It lasts
 until the next court hearing, but no longer than 15 days. In this
 order, the judge may:
 a. Order the respondent not to "contact, molest, attack, strike,
 threaten, sexually assault, batter, telephone, stalk, or otherwise
 disturb the Petitioner."
 b. Order the respondent to move out and not return to your home, and
 to take only personal clothing and effects.
 c. Order the respondent to stay away from you and members of your
 immediate family at places such as your house or place of
 employment.
 d. Decide who has temporary custody and temporary visitation of
 children born to you and the respondent.
 e. Enter other orders special to your situation to assure your safety.
 2. After service on the respondent and a hearing with notice, the court
 may issue an order effective for up to one year. (Injunction for
 Protection Against Domestic Violence (After Notice) 
 Family Law Form 12.980(e)). It can order the items listed in number 1
 and also can order the respondent to pay child support as permitted
 under chapter 61, Florida Statutes. The court also shall order the
 respondent to enter into treatment, intervention, or counseling
 services unless the court makes written factual findings in its
 judgment why such programs would be inappropriate. The court also may
 enter a support order for you if permitted by chapter 61, Florida
 Statutes. Chapter 61 would permit support for you if you are married
 to the respondent and child support if the child was born of the
 marriage between you and the respondent or the respondent has been
 adjudicated to be the

*1308
 parent of the child. The petitioner may move to have the court extend
 the order for additional one-year periods before the expiration of
 this one year order.
 3. The court may not issue mutual injunctions (against both you and the
 respondent); however, the court may issue separate orders of
 protection if:
 a. Both you and the respondent have filed petitions and they have been
 served on both of you.
 b. Both of you appear in court.
 c. The judge finds that each person meets the criteria for an order of
 protection and enters written findings of fact and conclusions of
 law in the orders.
WHAT ARE DOMESTIC VIOLENCE PREVENTION FORMS?
 1. Family Law Form 12.980(b)  Petition for Injunction for Protection
 Against Domestic Violence. This form describes the facts of your case
 and lists what protective orders you are asking from the court.
 2. Family Law Form 12.980(c)  Order Denying Injunction. The court
 will use this form if the court denies your ex parte request for an
 injunction.
 3. Family Law Form 12.980(f)  Final Order of Dismissal. The court
 will use this form if the court is denying the injunction after
 hearing the evidence at the 15-day hearing or if the petitioner fails
 to appear for the hearing.
 4. Family Law Form 12.980(a)  Affidavit and Request for Waiver of Fee
 in Action for Petition for Injunction for Protection Against Domestic
 Violence. You can use this form to ask the court to waive your fees
 and costs, if you are financially unable to pay them.
 5. Family Law Form 12.980(d)  Temporary Injunction for Protection
 Against Domestic Violence (Ex Parte) and Notice of Hearing. The judge
 will use this or a similar form to grant the relief which you have
 requested as described in paragraph 1a through 1e above and to notice
 you and the respondent of the hearing which will take place within 15
 days.
 6. Family Law Form 12.980(e)  Injunction for Protection Against
 Domestic Violence (After Notice). The court will use this form or a
 similar form to grant the relief requested in paragraph 2.
 7. Family Law Form 12.901(f)  Uniform Child Custody Jurisdiction Act
 Affidavit. If you and the respondent are the parents of a child(ren)
 and you are asking the court to say where the child(ren) will live and
 when or if each of you can see the child(ren) then you must fill out
 this form.
 8. Family Law Form 12.901(d) or 12.901(e)  Financial Affidavit. If
 you are asking the court to have the respondent pay money to you for
 your needs or those of your children to which the respondent is the
 other parent, you must fill out this form.
WHAT STEPS DO YOU TAKE TO GET THE COURT ORDERS?
 1. The office of the civil clerk of the circuit court or other intake
 personnel located at the courthouse must by law provide you with the
 forms you need and help you fill them out.
 2. If the judge signs Family Law Form 12.980(d), The Temporary
 Injunction for Protection Against Domestic Violence (Ex Parte), the
 clerk will stamp all the papers with a case number, along with the
 date of filing, and will stamp the

*1309
 judge's signature and date of signing on the copies. The clerk will
 file the originals and give you copies. Keep two copies for
 yourself. Carry one with you and keep one in a safe place. You may
 need one if you have to call the police. Make sure your copies are
 certified (stamped by the clerk).
 3. If the judge signs Family Law Form 12.980(d), The Temporary
 Injunction Against Domestic Violence (Ex Parte), the clerk of the
 court must by law make sure that the right law enforcement (police or
 sheriff) office gets this court order. The law enforcement (police or
 sheriff) office will personally give them to the respondent. This is
 called personal service. You cannot "serve" the respondent yourself.
 "Service" is very important. It tells the respondent about the order
 and the hearing. Without it, there will not be a court hearing and
 your orders will not help you. The temporary injunction against
 domestic violence (ex parte) is effective immediately upon service of
 the respondent by the law enforcement officer.
 4. When you fill out your forms you will be given a Notice of Hearing.
 This will tell you the date and time when you need to come back to
 court for a hearing. The notice will tell you where the hearing is
 going to take place. Read this notice carefully. The hearing may be in
 a different place, even a different building, than where you filled
 out the forms.
 5. Go to the court hearing with any papers you have or people who can
 show or tell the judge that what you are saying is true and why you
 should get the relief you are asking for. If you are seeking child
 support or support for yourself, bring with you any recent pay stubs
 for yourself or the respondent and the most recent tax return, if
 available.
 6. If the judge signs Family Law Form 12.980(e), The Injunction for
 Protection Against Domestic Violence (After Notice), the clerk
 will stamp all the papers with the case number, along with the date
 of filing, and will stamp the judge's signature and date of signing
 on the copies. The clerk will file the originals and give you copies.
 Keep two copies for yourself. Carry one with you and keep one in a
 safe place. You may need one if you have to call the police. Make
 sure your copies are certified copies (stamped by the clerk). If the
 respondent was at the hearing your order is effective immediately.
HOW DO I KNOW WHEN THE ORDER BECOMES EFFECTIVE?
 If the respondent was at the hearing, the order is effective immediately.
The clerk of the court will give both the petitioner and respondent
certified copies of the order. If the respondent fails to acknowledge
receipt of the certified copy of the order, the clerk will note on the
original order that service was effected. If delivery of the order at the
hearing is not possible, the clerk shall mail certified copies of the order
to the parties at the last known address of each party. Service by mail is
complete upon mailing. When the clerk mails the order, the clerk will
prepare a written certification to be placed in the court file specifying
the time, date, and method of service and shall notify the sheriff. If the
respondent was not at the hearing but was served by the police or sheriff
the ex parte injunction and/or a notice of the hearing, the order may be
served by certified mail by the clerk or personal service by police officer
or sheriff. If the respondent is served by a law enforcement (police or
sheriff) officer, the officer will send a paper to the clerk of the court
saying that the respondent has been given the order. You can call the
clerk's office to find out if the respondent has been given the order. Keep
your own copy of the order with you at all times. You also may want to
deliver copies to other people protected by the orders or to schools or
places of employment the respondent has been ordered to stay away from. If
you have been given custody of a minor child, you may want to deliver a
copy to the child's school, day care center, or babysitter.
 Within 24 hours after the police or sheriff has made service upon the
respondent and the police or sheriff has been so notified, the police or
sheriff must make information relating to

*1310
the service available to other law enforcement agencies by electronically
transmitting such information to the department.
WHAT DO I DO IF THE RESPONDENT VIOLATES THE ORDER?
 Once the respondent has been given the order, you should report anything
the respondent does that the order tells the respondent not to do. This is
called a violation of the court order. You should go back to the office
that helped you fill out the original forms, either the clerk of the court
or the intake office. That office must by law give you the proper forms to
report a violation of the court order and they will help you fill them out.
You should call the police or sheriff immediately if what the respondent
has done makes you afraid or hurts you.
 Report violations of orders as soon as possible to your local law
enforcement agency. Keep a written record of incidents and get copies of
police reports concerning the incidents. If you receive treatment for any
injuries caused by the respondent, get copies of medical reports prepared
by attending physicians.
 Violation of a court order is punishable by criminal or civil contempt of
court. You must file a criminal or civil contempt action in the same court
that issued the restraining order.
 Many violations of a restraining order will subject the respondent to
criminal prosecution. The state attorney will determine whether or not to
file such a prosecution. The court, however, may act on the violation and
order the state attorney to file an order to show cause as to why the
respondent should not be held in contempt. Many circuits will have
administrative orders which spell out in detail the procedures to be
followed; intake personnel will direct you on the procedures to be followed
in each circuit.
 A person who is arrested for domestic violence must be held until the
first appearance hearing before a magistrate judge. The magistrate will set
bail, if appropriate, and will consider the safety of the victim, the
children, and any one else who would be in danger if the respondent is
released.
 Any person who suffers an injury and/or loss as a result of a violation of
injunction for protection against domestic violence may be awarded damages
for that injury and/or loss by the court issuing the injunction. Damages
include the costs and attorney's fees for the enforcement of the injunction.
 To pursue a remedy for monetary compensatory damages for an injury or loss
or for punitive damages, you should consult with an attorney or proceed on
your own behalf. The clerk does not have the responsibility to provide you
with forms for this relief.
WHAT DO I DO IF I WISH TO RECONCILE WITH THE OPPOSING PARTY?
 The parties cannot amend the injunction verbally, in writing, or by
invitation to the residence or invite any other violation of an injunction
which is entered by the court. If the petitioner no longer wishes for the
injunction to be enforced, the petitioner must voluntarily dismiss the
action. The clerk of the court or intake personnel can provide you with a
form for voluntary dismissal. You must appear personally to do so. The
respondent is subject to arrest for violation of the injunctive order even
if you consent to the respondent's return to the residence unless the
action is dismissed.
 For further information, see Florida Family Court Rule of Procedure
12.610 and section 741.30, Florida Statutes (1995).

APPENDIX 5

 STEPPARENT ADOPTIONS
What is an adoption?
 An adoption creates a legal relationship between a parent and a child that
previously did not exist. It declares that the child is legally the child
of the adoptive parent. The child

*1311
becomes the adopting parent's legal heir. The child is entitled to all of
the rights and privileges and subject to all of the obligations of a child
born to the adoptive parent. An adoption ends the rights of a birth parent
and creates rights for the adoptive parent.
Who may be adopted?
 Any person, a child or an adult, may be adopted. In adoption proceedings
the person who is being adopted is known as the "adoptee."
Who may adopt?
 The following persons generally may adopt:
 1. a husband and wife together;
 2. an unmarried adult, including the birth parent of the adoptee;
 3. the unmarried minor birth parent of the adoptee.
 A married person also may adopt alone if the person to be adopted is not
his or her spouse and if the other spouse is a parent of the person to be
adopted and consents or the other spouse's failure to consent is excused by
the court because of prolonged unexplained absence, unavailability,
incapacity, or circumstances the court decides constitute unreasonable
withholding of consent.
 A person who is otherwise eligible to adopt may not be prohibited from
doing so solely because of a physical disability or handicap, unless the
disability or handicap prevents the person from serving as an effective
parent.
 A homosexual may not adopt in Florida.
 The person adopting must be a Florida resident.
Who must consent to an adoption?
 Unless the court does not require it, a petition to adopt a child under
age 18 may be granted only if
 1. the mother signed a written consent after the birth of the child;
 2. the father signed a written consent if
 a. the child was conceived or born while he was married to the
 mother;
 b. the child is his by a previous adoption;
 c. the child has been established to be his by a court proceeding;
 or
 d. he has acknowledged in writing, signed in the presence of a
 competent witness, that he is the father of the child and has
 filed the acknowledgment with the Vital Statistics Office of the
 Department of Health and Rehabilitative Services and he has
 supported the child in a repetitive manner; and
 3. the child, if older than 12 years, has signed a written consent.
 A petition to adopt an adult may be granted if
 1. the adult and the adult's spouse, if any, have signed written
 consents to the adoption; and

*1312
 2. the adult's birth parents have signed written consents to the
 adoption or proof of service has been filed showing that notice was
 served on them and they have failed to respond.
 The court may choose not to require consent to an adoption by:
 1. a parent who has deserted a child without giving a means of
 identification or who has abandoned a child (note, however, that a
 diligent effort must be made to notify the parent and get consent);
 2. a parent whose parental rights have been terminated by a court order;
 3. a parent who has been declared incapacitated by a court and for whom
 restoration of capacity is medically improbable;
 4. a legal guardian or custodian of a person to be adopted, other than
 a parent, who has failed to respond to a request for consent for 60
 days or who, after examination by the court, is found to be
 withholding consent unreasonably.
What is the procedure for an adoption?
1. File an original and one copy of
 a. the petition, Family Law Form 12.981(a), and the
 child's birth certificate;
 b. the necessary consents, Family Law Form 12.981(b) Family Law
 Form 12.981(c);
 c. the Affidavit of Diligent Search, Family Law Form 12.981(d), if
 necessary; and
 d. the UCCJA Affidavit Family Law Form 12.901(f)
in the office of the clerk of the court in the courthouse of the county you
live in or where the child lives. Keep one set of copies for yourself and
send a set of copies to the Department of Health and Rehabilitative
Services office in your county.
2. The judge will set a time and place for the hearing on the petition. In
 an adoption by a stepparent, the hearing can be held immediately after
 the petition is filed and a copy has been sent to the Department of
 Health and Rehabilitative Services.
3. The person who filed the petition to adopt must give the following people
 notice about the time and place of the hearing:
 a. any person whose consent was required but who did not consent; and
 b. any person who gave consent but wants to withdraw it.
 If the petition is for adoption of an adult, notice of the time and
 place of the hearing must be given to anyone who was required to
 consent to the adoption but did not.
4. The judge may order an appropriate investigation to assist in
 determining if the adoption is in the best interest of the people
 involved.
5. The adopting stepparent and the adoptee are required to appear at the
 hearing, unless the adoptee is under 12 years of age or the presence of
 either of them is excused by the judge.
6. Fill out items 1-9 of the Final Judgment of Adoption, Family Law
 Form 12.981(e) and take it with you to the hearing. At the hearing, the
 judge may ask you questions about the information you provided in these
 forms. If the judge determines that all

*1313
 necessary consents have been obtained and the adoption is in the best
 interest of the adoptee, the judge will complete and sign the final
 judgment of adoption.
7. After the final hearing, go to the clerk of the court's office and ask
 for the following:
 a. an application for an amended birth certification;
 b. at least three certified copies of the final judgment (note that the
 file is sealed 72 hours after the final hearing and after that an order
 from the judge will be needed to open it).
What forms are required?
 The following forms are required for a stepparent to adopt his or her
 spouse's biological child:
 1. Petition For Adoption By Stepparent Family Law Form 12.981(a) 
This is filled out and signed by the adopting stepparent and the birth
parent to whom the adopting stepparent is married. A copy of the child's
birth certificate must be attached.
 2. Consent and Waiver By Parent Family Law Form 12.981(b)  This is
filled out and signed by the parent to whom the adopting stepparent is not
married (the "nonresidential parent"), unless consent is waived or not
required. See "Who is required to consent to the adoption?"
 3. Consent to Adoption By Adoptee Family Law Form 12.981(c)  This is
filled out and signed by the person being adopted (the "adoptee") if he or
she is more than 12 years old.
 4. Affidavit of Diligent Search Family Law Form 12.981(d)  This must
be filled out by the adopting stepparent and the birth parent to whom the
stepparent is married if the child's other birth parent could not be
located to consent to the adoption. It is not to be used if the other
parent has been contacted but refused to give consent.
 5. Final Judgment of Adoption Family Law Form 12.981(e)  This must be
filled out and given to the judge at the final hearing.
 6. Uniform Child Custody Jurisdiction Act Affidavit Family Law Form
12.901(f)  This must be completed and filed with the petition and
consents. How do I complete these forms?
 Read all of the forms carefully before filling in the blanks. If there is
something you do not understand, have an attorney explain it to you. Every
person who completes and signs a form should understand it. All of the
blanks must be filled in. If someone helps you fill out the form, their
name and address must be shown on the bottom of the form. If that person is
not an attorney they must complete the form for nonlawyers who assist
others in completing forms at the front of this book.
 At the top of each form, fill in the judicial circuit number (the clerk's
office can give you this information) and the county where the petition
will be filed. Leave the case number blank. Fill in the blank following "In
the Matter of the Adoption of" with the full name by which the person being
adopted will be known after the adoption.
 Please note that a number of these forms must be signed under oath in the
presence of a notary public. If the information you put on the form later
is determined to be false, the adoption judgment may be overturned and you
may be subject to penalties for perjury.
 Specific instructions are provided before each of the forms. For more
information see Chapter 63, Florida Statutes.